E-filing

1   REED R. KATHREIN (139304)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
3   Telephone: (510) 725-3000
    Fax: (510) 725-3001
4   reed@hbsslaw.com

5
    ROBERT B. CAREY
6   HAGENS BERMAN SOBOL SHAPIRO LLP
    2425 East Camelback Rd, Suite 650
7   Phoenix, AZ 85016
    Telephone: (602) 840-5900
8   Fax: (602) 840-3012
    rob.carey@att.net

9
    STEVE W. BERMAN
10  HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
11  Seattle, WA 98101
    Telephone: (206) 623-7292
12  Fax: (206) 623-0594
    steve@hbsslaw.com

13
    Attorneys for Plaintiff
14  JULIA CHATTLER

15  [Additional counsel listed on signature page]

16

17              UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA

19              SAN FRANCISCO DIVISION

20

21  JULIE CHATTLER, on behalf of herself and all )   No.   C07-04040
    others similarly situated,                    )
22                                                )
                              Plaintiff,          )   CLASS ACTION COMPLAINT FOR
23                                                )   BREACH OF CONTRACT,
            v.                                    )   REGULATORY VIOLATION, AND
24                                                )   BREACH OF THE IMPLIED
    THE UNITED STATES OF AMERICA and              )   COVENANT OF GOOD FAITH AND
25  THE UNITED STATES DEPARTMENT OF               )   FAIR DEALING
    STATE,                                        )
26                                                )
                              Defendants.         )
27  _____ )

28

Plaintiff, by and through her attorneys, Hagens Berman Sobol Shapiro, LLC, and The Carey Law Firm, allege for her complaint, upon personal knowledge as to her own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as follows:

## I.    NATURE OF THE ACTION

1.    Plaintiff bring this action against the United States of America ("United States") and the United States Department of State ("Department of State" or "Department") as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated, who paid an extra fee to secure expedited processing of their passports and whose passports were not processed within the required three-day period or were not delivered within the promised time.

2.    The Department of State, pursuant to regulation, is permitted in its passport application to offer expedited service for an additional fee of $60.  22 C.F.R. §§ 51.66 (promulgated September 26, 1994); 22.1 (promulgated November 30, 1981, revised to include expedited fee on September 26, 1994).  This fee is in addition to and separate from all statutory processing, execution and security fees.

3.    Pursuant to regulation, expedited service requires "completing processing within 3[] business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expediting processing is approved.  The processing will be considered completed when the passport is ready to be picked up by the applicant or is mailed to the applicant." 22 C.F.R. § 51.66.

4.    The passport application informs applicants that "[e]pedited requests will be processed in three workdays from receipt at a passport agency."

5.    Department of State publications inform applicants that they will receive their passports within about two weeks when they pay for expedited service and overnight mail.

6.    Department of State regulations further state that the expedite fee "will be refunded if the Passport Agency does not provide the requested expedited processing as defined in § 51.66."

1   22 C.F.R. § 51.63 (promulgated August 24, 1968; revised to include refund of expedited fees on

2   September 26, 1994).

3       7.    However, the Department of State has failed to provide refunds on a routine basis to

4   those individuals who pay for expedited service but whose passports are not processed within three

5   business days or delivered within about two weeks.

6       8.    The Western Hemisphere Travel Initiative, mandated by Congress in the

7   Intelligence Reform and Terrorism Prevention Act of 2004 to strengthen border security, went into

8   effect in January 2007. As such, all citizens of the United States, Canada, Mexico, Bermuda or the

9   Caribbean are now required to present a valid passport when entering the United States by air.

10      9.    Due to the change in passport requirements, the number of individuals applying for

11  passports and paying for the expedited service has increased since December 2006. The

12  Department received approximately 1 million applications in December 2006, 1.8 million

13  applications in January 2007, and 1.7 million in February 2007, and about half of those

14  applications included payment for expedited service.

15      10.   However, citizens paying for expedited services did not receive (or have not

16  received) their passports within the promised timeframe, sometimes having to wait a month or

17  more in spite of the extra payment, and their passports were not processed within the required time

18  period.

19      11.   Commenting on the extensive delays and reflecting the outrageousness of the

20  Department's handling of the situation, Senator Charles Schumer remarked in June 2007: "The

21  passport system is clearly overwhelmed by an avalanche of applications, but travelers who have

22  forked over an additional $60 with the expectation that they will receive the passport quickly

23  deserve their money back. It is an outrage to pay over $150 dollars for a passport and still get

24  stranded and have your travel plans ruined. It's very simple – if you don't get the service you paid

25  for, then the State Department should give you a refund." Senator Schumer's remarks echoed the

26  frustration of passport applicants around the nation who paid for expedited service but did not

27  receive their passports within the promised time, or receive the processing times called for by

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED          - 2 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11  188653 V1

1  regulation.

2       12.     On or about June 12, 2007, the Department of State announced that it would refund

3  the fees for expedited services for individuals who did not receive their passports within 14 days.

4  The Department did not agree to refund fees for expedited processing for those passports taking

5  longer than three days to process.

6       13.     Following the announcement, which was made only to members of Congress in a

7  State Department document, Senator Schumer again voiced the frustration of millions of

8  applicants, stating that the Department should have been "shouting this refund policy from the

9  rooftops, not whispering it in the wind."

10      14.     However, rather than processing the refunds due and owing to citizens based upon

11  the time incurred in processing or delivering the passport, as reflected in the Department of State's

12  own records of the date the application was received and the date of readiness or mailing, and using

13  the identity and current address of the applicants, the Department of State is instead requiring every

14  individual to mail in a written application for the refund.  Information about the date of passport

15  applications, their arrivals at the passport agencies, their approval and availability, and their

16  mailing dates is contained in the Department's records and files, and is known to the agency and

17  easily incorporated into a refund program.

18      15.     A substantial number of citizens who are admittedly owed the money on undisputed

19  facts and with known addresses have not received monies owed to them under the regulations of

20  the United States.  The Department has adopted its refund process in part to make it burdensome

21  and to deter applicants from taking the time to ask for the refunds.  As a practical matter, the refund

22  process employed by the Department will result in only a small fraction of the refunds that are due

23  and owing being paid.

24      16.     The Department of State's instructions to applicants concerning a refund

25  misrepresent the requirements of expedited service, stating that "[a]pplicants who pay for

26  expedited service receive priority attention.  We process those applications more quickly than those

27  receiving routine service."  This statement fails to accurately state that regulations require that

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED          - 3 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11  188653 V1

1    expedited processing be completed within three business days.  The State Department instructions

2    also do not indicate that refunds will be provided to all individuals whose passports were not

3    processed within three days, as is required under the relevant regulations, nor does it indicate any

4    standard on which it will evaluate requests.  Rather, it requires applicants who "have reason to

5    believe that they did not receive expedited service" to contact the Department of state with their

6    passport number (if available), name, date and place of birth, and approximate dates of application

7    and receipt of passport.

8        17.    These requirements are unduly burdensome and misleading to applicants, and place

9    the entire risk of inadequate or incorrect information on applicants.  Indeed, the Department's

10   process would require the applicants to identify the three-day obligation due under federal law

11   (which is not publicized by the Department), and then ascertain (1) the arrival date of their

12   passports at the Passport Agency or the approval date of the expediting request at the Passport

13   Agency and (2) the date the passport was ready to be picked up or was mailed.  The State

14   Department's process is particularly inappropriate and inferior in that the Department itself has the

15   information required to determine whether an individual is entitled to a refund, including the date

16   the passport arrived at a Passport Agency, the date the passport was approved and ready to be

17   picked up or mailed, and the current name and address of every applicant.  The Department has

18   information for a substantial number of applicants that conclusively prove that a refund is owed

19   and yet it is not refunding the expedite fee unless a written application is made, notwithstanding a

20   regulation mandating that a refund occur.

21       18.    The Department's cumbersome process is an inferior methodology intended to

22   prevent the majority of individuals who are entitled to receive their monies back from obtaining

23   relief, a breach of the contract created by the payment of the fee for expedited service, and a

24   violation of the relevant regulations.  This lawsuit seeks to recover the fee for expedited service for

25   all individuals whose passports were not processed within three business days or received by the

26   applicant within about fourteen days without any further delay or obstruction.

27       //

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED        - 4 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11 188653 V1

## II.     THE PARTIES

19.     Plaintiff Julia Chattler is a resident of Castro Valley, in Alameda County, California, and is a paralegal at the law firm of Van Der Walde & Associates in Sunnyvale, California.

20.     The United States of America is the government of the United States as defined in the Constitution of the United States.

21.     The United States Department of State is an executive department of the United States of America, charged with issuing and regulating the issuance of passports to U.S. citizens. At all times relevant to this complaint, the Department of State was an instrumentality of the United States of America, subject to its direction and control, and subject to the laws that govern the United States.

## III.     JURISDICTION

22.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1346(a)(2), as this a civil action against the United States for monetary damages under a contract, where the damages are less than $10,000 for every individual plaintiff.

23.     The Court has personal jurisdiction over all parties in that Plaintiff and purported class members are United States citizens or otherwise consent to jurisdiction, and the defendant is the United States government.

24.     Venue is proper in this Court under 28 U.S.C. § 1402(a)(1) because Plaintiff Chattler is a resident of the judicial district for the Northern District of California.

25.     The United States has waived sovereign immunity and consented to the jurisdiction of this court under the Tucker Act, 28 U.S.C. § 1491 and the "little Tucker Act," 28 U.S.C. § 1346(a)(2), as plaintiffs bring their claims for monetary damages pursuant to express and/or implied contracts.

## IV.     STATEMENT OF FACTS

26.     Plaintiff Chattler applied for a passport on June 11, 2007.

27.     In addition to the processing, execution and security fees, Plaintiff Chattler paid an

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED                - 5 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11 188653 V1

1    extra $60.00 for expedited service and additional money for overnight delivery charges for mailing

2    her application and for the return of her passport.

3        28.    On August 2, 2007, more than seven weeks after her application, Plaintiff Chattler

4    still had not received her passport and was required to go in person to the San Francisco Passport

5    Agency to re-apply for her passport in order to travel as planned on August 3, 2007.

6        29.    Because of this delay, Plaintiff did not receive the benefit of her payment for

7    expedited service or for overnight delivery, as her passport application was not processed within

8    three days and was not returned to her within about two weeks, even with overnight delivery

9    service.

10        30.    Because of this delay, Plaintiff was without the use of her funds for significant

11    periods of time, and the funds were taken at a time when the consideration for such funds was not

12    going to be provided and the Department of State knew such was the case for many, if not most,

13    applicants.

14        31.    The passport application form supplied and published by the Department of State

15    states in section 5.(b): "**For faster processing**, you may request expedited service. <u>Expedited

16    requests will be processed in three workdays from receipt at a passport agency.</u>  The additional fee

17    for expedited service is $60." Ex. A, Passport Application Form, at Instruction Page 2 of 4

18    (emphasis in original).

19        32.    The expedited processing fee is separate from, and in addition to, the processing,

20    execution and security fees charged by the Department for all passports.

21        33.    The expedited passport fee is authorized in 22 C.F.R. § 51.66, which requires the

22    Department to allow applicants to request expedited service, and requires that "[e]xpedited

23    passport processing shall mean completing processing within 3[] business days commencing when

24    the application reaches a Passport Agency or, if the application is already with a Passport Agency,

25    commencing when the request for expedited processing is approved.  The processing will be

26    considered completed when the passport is ready to be picked up by the applicant or is mailed to

27    the applicant."

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED          - 6 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11  188663 V1

34.     Pursuant to the regulation, the "Passport Agency may decline to accept the request [for expedited service] if it is apparent at the time it is made that the request cannot be granted." 22 C.F.R. 51.66.

35.     State Department publications, including its website, informed applicants that they would receive their passports within about two weeks (fourteen days) when they paid for expedited service and overnight delivery.

36.     Any amount of time beyond twenty one days is not within "about two weeks," and all persons who did not receive their passports in less than twenty one days did not receive them within about two weeks.

37.     Pursuant to regulation, "[t]he passport expedite fee *will be refunded* if the Passport Agency does not provide the requested expedited processing as defined in § 51.66," which means processing within three days after the application or request for expedited services arrives at the Passport Agency. 22 C.F.R. §§ 51.63, 51.66 (emphasis added).

38.     Upon information and belief, as recently as early June 2007, the National Passport Information Center informed applicants who did not receive their passports within the promised time that they were not entitled to a refund.

39.     On or about June 12, 2007, the Department of State announced that it would be offering refunds to those individuals who paid for expedited service but did not receive it following the recent increase in the volume of passport applications and extensive delays.

40.     The Department of State disclosed the refund program in a State Department document sent to members of Congress. The Department of State failed to adequately inform or provide notice of the refund program to the individuals who paid for expedited processing. Because of the lack of notice, many individuals who are entitled by regulation to a refund will not receive one.

41.     Prior to the announcement of the recent refund program, the Department of State knew that it failed to complete processing within three business days, as defined in the relevant regulation, on passport applications for which the expedite fee was collected, but failed to inform

applicants of their right to a refund or to provide a refund to those individuals. The Department prevented such applicants from knowing of their right to a refund because the Department has superior or exclusive knowledge of the date on which the passport application arrived at a Passport Agency and the date on which the passport was mailed or ready to be picked up, which are essential facts for knowing of the right to a refund.

42.    The Department of State instructions for refunds on its website state that: "Applicants who pay for expedited service receive priority attention. We process those applications more quickly than those receiving routine service." The instructions do not refer to the regulatory requirement that expedited passports be processed within three business days of arrival at a Passport Agency. These statements are misleading to applicants about the service for which they paid, the information that they need to submit for a refund, and their entitlement to such a refund. Further, these instructions do not put applicants on notice to enquire about the dates on which their applications arrived at a Passport Agency or were ready to be picked up or mailed, information which is exclusively or more easily known to the Department than to the individual applicants.

43.    The Department of State instructions do not indicate that anyone whose passport was not processed within three days or who did not receive their passport within about fourteen days is entitled to a refund. Rather, the instructions require anyone who "ha[s] reason to believe that they did not receive expedited service should contact the Department of State to request that the Department consider a refund of the expedite fee." The instructions form states that the Department will consider requests on a case-by-case basis and does not inform applicants of any objective standards which will be applied to requests.

44.    Applicants requesting a refund are required to submit a written request with their passport number, if available, name, date and place of birth, and the approximate dates of the application and receipt of the passport.

45.    This process is burdensome and misleading and does not comply with the regulation requiring a refund, in that it:  fails to provide such refunds automatically based on information in

1  the Department's files; fails to properly characterize its obligation to provide refunds to all

2  individuals whose passports were not processed within three business days or who did not receive

3  their passports within a set timeframe; misleads applicants concerning the nature of expedited

4  service and the case-by-case review of refund requests; and attempts to force all aggrieved

5  individuals to request refunds in writing and show their eligibility for such refunds when the

6  information concerning the date the passport arrived at an agency and the date it was ready to be

7  picked up or mailed is more readily available to the Department itself based on its own records.

8  　　　　46.　　　The burdensome and misleading nature of the purported refund program will deter a

9  large number of applicants who are entitled to a refund from applying for one or pursuing their

10  application for one.

11  　　　　47.　　　There is no adequate administrative remedy available to Plaintiff and the purported

12  class members to resolve their claims.

## V.　　　CLASS ACTION ALLEGATIONS

14  　　　　48.　　　Plaintiff brings this action against the United States and the Department of State as a

15  class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3).  This

16  action may properly be maintained as a class action because it satisfies the numerosity, typicality,

17  adequacy, predominance and superiority requirements of Rule 23.

18  　　　　49.　　　"The Class" proposed consists of all individuals who paid the extra $60 fee for

19  expedited service and for whom either (a) the passport was not mailed out or available for pick-up

20  within three business days of its arrival at a Passport Agency or (b) the passport was not received

21  by the applicant within twenty-one days of application.  The class period shall begin no later than

22  six years from the date of this complaint and end on the date judgment is entered.  Plaintiff reserves

23  the right to present evidence that the Department was aware that it had not processed expedited

24  passport applications within the prescribed three-day period and that affected applicants were not

25  receiving expedited processing and were therefore entitled to refunds, and yet did not inform

26  applicants of their right to a refund and did not provide any refunds.

27  　　　　50.　　　The requirements of subparts 23(a), (b)(2) and (b)(3) are met as follows:

28

## A.    Numerosity

51.    Although the exact size of the class is unknown, plaintiffs believe the class numbers in the millions.  According to official statements in the press, it is believed that the Department of State received between six and ten million passport applications between December 2006 and June 2007 alone, and approximately half of those have included payment of the fee for expedited service.  Even if only a small fraction of these individuals did not receive their passports within the promised time, numerosity would be met based on the sheer number of individuals affected.

## B.    Commonality

52.    There are numerous questions of law and fact common to the class, including, but not limited to:

a.    Whether the Department of State's failure to complete processing of applications within three business days for individuals paying for expedited service constitutes a breach of the express or implied contract or is a violation of pertinent regulations;

b.    Whether the Department of State's failure to return the passports to individuals paying for expedited service in less than twenty one days constitutes a breach of the promise to return them within about two weeks;

c.    Whether the Department of State's proposed refund program and its failure to automatically process refunds based on its own records to those individuals whose passports were not processed within three business days or returned within twenty one days constitutes a breach of the contract or a violation of regulation due to its inferior methodology.

## C.    Typicality

53.    Plaintiff's claims are typical of the claims of the class as a whole.  Plaintiff has the same interests in this matter as all other members of the class, and her claims are typical of all members of the class.  Plaintiff and all class members have sustained damages arising out of the Department of State's common course of conduct as outlined herein, and the damages of each class member was caused by the Department's conduct.

//

**D.     Adequacy**

54.     Plaintiff will fairly and adequately protect the interests of the class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the remainder of the class. Plaintiff is committed to pursuing the action and has obtained counsel experienced and qualified to prosecute this action and class actions generally.

**E.     Common Questions Predominate, and the Class Action Device Is Superior**

55.     Prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress of claims too small to support the expense of individual claims.

56.     Class treatment is also appropriate because the Department of State has acted uniformly with respect to all class members.

57.     Further, the questions of law and fact common to the members of the class, including those described above, predominate over any questions affecting any individual member.

58.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy between plaintiffs and the Department of State. In particular, a class action will ensure due process notice rights are provided to all class members; educate the class about the true obligations and liability of the Department; prove liability on a class-wide basis based on the Department of State's records, thereby lifting that burden from individual applicants who may otherwise be deterred from or unable to prosecute their claims; and distribute funds to *all* applicants entitled to refunds with general class distribution techniques and processes, ensuring that, where possible, every applicant who is entitled gets a refund and the Department does not keep monies to which it is not entitled.

59.     The Department of State's purported refund program is an inferior method  because of its refusal to provide refunds automatically based on information in its files; its misleading statements concerning its obligation to provide refunds to all individuals whose passports were not processed within three business days or received within twenty one days; its misleading statements concerning the definition of expedited service and the agreement between the parties; and its attempt to force individuals to attempt to prove facts that are readily available to the Department

1    itself based on its own records.

2      60.    Joinder of all class members who are geographically dispersed and number, upon

3    information and belief, in the millions is impracticable.  Furthermore, the expense and burden of

4    individual litigation makes it impractical to redress the wrong done to them on an individual-by-

5    individual claim basis.  Upon information and belief, members of the class are not already engaged

6    in litigation concerning this controversy.  This is a desirable forum, as it is home to a large number

7    of class members.

8                          **VI.    CLAIMS FOR RELIEF**

9      61.    As to all of the causes of action set forth below, "plaintiffs" shall include the named

10   Plaintiff and all class members.

11                       **FIRST CLAIM FOR RELIEF**

12         **BREACH OF CONTRACT FOR THREE- DAY PROCESSING**

13     62.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

14     63.    The Department of State's promise in the passport application that in exchange for

15   payment of a $60 fee, "[e]xpedited requests will be processed in three workdays from receipt at a

16   passport agency," constituted a valid offer by the Department to provide expedited service within a

17   set amount of time in exchange for a fee.

18     64.    Plaintiffs accepted that offer and provided consideration by their payment of the

19   additional fee.

20     65.    Therefore, a contract exists between the Department of State and plaintiffs requiring

21   the Department to complete processing of their applications within three days, as defined in

22   pertinent regulations.

23     66.    The Department of State breached its contracts with plaintiffs when it failed to

24   provide its processing service within the promised and required amount of time.

25     67.    Plaintiffs suffered losses from the Department of State's breach of the contract,

26   including the expediting fee, overnight shipping costs, and other costs incurred due to the delay.

27     68.    Although the Department is required by regulation and by the contract to refund the

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED        - 12 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11  188653 V1

1  expedite fees for all individuals who did not receive expedited service, as defined in the

2  regulations, the Department has chosen not to do so and has instead established a cumbersome

3  process that is unnecessary and designed to deter refund requests.

4      69.     Plaintiffs seek to recover their full damages, including all consequential and special

5  damages, for the Department's breach in amounts to be proven at trial, but not to exceed $10,000

6  for any individual.

**SECOND CLAIM FOR RELIEF**

**REGULATORY VIOLATION**

9      70.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

10      71.     By regulation, the Department of State is required to allow applicants to request

11  expedited service, which is defined in the regulation as follows: "Expedited passport processing

12  shall mean completing processing within 3[] business days commencing when the application

13  reaches a Passport Agency or, if the application is already with a Passport Agency, commencing

14  when the request for expedited processing is approved.  The processing will be considered

15  completed when the passport is ready to be picked up by the applicant or is mailed to the

16  applicant." 22 C.F.R. § 51.66

17      72.     Therefore, the Department of State was required, for all applicants from whom it

18  accepted a fee for expedited service, to process the applications within three business days of their

19  arrival at a Passport Agency.

20      73.     By regulation, a "passport expedite fee will be refunded if the Passport Agency does

21  not provide the requested expedited processing as defined in § 55.66." 22 C.F.R. § 51.63.

22      74.     Under this regulation, the Department of State is required to refund the expedite fee

23  for any and every individual whose application is not processed within three business days of

24  arrival at a Passport Agency.

25      75.     However, the Department of State has not refunded the fees it collected, choosing

26  instead to implement a process which is burdensome, misleading, and designed to deter individuals

27  from seeking refunds

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED    - 13 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11  188653 V1

76.     The Department's purported refund program does not comply with the regulation requiring a refund or fulfill the Department's obligations under the regulation because it fails to provide refunds automatically, provides applicants with incorrect and misleading information, is unduly burdensome and requires applicants to find information to which the Department itself has superior access, and will deter the majority of applicants entitled to refunds from seeking and receiving them.

77.     Plaintiffs suffered losses from the Department of State's violation of the regulation.

78.     Plaintiffs seek to recover their full damages for the Department's regulatory violations in amounts to be proven at trial, but not to exceed $10,000 for any individual.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT FOR RETURN OF PASSPORT WITHIN FOURTEEN DAYS

79.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

80.     The Department of State's promise in its forms and on its website that applicants who paid for expedited service and mailing would receive their passports "within about two weeks" constituted a valid offer by the Department to provide expedited service within a set amount of time in exchange for a fee.

81.     Plaintiffs accepted that offer and provided consideration by their payment of the additional fee.

82.     Therefore, the Department of State entered into an express contract with plaintiffs to return their passports to them within about two weeks.

83.     Any amount of time beyond twenty one days is not within "about two weeks," and all persons who did not receive their passports in less than twenty one days did not receive them within about two weeks.

84.     The Department of State breached its contracts with plaintiffs when it failed to return their passports within twenty one days.

85.     Plaintiffs suffered losses from the Department of State's breach of the contract, including the expediting fee, overnight shipping costs, and other costs incurred due to the delay.

86.    The Department of State's attempt to force all aggrieved individuals to request refunds in writing on a case by case basis rather than processing such refunds automatically based on information in its files is an inferior method of compensating plaintiffs, which will result in incomplete and inadequate compensation to the class, and is a breach of the contract.

87.    Plaintiffs seek to recover their full damages, including all consequential and special damages, for the Department's breach in amounts to be proven at trial, but not to exceed $10,000 for any individual.

## FOURTH CLAIM FOR RELIEF

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

88.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

89.    The Department of State entered into contracts with plaintiffs requiring the Department to complete processing of their applications within three days, as defined in pertinent regulations, and to return expedited passports within about fourteen days of application.

90.    A covenant of good faith and fair dealing is implied in every contract, including those made with the United States government. *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005).

91.    By failing to process applications for which an expedite fee was paid within three business days of their arrival at a Passport Agency, or to return them in less than twenty one days, the Department of State deprived applicants paying such fees of the value of the contract, and appropriated that value to itself.

92.    Once the Department began experiencing an increase in applications and knew it was unable to process expedited applications within three business days or return them in less than twenty one days, it failed to inform applicants of this problem or to decline the request for expedited service, even though governing regulations instruct that the Passport Agency may decline such a request when it is apparent that it cannot be met. This failure induced applicants to pay the extra fees and costs for overnight mailing even when the Department knew that it could not provide the promised service.

93.     Although the Department is required by regulation and by the contracts to refund the expedite fees for all individuals who did not receive expedited service, the Department has chosen not to do so, keeping the full fee and value of the contract for itself.

94.     The Department adopted an official position, as recently as early June 2007, that applicants who had not received their passports within the promised time were not entitled to refunds, which directly contradicts the regulations governing the Department.

95.     The Department's purported refund program is unnecessarily burdensome and is designed to deter refund requests, and is motivated by the Department's self-interest in keeping the fees paid even though it did not provide the promised service.

96.     The Department's program is misleading to applicants about their entitlement to a refund and the information necessary to establish their claims.  The Department has superior knowledge of the regulations under which it is required to perform and of the factual information vital to each individual's claim for a refund, including the date each application arrived at a Passport Agency and the date each passport was ready to be mailed or picked up.  The Department knows that applicants have no knowledge of and no reason to obtain such information; and yet it fails in its instructions on obtaining a refund to inform applicants of the necessary information or put applicants on notice to enquire about the information necessary to prove their claims.

97.     Therefore, the Department has breached the covenant of good faith and fair dealing implied in the contract for expedited service by depriving plaintiffs of the value of their contracts in order to further its own self-interest.

98.     Plaintiffs seek to recover their full damages, including all consequential and special damages, for the Department's breach in amounts to be proven at trial, but not to exceed $10,000 for any individual.

## VII.     PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

99.     Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and appoint Plaintiff Chattler as class representative and Hagens Berman Sobol Shapiro

1  and the Carey Law Firm as class counsel;

2      100.    Adjudge and decree that defendant's conduct as described herein breached the

3  contract between plaintiffs and defendant and violates pertinent regulations.

4      101.    Award compensatory damages, including all consequential and special damages, in

5  amounts to be determined at trial or, where applicable, to the full extent allowed by law.

6      102.    Award pre-judgment interest to plaintiffs to the fullest extent allowed by law.

7      103.    Award plaintiffs the costs of bringing this action, including the payment of

8  reasonable attorneys' fees; and

9      104.    Grant such other relief as the Court deems just and proper.

10

11      DATED: August 6 , 2007

12                                          By _____

13                                              Reed R. Kathrein

14

15                                          Hagens Berman Sobol Shapiro LLP
                                            715 Hearst Avenue, Suite 202
16                                          Berkeley, CA 94710
                                            Telephone: (510) 725-3000
17                                          Fax: (510) 725-3001

18                                          Robert B. Carey
                                            Hagens Berman Sobol Shapiro LLP
19                                          2425 East Camelback Rd, Suite 650
                                            Phoenix, AZ 85016
20                                          Telephone: (602) 840-5900
                                            Fax: (602) 840-3012

21                                          Steve Berman
                                            Hagens Berman Sobol Shapiro LLP
22                                          1301 Fifth Avenue, Suite 2900
                                            Seattle, WA 98101
23                                          Telephone: (206) 623-7292
                                            Fax: (206) 623-0594

24
                                            Megan E. Waples
25                                          The Carey Law Firm
                                            2301 East Pikes Peak Avenue
26                                          Colorado Springs, CO 80909
                                            Telephone: (719) 635-0377
27                                          Fax: (719) 635-2920

28

CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT,
REGULATORY VIOLATION, & BREACH OF THE IMPLIED          - 17 -
COVENANT OF GOOD FAITH & FAIR DEALING
001980-11 188653 V1

# Exhibit A



U.S. Department of State

# APPLICATION FOR A U.S. PASSPORT

## PLEASE DETACH AND RETAIN THIS INSTRUCTION SHEET FOR YOUR RECORDS.

**I Applied**  **Place** _____

**Date** _____

**FOR INFORMATION, QUESTIONS, AND INQUIRIES:** Please visit our website at travel.state.gov. In addition, contact the National Passport Information Center (NPIC) toll-free at 1-877-487-2778 (TDD: 1-888-874-7793) or by e-mail at **NPIC@state.gov**. Customer Service Representatives are available M-F, 8AM-8PM EST (excluding Federal holidays). Automated information is available 24/7.

**U.S. PASSPORTS ARE ISSUED ONLY TO U.S. CITIZENS OR NATIONALS. EACH PERSON MUST OBTAIN HIS OR HER OWN PASSPORT.**

### APPLICANTS WHO HAVE HAD A PREVIOUS U.S. PASSPORT

If your most recent passport was issued less than 15 years ago and you were over 16 years old at the time of issuance, you may be eligible to use Form DS-82 (mail-in application). Please inquire about eligibility when you apply or visit our website or contact NPIC. Address any requests for addition of visa pages to a Passport Agency or a U.S. consulate or embassy abroad. In advance of your departure, check visa requirements with consular officials of the countries you will be visiting.

### SPECIAL REQUIREMENTS FOR CHILDREN

- **AS DIRECTED BY PUBLIC LAW 106-119 AND 22 CFR 51.27 EFFECTIVE JULY 2, 2001:**
  To submit an application for a child under age 14 both parents or the child's legal guardian(s) must appear and present all of the following:
  - Evidence of the child's U.S. citizenship,
  - Evidence of the child's relationship to parents/guardian(s), AND
  - Parental identification.

  IF ONLY ONE PARENT APPEARS YOU MUST ALSO SUBMIT ONE OF THE FOLLOWING:
  - Second parent's notarized written statement consenting to passport issuance for the child.
  - Primary evidence of sole authority to apply, OR
  - A written statement (made under penalty of perjury) explaining the second parent's unavailability.

- **AS DIRECTED BY REGULATION 22 CFR 51.21 and 51.27:**
  Each minor child applying for a passport shall appear in person.

## WHAT TO SUBMIT WITH THIS FORM

1. PROOF OF U.S. CITIZENSHIP
2. PROOF OF IDENTITY
3. TWO RECENT, COLOR PHOTOGRAPHS, **AND**
4. FEES (As explained on reverse of form)

## WHERE TO SUBMIT THIS FORM

Please complete and submit this application in person to one of the following acceptance agents: a clerk of a Federal, State, or County Court of record or a judge or clerk of a probate court accepting applications; a designated municipal or county official; a designated postal employee at an authorized post office; or an agent at a Passport Agency in Boston, Chicago, Honolulu, Houston, Los Angeles, Miami, New Orleans, New York, Norwalk CT, Philadelphia, San Francisco, Seattle, or Washington DC; or a U.S. consular official at a U.S. embassy or consulate, if abroad. To find your nearest acceptance facility, visit our website or contact the National Passport Information Center.

**See Instruction Page 2 for detailed information on the completion and submission of this form.**

1. **PROOF OF U.S. CITIZENSHIP**

   a. <u>APPLICANTS BORN IN THE UNITED STATES</u> Submit a previous U.S. passport or **certified** birth certificate. A birth certificate must include your given name and surname, date, and place of birth, date the birth record was filed, and the seal or other certification of the official custodian of such records.

   (1) <u>If the birth certificate was filed more than one year after the birth.</u> It is acceptable if it is supported by evidence described in the next paragraph.

   (2) <u>If no birth record exists.</u> Submit registrar's notice to that effect. Also submit an early baptismal or circumcision certificate, hospital birth record, early census, school, or family Bible records, newspapers or insurance files, or notarized affidavits of persons having knowledge of your birth (in addition to at least one record listed above). Evidence should include your given name and surname, date and place of birth, and the seal or other certification of the issuing office (if customary) and the signature of the issuing official.

   b. <u>APPLICANTS BORN OUTSIDE THE UNITED STATES</u> Submit a previous U.S. passport, Certificate of Naturalization, Certificate of Citizenship, Consular Report of Birth Abroad, <u>or</u> evidence described below.

   (1) <u>If You Claim Citizenship Through Naturalization of Parent(s).</u> Submit the Certificate(s) of Naturalization of your parent(s), your foreign birth certificate, **and** proof of your admission to the United States for permanent residence.

   (2) <u>If You Claim Citizenship Through Birth Abroad to One U.S. Citizen Parent.</u> Submit a Consular Report of Birth (Form FS-240), Certification of Birth (Form DS-1350 or FS-545), or your foreign birth certificate, proof of citizenship of your parent, <u>and</u> an affidavit showing all of your U.S. citizen parent's periods and places of residence/physical presence in the United States and abroad before your birth.

   (3) <u>If You Claim Citizenship Through Birth Abroad to Two U.S. Citizen Parents.</u> Submit a Consular Report of Birth (Form FS-240), Certification of Birth (Form DS-1350 or FS-545), <u>or</u> your foreign birth certificate, parent's marriage certificate, proof of citizenship of your parent(s), **and** an affidavit showing all of your U.S. citizen parent's periods and places of residence/physical presence in the United States and abroad before your birth.

   (4) <u>If You Claim Citizenship Through Adoption by a U.S. Citizen Parent(s).</u> Submit evidence of your permanent residence status, full and final adoption, **and** your U.S. citizen parent(s) evidence of legal and physical custody. (Please note: Acquisition of U.S. citizenship for persons born abroad or adopted only applies if the applicant was born on or after 02/27/1983)

   c. <u>ADDITIONAL EVIDENCE</u> When necessary, we may ask you to provide additional evidence to establish your claim to U.S. citizenship.

2. **PROOF OF IDENTITY**
   You must establish your identity to the satisfaction of the acceptance agent.

   You may submit items such as the following containing your signature AND physical description or photograph that is a good likeness of you: previous U.S. passport, Certificate of Naturalization, Certificate of Citizenship, driver's license (not temporary or learner's license), or government (Federal, State, municipal) employee identification card or pass. <u>Temporary or altered documents are not acceptable.</u> When necessary, we may ask you to provide additional evidence to establish your identity.

   IF YOU CANNOT PROVIDE DOCUMENT EVIDENCE OF IDENTITY as stated above, you must appear with an IDENTIFYING WITNESS who is a U.S. citizen, non U.S. citizen national, or permanent resident alien who has known you for at least 2 years. Your witness must prove his or her identity and complete and sign an Affidavit of Identifying Witness (Form DS-71) before the acceptance agent. You must also submit some identification of your own.

3. **TWO RECENT, COLOR PHOTOGRAPHS**

   Submit two color photographs of you alone, sufficiently recent to be a good likeness of you (normally taken within the last six months), and 2x2 inches in size. The image size measured from the bottom of your chin to the top of your head (including hair) should be not less than 1 inch and not more than 1 3/8 inches. The photographs must be color, clear, with full front view of your face, and printed on thin paper with plain light (white or off-white) background. They must be capable of withstanding a mounting temperature of 225°F (107 °C). Photographs must be taken in normal street attire, without a hat, head covering, or dark glasses unless a signed statement is submitted by the applicant verifying the item is worn daily for religious purposes or a signed doctor's statement is submitted verifying the item is used daily for medical purposes. Photographs retouched so that your appearance is changed are unacceptable. Snapshots, most vending machine prints, and magazine or full-length photographs are unacceptable. Digitized photos must meet the previously stated qualifications and will be accepted for use at the discretion of Passport Services. (Visit our website for details.)

4. **FEES**

   a. **If you are 16 years of age or older** The passport processing fee is $55, the application execution fee is $30, and the security surcharge is $12 therefore your **total cost for the passport will be $97**. Your passport will be valid for 10 years from the date of issue except where limited by the Secretary of State to a shorter period. (See information below about the additional cost for expedited service.)

   b. **If you are under 16 years of age** The passport processing fee is $40, the application execution fee is $30, and the security surcharge is $12, therefore your **total cost for the passport will be $82**. Your passport will be valid for 5 years from the date of issue except where limited by the Secretary of State to a shorter period. (See information below about the additional cost for expedited service.)

5. ***BY LAW, THE PASSPORT PROCESSING, EXECUTION, AND SECURITY FEES ARE NON-REFUNDABLE.***

   a. The passport processing, execution, and security fees may be paid in one of the following forms: Checks (personal, certified, traveler's); major credit card (Visa, Master Card, American Express, and Discover); bank draft or cashier's check; money order (U.S. Postal, international, currency exchange), or if abroad, the foreign currency equivalent; or a check drawn on a U.S. bank. All fees should be payable to the "U.S. Department of State", or if abroad, the appropriate U.S. embassy or consulate. When applying at a designated acceptance facility, the $30 execution fee should be made payable to the acceptance facility. **NOTE: Some designated acceptance facilities do not accept credit cards as a form of payment.**

   b. **For faster processing,** you may request expedited service. Expedited requests will be processed in three workdays from receipt at a passport agency. The additional fee for expedited service is $60. Therefore, if you choose to request expedited service and you are 16 years of age or older the **total cost of your U.S. passport will be $157** and if you are 15 years of age or younger the **total cost of your U.S. passport will be $142**. Expedited service is available only in the United States.

   c. **If you desire SPECIAL POSTAGE SERVICE** (overnight mail, special delivery, etc.), include the appropriate postage fee with your payment.

   d. An additional $60 fee will be charged when, upon your request, the U.S. Department of State verifies issuance of a previous U.S. passport or Consular Report of Birth Abroad because you are unable to submit evidence of U.S. citizenship.

   e. **For applicants with U.S. Government or military authorization for no-fee passports,** no fees are charged, except the <u>execution fee</u> when applying at a designated acceptance facility.

   f. If you choose to provide your e-mail address in Item #12 on this application, Passport Services will only use that information to contact you in the event there is a problem with your application or if you need to provide additional information to us.

## FEDERAL TAX LAW

Section 6039E of the Internal Revenue Code (26 U.S.C. 6039E) requires you to provide your Social Security Number (SSN), if you have one, when you apply for a U.S. passport or renewal of a U.S. passport. If you have not been issued a SSN, enter zeros in box #5 of this form. If you are residing abroad, you must also provide the name of the foreign country in which you are residing. The U.S. Department of State must provide your SSN and foreign residence information to the Department of Treasury. If you fail to provide the information, you are subject to a $500 penalty enforced by the IRS. All questions on this matter should be directed to the nearest IRS office.

## NOTICE TO CUSTOMERS MAKING PAYMENT BY CHECK

If you send us a check, it will be converted into an electronic funds transfer (EFT). This means we will copy your check and use the account information on it to electronically debit your account for the amount of the check. The debit from your account will usually occur within 24 hours, and will be shown on your regular account statement.

You will not receive your original check back. We will destroy your original check, but we will keep the copy of it. If the EFT cannot be processed for technical reasons, you authorize us to process the copy in place of your original check. If the EFT cannot be completed because of insufficient funds, we may try to make the transfer up to two times and we will charge you a one-time fee of $25, which we will also collect by EFT.

## PAYMENT OF FEES

31 U.S.C.7701 requires persons "doing business" with a federal agency to provide their Social Security Numbers to that agency. Because the U.S. Department of State collects fees for the provision of passport services to you, you are considered a person "doing business" with the Department. Passport service fees are established by law and regulation (see 22 U.S.C. 214, 22 CFR 22.1, and 22 CFR 51.61-66) and are collected at the time you apply for the passport service. If the Department fails to receive full payment of the applicable fees, because, for example, your check is returned for any reason or you dispute a passport fee charge to your credit card, the U.S. Department of State will take action to collect the delinquent fees from you under 22 CFR Part 34 and the Federal Claims Collection Standards (see 31 CFR Parts 900-904). In accordance with the Debt Collection Improvement Act (Pub.L. 104-134), if the fees remain unpaid after 180 days and no repayment arrangements have been made, the Department will refer the debt to the Department of the Treasury for collection. Debt collection procedures used by Treasury may include referral of the debt to private collection agencies, reporting of the debt to credit bureaus, garnishment of private wages and administrative offset of the debt by reducing or withholding eligible Federal payments (e.g. tax refunds, social security payments, federal retirement, etc.) by the amount of your debt, including any interest penalties or other costs incurred.

In addition, non-payment of passport fees will result in the invalidation of your passport. An invalidated passport cannot be used for travel.

## OTHER USES OF SOCIAL SECURITY NUMBERS

In addition to reporting your Social Security Number to Treasury and using it in connection with debt collection, the Department checks Social Security Numbers against lists of persons ineligible or potentially ineligible to receive a U.S. passport.

## PAPERWORK REDUCTION STATEMENT

You are not required to provide the information requested on this form unless the form displays a currently valid OMB number. We try to create forms and instructions that can be easily understood. Often this is difficult to do because our citizenship laws are very complex. The estimated burden time for this information collection is 85 minutes, which includes the time required to search existing data sources, gather the necessary data, complete and review this form, and provide and submit the form and any additional information required. If you have comments concerning the accuracy of this time estimate or suggestions for making this form simpler, we would be happy to hear from you. You can write us at: U.S. Department of State (A/RPS/DIR), Washington, DC 20520.

## IMPORTANT NOTICE TO APPLICANTS WHO HAVE LOST OR HAD A PREVIOUS PASSPORT STOLEN

A United States citizen may not normally bear more than one valid or potentially valid U.S. passport at a time. It therefore is necessary to submit a statement with an application for a new U.S. passport when a previous valid or potentially valid U.S. passport cannot be presented with an application for a new passport. Your statement must detail why the previous U.S. passport cannot be presented.

The information you provide regarding your lost or stolen U.S. passport will be placed into our Consular Lost or Stolen Passport System. This system is designed to prevent the misuse of your lost or stolen U.S. passport. Anyone using the passport book reported as lost or stolen may be detained upon entry into the United States. Should you locate the U.S. passport reported lost or stolen at a later time, report it as found and submit it for cancellation. It has been invalidated. You may not use that passport for travel.

**PROTECT YOURSELF AGAINST IDENTITY THEFT - REPORT YOUR LOST OR STOLEN PASSPORT!**
For more information or to report your lost or stolen passport by phone, call NPIC or visit our website at
www.travel.state.gov.

## ACTS OR CONDITIONS

(If any of the below-mentioned acts or conditions have been performed by or apply to the applicant, the portion which applies should be lined out, and a supplementary explanatory statement under oath (or affirmation) by the applicant should be attached and made a part of this application.) I have not, since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; made a formal renunciation of nationality either in the United States, or before a diplomatic or consular officer of the United States in a foreign state; or been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down, or to destroy by force, the Government of the United States.

## PRIVACY ACT STATEMENT

**AUTHORITIES** Collection of the information solicited on this form is authorized by Titles 8, 22, and 26 of the United States Code, whether or not codified, including specifically 22 U.S.C. 211a et seq.; 26 U.S.C., 6039E, Section 236 of the Admiral James W. Nance and Meg Donovan Foreign Relations Authorization Act, Fiscal Years 2000 and 2001; Executive Order 11295 (August 5, 1966); and 22 CFR parts 50 and 51.

**PURPOSE** The primary purpose for soliciting the information is to establish citizenship, identity, and entitlement to issuance of a U.S. passport.

**ROUTINE USES** The information solicited on this form may be made available as a routine use to other government agencies to assist the U.S. Department of State in adjudicating passport applications and requests for related services, and for law enforcement and administration purposes. The information may be made available to foreign government agencies to fulfill passport control and immigration duties. The information may also be provided to foreign government agencies, international organizations or, in limited cases, private persons and organizations to investigate, prosecute, or otherwise address potential violations of law or to further the Secretary's responsibility for the protection of U.S. citizens and non-citizen nationals abroad. The information may be made available to private U.S. citizen 'wardens' designated by the U.S. embassies and consulates. For a more detailed listing of the routine uses to which this information may be put, see the Prefatory Statement of Routine Uses and the listing of routine users set forth in the system descriptions for Overseas Citizen Services Records (State-05) and Passport Records (State-26) published in the Federal Register.

**CONSEQUENCES OF FAILURE TO PROVIDE INFORMATION** With the exception of your Social Security Number (see Federal Tax Law statement on Instruction Page 3), you are not legally required to provide the information requested on this form. However, failure to do so may result in Passport Services' refusal to accept your application or result in the denial of a U.S. passport.

## ELECTRONIC PASSPORT STATEMENT

The U.S. Department of State will begin issuing a new type of passport containing an embedded electronic chip and called an "Electronic Passport". The new passport will continue to be proof of the bearer's United States citizenship and identity, and will look and function in the same way as a passport without a chip. The addition of an electronic chip in the back cover will enable the new passport to carry a duplicate electronic copy of all information from the data page. The new passport will be usable at all ports-of-entry, including those that do not yet have electronic chip readers.

Use of the electronic format will provide the traveler the additional security protections inherent in chip technology. Moreover, when used at ports-of-entry equipped with electronic chip readers, the new passport will provide for faster clearance through some of the port-of-entry processes.

Issuance of this new passport will be phased in during an 18-month period. It is expected that by mid-2006 nearly all U.S. passports will be issued in this new format. The new passport will not require special handling or treatment, but like previous versions should be protected from extreme bending and from immersion in water. The electronic chip must be read using specially formatted readers, and is not susceptible to unauthorized reading.

The cover of the new passport will be printed with a special symbol representing the embedded chip. The symbol will appear in port-of-entry areas where the electronic passport can be read.

## NOTICE TO APPLICANTS FOR OFFICIAL, DIPLOMATIC, OR NO-FEE PASSPORTS

You may use this application if you meet all of the provisions listed on Instruction Page 2, however you must CONSULT YOUR SPONSORING AGENCY FOR INSTRUCTIONS ON PROPER ROUTING PROCEDURES BEFORE FORWARDING THIS APPLICATION. Your completed passport will be released to your sponsoring agency for forwarding to you.

## U.S. Department of State
# APPLICATION FOR A U.S. PASSPORT

OMB APPROVAL NO. 1405-0004
EXPIRATION DATE: 08/31/2008
ESTIMATED BURDEN: 85 Minutes
(See Instruction Page 3)

**WARNING** False statements made knowingly and willfully in passport applications, including affidavits or other supporting documents submitted therewith, are punishable by fine and/or imprisonment under provisions of 18 U.S.C. 1001, 18 U.S.C. 1542 and/or 18 U.S.C. 1621. Alteration or mutilation of a passport issued pursuant to this application is punishable by fine and/or imprisonment under the provisions of 18 U.S.C. 1543. The use of a passport in violation of the restrictions contained therein or of the passport regulations is punishable by fine and/or imprisonment under 18 U.S.C. 1544. All statements and documents are subject to verification.

When completing this form, PRINT IN BLUE OR BLACK INK ONLY.

☐ 5 Yr.    ☐ 10 Yr.    Issue Date _____
☐ R   ☐ D   ☐ O   ☐ DP
End. # _____    Exp. _____

**1. Name of Applicant**

Last | Suffix *(Jr., Sr., III)*

First | Middle

**2. Date of Birth** *(mm-dd-yyyy)*

**3. Sex**   ☐ M  ☐ F

**4. Place of Birth** *(City & State OR City & Country)*

**5. Social Security Number** *(See Federal Tax Law Notice on Instruction Page 3)*

**6. Alien Registration Number** *(If Applicable)*

**7. Height**   Feet ___ Inches ___

**8. Hair Color**

**9. Eye Color**

**10. Occupation**

**11. Employer**

**12. E-Mail Address** *(Optional)*

**13. Mailing Address**

Street/RFD Number **OR** Post Office Box | Apartment Number

City | State | ZIP Code

Country *(If Outside the U.S.)* | In Care of *(If Applicable)*

*(2" x 2" photo box)*
FROM 1" TO 1 3/8"
2" x 2"

**14. Permanent Address or Residence** *(If same as mailing address write "Same As Above")*

Street / RFD Number *(DO NOT LIST P.O. BOX)* | Apartment Number

City | State | ZIP Code

**15. Home Telephone** *(Include Area Code)*   ( )

**16. Business Telephone** *(Include Area Code)*   ( )

**17. Have you ever applied for or been issued a U.S. passport?**   ☐ YES  ☐ NO   If yes, complete the remaining items in block #17 and submit most recent passport.

Name in which your most recent passport was issued | Status of recent passport  ☐ Submitted  ☐ Stolen  ☐ Lost  ☐ Other _____

Most recent passport number | Approximate date your most recent U.S. passport was issued or date you applied. *(mm-dd-yyyy)*

**18. Travel Plans**

Date of Trip *(mm-dd-yyyy)* | Length of Trip | Countries to be Visited

**19. Have you ever been married?**   ☐ YES  ☐ NO   If yes, complete the remaining items in block #19

Spouse's or Former Spouse's Full Name | Is your spouse *(or former spouse)* a U.S. citizen?  ☐ YES  ☐ NO

Date of Birth *(mm-dd-yyyy)* | Place of Birth | Date of Most Recent Marriage | Widowed? ☐  Divorced? ☐   Give Date

**20. What other names have you used?** *(Include Name Changes, Maiden Name, & Former Married Names)*

1) | 2) | 3) | 4)

DS 11 06 2005

DS-11
06-2006

Page 1 of 2

| Name of Applicant *(Last, First, Middle)* | Date of Birth *(mm-dd-yyyy)* |
|---|---|

**21. Parental Information**

Mother's Maiden Name

| Last | First | Middle | Date of Birth | Place of Birth |
|---|---|---|---|---|

Father's Name

| Last | First | Middle | Date of Birth | Place of Birth |
|---|---|---|---|---|

Is your mother a U.S. citizen? ☐ YES ☐ NO        Is your father a U.S. citizen? ☐ YES ☐ NO

**22. Emergency Contact** - Provide the information of a person not traveling with you to be contacted in the event of an emergency

| Name | Street / RFD Number |
|---|---|

| Apartment Number | City | State | ZIP Code |
|---|---|---|---|

| Telephone ( ) | E-Mail Address *(Optional)* | Relationship |
|---|---|---|

## STOP    DO NOT SIGN APPLICATION UNTIL REQUESTED TO DO SO BY PERSON ADMINISTERING OATH.

**23. Oath & Signature**

I declare under penalty of perjury that I am a United States citizen (or non-citizen national) and have not, since acquiring United State citizenship (or U.S. nationality), performed any of the acts listed under "Acts or Conditions" on this application form (unless explanatory statement is attached). I declare under penalty that the statements made on this application are true and correct.

X _____
**Applicant's Signature - age 14 and older**

X _____
**Mother's Legal Guardian's Signature** *(If Identifying Minor)*

X _____
**Father's Legal Guardian's Signature** *(If Identifying Minor)*

**Applicant's or Father's Identification Information**

Type of Document        Issue Date _____
☐ Driver's License
☐ Passport              Expiration Date _____
☐ Military Identification    Place of Issue _____
☐ Other *(Specify)*

Name _____
ID Number _____

**Mother's Identification Information**

Type of Document        Issue Date _____
☐ Driver's License
☐ Passport              Expiration Date _____
☐ Military Identification    Place of Issue _____
☐ Other *(Specify)*

Name _____
ID Number _____

## FOR ACCEPTANCE AGENT USE ONLY

Facility Identification Number _____

☐ Acceptance Agent; Facility Name & Location

☐ (Vice) Consul USA; Location

☐ Passport Services Staff Agent
   Subscribed & Sworn to *(Affirmed)* before me

(SEAL)

_____    Date *(mm-dd-yyyy)* _____
(Signature of Person Authorized to Accept Application)

**For Issuing Office Use Only**

Name as it appears on citizenship evidence _____

☐ **Birth Certificate**    ☐ SR  ☐ CR  ☐ City    File Date _____  Issue Date _____
☐ **Passport**    Issue Date _____
☐ **Report of Birth**    ☐ 240  ☐ 545  ☐ 1350    Issue Date _____
☐ **Naturalization Certificate**    Issue Date _____    Cert. # _____
☐ **Citizenship Certificate**    Issue Date _____    Cert. # _____
☐ **Other**
☐ **Seen & Returned**
☐ **Attached**

APPLICATION APPROVAL

| FEE | EXEC. | EF | OTHER |
|---|---|---|---|

DS-11