REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff
JULIA CHATTLER

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>          Defendants. | No. C 07-04040 SI<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE: January 18, 2008<br>TIME:  2:00 p.m.<br>DEPT:  Courtroom 10, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

The parties to the above-entitled action jointly submit this Joint Case Management Statement. The parties, through counsel, have met and conferred on the matters contained herein.

## I.     JURISDICTION AND SERVICE

Plaintiff's Position:

This case is located in the proper venue and this Court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2). The Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint") names the United States of America and the United States Department of State as Defendants. The Complaint does not contain any Doe defendant allegations. Plaintiff alleges causes of action for breach of contract, regulatory violations and breach of the implied covenant of good faith and fair dealing, and seeks all damages permitted by law, including compensatory, consequential and special damages.

Defendants' Position:

This Court does not have subject-matter jurisdiction over Plaintiff's claims for consequential and special damages because the United States has not waived its sovereign immunity as to those claims. Although this Court has subject-matter jurisdiction over Plaintiff's claim for a refund of the fee she allegedly paid for expedited processing of her passport application pursuant to the Little Tucker Act and 22 C.F.R. § 51.63, this Court as a prudential matter should refrain from exercising that jurisdiction because Plaintiff has not exhausted her administrative remedies by first submitting her claim for a refund to the Department of State. Defendants' position is more fully set forth in their pending Motion to Dismiss. *See* Defendants' Motion to Dismiss (filed Oct. 9, 2007).

## II.     FACTS

Plaintiff's Position:

Plaintiff Chattler brings this action against the United States of America and the United States Department of State ("Department") as a class action on behalf of herself and all others similarly situated, who paid an extra fee to secure expedited processing of their passports and whose passport were not processed within the required three-day period or were not delivered

JOINT CASE MANAGEMENT STATEMENT            - 1 -

within the promised time. ¶ 1.[1] Plaintiff brings claims for relief of breach of contract, damages under the money-mandating scheme of 22 C.F.R. §§ 51.66, 51.63 and breach of the implied covenant of good faith and fair dealing. ¶¶ 62-98.

Pursuant to regulation, the Department of State is permitted to offer expedited service for the processing of passport applications. ¶ 2; 22 C.F.R. §§ 51.66, 22.1. Expedited service means three business days, "commencing when the application reaches a Passport Agency, or . . . when the request for expediting processing is approved." ¶ 3; 22 C.F.R. § 51.66. Department of State publications inform applicants that they will receive their passports within about two weeks when they pay for expedited service and overnight mail. ¶ 5. Department of State regulations require that "[t]he expedite fee will be refunded if the Passport Agency does not provide the requested expedited processing as defined in § 51.66." ¶ 6; 22 C.F.R. § 51.63.

In January 2007, the Western Hemisphere Travel Initiative, mandated by Congress in the Intelligence Reform and Terrorism Prevention Act of 2004, went into effect to strengthen border security. ¶ 8. The travel initiative requires all citizens of the United States, Canada, Mexico, Bermuda or the Caribbean to present a valid passport when entering the United States by air. ¶ 8. Despite three years between the passing of the bill and its implementation, and commentators' concerns that the Department of State would not "be able to issue several million new passports in the timeframe required and without significant delay," the Department of State failed to take sufficient measures to process the increase in passport applications. ¶ 10; 71 F.R. 68412. As a result, mass delays in passport processing plagued travelers, delayed travel, and eventually resulted in the temporary suspension of the passport requirements for international travelers. ¶ 10. The government, however, has not refunded the improperly collected expedited processing fee to the thousands of citizens who did not receive their passports within the promised timeframe, as required by regulation. ¶ 10.

In June 2007, the Department of State announced that it would refund the fees for expedited services for individuals who paid for expedited service but did not receive it. ¶ 39. Prior to June

---

[1] All "¶__" references are to the Complaint, unless otherwise indicated.

JOINT CASE MANAGEMENT STATEMENT                - 2 -

1  2007, however, many applicants who paid for expedited service but did not receive it were

2  informed by the National Passport Information Center that they were not entitled to a refund.  ¶ 38.

3  The meager refund procedures in place do not properly address Plaintiff or class members'

4  claims for relief.  The Department of State has not agreed to refund fees for expedited processing

5  for those passports taking longer than three days to process, as the regulation dictates, but only to

6  those applicants who paid for expedited processing, did not receive their passports within 14 days

7  (start to finish time, not processing time), and who request a refund in writing.  ¶ 12.  In addition,

8  rather than returning the expedited fees, as mandated by the regulation, the Department of State

9  requires each individual to mail in a written application for the refund.  ¶ 14.  In assessing requests

10 for refunds, the Defendants "relies on the applicants to request" a refund and requires applicants to

11 submit a written request with their name, date and place of birth, the date on which they applied for

12 and received their passports, their contact information, and their passport number.  Declaration of

13 Ann Barrett in Support of Defendants' Motion to Dismiss ("Barrett Decl."), ¶¶ 23, 46.  This

14 improperly places the burden on the applicant to request and provide information – all of which is

15 unrelated to the refund obligation – despite a regulatory mandate otherwise, and despite all relevant

16 information already being in the Defendants' possession, including the critical fact of the time the

17 Defendants themselves took to process a passport application.

18 The Defendants' current refund scheme is also inadequate because a substantial number of

19 citizens who are owed the money on undisputed facts and with known addresses have not received

20 monies owed to them under the Department's regulation.  ¶ 15.  And, because of the lack of notice

21 and lack of automated procedures, many individuals who are entitled by regulation to a refund will

22 not receive one.  ¶¶ 40, 42-43.

23 Defendants' Position:

24 As part of a congressional mandate to strengthen border security, the Department of

25 Homeland Security and Department of State implemented in January 2007, phase one of the

26 Western Hemisphere Travel Initiative ("WHTI").  *See* Declaration of Ann Barrett ("Barrett Decl.")

27 ¶ 26, attached to Defendants' Motion to Dismiss (filed Oct. 9, 2007); *see also* 71 Fed. Reg. 68412,

28 68412 (Nov. 24, 2006).  As of January 2007, "all United States citizens and nonimmigrant aliens

JOINT CASE MANAGEMENT STATEMENT                - 3 -

from Canada, Bermuda, and Mexico departing from or entering the United States from within the Western Hemisphere at air ports-of-entry . . . [are] required to present a valid passport." 71 Fed. Reg. 68412.   In Fiscal Years 2005 and 2006, in anticipation of increased demand for passports following implementation of that requirement, the Department began expanding its passport operations.  Specifically, the Department hired additional personnel, increased the size and hours of operation of several passport centers, added two new passport processing facilities, and expanded its lockbox service by adding a second lockbox site and operating both sites twenty-four hours a day, seven days a week.  Barrett Decl. ¶¶ 27-30.

The actual demand for passports following implementation of the WHTI far exceeded the Department's predictions.  *See* Barrett Decl. ¶ 31.  In the first three months of 2007, the Department received approximately 5.5 million passport applications, slightly over 45% of the *total passports* issued in Fiscal Year 2006.  Barrett Decl. ¶¶ 6 & 31.  That exponential increase in applications "placed an enormous strain on the passport processing system."  Barrett Decl. ¶ 31.  Initially, significant delays occurred at the lockbox facilities – *before the application reached the passport agency* – where lockbox operators forward applications to the appropriate passport agencies; those delays "in turn, led to additional, cumulative delays at each of the next steps in the process of passport adjudication, processing, and production."  Barrett Decl. ¶ 32.  The average time from an applicant's submission of a passport application to receipt of the issued passport increased from six to eight weeks "to up to twelve weeks."  Barrett Decl. ¶ 33.

As a result, the demand for expedited processing increased.  The total such applications between Fiscal Year 2006 and Fiscal Year 2007 jumped from 2,964,895 to 5,543,166.  *See* Barrett Decl. ¶ 33.  The Department processed expedited applications on a faster timetable than regular passport applications.  At each stage in the process, expedited applications "were moved toward the head of the line, in front of the regular applications" and then further "prioritized according to when the applicant stated that he or she needed to travel."  Barrett Decl. ¶ 39.  In most instances, applicants who requested expedited service after January 2007 "received their passports significantly faster than the twelve weeks it took to process routine applications at the height of the surge."  Barrett Decl. ¶ 39.  In July 2007, the Department decided to change its regulations to adopt

JOINT CASE MANAGEMENT STATEMENT                - 4 -

a more flexible definition of "expedited passport processing." Barrett Decl. ¶ 41. The regulations now require that expedited applications be "process[ed] within a number of business days periodically published on the Department's website." Barrett Decl. ¶ 14.

The Department acted quickly to implement additional measures in an "effort[] to return to normal processing times," including "expand[ing] the hours of operations at all 15 passport agencies and the three passport centers," "institut[ing] mandatory overtime at all passport agencies in order to provide maximum staffing at all times," and "hir[ing] additional personnel." Barrett Decl. ¶¶ 34-36. In early September 2007, the Department announced that it had restored passport service to the standard six to eight weeks for routine passport applications and no more than three weeks for expedited service. *See* Barrett Decl. ¶ 11.

By regulation, applicants who paid for but did not receive expedited service as defined in 22 C.F.R. § 51.66 during the demand surge following implementation of the new passport requirements are entitled to a refund of the expedite fee. The Department's longstanding practice for refunding expedite fees has "relie[d]" on an applicant's request "as a means of triggering an inquiry into the processing history of a given individual application." Barrett Decl. ¶ 46. There is currently "no automated mechanism for identifying everyone who did not receive three-day processing, verifying that each person who requested expedited processing paid the fee, and generating a refund." Barrett Decl. ¶50. The refund process is published on the Department's website. *See* Barrett Decl. ¶ 22; *see also* Barrett Decl. Ex. A.1. An applicant may submit a request for a refund by mail or directly from that website. The request need only include the applicant's passport number, date and place of birth, current mailing address and telephone number, and the approximate date the passport application was submitted. "If the Department determines that the applicant paid for and did not receive expedited service, an order for a refund check of $60 to be issued to the applicant is forwarded to the Department of the Treasury." Barrett Decl. ¶ 25. At present, this process "takes approximately six weeks from the time a request is received at the Service Refund Center until a refund is issued by the Department of Treasury to the qualifying applicant." Barrett Decl. ¶ 43. Plaintiff has not availed herself of this process. Instead she filed the instant action.

JOINT CASE MANAGEMENT STATEMENT            - 5 -

**III.   LEGAL ISSUES**

<u>Plaintiff's Position</u>:

Plaintiff respectfully suggests that legal issues include, but are not limited to:

1. Whether a class of individuals who paid the extra $60 fee for expedited service and for whom either (a) the passport was not mailed out or available for pick-up within three business days of its arrival at a passport agency or (b) the passport was not received by the applicant within twenty-one days of application, should be certified and whether Plaintiff adequately represents that class;

2. Whether the Department of State's failure to complete processing of applications within three business days for individuals paying for expedited service constitutes a breach of the express or implied contract or is a violation of pertinent regulations;

3. Whether the Department of State's failure to return the passports to individuals paying for expedited service in less than twenty-one days constitutes a breach of the promise to return them within about two weeks;

4. Whether the Department of State's proposed refund program and its failure to automatically process refunds based on its own records to those individuals whose passports were not processed within three business days or returned within twenty-one days constitutes a breach of the contract or a violation of regulation.

Plaintiff's class definition and statement of legal issues are based on her initial case investigation and are subject to modification based on such evidence and discovery as is produced in this case.

<u>Defendants' Position</u>:

The following legal issues set forth in Defendants' pending motion to dismiss are dispositive of this action:

1. Whether this Court as a prudential matter should dismiss this action and require Plaintiff first to present her claim for a refund of the expedite fee to the Department of State because it has an established and efficient administrative process for refunding that fee to individuals who did not receive expedited passport processing?

2. Whether this Court must dismiss Plaintiff's claims for special and consequential damages for lack of subject-matter jurisdiction when Defendants have not waived sovereign immunity as to those claims?

3. Whether Plaintiff has failed to state a claim for breach of an implied contract where agency regulations cover the subject-matter of the alleged contract and limit Plaintiff's recovery in the event the Department of State fails to provide expedited passport processing to the refund of the expedite fee paid?

Whether this action properly may be maintained as a class action is an additional legal issue raised herein that this Court need not reach to dismiss this action in its entirety.

The legal issues identified by Defendants are based on their present information. Defendants reserve the right to raise additional legal issues as appropriate.

## IV.    MOTIONS

On October 9, 2007, Defendants filed a Motion to Dismiss this action in its entirety. Plaintiff will be filing her opposition to the Motion to Dismiss on November 30, 2007. Defendants will file their reply on December 7, 2007. The motion will be heard on December 21, 2007 at 9:00 a.m. If Plaintiff serves discovery on Defendants before the Court rules on the pending motion, Defendants will move to stay discovery pending such ruling.

If any of Plaintiff's claims withstand dismissal, Plaintiff intends to file a motion for class certification and a motion for summary judgment. Defendants anticipate opposing class certification and also moving for summary judgment.

## V.    AMENDMENT OF PLEADINGS

This action was filed on August 7, 2007. On October 9, 2007, Defendants moved to dismiss this action in its entirety in lieu of answering the Complaint.

If Defendants' Motion to Dismiss is granted in whole or in part, Plaintiff may be permitted to file an amended complaint. If that motion is denied, Defendants will file a timely answer.

**VI.     EVIDENCE PRESERVATION**

Plaintiff's Position:

Plaintiff Chattler has been instructed to maintain all documents, currently in her possession, that are relevant to this litigation.

Defendants' Position:

The Department of State timely instructed all relevant personnel to maintain all documents currently in their possession or subsequently created that are relevant to Plaintiff's claims in this action.

**VII.     DISCLOSURES**

Both parties are making their initial disclosures on November 30, 2007, in accordance with Federal Rule of Civil Procedure 26(a)(1).

**VIII.     DISCOVERY PLAN**

Plaintiff's Position:

Plaintiff's position is that the parties should not be limited to the number of depositions specified in Federal Rule of Civil Procedure 30(a)(2)(A).  Plaintiff requests that the Court extend the limit to 25 fact witnesses and 5 Rule 30(b)(6) depositions.

Defendants' Position:

Defendants believe that any discussion of discovery issues prior to the resolution of their Motion to Dismiss is premature as Defendants' motion may obviate the need for any discovery in this action or alternatively, substantially limit the scope of permissible discovery.

**IX.     CLASS ACTION - L.R. 16-9(B) REQUIREMENTS**

Plaintiff's Position:

1.     Plaintiff brings this action as a class action under Rules 23(a), 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure for relief from breach of contract, damages under the money-mandating scheme of 22 C.F.R. §§ 51.66 and 51.63 and breach of the implied covenant of good faith and fair dealing.

2.     The class consists of: individuals who paid the extra $60 fee for expedited service and for whom either (a) the passport was not mailed out or available for pick-up within three

JOINT CASE MANAGEMENT STATEMENT                - 8 -

business days of its arrival at a passport agency or (b) the passport was not received by the applicant within twenty-one days of application, should be certified and whether Plaintiff adequately represents that class.

3. Defendants' actions have harmed and continue to harm the interests of the vast majority of thousands of citizens throughout the United States. The members of the class are so numerous that joinder of all members is impracticable. Defendants' relationships with the members of the class have been substantially uniform. Questions of law and fact will predominately be common to the class. Plaintiff has no conflicts of interest with other members of the class and has retained counsel competent and experienced in complex class action litigation. Plaintiff and her counsel will fairly and adequately represent the interests of the class. This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members of the class is not only impracticable, but impossible. The damages suffered by certain members of the class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for such class members to attempt redress individually. There will be no extraordinary difficulty in the management of this class action. Common questions of law and fact exist with respect to all class members and predominate over any questions solely affecting individual members.

4. Plaintiff proposes September 26, 2008 for the Court to consider whether the case can be maintained as a class action.

<u>Defendants' Position</u>:

Defendants oppose certification of the proposed class in this action. The defined class is overbroad and may include individuals who are not entitled to a refund of the expedite fee under Department regulations. Each class member's entitlement to a refund, moreover, will turn on the particular facts of that individual's application. Thus, under Rule 23 of the Federal Rules of Civil Procedure, this action, at a minimum, is not appropriate for class treatment because "questions affecting only individual members" predominate over fact questions common to the class.

If and when Plaintiff moves for class certification, Defendants may identify additional grounds for denying such certification.

JOINT CASE MANAGEMENT STATEMENT - 9 -

### X.   RELATED CASES

There are no related cases or administrative proceedings of which the parties are aware.

### XI.   RELIEF

<u>Plaintiff's Position:</u>

Plaintiff seeks compensatory damages, including all consequential and special damages, pre-judgment interest, reasonable attorneys' fees, expert witness fees and other costs, and any other further relief as the Court deems just and proper.

Plaintiff's calculation of damages is in part dependent on information to be obtained from discovery during the course of this action. Therefore, Plaintiff has not yet computed damages claimed in this action.

<u>Defendants' Position:</u>

Any recovery by Plaintiff is expressly limited by 22 C.F.R. § 51.63, which provides only for a refund of the expedite fee paid if the Department of State fails to provide expedited processing as defined in 22 C.F.R. § 51.66.

### XII.   SETTLEMENT AND ADR

In light of the pending Motion to Dismiss, Defendants do not believe that settlement or alternative dispute resolution is likely at this stage. The parties agree to make good faith efforts to settle their claims if Defendants' Motion to Dismiss is denied.

### XIII.   MAGISTRATE JUDGE

The parties are not willing to submit this matter to a magistrate judge for all purposes.

### XIV.   OTHER REFERENCES

The parties do not believe at this time that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV.   NARROWING OF ISSUES

The parties are not presently in a position to address whether: (a) it is feasible or desirable to bifurcate issues for trial; or (b) it is possible to reduce the length of the trial by stipulation, use of summaries or other expedited means of presenting issues. The parties will agree, however, to meet

JOINT CASE MANAGEMENT STATEMENT                - 10 -

and confer on narrowing the contested issues in this case if the Court denies Defendants' Motion to Dismiss, and it is ultimately determined that a trial is necessary.

### XVI.  EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### XVII.  SCHEDULING

Plaintiff's Position:

Plaintiff's proposed schedule is attached as Exhibit A.

Defendants' Position:

Defendants have moved to dismiss this action in its entirety, which will obviate most of the events identified in Exhibit A.  Until the Court rules on the pending motion, it would be premature for Defendants to propose dates for the events identified in Exhibit A.

### XVIII. TRIAL

Plaintiff's Position:

Plaintiff anticipates that the trial of this action will take 30 court days.

Defendants' Position:

This action can and should be resolved on Defendants' pending Motion to Dismiss thereby obviating any need for trial.  Until the Court rules on that motion or any other dispositive motions filed in this action, it would be premature to estimate the length of any trial.

### XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Other than the named parties, there is no other interest to report at this time.

### XX.  SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.

Plaintiff's Position:

As argued in Plaintiff's opposition to Defendants' Motion to Dismiss, the Defendants' current refund scheme is inadequate to address Plaintiff and the class members' claims. Defendants' refund scheme does not adequately address all of the damages suffered by Plaintiff and class members, including compensatory, consequential and special damages.  ¶ 101.

JOINT CASE MANAGEMENT STATEMENT         - 11 -

1  Defendants' refund scheme does not adequately address the time period of Plaintiff and class
2  members' claims. Whereas the Defendants' refund scheme has only been in place since June 2007,
3  Plaintiff seeks relief for a class dating back six years from the filing of the Complaint. ¶ 49.

4  Even as it relates to the refund of the expedited processing fee, however, Defendants'
5  refund scheme is adequate. Defendants have only agreed to refund the expedited processing fees to
6  those applicants who did not receive their "expedited" passports within 14 days, and not those
7  applicants whose passports took longer than three days to process. ¶ 12. Defendants' refund
8  scheme also places the burden on the applicant to seek a refund, despite all the relevant information
9  regarding the applicant's entitlement to a refund being within the Defendants' possession. ¶¶ 16-
10  17. Defendants also admit that no automated process is in place to ensure that applicants receive
11  refunds where they have not been provided expedited service, even though the relevant regulation
12  mandates that the expedited processing fee "will be refunded if the Passport Agency does not
13  provide the requested expedited processing. . . ." 22 C.F.R. § 51.63; ¶ 6. Because the Defendants'
14  refund scheme is wholly inadequate, this Court should not require exhaustion of administrative
15  remedies given the existing administrative process.

16  <u>Defendants' Position</u>:

17  The Department of State has a long-standing, established process for refunding the expedite
18  fee, and since June 2007, the Department has improved that process to make it easier and more
19  efficient. That process requires that an individual submit to the agency a written or electronic
20  request containing basic information such as present contact information, passport number, and
21  approximate date the passport application was submitted. Using the information furnished in the
22  request, the Department can initiate a search of its records to determine whether the individual is
23  entitled to a refund. If the Department determines that the applicant did not receive expedited
24  processing as set forth in its regulations, the Department will refund the $60 expedite fee. The
25  Department does not have an automated process for identifying individuals entitled to a refund and
26  issuing refund checks to those individuals.

27  The existing process has issued and continues to issue refunds in accordance with 22 C.F.R.
28  § 51.63. Thus, the existing administrative process is far more efficient and far less expensive than

JOINT CASE MANAGEMENT STATEMENT          - 12 -

1  litigating Plaintiff's entitlement to a refund of the $60.00 expedite fee, which Plaintiff does not
2  anticipate going to trial until summer 2009. Plaintiff therefore should be required to submit her
3  claim for a refund to the agency first before filing any legal action in court.

DATED: November 28, 2007           HAGENS BERMAN SOBOL SHAPIRO LLP


                                              /s/ Shana E. Scarlett
                                          SHANA E. SCARLETT
                                   Reed R. Kathrein (139304)
                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                   715 Hearst Avenue, Suite 202
                                   Berkeley, CA 94710
                                   Telephone: (510) 725-3000
                                   Facsimile: (510) 725-3001

                                   Robert B. Carey (*Pro Hac Vice*)
                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                   2425 East Camelback Road, Suite 650
                                   Phoenix, AZ 85016
                                   Telephone: (602) 840-5900
                                   Facsimile: (602) 840-3012

                                   Steve Berman (*Pro Hac Vice*)
                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                   1301 Fifth Avenue, Suite 2900
                                   Seattle, WA 98101
                                   Telephone: (206) 623-7292
                                   Facsimile: (206) 623-0594

                                   Megan E. Waples (*Pro Hac Vice*)
                                   THE CAREY LAW FIRM
                                   2301 East Pikes Peak Avenue
                                   Colorado Springs, CO 80909
                                   Telephone: (719) 635-0377
                                   Facsimile: (719) 635-2920

                                   Attorneys for Plaintiff

JOINT CASE MANAGEMENT STATEMENT         - 13 -

DATED: November 28, 2007

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General
        Civil Division

        SCOTT N. SCHOOLS
        United States Attorney
        Northern District of California

        VINCENT M. GARVEY
        Deputy Branch Director
        Federal Programs Branch

        /s/ Jacqueline Coleman Snead
        JACQUELINE COLEMAN SNEAD
        (D.C. Bar No. 459548)
        Trial Attorney
        Federal Programs Branch, Civil Division
        U.S. Department of Justice
        20 Massachusetts Avenue, N.W. Rm. 7214
        Washington, DC 20530
        Tel: (202) 514-3418

        Attorneys for Defendants

    I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that Jacqueline Coleman Snead has concurred in this filing.

JOINT CASE MANAGEMENT STATEMENT        - 14 -

**Exhibit A**

**Plaintiff's Proposed Schedule**

| Event | Plaintiff's Proposed Dates |
|---|---|
| Rule 26(a) Initial Disclosures | November 30, 2007 |
| Hearing on motion to dismiss | December 21, 2007 |
| Full fact discovery (fact and expert) commences, including written discovery and depositions | November 17, 2007 |
| Last day for motion for class certification | August 1, 2008 |
| Opposition to motion for class certification due | September 1, 2008 |
| Reply in support of motion for class certification due | September 15, 2008 |
| Hearing on motion for class certification | September 26, 2008 |
| Fact discovery closes | November 3, 2008 |
| Last day for expert reports on merits | December 1, 2008 |
| Last day for depositions of experts | January 2, 2009 |
| Last day for responsive expert reports | February 2, 2009 |
| Close of expert discovery | February 13, 2009 |
| Last day to file motions for summary judgment | March 13, 2009 |
| Oppositions to motions for summary judgment | April 17, 2009 |
| Reply briefs in support of motions for summary judgment | May 1, 2009 |
| Hearing on motions for summary judgment | May 15, 2009 |
| Required meeting prior to pretrial conference | May 22, 2009 [20 days prior to pre-trial conference] |
| Pretrial conference statement | May 29, 2009 [10 court days before pre-trial conference] |
| Pre-trial conference | June 12, 2009 |
| Trial | July 13, 2009 |

JOINT CASE MANAGEMENT STATEMENT          - 15 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                /s/ Shana E. Scarlett
                SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)