REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>                                        Defendants. | No. C 07-04040 SI<br><br>DECLARATION OF ROBERT B. CAREY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO DISMISS<br><br>DATE: December 21, 2007<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

I, ROBERT B. CAREY, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of Arizona.  I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, one of the counsel of record for Plaintiff in the above-entitled action.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.     If discovery is allowed, Plaintiff will be able to submit further evidence regarding the scope, adequacy, extent and reliability of Defendants' refund procedure for expedited passport processing fees that were collected despite the passports not being returned to citizens within the required period of time.

3.     Plaintiff cannot present evidence at this time because Defendants are in exclusive possession of many of the material facts of this case.  The parties held their Federal Rules of Civil Procedure 26(f) conference on November 16, 2007.  Plaintiff will serve a request for production of documents and deposition subpoenas regarding material facts in this case.  To date, Plaintiff has not received a single document from the Defendants in discovery.  Plaintiff has also not deposed a single witness.

4.     If allowed to pursue discovery, Plaintiff intends to seek information regarding, among other things:

(a)     the Defendants' refund program prior to June 2007 for passport applicants who did not receive service as required under 22 C.F.R. § 51.63;

(b)     whether Defendants' current refund program provides a refund to those applicants whose passports were not processed within three days;

(c)     all attempts by the Defendants to notify passport applicants of their entitlement to refunds or the availability of refunds;

(d)     any standard the government applies to applications for refunds;

(e)     the details of what information must be provided from the applicant to the government to qualify for a refund;

(f)     the number of days that the government takes to process refund applications from the time of receipt;

(g)    the number of passport applications that were not processed within the promised time frames since August 1, 2001;

(h)    the number of refunds that have been claimed since August 1, 2001;

(i)    the manner in which Defendants maintain all contact information for applicants who seek expedited processing of passport applications;

(j)    the amount of delay that allegedly occurred at lockbox facilities, Defendants' possession and control over lockbox facilities, and Defendants' communications with the operators of lockbox facilities;

(k)    the manner in which Defendants store information tracking the dates passport applications are received and the dates they are ready to be picked up or are mailed to applicants, and the ability to query and/or analyze such data; and

(l)    the Defendants' practices or procedures for declining requests for expedited service of passport applications when it is readily apparent that the wait time for such applications exceeds the allowed time under the relevant regulations.

5.    I believe the information outlined above will raise genuine issues of material fact, including but not limited to:

(a)    that the Defendants' refund scheme does not provide compensation for anything other than the expedite fee, even if it is wholly incurred because of the failure to meet the contractual obligation.  Examples of uncompensated losses incurred by the Plaintiff and the class include fees for overnight shipment, the passport application fee, and costs incurred in retrieving the applicant's passport in a timely manner before his/her departure date;

(b)    that the Defendants' refund scheme does not compensate Plaintiff or the class for interest or other contractual damages;

(c)    that the Defendants historically have not had a refund scheme to provide compensation to injured class members;

(d)    that the Defendants' current refund scheme does not notify applicants who, in the past, have inquired about refunds or any applicants who might have sought a refund at a time

DECL. OF ROBERT B. CAREY ISO OPP'N TO MOT. TO
DISMISS AND PL.'S MOT. TO STAY RULING ON MOT. TO
DISMISS – NO. C 07-04040 SI

- 2 -

001980-11  211140 V1

1  when no refund scheme existed;

2       (e)    that many of the Defendants' own employees currently continue to advise

3  injured class members that no refund of the expedite fee is possible; and

4       (f)    that many injured class members seeking a refund currently do not receive a

5  refund or must wait an inordinate, uncertain and unfair amount of time to receive a refund.

6      6.    Attached hereto are true and correct copies of the following:

7  Exhibit A:    *Suit Seeks Refunds For Passport Delays, Unmet Service Deadlines*, 14 No. 8 Andrews Class Action Litig. Rep. 3 (September 21, 2007);

8
9  Exhibit B:    Mark Weiner, *How To Get A Refund of Passport Fees*, The Post-Standard, June 12, 2007, *available at* http://blog.syracuse.com/news/2007/06/how_to_get_a_refund_of_passpor.html;

10

11  Exhibit C:    *Sen. Coleman Works Towards Solutions to Passport Payment Processing Backlog*, US Fed News, March 23, 2007; and

12
13  Exhibit D:    Erin Kelly, *Feds To Refund Passport Fee*, Gannett News Service, June 13, 2007.

14      7.    Because discovery will raise issues of material fact, and the requested information is

15  solely within the possession of the Defendants, any ruling on Defendants' motion to dismiss should

16  be stayed until a complete record is developed.

17      I declare under penalty of perjury under the laws of the United States that the foregoing is

18  true and correct.  Executed this 30th day of November, 2007, at Phoenix, Arizona.

19

20                               /s/ Robert B. Carey

21                               ROBERT B. CAREY

22

23      I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this DECLARATION OF ROBERT B. CAREY IN SUPPORT OF OPPOSITION TO MOTION TO

24  DISMISS AND PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO DISMISS.  In compliance with General Order 45, X.B., I hereby attest that Robert B. Carey has concurred in this

25  filing.

26

27

28  DECL. OF ROBERT B. CAREY ISO OPP'N TO MOT. TO DISMISS AND PL.'S MOT. TO STAY RULING ON MOT. TO DISMISS – NO. C 07-04040 SI

    - 3 -

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on November 30, 2007, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

4    mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby

5    certify that I have mailed the foregoing document or paper via the United States Postal Service to

6    the non-CM/ECF participants indicated on the attached Manual Notice List.

7

8                                                     _____/s/ Shana E. Scarlett_____
                                                                      SHANE E. SCARLETT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF ROBERT B. CAREY ISO OPP'N TO MOT. TO
DISMISS AND PL.'S MOT. TO STAY RULING ON MOT. TO            - 4 -
DISMISS – NO. C 07-04040 SI

001980-11  211140 V1

# Mailing Information for a Case 3:07-cv-04040-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)