REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>                            Defendants. | No. C 07-04040 SI<br><br>NOTICE OF MOTION AND PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO DISMISS<br><br>DATE: December 21, 2007<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

**NOTICE OF MOTION AND MOTION**

**TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on December 21, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Susan Illston, United States District Court, Northern District of California, San Francisco Division, Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff will and hereby does move the Court to stay any ruling on Defendants' motion to dismiss until a complete factual record is developed.

This motion is based on this notice of motion and motion, the memorandum or points and authorities in support thereof, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff is entitled to develop the factual record regarding the scope, adequacy, extent, consistency and reliability of Defendants' administrative remedy prior to the Court's ruling on a motion to dismiss.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff moves the Court to delay its ruling on Defendants' Motion to Dismiss until such time as Plaintiff may present a complete factual record to the Court regarding the adequacy of Defendants' administrative remedy.[1] Defendants have moved to dismiss Plaintiff's Complaint, suggesting that the government's existing procedure to refund expedited processing fees is adequate to address the claims of Plaintiff and the class. The public record and statements from class members, however, say otherwise. Plaintiff Chattler has filed a declaration concurrent with this motion, and also files additional declarations from absent class members demonstrating the inadequacy of Defendants' refund process and Defendants' failure to provide even the most basic information on their procedures to refund expedited processing fees, due pursuant to 22 C.F.R. §§ 51.63, 51.66. If this Court cannot find on this existing record that Defendants' refund process is inadequate, Plaintiff respectfully requests that this Court continue the date of hearing on the Defendants' Motion to Dismiss, and order the Defendants to produce documents and witnesses sufficient to respond to Plaintiff's discovery requests.

## II.    ARGUMENT

If this Court finds the factual issues relating to prudential exhaustion are necessary to resolve Defendants' motion to dismiss, then Plaintiff should be entitled to discovery of the facts relating to the government's refund process. *See Ritza v. Int'l Longshoreman's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). As the Ninth Circuit explained in *Wyatt*, in deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court must ensure that "[the plaintiff] has fair notice of his opportunity to develop a record." *Wyatt*, 315 F.3d at 1120 n.14. Indeed, the court there expressed "concern with the magistrate judge's refusal to grant [plaintiff's] informal request, contained in his opposition to defendants' motion for summary judgment, for a stay pending discovery," after the federal judge assigned the case had suggested that would be appropriate if it

---

[1] "Motion to Dismiss" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on October 9, 2007.

were shown that the facts necessary to oppose a motion similar to the instant motion were not available. *Id*. at 1115 n.7.

If discovery is allowed, Plaintiff will be able to submit further evidence regarding the scope, adequacy, extent and reliability of Defendants' refund procedure for expedited passport processing fees that were collected despite the passports not being returned to citizens within the required period of time. Carey Decl., ¶ 2.[2] Plaintiff cannot present further evidence at this time because Defendants are in exclusive possession of many of the material facts of this case. Carey Decl., ¶ 3. The parties held their Federal Rules of Civil Procedure 26(f) conference on November 16, 2007. *Id.* Although Plaintiff intends to serve a request for production of documents and deposition subpoenas regarding material facts in this case, the Defendants have indicated that they will not respond to discovery requests without first seeking the intervention of the Court. Carey Decl., ¶ 3; Joint Case Management Statement at 7 (filed November 28, 2007) ("If Plaintiff serves discovery on Defendants before the Court rules on the pending motion [to dismiss], Defendants will move to stay discovery pending such ruling."). To date, Plaintiff has not received a single document from the Defendants in discovery, nor has Plaintiff deposed a single witness. Carey Decl., ¶ 3.

If allowed to pursue discovery, Plaintiff would seek information regarding, among other things:

- the Defendants' refund program prior to June 2007 for passport applicants who did not receive service as required under 22 C.F.R. § 51.63;
- whether Defendants' current refund program provides a refund to those applicants whose passports were not processed within three days;
- all attempts by the Defendants to notify passport applicants of their entitlement to refunds or the availability of refunds;
- any standard the government applies to applications for refunds;
- the details of what information must be provided from the applicant to the government to qualify for a refund;

---

[2] "Carey Decl." refers to the Declaration of Robert B. Carey In Support of Opposition to Motion to Dismiss And Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed concurrently herewith.

PL.'S MOT. TO STAY RULING ON MOT. TO DISMISS - NO. C 07-04040 SI    - 2 -
001980-11  206875 V2

- the number of days that the government takes to process refund applications from the time of receipt;

- the number of passport applications that were not processed within the promised time frames since August 1, 2001;

- the number of refunds that have been claimed since August 1, 2001;

- the manner in which Defendants maintain all contact information for applicants who seek expedited processing of passport applications;

- the amount of delay that allegedly occurred at lockbox facilities, Defendants' possession and control over lockbox facilities, and Defendants' communications with the operators of lockbox facilities;

- the manner in which Defendants store information tracking the dates passport applications are received and the dates they are ready to be picked up or are mailed to applicants, and the ability to query and/or analyze such data; and

- the Defendants' practices or procedures for declining requests for expedited service of passport applications when it is readily apparent that the wait time for such applications exceeds the allowed time under the relevant regulations.

Carey Decl., ¶ 4.

This discovery will demonstrate that Defendants' refund scheme is inadequate for a number of reasons. First, the refund scheme does not fully compensate Plaintiff and class members for their alleged damages. Class members' uncompensated losses include fees for overnight shipment, the passport application fee, costs incurred in retrieving the applicant's passport in a timely manner before his/her departure date, interest, and other contractual damages, making the damages claimed here much broader than those compensated by the Defendants' refund process. *See, e.g.,* Chattler Decl., ¶ 2; Humphrey Decl., ¶¶ 4, 7; Robinson Decl., ¶ 2.[3]

Second, Defendants' refund scheme is inadequate because many injured class members seeking a refund currently must wait an inordinate, uncertain and unfair amount of time to receive

---

[3] "Chattler Decl." refers to the Declaration of Julia Chattler in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed concurrently herewith. "Humphrey Decl." refers to the Declaration of Pamela Humphrey in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed concurrently herewith. "Robinson Decl." refers to the Declaration of Regina Robinson in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed concurrently herewith.

PL.'S MOT. TO STAY RULING ON MOT. TO DISMISS - NO. C 07-04040 SI  - 3 -
001980-11  206875 V2

a refund, if they receive one at all. Carey Decl., ¶ 5; Andrade Decl., ¶¶ 1-4; Humphrey Decl., ¶¶ 1-5; Robinson Decl., ¶¶ 1-4; Chattler Decl., ¶¶ 1-5.[4]

Defendants' notice to the public is similarly inadequate. For example, Defendants' current refund scheme does not notify applicants who, in the past, have inquired about refunds or any applicants who might have sought a refund at a time when no refund scheme existed. Carey Decl., ¶ 5. More egregiously, many of the Defendants' own employees currently continue to advise injured class members that no refund of the expedite fee is possible. Robinson Decl., ¶ 4; Humphrey Decl., ¶ 5.

The limited facts available in the public record further highlight obvious discrepancies between the government's statements in this case, and statements they have made elsewhere. News accounts announced in June 2007, as "breaking news," an agreement by the government to refund passports not received within fourteen days, yet here, Defendants refer to it as long-standing. *Compare* Carey Decl., Ex. B *with* Barrett Decl., ¶ 46.[5]

In addition, many of the critical assertions in the Barrett Declaration regarding how the process works are not independently verifiable without discovery. For example, the statement that "[o]ver the years that this procedure has been in place, it has proven to be an efficient method of ensuring that applicants who do not receive expedited processing receive a prompt refund" (Barrett Decl., ¶ 46) is a conclusion that is not supported by any facts as to what proportion of applicants who have not received expedited passport processing over the years have actually gotten refunds and in what amount of time. A cursory review of the public record reveals that Ms. Barrett has been quoted in news accounts as "promis[ing] that any person whose application was received by the State Department within the regular processing time will not be required to pay an expedited fee," and "commit[ing] to refunds for any person who paid such fee for a passport submitted five weeks. . . ." *See* Carey Decl., Ex. C. Yet the Barrett Declaration establishes that thousands of citizens who received regular processing time will in fact pay such fees. The commitment to

---

[4] "Andrade Decl." refers to the Declaration of Sean Andrade in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed concurrently herewith.

[5] "Barrett Decl." or "Barrett Declaration" refer to the Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss, filed on October 9, 2007.

PL.'S MOT. TO STAY RULING ON MOT. TO DISMISS - NO. C 07-04040 SI - 4 -
001980-11 206875 V2

1  refund to "any person" in reality means any person who unearths the Department's breach, is aware

2  of the refund obligation, and discovers and complies with the refund process.

3  The government's recent statements in the Joint Case Management Statement, where they

4  claim to offer refunds based on a violation of the three-day processing obligation, also reveal an

5  inconsistency with news accounts showing that the government exclusively represents to the public

6  that refunds would be available only if the processing took longer than two to five weeks.

7  *Compare* Joint Case Management Statement at 5 *with* Carey Decl., Exs. B-D; Humphrey Decl.,

8  Ex. A.

9  Because the information requested by Plaintiff is in the sole possession of the Defendants,

10 and the adequacy of the refund program goes to the heart of the prudential exhaustion analysis, a

11 complete factual record is necessary prior to any ruling on the applicability of the administrative

12 exhaustion doctrine.  A ruling on Defendants' Motion to Dismiss should be deferred until after a

13 complete record is developed.

### III.   CONCLUSION

15 For all of the reasons stated above, Plaintiff respectfully requests that, if this Court cannot

16 find on the existing record that Defendants' refund process in inadequate, that this Court stay any

17 ruling on Defendants' Motion to Dismiss until a complete factual record is developed.

18 DATED:  November 30, 2007                    HAGENS BERMAN SOBOL SHAPIRO LLP

                                                /s/ Robert B. Carey
                                                ROBERT B. CAREY

                                                2425 East Camelback Road, Suite 650
                                                Phoenix, AZ  85016
                                                Telephone: (602) 840-5900
                                                Facsimile: (602) 840-3012
                                                rob.carey@att.net

                                                Reed R. Kathrein (139304)
                                                Shana E. Scarlett (217895)
                                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                                715 Hearst Avenue, Suite 202
                                                Berkeley, CA  94710
                                                Telephone: (510) 725-3000
                                                Facsimile: (510) 725-3001
                                                reed@hbsslaw.com
                                                shanas@hbsslaw.com

PL.'S MOT. TO STAY RULING ON MOT. TO                  - 5 -
DISMISS - NO. C 07-04040 SI
001980-11  206875 V2

        Steve Berman (*Pro Hac Vice*)
        HAGENS BERMAN SOBOL SHAPIRO LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594
        steve@hbsslaw.com

        Megan E. Waples (*Pro Hac Vice*)
        THE CAREY LAW FIRM
        2301 East Pikes Peak Avenue
        Colorado Springs, CO  80909
        Telephone:  (719) 635-0377
        Facsimile:  (719) 635-2920
        mwaples@careylaw.com

        Attorneys for Plaintiff

    I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this NOTICE OF MOTION AND PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO DISMISS.  In compliance with General Order 45, X.B., I hereby attest that Robert B. Carey has concurred in this filing.

PL.'S MOT. TO STAY RULING ON MOT. TO
DISMISS - NO. C 07-04040 SI
001980-11  206875 V2

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                   /s/ Shana E. Scarlett
                                                 SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`