1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  Civil Division

3  SCOTT N. SCHOOLS
   United States Attorney
   Northern District of California
4
   VINCENT M. GARVEY
5  Deputy Branch Director

6  JACQUELINE COLEMAN SNEAD
   Trial Attorney
7  Federal Programs Branch, Civil Division
   U.S. Department of Justice
   20 Massachusetts Avenue, N.W. Rm 7214
   Washington, DC 20530
8  Tel: (202) 514-3418

   Attorneys for the Defendants.
9

10                  **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14

15 | **JULIA CHATTLER,**                       Case No. 07-4040SI

16 |    **PLAINTIFF**

17 |
      v.                                      DEFENDANTS' OPPOSITION TO
18 |                                          PLAINTIFF'S MOTION TO STAY
      **UNITED STATES OF AMERICA,**           RULING ON MOTION TO DISMISS
19 | **DEPARTMENT OF STATE,**
                                              Judge Susan Illston
20 |     **DEFENDANTS.**                      Date: December 21, 2007, 9:00 am

21

22

23

24

25

26 *Chattler v. United States of America*, Case No. 07-4040SI

27 Defendants' Opposition to Plaintiff's Motion to Stay Ruling on Motion to Dismiss

28

## INTRODUCTION

In an effort to forestall dismissal of this improperly brought action, Plaintiff now moves to stay the Court's ruling on Defendants' Motion to Dismiss on grounds that further development of the record is required before the Court can dismiss this action for failure to exhaust administrative remedies. As Defendants' Motion to Dismiss and Reply demonstrated, however, the present record is more than sufficient to dismiss this action in its entirety for lack of jurisdiction and failure to exhaust administrative remedies. Plaintiff's contention to the contrary is based on a misapplication of *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Nothing in that decision supports Plaintiff's request for a stay based on any present "entitle[ment] to discovery of the facts relating to the government's refund process." Plaintiff's Motion to Stay Ruling on Motion to Dismiss ("Pl. Mot.") at 1. For purposes of Defendants' pending Motion to Dismiss, the relevant facts as to that process are undisputed: the Department has an established process for refunding the expedite fee, and Plaintiff to date has not availed herself of that process. Since Plaintiff's request for further development of the record is unwarranted, this Court should deny her motion to stay the ruling on Defendants' Motion to Dismiss and dismiss this action in its entirety.

## ARGUMENT

Plaintiff urges this Court to adopt the reasoning of the Ninth Circuit in *Wyatt* and allow her to discover "facts relating to the government's refund process" before the Court resolves Defendants' Motion to Dismiss. Pl. Mot. at 1. In the context of this case, Plaintiff's reliance on *Wyatt* is entirely misplaced.[1] That case involved a constitutional challenge by a pro se inmate to the California

---

[1] The only other authority Plaintiff cites in support of her request for a stay did not involve such a request. *See Ritza v. International Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988), *cited in* Pl. Mot. at 1. Rather, *Ritza* held that a claim of failure to exhaust is properly raised in a motion to dismiss (not motion for summary judgment) and that, in an appeal of such a dismissal, the standard of review "is not whether there are any disputed issues of material fact but rather whether, to the extent the district court made factual determinations, its determinations were clearly erroneous." *Ritza*, 837 F.2d at 369 (citation omitted). That court went on to conclude that plaintiffs, who "offer[ed]
(continued...)

1  Department of Corrections' hair-length regulations.  The Ninth Circuit reversed the district court's
2  grant of summary judgment in defendant's favor on grounds that it had violated the requirements of
3  the fair-notice doctrine.  That doctrine requires that "a pro se prisoner litigant receive fair notice of
4  summary judgment requirements." *Wyatt*, 315 F.3d at 1114 (explaining that "[b]ecause of the
5  complexity of the summary judgment rule combined with the lack of legal sophistication of the pro
6  se prisoner, the prisoner must obtain notice phrased in ordinary, understandable language calculated
7  to apprise an unsophisticated prisoner of his or her rights and obligations under Rule 56" (internal
8  quotations omitted)); *see also Rand v. Rowland*, 154 F.3d 952, 958-59 (9th Cir. 1998) (reaffirming
9  validity of fair-notice requirement in actions by pro se prisoners).  "Because the magistrate judge did
10 not take the steps required by Rand," the *Wyatt* court "h[e]ld that the summary judgment procedure
11 was in error and reversal is required." *Wyatt*, 315 F.3d at 1115.  The court also concluded that "*[f]or*
12 *similar reasons*, we express concern with the magistrate judge's refusal to grant Wyatt's informal
13 request, contained in his opposition to defendants' motion for summary judgment, for a stay pending
14 discovery." *Id.* at n.7 (emphasis added); *see also id.* at 1120 n.14 (explaining that again "*[f]or the*
15 *[same] reasons* . . . if the district court looks beyond the pleadings to a factual record in deciding the
16 motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then
17 the court must assure that Wyatt has fair notice of his opportunity to develop a record" (emphasis
18 added)).  Citing both conclusions out of context, Plaintiff contends that here "[i]f this Court finds the
19 factual issues relating to prudential exhaustion are necessary to resolve Defendants' motion to
20 dismiss, then Plaintiff should be entitled to discovery of the facts relating to the government's refund
21 process" while the ruling on that motion is stayed.  Pl. Mot. at 1.  That contention is unfounded.

---

[1]/ (...continued)
nothing . . . beyond assertions that it is 'unlikely' or 'doubtful' that adequate relief will be forthcoming" through union grievance procedures, "were properly required to exhaust their contractual remedies before proceeding with this lawsuit." *Id.* at 371.

I. **The Fair-Notice Doctrine Does Not Apply Outside the Context of an Action by a Pro Se Inmate.**

Plaintiff's suggestion that *Wyatt* requires that here the Court ensure that she "has fair notice of h[er] opportunity to develop a record" is baseless. Pl. Mot. at 1-2 (arguing that the Ninth Circuit expressed concern over denial of stay pending discovery where district court "suggested that [discovery] would be appropriate if it were shown that the facts necessary to oppose a motion similar to the instant motion were not available"). The relied-on conclusions in *Wyatt* all were predicated on the fair-notice doctrine, which the Ninth Circuit adopted "because of [its] concern for the pro se *prisoner* litigant who also faces the unique handicaps of incarceration." *Rand*, 154 F.3d at 958 (emphasis in original). Nothing in *Rand* or *Wyatt* suggests that the Ninth Circuit intended the doctrine to have applicability outside that context. On the contrary, the *Rand* court explained that "the twin infirmities of imprisonment and proceeding without counsel, which provided the basis for the creation of the fair notice rule, remain solid grounds for the rule's retention and *its restriction to this class of litigants*." *Id.* (emphasis added); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (refusing to apply fair-notice rule to pro se non-prisoners). Clearly, if the Ninth Circuit is unwilling to apply that rule to a pro se, non-prisoner litigant, this Court can reject out of hand Plaintiff's suggestion that the rule applies to her. Accordingly, *Wyatt* provides no support for Plaintiff's request for a stay, and that request should be denied.

II. **Even if the Rationale in *Wyatt* Were Extended to Actions Brought by Represented Civil Litigants, It Would Not Justify the Discovery Plaintiff Seeks.**

Even if the Court were to apply the reasoning in *Wyatt* here, the extensive discovery Plaintiff seeks nevertheless would be unwarranted. *See* Pl. Mot. at 2-3 (listing twelve subjects regarding which "Plaintiff would seek information" "[i]f allowed to pursue discovery"). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the [plaintiff] has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315

1  F.3d at 1119-20 (citation omitted).  Applying that standard to the facts in *Wyatt*, the Ninth Circuit

2  concluded that "[a]ssuming . . . the district court relied on the documentary evidence produced by

3  defendants, the court's factual finding that Wyatt failed to exhaust nonjudicial remedies was clearly

4  erroneous." *Id.* at 1120.  For example, defendants' "affidavit, although describing the inmate

5  appeals process, d[id] not state whether or not Wyatt ha[d] exhausted his appeals." *Id.*  The court

6  therefore concluded that "[f]urther factual development of the record [wa]s required" because

7  "[d]efendants have failed to meet their burden of establishing that Wyatt did not exhaust

8  administrative remedies." *Id.* at n.15.  Accordingly, the Ninth Circuit remanded the case for further

9  factual development *on that issue*.  *Id.* (noting that Wyatt would be able to introduce a letter

10  referenced in a supplemental brief to the court from the Director of Prisons "that confirms that he has

11  exhausted his remedies to the third and final level").

12      Here, unlike in *Wyatt*, there is no question as to whether or not Plaintiff exhausted her

13  administrative remedies.  She clearly did not.  *See* Declaration of Ann Barrett [2/]  ¶ 45 ("Julia Chattler

14  has not requested a refund of the expedited service fee through the Department's refund process.").

15  In her Opposition to Defendants' Motion to Dismiss, Plaintiff effectively concedes – rather than

16  dispels – that fact.  *See* Declaration of Julia Chattler ¶ 4 (claiming, incredibly, that "[d]uring this

17  time, I looked at the Passport Agency website and never saw anything that informed me that I was

18  entitled to a refund, and in my many contacts with employees of the Passport Agency I never learned

19  that I could get a refund of my expedited processing fee"). [3/]  Thus, the type of factual development

20  that the Ninth Circuit held was warranted in *Wyatt* is completely unnecessary here.

---

[2/]  The Declaration of Ann Barrett ("Barrett Decl.") was attached as an exhibit to Defendants' Motion to Dismiss.

[3/]  Attached to the Barrett Declaration as Exhibit B.1. is a printout of information from the website of the Department of State that was published during the time that Plaintiff allegedly "looked at the Passport Agency website."  *See* Barrett Decl. ¶¶ 22-23, 42.  Clearly displayed on that printout is a discussion entitled "Refund of Expedite Passport Fees."  Barrett Decl. Ex. B.1.  Moreover, in her Complaint filed in early August 2007, Plaintiff describes the instructions that appear below that heading.  Compl. ¶ 16.

*Chattler v. United States of America*, Case No. 07-4040SI
Defendants' Opposition to Plaintiff's Motion to Stay Ruling on Motion to Dismiss

The discovery Plaintiff seeks in any event has nothing whatsoever to do with whether or not she has exhausted her administrative remedies. Rather, that discovery goes to the dubious merits of her claims and, as such, is properly stayed during the pendency of Defendants' Motion to Dismiss for lack of jurisdiction and failure to exhaust administrative remedies. *See, e.g.,* Pl. Mot. at 2-3 (seeking discovery on issues such as "the Defendants' refund program prior to June 2007 for passport applicants who did not receive service as required under 22 C.F.R. § 51.63," "the number of refunds that have been claimed since August 1, 2001," and "the manner in which Defendants maintain all contact information for applicants who seek expedited processing of passport applications").

Although Plaintiff suggests instead that such "discovery will demonstrate that Defendants' refund scheme is inadequate for a number of reasons," (Pl. Mot. at 3), such a claim "in the normal situation, require[s] that [Plaintiff] make *some attempt to implement the procedures* and find them inadequate." *Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1325 (9th Cir. 1990) (emphasis added); *see, e.g., Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1310 (9th Cir. 1992) (concluding that "judicial involvement in [] dispute over Tucson Unified's extended school year program [wa]s unwarranted" and noting that "[h]ad the four named plaintiffs first sought administrative relief and been denied that relief, this case would be before us in an entirely different posture"). Plaintiff here, although clearly aware of the Department's refund process, has made no effort to invoke it. Accordingly, her inadequacy claim is unsubstantiated and provides no justification for the requested discovery.

# CONCLUSION

For the foregoing reasons and those explained more fully in Defendants' Motion to Dismiss and Reply, this Court should deny Plaintiff's request to stay the ruling on that motion.

Date: December 14, 2007               Respectfully submitted,


JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division


SCOTT N. SCHOOLS
United States Attorney
Northern District of California


VINCENT M. GARVEY
Deputy Branch Director


  /s /Jacqueline Coleman Snead
_____
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

**JULIA CHATTLER,**

   **PLAINTIFF**

**V.**

**UNITED STATES OF AMERICA, DEPARTMENT OF STATE,**

   **DEFENDANTS.**

Case No. 07-4040-SI

Proposed Order

    Upon consideration of Plaintiff's Motion to Stay Ruling on Motion to Dismiss, the opposition thereto, and the complete record in this case, it is hereby

    ORDERED that Plaintiff's Motion is DENIED.

    SO ORDERED.

Dated: _____    _____
                                                            UNITED STATES DISTRICT
                                                            COURT JUDGE

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Stay Ruling on Motion to Dismiss was served electronically on December 14, 2007 through the Northern District of California Electronic Case File System and that the document is available for viewing and downloading on that system.

                                                    /s /Jacqueline Coleman Snead
                                                   Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040SI

Defendants' Opposition to Plaintiff's Motion to Stay Ruling on Motion to Dismiss