REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>                        Defendants. | No. C 07-04040 SI<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO DISMISS<br><br>DATE: December 21, 2007<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

# I. INTRODUCTION

This case involves the refund of millions of dollars in expedited processing fees, collected by the United States of America and the United States Department of State ("Department of State" or "Department") from unwitting class members, despite the Defendants' absolute inability to process passport applications within the time period promised by the Defendants and mandated by statute. ¶¶ 1-11.[1] Defendants moved to dismiss Plaintiff's Complaint based on the prudential exhaustion doctrine, suggesting that she is required to exhaust administrative remedies and seek a refund through Defendants' existing, although well-hidden, refund process. A plaintiff need not exhaust her administrative remedies, however, where the remedy provided by the government is inadequate and inefficacious. *See Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004). Concurrently with her Opposition to Defendants' Motion to Dismiss, Plaintiff filed a Motion to Stay Ruling on Motion to Dismiss, which requested that this Court stay any ruling on the motion to dismiss and allow Plaintiff the opportunity to develop a factual record regarding the inadequacy of Defendants' refund scheme.[2]

Not only do Ninth Circuit authority and the Federal Rules of Civil Procedure support Plaintiff's request, it is also supported by logic and sound policy. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *Ritza v. Int'l. Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988); Fed. R. Civ. P. 43(e). Defendants have asserted a number of facts in the Barrett Declaration that are contradicted not only by Defendants' public statements, but also by other public facts and by declarations submitted by Plaintiff Chattler and absent class members.[3] If this Court follows the Defendants' urgings, it would dismiss this case simply based on the untested statements of one of Defendants' employees. Relying on the Barrett Declaration without further

---

[1] All "¶__" references are to the Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint"), filed on August 7, 2007.

[2] "Motion to Stay Ruling on Motion to Dismiss" refers to the Notice of Motion and Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed on November 30, 2007.

[3] "Barrett Declaration" or "Barrett Decl." refer to the Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss, filed on October 9, 2007.

"probing by judge and opposing counsel, is apt to be treacherous." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 434 (1948).

Accordingly, if this Court cannot find on the existing record that Defendants' refund scheme is inadequate, this Court should stay any ruling on the motion to dismiss, and allow Plaintiff the opportunity to develop a full and complete factual record.

## II.   ARGUMENT

### A.   The Weight of Authority Permits Plaintiff Discovery into the Adequacy and Effectiveness of Defendants' Administrative Remedies

Plaintiff Chattler is entitled to discovery essential to the Court's factual findings regarding the applicability of the prudential exhaustion doctrine. Defendants incorrectly assert that the only factual inquiry necessary is whether Plaintiff has applied for a refund. Under the Ninth Circuit's holding in *Wyatt v. Terhune*, a court applying the doctrine of administrative exhaustion must resolve factual disputes on a properly developed record. 315 F.3d at 1120 n.14. Because in this case any requirement to exhaust remedies would be entirely discretionary, the Court may consider and resolve factual disputes concerning the adequacy and effectiveness of the remedy itself. *See Wyatt*, 315 F.3d at 1119-20 (court may resolve factual disputes related to exhaustion); *Ritza*, 837 F.2d at 369 (same); *Laing*, 370 F.3d at 1000 (listing the considerations involved in determining whether prudential exhaustion should apply). Therefore, Plaintiff is entitled to discovery on those issues.

Historically, the Ninth Circuit has held that the "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion. . . ." *Wyatt*, 315 F.3d at 1119. *See also Ritza,* 837 F.2d at 368. [4]

---

[4] Recent authority, however, suggests that the exhaustion of administrative remedies is an affirmative defense, not appropriately addressed on a motion to dismiss. *See Jones v. Bock*, __ U.S. __, 127 S. Ct. 910, 921 (2007) (holding that in the context of PLRA claims, failure to exhaust is an affirmative defense rather than a pleading requirement); *Sims v. Apfel*, 530 U.S. 103, 107-11 (2007) (distinguishing issue exhaustion from exhaustion of administrative remedies and holding that Social Security claimants are not required to exhaust issues administratively). The Ninth Circuit has recently stated that these recent Supreme Court decisions "raise questions about the extent of this rule [the exhaustion of administrative remedies] and its continuing vitality." *H.B. v. Las Virgenes Unified Sch. Dist*., No. 05-56486, 2007 U.S. App. Lexis 16160, at *2-*3 (9th Cir. July 3, 2007).

By treating a motion to dismiss based on the administrative exhaustion doctrine as an unenumerated motion to dismiss pursuant to 12(b), the court is permitted to "look[] beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust. . . ." *Wyatt,* 315 F.3d at 1120 n.14.  Because this procedure is "closely analogous to summary judgment . . . the court must assure that . . . [Plaintiff] has fair notice of his opportunity to develop a record." *Id.*

Defendants suggest that, in the context of the administrative exhaustion doctrine, the opportunity to develop a factual record is available only to *pro se* prisoner litigants.  Opp. at 3.[5] Defendants' argument is belied by the Ninth Circuit's guidance and by the Federal Rules of Civil Procedure.  Although *Wyatt* did involve a *pro se* prisoner litigant, the court's finding does not turn on the fair notice doctrine alone.  Although the court references that reasoning in its footnotes, it also holds that because the lower court was resolving a disputed issue of fact concerning the threshold issue of exhaustion, the record was inadequate and had to be developed.  *Wyatt*, 315 F.3d at 1120.  The court clearly noted that both parties would be allowed to present additional evidence on remand.  *Id.* at 1120 n.15.

The reasoning of the court in *Wyatt* is consistent with the Ninth Circuit's prior authority.  *Wyatt,* 315 F.3d at 1120 n.14.  For example, in *Ritza*, which did not involve a *pro se* prisoner litigant, the Ninth Circuit addressed whether the longshoreman plaintiffs had sufficiently exhausted grievance procedures required by a collective bargaining agreement.  837 F.2d at 366.  In explaining the unique procedural requirements of a nonenumerated Rule 12(b) motion, the *Ritza* court emphasized that "the court has a broad discretion as to the method to be used in resolving the factual dispute."  *Id.* at 369.  Indeed, "nonenumerated" Rule 12(b) motions continue to be "governed by the general motion provisions in the federal rules," including Rule 43(e), which permits the hearing of motions based on facts outside the record on affidavits submitted by the parties.  *Id.*

Similarly, as Defendants themselves pointed out in introducing the Barrett Declaration, where there are disputed facts related to jurisdiction both parties may submit materials outside the

---

[5] "Opposition" or "Opp." refer to Defendants' Opposition to Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed on December 14, 2007.

pleadings. *See* Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss at 8 n.2; *Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 420 n. 2; *Urquhart v. American-La France Foamite Corp.*, 79 U.S. App. D.C. 219, 544 (D.C. Cir. 1944). Indeed, in *Urquhart*, the court held that the district court had **erred** in refusing plaintiffs permission to take depositions for purpose of disproving allegations of defendant's affidavits in support of motion to dismiss. *Urquhart*, 79 U.S. App. D.C. at 544.

Defendants' implication that the *Wyatt* court's holding is limited only to the question of whether Plaintiff actually exhausted her remedies is a misreading based on Defendants' confusion between mandatory and optional remedies. *Wyatt* involved a claim under the Prisoner Litigation Reform Act, which has a statutory requirement for exhaustion that is mandatory. *See Booth v Churner*, 532 U.S. 731 (2001). Therefore, the question of whether the prisoner had in fact exhausted his remedies was the determinative factual dispute. In contrast, here, there is no requirement in statute or regulation that Plaintiff exhaust her remedies. Instead, Defendants ask this Court to impose such a requirement at its discretion. In this circumstance, the relevant factual inquiry is much broader and requires assessing the adequacy and effectiveness of the remedy, as well as whether resort to such a process would be futile. *See Laing,* 370 F.3d at 1000. Plaintiff is entitled to broader discovery than that at issue in *Wyatt*, because the issues related to the appropriateness of exhaustion are broader.

Here, pursuant to the Ninth Circuit's guidance in *Wyatt*, 315 F.3d at 1120 n.14, *Ritza*, 837 F.2d at 368, and Federal Rule of Civil Procedure 43(e), Plaintiff has made a timely and unequivocal request for discovery and an evidentiary hearing. There is good reason to grant Plaintiff's request, in light of the Defendants' reliance on its own untested and self-serving assertions of fact. As cautioned by the Supreme Court when considering the propriety of entering judgment where the evidence consisted solely of affidavits by the moving party, "[j]udgment on issues of public moment based on such evidence, not subject to probing by judge and opposing counsel, is apt to be treacherous. Caution is appropriate against the subtle tendency to decide public issues free from the safeguards of critical scrutiny of the facts. . . ." *Eccles*, 333 U.S. at 434.

Plaintiff respectfully requests that this Court exercise its discretion, stay its ruling on Defendants' motion to dismiss, and allow Plaintiff discovery.

**B.     Plaintiff Has Properly Requested Discovery Regarding Disputed Issues of Fact**

Plaintiff is entitled to discovery related to the adequacy, effectiveness and application of the supposed administrative remedy, as those factual issues are necessary to determining whether the Court should exercise its discretion in applying prudential exhaustion. *See Laing*, 370 F.3d at 1000. Defendants' suggestion that there are no material facts in dispute is incorrect, and is again based on its misunderstanding of the difference between mandatory and discretionary exhaustion.

Plaintiffs are not required to exhaust administrative remedies where such a remedy is inadequate or not efficacious. *See Laing,* 370 F.3d at 1000. As argued in her Opposition to Motion to Dismiss, in exercising its discretion to apply the prudential exhaustion doctrine, this Court must make an inquiry into the adequacy of Defendants' remedy. Plaintiff has submitted declarations from the named plaintiff and absent class members, as well as public documents that demonstrate a number of inadequacies in Defendants' refund scheme.

For example, the Defendants have not clearly and uniformly disclosed the necessary procedures for applying for a refund to class members. Andrade Decl., ¶¶ 2-3 (stating that the Passport Agency in San Francisco told him that he would have to write a letter to receive a refund and, after sending four letters, has yet to hear a response from the Passport Agency); Chattler Decl., ¶ 4 (declaring that in her many contacts with employees of the Passport Agency, she was never informed that she could get a refund of her expedited processing fee); Humphrey Decl., ¶ 5 (stating that the passport agency informed her the agency did not give refunds even if the delay is the agency's fault); Robinson Decl., ¶ 4 (declaring that she contacted the Department of State to request a refund and was told she was not entitled to one).[6]

---

[6]     "Andrade Decl." refers to the Declaration of Sean Andrade in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on November 30, 2007. "Chattler Decl." refers to the Declaration of Julia Chattler in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on November 30, 2007. "Humphrey Decl." refers to the Declaration of Pamela Humphrey in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on November 30, 2007. "Robinson Decl." refers to the Declaration of Regina Robinson in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on November 30, 2007.

Defendants have made numerous conflicting statements regarding who, exactly, is entitled to a refund. Several public statements made by the Defendants suggest that refunds are available only to those applicants whose processing took longer than two to five weeks. *See* Carey Decl., Exs. B-D; Humphrey Decl., ¶ 6, Ex. A (attaching an e-mail response from the National Passport Information Center ("NPIC") at "NPIC@state.gov", suggesting that only those passport applicants whose applications took longer than 3 weeks ago should contact the NPIC for a refund.). However, the government suggesting in its recent Joint Case Management Statement, submitted to this Court on November 28, 2007, that they offer refunds based on a violation of the three-day processing obligation, found in 22 C.F.R. §§ 51.63, 51.66. *See* Joint Case Management Statement at 5.

Defendants' Opposition further confirms that disputed issues of material facts exist. Despite suggesting that discovery is not appropriate here, Defendants take issue with Plaintiff Chattler's declaration and her statement that she looked at the Passport Agency's website around August 2007, and did not see anything informing her that she was entitled to a refund. Chattler Decl., ¶ 4. Defendants suggest that according to the Barrett Declaration, the Department of State's website "[c]learly displayed" a discussion of the Department's refund policies. Opp. at 4 n.3. As Plaintiff argued in her Opposition to the Motion to Dismiss, however, despite Defendants' assertions that this is a "longstanding practice[]" (Barrett Decl., ¶ 46), news accounts in June 2007 call the Defendants' announcement of the refund process as "breaking news." Carey Decl., Ex. B.

Publicly-available facts further belie Defendants' assertions. Although the Defendants suggest in the Barrett Declaration and the accompanying exhibits that there exists on the State Department's main web page, http://travel.state.gov, "a link to a page explaining the refund process," the public record demonstrates that no such link existed prior to June 2007. Barrett Decl., ¶ 22, Ex. B-B.1. Printouts from The Internet Archive, a non-profit historical archive, demonstrate that as of May 17, 2007, neither the State Department's main website, nor the

subsequent pages regarding passport applications mentioned or linked to any explanation regarding a refund procedure.  Scarlett Decl., ¶ 2, Exs. A-C.[7]

As demonstrated in Plaintiff's Opposition to Motion to Dismiss and Motion to Stay Ruling on Motion to Dismiss, disputed material facts exist which warrant development of a factual record prior to this Court ruling on the prudential exhaustion doctrine.

### III.     CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that, if this Court cannot find on the existing record that Defendants' refund process is inadequate, that the Court stay any ruling on the motion to dismiss and allow Plaintiff to develop a complete factual record.

DATED:  December 18, 2007                    HAGENS BERMAN SOBOL SHAPIRO LLP


                            /s/ Shana E. Scarlett
                          SHANA E. SCARLETT

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

---

[7] "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed concurrently herewith.

| | |
|---|---|
| 1 | Megan E. Waples (*Pro Hac Vice*) |
| 2 | THE CAREY LAW FIRM |
|   | 2301 East Pikes Peak Avenue |
| 3 | Colorado Springs, CO  80909 |
|   | Telephone:  (719) 635-0377 |
| 4 | Facsimile:  (719) 635-2920 |
|   | mwaples@careylaw.com |
| 5 | Attorneys for Plaintiff |

.

REPLY ISO PL.'S MOT. TO STAY RULING ON MOT. TO    - 8 -
DISMISS - NO. C 07-04040 SI
001980-11  213714 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                /s/ Shana E. Scarlett
                SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)