1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  Civil Division

3  SCOTT N. SCHOOLS
   United States Attorney
   Northern District of California
4
   VINCENT M. GARVEY
5  Deputy Branch Director

6  JACQUELINE COLEMAN SNEAD
   Trial Attorney
   Federal Programs Branch, Civil Division
7  U.S. Department of Justice
   20 Massachusetts Avenue, N.W. Rm 7214
8  Washington, DC 20530
   Tel: (202) 514-3418

9                        Attorneys for the Defendants.

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15  **JULIA CHATTLER,**                     Case No. 07-4040SI

16      **PLAINTIFF**

17
        **v.**                              DEFENDANTS' MOTION FOR
18                                          DISQUALIFICATION PURSUANT
                                            TO 28 U.S.C. § 455
19  **UNITED STATES OF AMERICA,**
    **DEPARTMENT OF STATE,**                Hon. Susan Illston
20                                          Date: January 18, 2008, 9:00 am
        **DEFENDANTS.**
21

22

23

24

25

26

27  *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES. ................................................................................................ -ii-

INTRODUCTION............................................................................................................... 1

PROCEDURAL HISTORY.................................................................................................. 1

ARGUMENT. ...................................................................................................................... 3

    A.    This Court Has a Disqualifying Financial Interest That Requires
            Recusal From This Action.. ................................................................................... 3

    B.    The Court Is Not Authorized to Retain This Case Notwithstanding
            the Court's Disqualifying Financial Interest.. ........................................................ 5

          1.    Defendants Moved for Recusal Before the Court Expended
                  Substantial Judicial Time on This Case.. .................................................... 6

          2.    The Court's Suggestion That It Would "Waive" Its Financial
                  Interest Is Inconsequential............................................................................ 8

    C.    Plaintiff Cannot Invoke the Rule of Necessity to Avoid the
            Disqualification Mandated by Section 455(b). . .................................................... 9

CONCLUSION. ................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                           **PAGE(s)**

*In re Cement Antitrust Litig.,*
    515 F. Supp. 1076 (D. Ariz. 1981). ................................................................. 7

*In re Cement Antitrust Litig.,*
    688 F.2d 1297 (9th Cir. 1982). ............................................................... 3, 4, 5

*Gordon v. Reliant Energy, Inc.,*
    141 F. Supp. 2d 1041 (S.D. Cal. 2001)..................................................... 4, 6, 7

*Liljeberg v. Health Servs. Acquisition Corp.,*
    486 U.S. 847, 108 S. Ct. 2194, 100 L.Ed. 2d 855 (1988)................................ 6

*Preston v. United States,*
    923 F.2d 731 (9th Cir. 1991). ................................................................. 3, 6, 7

*Tramonte v. Chrysler Corp.,*
    136 F.3d 1025 (5th Cir. 1998). ............................................................... 4, 7, 9

*United States v. Jaramillo,*
    745 F.2d 1245 (9th Cir. 1984). .................................................................... 9

*United States v. Will,*
    449 U.S. 200, 101 S. Ct. 471, 66 L.Ed.2d 392 (1980)..................................... 9

## STATUTES

22 C.F.R. 22.6(b) . ................................................................................................ 8

22 C.F.R. 51.63(c)............................................................................................... 5, 8

28 U.S.C. § 455..................................................................................... passim

28 U.S.C. § 455(b)(4). ....................................................................................... 4, 5

28 U.S.C. § 455(e). ................................................................................................ 6

28 U.S.C. § 455(f)........................................................................................... 6, 7, 8

H. Rep. No. 93-1453, *reprinted in* 1974 U.S.S.C.A.N. 6351, 6361. ........................... 5

1

## INTRODUCTION

2      At the December 21, 2007 hearing on Defendants' Motion to Dismiss this damages action

3   on behalf of Plaintiff Julia Chattler and a class of similarly situated individuals who allegedly failed

4   to receive expedited processing of their passport applications, the Court disclosed that it applied for a

5   passport last summer and paid for expedited processing.  The Court indicated that it "would not be

6   offended" if any party sought the Court's recusal on that basis.  Defendants subsequently determined

7   that the Court's membership in the putative class here is a disqualifying financial interest under 28

8   U.S.C. § 455.  Since the Court is not authorized to retain this action notwithstanding that interest,

9   Defendants respectfully request that the Court recuse itself and that this action be reassigned to

10   another district court judge.

11

## PROCEDURAL HISTORY

12      On August 7, 2007, Plaintiff Julia Chattler filed this damages action on behalf of herself and

13   a class of similarly situated individuals who allegedly did not receive expedited processing of their

14   passport applications.  The proposed class "consists of all individuals who paid the extra $60 fee for

15   expedited service and for whom either (a) the passport was not mailed out or available for pick-up

16   within three business days of its arrival at a Passport Agency or (b) the passport was not received by

17   the applicant within twenty-one days of application."  Class Action Complaint for Breach of

18   Contract, Regulatory Violation, and Breach of Implied Covenant of Good Faith and Fair Dealing

19   ("Compl.") ¶ 49.

20      By Notice of October 4, 2007, Defendants declined to proceed before a United States

21   magistrate judge and requested reassignment of this case to a United States district judge.  *See*

22   Declaration to Proceed Before a U.S. Magistrate Judge (filed Oct. 4, 2007) [Dkt. No. 8].  On October

23   9, 2007, while that reassignment was pending, Defendants moved to dismiss this action in its entirety

24   for lack of jurisdiction and lack of prudential exhaustion.  *See* Defendants' Motion to Dismiss ("Def.

25   Mot.") (filed Oct. 9, 2007) [Dkt. No. 10].  The following day this action was reassigned to this Court

26

27   *Chattler v. United States of America*, Case No. 07-4040SI

28   Defendants' Motion for Disqualification

for all further proceedings. Defendants subsequently re-noticed their Motion to Dismiss for hearing on December 21, 2007. *See* Defendants' Notice of Motion (filed Nov. 2, 2007) [Dkt. No. 13].

During the briefing period on Defendants' Motion to Dismiss, the parties filed two joint stipulations on November 5, 2007 and December 5, 2007, respectively, stipulating to continue the Case Management Conference originally scheduled for December 7, 2007 and to have Plaintiff's Motion to Stay Ruling on Defendants' Motion to Dismiss heard on the same day as Defendants' Motion to Dismiss. The Court entered orders granting the parties' requested schedule modifications, respectively, on November 6, 2007 and December 6, 2007. Otherwise, the Court has issued no rulings in this action.

On December 21, 2007, counsel for the parties appeared for the first time before this Court for the hearing on Defendants' Motion to Dismiss and Plaintiff's Motion to Stay Ruling on Defendants' Motion to Dismiss. At the start of the hearing, the Court disclosed that it "needed to get a passport this summer, and [] paid [] sixty dollars" for expedited processing. Transcript of Hearing on Defendants' Motion to Dismiss ("Hearing Tr.") at 3. [1] The Court has "no recollection whether [it] got it[s passport] timely or untimely," but it arrived "in time for [the Court's] trip and [the Court] ha[s] no complaints about it." Hearing Tr. at 3. While the Court did not "think that disqualifie[d it] from anything in this case," the Court indicated that "if anybody has any concern about that, I would not be offended in the least if you asked me to take myself off this case." Hearing Tr. at 3.

On the first business day following the hearing, Defendants informed the Court of their intent to move for an order of disqualification pursuant to 28 U.S.C. § 455 based on the Court's disclosure at the December 21, 2007 hearing. *See* Defendants' Notice of Motion (filed Dec. 26, 2007) [Dkt. No. 33]. Defendants further indicated that they would file a memorandum of law in support of the

---

[1] The relevant pages of the transcript are attached hereto as Exhibit A.

*Chattler v. United States of America*, Case No. 07-4040SI

Defendants' Motion for Disqualification          2

1  noticed motion promptly after receiving the transcript of the hearing. [2/] Defendants now file their

2  memorandum of law in support of their motion for an order of disqualification.

3  **ARGUMENT**

4  Congress's main concern in enacting the recusal statute "was to promote public confidence in

5  the impartiality of the judiciary." *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1313 (9th Cir. 1982);

6  *see also* 28 U.S.C. § 455. Towards that end, 28 U.S.C. § 455 requires a judge to disqualify herself in

7  circumstances that "*appear* to create a conflict of interest" and those in which an "*actual* conflict of

8  interest exists." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). Section 455(a), which

9  "covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias,"

10  provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself

11  in any proceeding in which his impartiality might reasonably be questioned." *Id.*; 28 U.S.C. §

12  455(a). The "standard for judging the appearance of partiality . . . is an objective one [that ] involves

13  ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the

14  judge's impartiality might reasonably be questioned.'" *Preston*, 923 F.2d at 734. Such an inquiry is

15  unnecessary for disqualifications pursuant to Section 455(b). *Id.* (noting that courts "need not

16  explore whether an appearance of partiality exist[s for disqualification under Section 455(b) because

17  t]he drafters of section 455 have accomplished this task for us"). That section mandates

18  disqualification in specific enumerated situations where "an *actual* conflict of interest exists, even if

19  there is no appearance of one." *Preston*, 923 F.2d at 734; *see also* 28 U.S.C. § 455(b). Here, such

20  an actual conflict exists.

21  **A.    This Court Has a Disqualifying Financial Interest That Requires Recusal From This Action.**

22  As a putative class member in this action, this Court has a disqualifying financial interest

23  under Section 455(b). That section provides in relevant part that a judge "shall [] disqualify

24

25  _____

[2/] On the afternoon of December 21, 2007, undersigned counsel contacted the court reporter to request a transcript of the hearing. Counsel was informed that because of the Christmas holiday, the court reporter could not begin the transcript until December 26, 2007 and that the fastest available turnaround was seven business days.

26

27  *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification        3

1   h[er]self" if she "knows that [s]he, individually . . . has a financial interest," "however small," "in the

2   subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4); *see also* 28

3   U.S.C. § 455(d)(4) (defining "financial interest"). "[C]lass members are parties within the meaning

4   of section 455(b)(4)." *In re Cement Antitrust Litig.*, 688 F.2d at 1315.  Although the Ninth Circuit

5   has not yet addressed whether putative class members are also parties within that meaning, that

6   conclusion logically follows from the statute. *See Gordon v. Reliant Energy, Inc.*, 141 F. Supp. 2d

7   1041, 1043 (S.D. Cal. 2001); *see also Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1030 (5th Cir.

8   1998) ("where a judge, her spouse, or a minor child residing in her household is a member of a

9   putative class, there exists a 'financial interest' in the case mandating recusal under § 455(b)(4)").

10  "An assertion that a member of a putative class lacks a financial interest relevant to the trial court's

11  decision until after the class is certified blinks at reality." *Id.*  The statute "stresses that any financial

12  interest, 'however small' requires the recusal of a judge." *Gordon*, 141 F. Supp. 2d at 1043 (quoting

13  *Tramonte*, 136 F.3d at 1030); *see also* 28 U.S.C. § 455(d)(4).  That "a class has not yet been certified

14  unquestionably diminishes the expected value of the outcome of the litigation to the interested judge,

15  as it makes a financial recovery less certain" but it does not affect "the *existence* of [the]

16  disqualifying financial interest." *Gordon*, 141 F. Supp. 2d at 1043 (emphasis added) (quoting

17  *Tramonte*, 136 F.3d at 1030 (concluding that "the increased uncertainty of recovery in the

18  precertification stage of a class action affects the size but not the existence of a disqualifying

19  financial interest")).  Thus, the potential recovery this Court acknowledged it might be due, (Hearing

20  Tr. at 3), disqualifies the Court under Section 455(b)(4).  *See Gordon*, 141 F. Supp. 2d at 1042

21  (concluding that recusal was required after "the Court *sua sponte* raised the issue of recusal in light

22  of the fact that the Court was a putative class member").

23          At the December 21, 2007 hearing on Defendants' Motion to Dismiss, the Court disclosed

24  that it "needed to get a passport this summer, and [] paid [] sixty dollars" for expedited processing.

25  Hearing Tr. at 3.  The Court is a member of the class that Plaintiff seeks to have certified.  That

26  proposed class "consists of all individuals who paid the extra $60 fee for expedited service and for

27  *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification          4

1   whom either (a) the passport was not mailed out or available for pick-up within three business days

2   of its arrival at a Passport Agency or (b) the passport was not received by the applicant within

3   twenty-one days of application."  Compl. ¶ 49.  Although Plaintiff's claim for consequential and

4   special damages is precluded by the doctrine of sovereign immunity, (*see* Def. Mot. at 8-16), federal

5   regulation entitles an applicant who paid for but did not receive expedited processing to a refund of

6   the $60.00 expedite fee.  *See* 22 C.F.R. § 51.63.  That potential recovery by the Court constitutes a

7   disqualifying financial interest. [3/]  The Court therefore should recuse itself from this action pursuant

8   to Section 455(b)(4). [4/]

9         **B.    The Court Is Not Authorized to Retain This Case Notwithstanding the Court's**
          **Disqualifying Financial Interest.**

10        The result mandated by Section 455(b) cannot be avoided based on the criticisms Plaintiff

11  likely will advance in opposition to Defendants' motion.  *See, e.g.,* Plaintiff's Objection to

12  Defendants' Notice of Intention to File Motion to Disqualify ("Pl. Obj.") (filed Dec. 27, 2007) [Dkt.

13  No. 34] (complaining that "[a]fter the parties have spent nearly three months briefing Defendants'

14  motion to dismiss, appeared in front of this Court on December 21, 2007, and engaged in lengthy

15  oral argument, Defendants now notice their intent to file a motion to disqualify this Court").

16  "Congress adopted a broad and sweeping per se rule despite warnings that it might lead to major

17  disruption of litigation and to the loss of the judge with the most expertise in a given matter, even

18  where the judge's financial interest in the party was insubstantial. . . .  Congress weighed these

19  hardships against the importance of public confidence in the federal judiciary and struck the balance

20  in favor of the latter."  *In re Cement Antitrust Litig.*, 688 F.2d at 1313; *see also* H. Rep. No. 93-1453,

21  *reprinted in* 1974 U.S.S.C.A.N. 6351, 6361 (concluding, notwithstanding such criticisms, that "the

22

23  ───────────────

24        [3/] This same interest alternatively is "any other interest" under Section 455(b)(4).  *See* 28 U.S.C.
      § 455(b)(4) (mandating disqualification where a judge has "any other interest that could be substantially
25    affected by the outcome of the proceeding").

26        [4/] These same considerations alternatively compel disqualification under Section 455(a), which
      requires a judge's recusal "in any proceeding in which h[er] impartiality might reasonably be
27    questioned."  28 U.S.C. § 455(a).
      *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification          5

1    American people are entitled to ethical behavior on the part of all three branches of the Government,

2    not merely the Executive or legislative branches"); *see also Liljeberg v. Health Servs. Acquisition*

3    *Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2205, 100 L.Ed. 2d 855, 875 (1988) ("We must

4    continuously bear in mind that 'to perform its high function in the best way 'justice must satisfy the

5    appearance of justice.'").  Thus, the grounds for disqualification enumerated in Section 455(b) are

6    mandatory and nonwaivable.  *See* 28 U.S.C. § 455(b) (enumerating circumstances in which a judge

7    "shall also disqualify himself"); 28 U.S.C. § 455(e) ("No justice, judge, or magistrate judge shall

8    accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in

9    subsection (b)").  Notwithstanding these provisions, if the judge "to whom a matter has been

10   assigned would be disqualified, after substantial judicial time has been devoted to the matter,

11   because of the appearance or discovery, after the matter was assigned . . . that . . . she individually . .

12   . has a financial interest in a party . . . disqualification is not required if the [] judge . . . divests . . .

13   herself of the interest that provides the grounds for the disqualification."  28 U.S.C. § 455(f).  That

14   exception, however, clearly does not apply here.

### 1.    Defendants Moved for Recusal Before the Court Expended Substantial Judicial Time on This Case.

15

16

17        Defendants promptly moved for recusal upon learning of the Court's disqualifying interest.

18   "While no per se rule exists regarding the time frame in which recusal motions should be filed after a

19   case is assigned to a particular judge, if the timeliness requirement is to be equitably applied, recusal

20   motions should be filed with reasonable promptness after the ground for such a motion is

21   ascertained."  *Preston*, 923 F.2d at 733.  If that ground is not ascertained until "after substantial

22   judicial time has been devoted to the matter," Section 455(f) may apply and authorize the Court to

23   retain the matter notwithstanding the disqualifying interest.  *See* 28 U.S.C. § 455(f) (precluding

24   recusal "after substantial judicial time has been devoted to the matter" provided the judge "divests . .

25   . herself of the interest that provides the grounds for the disqualification").  The expenditure of

26   substantial judicial time is a necessary predicate for that section.  *Compare Gordon*, 141 F. Supp. 2d

27   at 1042, 1045 (concluding that Section 455(f) did not apply in case pending over three months at the

     *Chattler v. United States of America*, Case No. 07-4040SI

28   Defendants' Motion for Disqualification          6

1    time the Court *sua sponte* raised the issue of recusal); *Tramonte*, 136 F.3d at 1031-32 (concluding

2    that Section 455(f) was not available where judge "first received this case on July 24, 1996, and she

3    ruled on the recusal and remand motions summarily on November 8, 1996" and "[f]rom the record, it

4    appears that [the j]udge [] did little additional work on the matter in the interim") *with In re Cement*

5    *Antitrust Litig.*, 515 F. Supp. 1076, 1081 (D. Ariz. 1981) (concluding in case "*into its sixth year*,"

6    that had "subsection (f) been in force today, this Court would have reached a different conclusion as

7    to the necessity of disqualification under s 455" (emphasis added)). If, as here, that predicate is

8    lacking, the divestiture option is not available.  *See Gordon*, 141 F. Supp. 2d at 1045 (concluding

9    that "[b]ecause these cases are in their early stages, substantial judicial time has not been expended

10   by the Court[, and t]herefore, the mandatory recusal provisions of section 455(b) are still

11   implicated").

12           Defendants learned of this Court's disqualifying financial interest on December 21, 2007.

13   The following business day, Defendants informed the Court of their intent to move for

14   disqualification so that no further judicial time would be expended on this case until Defendants'

15   recusal motion was considered. [5/]  *See* Notice of Motion (filed Dec. 26, 2007) [Dkt. No. 33]

16   (notifying the Court "that, on or before January 11, 2008, before the Honorable Susan Illston,

17   Defendants, the United States of America and the Department of State, will move for an order of

18   disqualification pursuant 28 U.S.C. § 455(a), (b) and Local Civil Rule 7-11 and an order to stay

19   consideration of Defendants' Motion to Dismiss pending the ruling on Defendants' disqualification

20   motion"). [6/]  At the time of that notification, this Court had made no substantive rulings in this

21   _____

22           [5/]  Plaintiff remarkably accuses Defendants of "[p]ure gamesmanship." Pl. Obj. at 1.  The
     sequence of events precipitating the instant motion belies that contention.  *See Preston*, 923 F.2d at 733
23   ("We require recusal motions to be lodged in a timely fashion because the absence of such a requirement
     would result in increased instances of wasted judicial time and resources and a heightened risk that
24   litigants would use recusal motions for strategic purposes." (citations omitted)).

25           [6/]  Defendants promptly ordered a transcript of the December 21, 2007 hearing before the Court
     and were advised that it would be available after seven business days.  Since Defendants intended to
26   support their recusal motion with statements from the hearing, Defendants noticed their motion on
                                                                                              (continued...)
27   *Chattler v. United States of America*, Case No. 07-4040SI

28   Defendants' Motion for Disqualification          7

1   action.  *See* Order of November 6, 2007 [Dkt. No. 15] (granting parties' stipulation to continue the

2   case management conference); Order of December 6, 2007 [Dkt. No. 27] (granting parties'

3   stipulation regarding the briefing schedule and hearing date for Plaintiff's motion to stay ruling on

4   motion to dismiss).  Thus, the Court has not yet expended the "substantial judicial time"

5   contemplated by Section 455(f), and accordingly that section cannot be invoked here.

6                **2.    The Court's Suggestion That It Would "Waive" Its Financial Interest Is
                        Inconsequential.**

7           A different result is not dictated because the Court disavowed any interest in recovering from

8   Defendants in this action.  *See* Hearing Tr. at 3 (explaining that if "it turns out I was entitled to the

9   remedy, I would waive the remedy").  Under the Department's existing refund process, this Court

10  and other passport applicants satisfied with the service they received have the option of not

11  requesting a refund of the expedite fee paid. [7/]  Plaintiff however is seeking to have such refunds

12  issued automatically. [8/]  *See* Compl. ¶ 14 (complaining that "rather than processing the refunds due

13  and owing to citizens based upon the time incurred in processing or delivering the passport . . . the

14  Department of State is instead requiring every individual to mail in a written application for the

15  refund"); Compl. ¶ 18 (alleging that "[t]his lawsuit seeks to recover the fee for expedited service for

16  all individuals whose passports were not processed within three business days or received by the

17

18  _____

19       [6/]  (...continued)
    December 26, 2007 without filing an accompanying memorandum of law.
20

21       [7/]  Even at the height of the demand surge last year, "applicants who requested expedited
    processing in most instances received their passports significantly faster than the twelve weeks it took
22  to process routine applications."  Declaration of Ann Barrett ¶ 39, attached as an exhibit to Defendants'
    Motion to Dismiss.

23       [8/]  The Department's expedited processing regulations do not require automatic refunds.  *See*
24  Reply Memorandum in Support of Defendants' Motion to Dismiss at 13-15 (filed Dec. 7, 2007) [Dkt.
    No. 29].  In contrast to the provision governing refunds of the expedite fee, 22 C.F.R. 22.6 expressly
25  provides for automatic refunds.  *Compare* 22 C.F.R. 51.63(c) ("The passport expedite fee will be
    refunded if the Passport Agency does not provide the requested expedited processing as defined in §
26  51.66") *with* 22 C.F.R. 22.6(b) ("Refunds of $5.00 or less will not be paid to the remitter unless a claim
    is specifically filed at the time of payment for the excess amount.  An automatic refund on overpayments
27  due to misinformation or mistakes on the part of the Department of State will be made.").
    *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification        8

1  applicant within about fourteen days without any further delay or obstruction"). Thus, this action

2  does not contemplate that class members might elect not to receive a refund of their expedite fee, and

3  therefore the Court's offer is without effect. [9]

**C.     Plaintiff Cannot Invoke the Rule of Necessity to Avoid the Disqualification Mandated by Section 455(b).**

4

5          Plaintiff cannot make the requisite showing to invoke the Rule of Necessity. That Rule

6  provides that "judges can handle cases in which they have a personal interest if 'the case cannot be

7  heard otherwise.'" *Tramonte*, 136 F.3d at 1032; *see also United States v. Will*, 449 U.S. 200, 213-14,

8  101 S. Ct. 471, 478-79, 66 L.Ed.2d 392, 405 (1980); *see also United States v. Jaramillo*, 745 F.2d

9  1245, 1249 (9th Cir. 1984) (noting that "[t]he Rule of Necessity was applied in *Will* because a

10 contrary holding would have denied the parties in that matter any forum because all federal judges

11 were similarly interested in the outcome of the case"). Otherwise, "when an individual judge is

12 disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and

13 allows the normal administrative processes of the court to assign the case to another judge not

14 disqualified." *Will*, 449 U.S. at 212, 101 S. Ct. at 479, 66 L.Ed.2d at 404. Therefore, unless Plaintiff

15 "demonstrates that *every judge available to her* is a potential class member" – which is highly

16 unlikely – the Court "must enforce § 455(b) by its strict terms." *Tramonte*, 136 F.3d at 1032

17 (emphasis added). Accordingly, the Court should recuse itself based on its disqualifying financial

18 interest in this action.

19

20

21

22

23

24

25  [9] Regardless of the effectiveness of the Court's offer, as already discussed, Section 455(f) is not available under the circumstances here. *See Tramonte*, 136 F.3d at 1031-32 (concluding that the adequacy of the judge's "disavowal of an interest in participating in the class action" was "immaterial" because "§ 455 makes the divestment option unavailable" where "it can hardly be said that [she] devoted 'substantial judicial time' to the case").

26

27  *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification          9

1

**CONCLUSION**

2        For the foregoing reasons, Defendants respectfully request that the Court grant this motion and

3  recuse itself from this action.

4  Date: January 9, 2008                    Respectfully submitted,

5

6                                            JEFFREY S. BUCHOLTZ
                                             Acting Assistant Attorney General
7                                            Civil Division

8

9                                            SCOTT N. SCHOOLS
                                             United States Attorney
10                                           Northern District of California

11                                           VINCENT M. GARVEY
                                             Deputy Branch Director
12

13                                             /s /Jacqueline Coleman Snead

14                                           JACQUELINE COLEMAN SNEAD
                                             (D.C. Bar No. 459548)
15                                           Trial Attorney
                                             Federal Programs Branch, Civil Division
16                                           U.S. Department of Justice
                                             20 Massachusetts Avenue, N.W. Rm. 7214
17                                           Washington, DC 20530
                                             Tel: (202) 514-3418
18

19                                           **Attorneys for Defendants**

20

21

22

23

24

25

26

27  *Chattler v. United States of America*, Case No. 07-4040SI

28  Defendants' Motion for Disqualification          10

1

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| **JULIA CHATTLER,** | Case No. 07-4040SI |
|     **PLAINTIFF** | |
|     **v.** | **PROPOSED ORDER** |
| **UNITED STATES OF AMERICA, DEPARTMENT OF STATE,** | |
|     **DEFENDANTS.** | |

13

14

15

        Upon consideration of Defendants' Motion for Disqualification pursuant to 28 U.S.C. § 455, the opposition thereto, and the complete record in this action, it is hereby

16

        ORDERED that Defendants' motion is granted; and

17

        FURTHER ORDERED that the Court hereby recuses itself from this action.

18

        SO ORDERED.

19

20

Date:                                              _____
                                                        United States District Judge

21

22

23

24

25

26

27

*Chattler v. United States of America*, Case No. 07-4040SI

28

Defendants' Motion for Disqualification

1

**CERTIFICATE OF SERVICE**

2

     This is to certify that a true and correct copy of the foregoing Defendants' Motion for

3

Disqualification Pursuant to 28 U.S.C. § 455 was served electronically on January 9, 2008 through

4

the Northern District of California Electronic Case File System (ECF) and that the document is

5

available for viewing and downloading on that system.

6

                                     /s /Jacqueline Coleman Snead
                                     Jacqueline Coleman Snead

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Chattler v. United States of America*, Case No. 07-4040SI

28

Defendants' Motion for Disqualification