REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　　　　　　　　　　Defendants. | No. C 07-04040 SI<br><br>PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF RECUSAL ORDER<br><br><br><br><br><br>ACTION FILED: August 7, 2007 |

001980-11 217803 V1

1    This putative class action against the United States of America and the United States
2 Department of State ("Defendants") involves the return of expedited processing fees charged by
3 the Defendants to class members, despite the Defendants' inability to process passports within the
4 expedited processing time required by regulation.

5    On October 9, 2007, Defendants moved to dismiss the complaint. [Dkt. No. 10]. On
6 December 21, 2007, the parties appeared before the Hon. Susan Illston for a hearing on
7 Defendants' motion to dismiss. [Dkt. No. 35]. At the start of the hearing, the Court disclosed that
8 it had applied for a passport, had paid the $60 expedited processing fee and was not aware whether
9 or not she had received the passport in a timely manner. After this full and timely disclosure, the
10 parties proceeded to argue the merits of the Defendants' motion to dismiss.

11    On December 26, 2007, Defendants filed their Notice of Motion, which was little more than
12 a notice of intent to file a motion for disqualification. [Dkt. No. 33]. The Defendants' actual
13 memorandum of points and authorities was not filed until January 9, 2008. [Dkt. No. 38]. The
14 parties stipulated that Plaintiff's opposition to Defendants' motion to disqualify would be due on
15 January 15, 2008. [Dkt. No. 36]. On January 14, 2008, prior to Plaintiff filing her opposition, this
16 Court issued a Recusal Order, removing itself from the above-entitled matter and requesting
17 reassignment to another judge.

18    Such recusal, however, is not supported by case law or the facts that are currently in the
19 record. "[I]n the absence of a legitimate reason to recuse himself, a judge has a duty to sit in
20 judgment in all cases coming before him. . . . The duty inheres in the 'judicial Power' with which
21 we are vested." *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007). In their January 9,
22 2008 memorandum, the Defendants presented ***no facts*** to suggest that the Court was a member of
23 the putative class. In fact, Defendants' motion was entirely deficient in putting forward any facts
24 or materials suggesting any financial interest or impartiality on the part of this Court. Because
25 Defendants bear the burden of demonstrating grounds for this Court to recuse itself, and because
26 they have failed to meet that burden, Defendants' motion should have been denied. *See, e.g.,*
27 *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) ("A party introducing a
28

PL.'S REQ. FOR LEAVE TO FILE A MOT. FOR RECONS. OF         - 1 -
RECUSAL ORDER – NO. C 07-04040 SI
001980-11 217803 V1

motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.").

Pursuant to Local Civil Rule 7-9(b)(1), "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Both material differences of fact and law support reconsideration here.

To date, Defendants have failed to present determinative evidence that this Court is a member of the putative class, despite the Court's recognition that *only* the Defendants have this information in their possession. *See* Ex. 2, attached hereto (Declaration of Shana E. Scarlett in Opposition to Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455, Ex. A at 20) (Court: "the department is the only one who can tell if the three-day limit was met or not met – the person who got the passport has no way"). Without any evidence demonstrating this Court's membership in the putative class, this Court has no interest, financial or otherwise, at stake. Accordingly, this Court is obligated to continue adjudicating the parties' claims. As aptly stated by the First Circuit: "Unless there is a direct link that establishes a reasonable basis for doubting impartiality, the judge should not step aside….unless a party can establish a reasonable factual basis to doubt a judge's impartiality by some kind of probative evidence, then the judge must hear a case as assigned." *Comfort v. Lynn Sch. Comm.*, 418 F.3d 1, 26 (1st Cir. 2005) (internal citation omitted). No such facts or evidence have been presented here.

Moreover, material differences in law exist from that presented by the Defendants. In the motion to disqualify this Court, Defendants relied on case law heavily criticized by other courts and not supported by the weight of legislative history or the Canons of Judicial Ethics. Because Plaintiff was not able to submit Plaintiff's Opposition to Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455 prior to the Court's issuance of the Recusal Order, none of the legal authority cited by Plaintiff was considered by the Court in issuing its order. As such, at the time of this motion, a material difference in law exists from that which was presented to the Court by the Defendants.

Plaintiff, therefore, respectfully requests that this Court reconsider its Recusal Order. With this motion, Plaintiff submits Plaintiff's Opposition to Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455 (Exhibit 1) and the Declaration of Shana E. Scarlett in Opposition to Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455 (Exhibit 2).

DATED: January 14, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

                                                          /s/ Shana E. Scarlett
                                          SHANA E. SCARLETT

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                /s/ Shana E. Scarlett
                                                SHANA E. SCARLETT

PL.'S REQ. FOR LEAVE TO FILE A MOT. FOR RECONS. OF   - 4 -
RECUSAL ORDER – NO. C 07-04040 SI
001980-11 217803 V1

# Mailing Information for a Case 3:07-cv-04040-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)