# Exhibit 1

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　　　　　　　　　　Defendants. | No. C 07-04040 SI<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455<br><br>DATE:　n/a<br>TIME:　n/a<br>DEPT:　n/a<br><br>ACTION FILED: August 7, 2007 |

001980-11 217353 V2

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ ii

II. ARGUMENT ........................................................................................................................ 1

    A. The Legal Standard for Disqualification Under 28 U.S.C. § 455 ................................ 1

    B. Disqualification Is Not Required Under Section 455(b)(4) ......................................... 3

        1. Defendants Have Failed to Make Any Showing that the Court is a Member of the Putative Class .............................................................................. 4

        2. Even If This Court Were a Putative Class Member, Its December 21, 2007 Statements Removed Any Grounds for Disqualification ......................... 5

            a. The Bulk of Case Law Allows A Court to Remove Any Disqualifying Interest Upon Discovery ................................................ 5

            b. The Judicial Canon on Ethics Supports the Conclusion That Opting Out of the Putative Class Removes Any Conflict ..................... 8

        3. Because This Court Has Expended Substantial Judicial Time, Disqualification Is Not Required .................................................................... 9

    C. This Court's Impartiality Cannot Be Questioned Under Section 455(a) .................... 11

    D. A Statement Regarding Waiver and Opt-Out of Any Class Membership Is Available to this Court .................................................................................................. 12

III. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Allied-Signal, Inc.*
    891 F.2d 967 (1st Cir. 1989) .................................................................................................2

*Anderson v. United States District Court*
    No. C 04-5170 SBA (pr), 2005 U.S. Dist. Lexis 33931 (N.D. Cal. Apr. 27, 2005)..................2

*Berthelot v. Boh Brothers Construction Co., L.L.C.*
    431 F. Supp. 2d 639 (D. La. 2006) ..........................................................................................5

*In re Cement and Concrete Antitrust Litigation*
    688 F.2d 1297 (9th Cir. 1982)............................................................................................7, 10

*In re Certain Underwriter Defendants*
    294 F.3d 297 (2d Cir, 2002) ....................................................................................................3

*In re Certain Underwriter Defendants*
    2002 U.S. App. Lexis 6508 ..............................................................................................10, 11

*Del Vecchio v. Illinois Department of Corrections*
    31 F.3d 1363 (7th Cir. 1994)....................................................................................................3

*E. & J. Gallo Winery v. EnCana Energy Services*
    No. CV F 03-5412 AWI LJO, 2004 U.S. Dist. Lexis 29382 (E.D. Cal. March 29,
    2004)....................................................................................................................................7, 8

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*
    210 F.3d 983 (9th Cir. 2000)..................................................................................................11

*Fletcher v. Conoco Pipe Line Co.*
    323 F.3d 661 (8th Cir. 2003) ...................................................................................................2

*Gordon v. Reliant Energy, Inc.*
    141 F. Supp. 2d 1041 (S.D. Cal. 2001) ...................................................................................7

*Hilao v. Estate of Marcos*
    103 F.3d 767 (9th Cir. 1996) .................................................................................................11

*In re Initial Public Offering Sec. Litigation*
    174 F. Supp. 2d 70 (S.D.N.Y. 2001), *aff'd on other grounds*............................3, 6, 7, 8, 10, 12

*Koller v. Richardson-Merrell Inc.*
    737 F.2d 1038 (D.C. Cir. 1984), *vacated on other grounds*, 472 U.S. 424 (1985)...................2

*Liteky v. United States*
    510 U.S. 540 (1994) ...............................................................................................................11

*In re Literary Works in Electric Databases Copyright Litigation*
    No. 05-5943-cv(L); 06-0223(CON), 2007 U.S. App. Lexis 27597 (2nd Cir. Nov.
    29, 2007)....................................................................................................................2, 9, 10, 11

*McBride v. Galaxy Carpet Mills*
   920 F. Supp. 1278 (N.D. Ga. 1995) .................................................................................... 5

*Metropolitan Opera Association v. Local 100, Hotel Employees & Restaurant Employees International Union*
   332 F. Supp. 2d 667 (S.D.N.Y. 2004) ................................................................................. 3

*NEC Corp. v. Intel Corp.*
   654 F. Supp. 1256 (N.D. Cal. 1987), *order vacated on other grounds, appeal dismissed,* 835 F.2d 1546 (9th Cir. 1988) ............................................................... 6

*In re New Mexico Natural Gas Antitrust Litigation*
   620 F.2d 794 (10th Cir. 1980) ............................................................................................ 8

*O'Connor v. State of Nev.*
   27 F.3d 357 (9th Cir. 1994) .............................................................................................. 12

*Tramonte v. Chrysler Corp.*
   136 F.3d 1025 (5th Cir. 1998) ....................................................................................... 5, 7

*Union Carbide Corp. v. U.S. Cutting Serv.*
   782 F.2d 710 (7th Cir. 1986) ..................................................................................... 5, 6, 8

*United States v. Microsoft Corp.*
   253 F.3d 34 (D.C. Cir. 2001) .............................................................................................. 2

*In re Virginia Electric & Power Co.*
   539 F.2d 357 (4th Cir. 1976) .............................................................................................. 8

**FEDERAL STATUTES**

22 C.F.R. 51.63(c) ...................................................................................................................... 9

28 U.S.C. § 455(b)(4) ................................................................................................................. 3

28 U.S.C. § 455(f) ...................................................................................................................... 9

## I. INTRODUCTION

The facts surrounding the Defendants' motion for disqualification are not in dispute. The parties have known the relevant facts since the beginning of the hearing on Defendants' motion to dismiss on December 21, 2007. At the start of that hearing, the Court disclosed that it had applied for a passport, paid $60 for expedited processing and received the passport in time for the Court's scheduled travel plans. Scarlett Decl., Ex. A at 3-4.[1] The Court indicated it had no complaints with the Defendants' service and that it was unsure whether it was a part of the putative class in this case. *Id.* If it were a part of any eventual class, however, the Court indicated its intent to exclude itself from the class definition and to waive all recovery. *Id.* After this explicit disclosure, the Defendants chose to continue with the hearing.

Subsequent to the hearing, and after it was clear that the Court intended to deny Defendants' motion to dismiss, the Defendants decided to file this motion to disqualify the Court. Despite their burden to demonstrate this Court's impartiality and despite ***all relevant information*** being in the Defendants' sole possession, Defendants have put forward no information disputing what the Court asserted at the December 21, 2007 hearing – that the Court was not sure whether or not it had received its passport in a timely manner. On this ground alone, the Defendants' motion should be denied. Even if this Court were a member of the putative class, however, both case law and judicial ethics opinions support the commonsense notion that a Court may simply opt-out of any class action, waive any recovery and thereby remove any financial interest and appearance of impartiality.

Defendants' motion is little more than an attempt to avoid what was clear at the December 21, 2007 hearing – Defendants' motion to dismiss should be denied.

## II. ARGUMENT

**A.    The Legal Standard for Disqualification Under 28 U.S.C. § 455**

28 U.S.C. § 455 and the Judicial Code of Conduct are both designed to "promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable

---

[1] "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Opposition to Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455.

1  factual basis for doubting the judge's impartiality, he should disqualify himself." H.R. Rep. No.
2  93-1453, reprinted in 1974 U.S.C.C.A.N. 6351, 6355.  Thus, the standard is that a judge should
3  recuse him or herself not only when he is actually biased or partial (28 U.S.C. § 455(b)), but also
4  when a reasonable observer might question his neutrality (28 U.S.C. § 455(a)).

5        Despite the seeming breadth of this statute, however, its reach is not unlimited.  Judges are
6  obliged to balance their duty to appear impartial against several practical considerations, "including
7  the availability of other judges, the cost in judicial resources of recusal and reassignment of the
8  case to different judges, and the interest of the parties and the public in swift resolution of the
9  dispute." *In re Literary Works in Elec. Databases Copyright Litig.*, No. 05-5943-cv(L); 06-
10 0223(CON), 2007 U.S. App. Lexis 27597, *7-*8 (2nd Cir. Nov. 29, 2007) ("*In re Literary
11 Works*").

12       "In the wrong hands, a disqualification motion is a procedural weapon to harass opponents
13 and delay proceedings." *United States v. Microsoft Corp.*, 253 F.3d 34, 108 (D.C. Cir. 2001) (*en
14 banc*).  Worse yet, it can become a weapon for "judge shopping" and opens "a 'Pandora's Box' for
15 countless baseless attacks upon a defenseless judiciary whose independence is essential to the
16 preservation of this republic." *Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1069 (D.C. Cir.
17 1984), *vacated on other grounds*, 472 U.S. 424 (1985).  As cautioned by then-Judge Breyer:

18         "[T]he disqualification decision must reflect not only the need to
           secure public confidence through proceedings that appear impartial,
19         but also the need to prevent parties from too easily obtaining the
           disqualification of a judge, thereby potentially manipulating the
20         system for strategic reasons, perhaps to obtain a judge more to their
           liking.
21
22 *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989).

23       A judge is presumed to be impartial until the contrary is proven, and a substantial burden is
24 imposed on party challenge this presumption.  *See, e.g., Fletcher v. Conoco Pipe Line Co.*, 323
25 F.3d 661, 664 (8th Cir. 2003) ("A party introducing a motion to recuse carries a heavy burden of
26 proof; a judge is presumed to be impartial and the party seeking disqualification bears the
27 substantial burden of proving otherwise."); *Anderson v. United States Dist. Court*, No. C 04-5170
28 SBA (pr), 2005 U.S. Dist. Lexis 33931, *2 (N.D. Cal. Apr. 27, 2005) ("As a federal judge is

1   presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to
2   show that this is not the case."); *Metro. Opera Ass'n v. Local 100, Hotel Employees & Rest.*
3   *Employees Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) ("Movants must overcome a
4   presumption of impartiality, and the burden for doing so is 'substantial.'").  Disqualification is
5   required only when the biasing influence is strong enough to overcome the presumption of a
6   judge's honesty and integrity.  *See, e.g., Del Vecchio v. Illinois Dep't of Corrs.*, 31 F.3d 1363, 1375
7   (7th Cir. 1994).
8        Here, Defendants have failed to put forth any evidence supporting their argument that this
9   Court has a financial interest that might be impacted by the outcome of this litigation under 28
10  U.S.C. § 455(b).  Moreover, Defendants only raise 28 U.S.C. § 455(a) in a footnote, failing to
11  identify any relevant case law or articulate any reason why this Court might fail to be impartial.
12  Defendants' motion to disqualify this Court must be denied under both 28 U.S.C. §§ 455(b)
13  and (a).

14  **B.     Disqualification Is Not Required Under Section 455(b)(4)**

15       The bulk of Defendants' motion is devoted to arguing that this Court should be disqualified
16  as a putative class member pursuant to 28 U.S.C. § 455(b)(4) because it has a financial interest in
17  the outcome of this litigation.  Section 455(b)(4) states that a judge shall disqualify herself where:

18  > He knows that he, individually or as a fiduciary, or his spouse or
    > minor child residing in his household, has a financial interest in the
19  > subject matter in controversy or in a party to the proceeding, or any
    > other interest that could be substantially affected by the outcome of
20  > the proceeding;

21  28 U.S.C. § 455(b)(4).

22       Defendants have failed to carry their burden demonstrating that this Court is a member of
23  the putative class and has a financial interest sufficient to disqualify the Court.  Regardless, even if
24  this Court were a member of the putative class, it has already disclaimed all possible future
25  financial interest in any recovery, and has thus removed any possible disqualifying interest.  *See In*
26  *re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70 (S.D.N.Y. 2001) ("*In re IPO Litig.*"), *aff'd*
27  *on other grounds, In re Certain Underwriter Defendants,* 294 F.3d 297, 302 (2d Cir. 2002);
28  Scarlett Decl., Ex. B (Compendium of judicial ethics opinions).  The Court's waiver and opting-out

finds additional support under 28 U.S.C. § 455(f) as this Court has spent substantial judicial time on this litigation.

### 1. Defendants Have Failed to Make Any Showing that the Court is a Member of the Putative Class

Although the government blithely asserts that "[a]s a putative class member in this action, this Court has a disqualifying financial interest," nowhere does the government provide facts demonstrating that this Court is actually a member of the putative class. Defs.' Mem. at 3.[2]

As disclosed by the Court at the December 21, 2007 hearing, the Court applied for a passport this summer, paid the $60 expedite fee, received the passport in time for her planned trip, and has no complaints regarding the service. Scarlett Decl., Ex. A at 3-4. The Court had no recollection whether it received the passport in a timely or untimely manner. *Id*.

The Complaint alleges a class on behalf of:

> [A]ll individuals who paid the extra $60 fee for expedited service and for whom either (a) the passport was not mailed out or available for pick-up within three business days of its arrival at a Passport Agency or (b) the passport was not received by the applicant within twenty-one days of application.

Complaint, ¶ 49.[3] Nowhere in the government's motion have they asserted any additional facts other than those offered by the Court on December 21, 2008. Defendants assume that the Court is a member of the putative class not only with no evidence to support it, but in the face of the Court's own statements that it was not sure if the processing was timely or not. As the Court recognized at the hearing, all facts that would show that the Court had a "financial interest" are in the Defendants' possession. *See* Scarlett Decl., Ex. A at 24 (Court: "the department is the only one who can tell if the three-day limit was met or not met – the person who got the passport has no way").

---

[2] "Defs.' Mem." refers to Defendants' motion for Disqualification Pursuant to 28 U.S.C. § 455, filed on January 9, 2008.

[3] "Complaint" refers to the Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing, filed August 7, 2007.

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION        - 4 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

1  Despite the Court's statement that it was not sure if it received untimely processing,
2  Defendants move for disqualification based on the Court's representation that the Court is happy
3  with the service and *not* sure whether it qualifies as a class member or not. Notwithstanding that it
4  is the one entity that can ascertain the truth of class membership, Defendants ignored their burden
5  and chose to move for disqualification based on speculation. Given all available facts, this Court is
6  not a member of the putative class, and thus has no financial interest in this litigation. *See*
7  *Berthelot v. Boh Bros. Constr. Co., L.L.C.*, 431 F. Supp. 2d 639, 650 (D. La. 2006) (holding that in
8  cases relating to flood damage from Hurricane Katrina, no disqualifying financial interest existed
9  where the judge did not experience any inconvenience from Katrina that would be compensable
10 and thus any "interest" would be "ephemeral, inchoate, and bordering on the metaphysical.");
11 *McBride v. Galaxy Carpet Mills*, 920 F. Supp. 1278, 1282 (N.D. Ga. 1995) (holding that because
12 neither the judge nor his spouse had suffered any such injury as a result of exposure to carpeting
13 possibly manufactured by the defendants means that neither he nor his spouse would be a member
14 of the class nor have a financial interest of the outcome of this litigation and therefore, recusal was
15 not required under section 455(b)). Even as the cases cited by Defendants recognize that a
16 "remote, contingent, or speculative interest is not a disqualifying financial interest under the
17 statute." *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1029 (5th Cir. 1998).

### 2. Even If This Court Were a Putative Class Member, Its December 21, 2007 Statements Removed Any Grounds for Disqualification

In their quest to disqualify this Court, Defendants ignore not only recent case law, but also ethics opinion from the Federal Judicial Center clearly stating that even if this Court were a member of the putative class, the Court's opting-out and waiver has removed any conflict.

#### a. The Bulk of Case Law Allows A Court to Remove Any Disqualifying Interest Upon Discovery

24 Section 455(b)(4) does not require the disqualification of a judge where the judge disposes
25 of the interest as soon as she discovers it. *See Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d
26 710, 714 (7th Cir. 1986). In *Union Carbide*, Judge Posner upheld a trial judge's refusal to recuse
27 herself where her husband owned stock in two members of the plaintiff class, but disposed of the
28 stock promptly upon the discovery of a conflict. *Id.* at 713. Recognizing that her divestiture meant

1   she had no financial interest in the case under 28 U.S.C. § 455(b)(4) because "[i]f she were to rule

2   in favor of the plaintiffs it could not put a nickel in her pocket, because neither she nor her husband

3   own securities of any member of the plaintiff class." *Id*. at 714.  *See also NEC Corp. v. Intel

4   Corp.*, 654 F. Supp. 1256, 1257 (N.D. Cal. 1987), *order vacated on other grounds, appeal

5   dismissed,* 835 F.2d 1546 (9th Cir. 1988) (holding disqualification not required where the trial

6   judge had divested himself of the defendants' stock promptly upon notification).

7   More recently, the history of 28 U.S.C. § 455 was exhaustively examined by Judge

8   Scheindlin in *In re IPO Litig.,* 174 F. Supp. 2d at 70.  In *In re IPO Litig.*, Judge Scheindlin held

9   stock in a small number of companies related to the litigation, which she immediately sold upon

10  discovery of the conflict and waived any interest in claims with respect to those stock holdings.  *In

11  re IPO Litig.*, 174 F. Supp. 2d at 79.  A number of underwriter defendants moved to disqualify

12  Judge Scheindlin based on her prior ownership of this stock.  *Id.* at 72.  Judge Scheindlin denied

13  the motion to disqualify, holding that a "Court may not disqualify itself on the grounds that it once

14  owned stock in three defendants or was a putative class member." *In re IPO Litig.*, 174 F. Supp.

15  2d at 91-92.

16  Judge Scheindlin noted that the text of 28 U.S.C. § 455(b) did itself "not answer the

17  question of whether a court may preside over a case if it promptly sells or removes a financial

18  conflict in a party or the case and waives its status as a potential party." *Id.* at 81.  Examining the

19  legislative history, the court found that although the judge's removing a disqualifying interest at the

20  beginning of a case and continuing to preside was a common and known practice at the time 28

21  U.S.C. § 455 was passed, nothing in the legislative history showed an objection to the practice.  *Id.*

22  at 82-84.  In fact, the legislative history specifically reflected that "a judge could remove a

23  disqualifying interest at the beginning of a case and continue to preside." *Id*. at 82 ("there would

24  be no great loss to [the judge] if he should decide to change that investment in order to eliminate

25  any possible grounds of disqualification") (citing 119 Cong. Rec. 33,029-30 (daily ed. Oct. 4,

26  1973) (statement of Sen. Burdick)).  Tellingly, Judge Scheindlin could not find one case between

27  1974 and 1988 that held a court could not remove a disqualifying conflict as long as she did so

28  promptly.  *Id.* at 84.

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION       - 6 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

1         In fact, the *only* two opinions supporting the position that disqualifying interests are
2    incurable are *Tramonte*, 136 F.3d at 1029 and *Gordon v. Reliant Energy, Inc.*, 141 F. Supp. 2d
3    1041 (S.D. Cal. 2001), both heavily relied upon by the government in this case.  In *Tramonte*, the
4    Fifth Circuit ruled that the trial judge had a disqualifying interest in the litigation where members
5    of her family were present and past owners of Chrysler vehicles, although only one was a present
6    owner of a Chrysler vehicle and he had no interest in joining the putative class in the case.  136
7    F.3d at 1027.

8         Judge Scheindlin, and subsequent authority, have rejected *Tramonte* as being fatally flawed,
9    observing that *Tramonte* erroneously presumed that the 1988 legislative changes to section 455
10   were intended to overturn the majority opinion of *Union Carbide*.  *See In re IPO Litig.*, 174 F.
11   Supp. 2d at 89; *E. & J. Gallo Winery v. EnCana Energy Servs.,* No. CV F 03-5412 AWI LJO, 2004
12   U.S. Dist. Lexis 29382, *13-*14 (E.D. Cal. March 29, 2004).  As a result of the *Tramonte's* court's
13   erroneous focus on *Union Carbide*, it interpreted the provision of 28 U.S.C. 455(f) as providing the
14   sole exception to the presumed general rule that disqualification is automatic and immediate upon
15   discovery of a financial or other interest in one of the parties.  *See Tramonte*, 136 F.3d at 1030; *In
16   re IPO Litig.*, 174 F. Supp. 2d at 89-90.  Section 455(f) provides that a Court may remove any
17   disqualifying interest by divestiture upon discovery if the court has expended substantial judicial
18   time on the case.

19        As recognized by Judge Scheindlin in *In re IPO Litig.*, 28 U.S.C. § 455(f) was specifically
20   passed in response to a single case, *In re Cement and Concrete Antitrust Litig.*, 688 F.2d 1297 (9th
21   Cir. 1982) ("*In re Cement*").  In *In re Cement*, the trial court was forced to recuse itself late in a
22   complex class action after discovering that a family member owned stock in one of the parties.  *See
23   In re Cement*, 688 F.2d at 1300.  Section 455(f) was passed to prevent the inefficient outcome of *In
24   re Cement*, where a judge familiar with complex litigation was unable to retrospectively cure a
25   disqualifying interest.  *See In re IPO Litig.,* 174 F. Supp. 2d at 89-90.  The passage of 28 U.S.C.
26   455(f) did nothing, however, to disturb the holding of *Union Carbide* that a judge may cure a
27   disqualifying financial interest by prompt disposal of the interest.  *Id.*  In *Gordon*, the court did
28   nothing more than follow the flawed analysis of *Tramonte. See Gordon,* 141 F. Supp. 2d at 1043.

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION         - 7 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

At least one district court in California has followed the thorough analysis of *In re IPO Litig.* and has rejected the reasoning of *Tramonte* and *Gordon*. *See E. & J. Gallo*, 2004 U.S. Dist. Lexis 29382, at *13-*14.[4]

### b. The Judicial Canon on Ethics Supports the Conclusion That Opting Out of the Putative Class Removes Any Conflict

Experts in judicial ethics further confirm that this Court's opting out of any future class is sufficient to remove any conflict. In the matters of judicial ethics, courts "are bound to give some weight to the view of the committee of judges that the Judicial Conference of the United States has established to advise federal judges on ethical questions." *Union Carbide*, 782 F.2d at 715. The Code of Conduct for United States Judges mirrors the language of 28 U.S.C. § 455 and requires a judge to disqualify herself where "the judge knows that the judge . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding." Scarlett Decl., Ex. C at 4 (Code of Conduct for United States Judges, Canon 3(C)(1)(c)). This language is nearly identical to the language of 28 U.S.C. § 455.

The Committee on Codes of Conduct of the Judicial Conference of the United States ("Committee") has repeatedly made clear that "[a] judge who opts out of the class ***need not recuse*** from a class action." Scarlett Decl., Ex. B at (Compendium § 3.1-6[4](e)) (emphasis added). Advisory Opinions interpreting Canon 3(C) have only confirmed this fundamental premise. Advisory Opinion No. 69 states "if a judge learns of a disqualifying financial interest in a party before expending judicial time on the case, ***the judge may avoid disqualification by divesting***

---

[4] Likewise, the Court's position as a possible putative class member who has waived all claims is not sufficient to be "any other interest that could be substantially affected" under 28 U.S.C. § 455(b)(4). *See In re IPO Litig.*, 174 F. Supp. 2d at 92; Defs.' Mem. at 5 n.3. *See also In re New Mexico Natural Gas Antitrust Litig.*, 620 F.2d 794, 797 (10th Cir. 1980) (holding that trial judge had erred in recusing himself as the possible $31 per year benefit the judge would receive as a possible ratepayer was too minor to be "substantially affected" by the outcome of the proceeding); *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 360 (4th Cir. 1976) (overturning recusal order where the trial judge was a customer of the plaintiff utility and stood to get a refund between $70 and $100 if the utility were successful in the action).

*himself or herself of the interest*." Scarlett Decl., Ex. D at 1 (emphasis added).[5] *See also In re Literary Works*, 2007 U.S. App. Lexis 27597 at *25 (citing letter from the Committee stating that a "judge who is assigned to the case prior to the class certification decision . . . may cure potential conflicts upon assignment of cases seeking class certification by waiving and releasing, without consideration, all claims the judge may possess as a potential class member and by opting out of the class"). Because the bulk of the case law and all relevant judicial ethics opinions support this Court's ability to remove any conflict by opting-out of any putative class and waiving any recovery, no recusal is necessary.[6]

### 3. Because This Court Has Expended Substantial Judicial Time, Disqualification Is Not Required

Even if the Court were a member of the putative class and the Court had not cured the conflict by its express opting out of the class and waiver of any recovery, disqualification still is unnecessary as this Court has devoted "substantial judicial time" to this matter. Pursuant to 28 U.S.C. 455(f):

> [I]f any . . . judge . . . to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually . . . has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the . . . judge . . . divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C. § 455(f). This section was specifically enacted, as described in section II(A)(2)(a) above, in reaction to the outcome of the *In re Cement* litigation. In *In re Cement*, the trial court was forced to recuse itself after four years of litigation, 75 pretrial orders, and rulings on countless motions because it was discovered that the judge's wife owned stock in seven of the 210,235 class

---

[5] After significant judicial time has been spent, Canon 3C(4) specifically provides that disqualification is not required if the judge divests herself of the interest that provides the ground for disqualification. Scarlett Decl., Ex. C at 5, Ex. D at 1.

[6] Although Defendants suggest that because Plaintiff is requesting automatic refunds, this Court cannot be excluded from any proposed class. Defs.' Mem. at 8. It is the regulation, however, which requires automatic refunds. *See* 22 C.F.R. 51.63(c). Because Defendants have failed to provide such refunds, Plaintiff is now seeking damages. If the Court is indeed a class member, the Court may easily be excluded from the class definition and recovery in this case.

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION     - 9 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

1   members. *In re Cement*, 688 F.2d at 1300. As succinctly stated by the *In re Cement* court, "after
2   five years of litigation, a multi-million dollar lawsuit of major national importance, with over
3   200,000 class plaintiffs, grinds to a halt over Mrs. Muecke's $ 29.70." *Id.* at 1313. In 1988,
4   Congress enacted 28 U.S.C. § 455(f) to overturn the holding of *In re Cement*. *See In re IPO Litig.*,
5   174 F. Supp. 2d at 89. Moreover, the Second Circuit has specifically held that section 455(f)
6   applies not just in the context of the ownership of a share of stock, but also where "a judge who
7   possesses a small financial interest that also happens to make him a party to a lawsuit before him."
8   *In re Literary Works*, 2007 U.S. App. Lexis 27597, *13.

9         Courts have since warned that determining whether "substantial" time has passed "is thus
10  properly focused on the amount of work a case requires, not on calendar time", although certainly
11  both factors support the application of section 455(f) here. *In re Certain Underwriter Defendants*,
12  2002 U.S. App. Lexis 6508, at *18. Here, this case has been pending before the Court for over five
13  months. *See* Complaint. [Dkt. No. 1]. The parties have filed, and the Court has granted numerous
14  scheduling orders. [Dkt Nos. 12-15, 27]. The parties have held their Rule 26(f) conference and
15  filed their Initial Joint Case Management Statement. [Dkt No. 16]. The parties have engaged in
16  extensive briefing surrounding the Defendants' motion to dismiss and Plaintiff's Motion to Stay
17  Ruling on Motion to Dismiss. [Dkt Nos. 10, 17-25, 29-32]. And the Court obviously expended a
18  great deal of time and energy in preparation for the hearing on the motion to dismiss, held on
19  December 21, 2007. *See generally* Scarlett Decl., Ex. A at 1-27 (Transcript of Dec. 21, 2007
20  hearing).

21        In *In re Certain Underwriter Defendants,* the Second Circuit disagreed with Judge
22  Scheindlin's opinion that section 455(f) would not apply to the *In re IPO Litig.* because
23  "substantial judicial time" had not passed. 2002 U.S. App. Lexis 6508, *10, *18. Because Judge
24  Scheindlin had supervised the initial case management of an MDL proceeding, issued a multi-page
25  case management order, held the first case management conference, assisted in formation of
26  plaintiffs' counsel's executive and steering committee, as well as consolidating cases and issuing
27  pro hac vice orders, "substantial" judicial time had been expended, and section 455(f) required that
28  Judge Scheindlin continue to adjudicate the litigation. *Id.* Similarly, in *In re Literary Works*, the

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION    - 10 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

1 Second Circuit held that section 455(f) applied where the *only* judicial time expended was
2 preparation for oral argument. *In re Literary Works*, 2007 U.S. App. Lexis 27597, *13.
3 Accordingly, because this Court has spent "substantial judicial time," both in terms of
4 judicial effort expended by this Court, as well as calendar time, if this Court decides it is a putative
5 member of this Class, it should not recuse itself under the provisions of 28 U.S.C. § 455(f).

**C.  This Court's Impartiality Cannot Be Questioned Under Section 455(a)**

In a footnote, Defendants suggest that "the same considerations alternatively compel disqualification under Section 455(a)." Defs.' Mem. at 5 n4.  Recusal under 455(a) "is not mechanical but requires an exercise of reasoned judgment." *In re Certain Underwriter Defendants,* 2002 U.S. App. Lexis 6508, *21.  The "summary mention of an issue in a footnote, without reasoning in support of the . . . argument, is insufficient to preserve an argument. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 (9th Cir. 1996).  This is particularly true here, where section 455(a) requires a much different standard than section 455(b) – not whether the Court's interest falls into one of several enumerated categories, but whether a reasonable observer might question this Court's neutrality. *See Liteky v. United States*, 510 U.S. 540 (1994).  Regardless, section 455(a) does not compel the disqualification of this Court.

First, Defendants have waived any right to move to disqualify this Court.  "Section 455(a) disqualification is one that might be waived under § 455(e) if preceded by full disclosure on the record of the basis for disqualification." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 989 (9th Cir. 2000).  At the December 21, 2007 hearing, the Court fully disclosed the circumstances under which she applied for and received her passport.  Scarlett Decl., Ex. A at 3-4.  The Court gave Defendants a chance to respond to these facts, and yet, Defendants continued on to argue their motion to dismiss.  Indeed, instead of objecting or asking for a continuance, counsel for Defendants stated (referring to the Court's disclosure), "Sure.  I appreciate that."  Scarlett Decl., Ex. A at 4.  The Defendants have had the opportunity to object and ask the Court to recuse itself.  They did not take that opportunity.

Second, no grounds exist to question the impartiality of this Court. *See Liteky*, 510 U.S. at 540 (recusal mandated if judges impartiality could reasonably be questioned; judge need not be

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION                - 11 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

subjectively biased or prejudiced as long as judge appears to be so).  The standard for recusal under section 455(a) "is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

Here, there are no disputed facts – as disclosed by the Court, it applied for a passport this summer, paid $60, and "got it promptly in the mail." Scarlett Decl., Ex. A at 4.  On these facts, this Court is not even a member of the putative class. *See* Complaint, ¶ 49.  Regardless, at the hearing, the Court repeatedly stated that it believed it had received its passport timely and had "no complaints" about it.  Scarlett Decl., Ex. A at 4 ("I got it [the passport] in time for my trip, and I have no complaints about it."; "I got it promptly in the mail so I'm not complaining.").  This Court's impartiality cannot be questioned, as she explicitly stated she was pleased with the service and waived any possible recovery in this case.  The government has failed to articulate any reason why this Court's impartiality should be questioned.  As such, no disqualification under section 455(a) is necessary.

**D.    A Statement Regarding Waiver and Opt-Out of Any Class Membership Is Available to this Court**

If this Court were a member of the putative class, which has not been shown, this Court may issue a formal statement waiving its claims and opting out of the class.  In *In re IPO Litig.*, Case No. 21-mc-92 (SAS) (S.D.N.Y.), Judge Scheindlin sent the following statement as a letter to all parties and entered into the docket of the docket:

> Docket Text: WAIVER; I hereby renounce, waive, and opt out of any interest that I may have or will have in any of the class actions pending the consolidated actions described in the caption. I also waive any cause of action described in those class action complaints that could be brought individually. . . . ( signed by Judge Shira A. Scheindlin )

Plaintiff requests that if this Court determines it is part of the putative class in this case, that this Court enter the same statement of waiver.[7]

---

[7]    In the alternative, Plaintiff offers to stipulate that the class definition contained in any motion for class certification will exclude the Court, the Court's staff and the Court's family from the proposed class.

PL.'S OPP'N TO DEFS.' MOT. FOR DISQUALIFICATION         - 12 -
PURSUANT TO 28 U.S.C. § 455 – NO. C 07-04040 SI
001980-11 217353 V2

### III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Defendants' motion to disqualify this Court be promptly denied and that this Court rule on the pending motion to dismiss.

DATED: January 14, 2008          HAGENS BERMAN SOBOL SHAPIRO LLP

                                            /s/ Shana E. Scarlett
                                            SHANA E. SCARLETT

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

Attorneys for Plaintiff