


Case 3:07-cv-04040-MMC    Document 49    Filed 02/04/2008    Page 1 of 12


JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JULIA CHATTLER,**<br><br>    **PLAINTIFF**<br><br>    v.<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF STATE,**<br><br>    **DEFENDANTS.** | Case No. 07-4040MMC<br><br>Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss<br><br>Hon. Maxine M. Chesney<br>Date: Case Management Conference, February 15, 2008, 10:30am (by telephone) |

PLEASE TAKE NOTICE that on Friday February 15, 2008, or as soon thereafter as practicable, before the Honorable Maxine M. Chesney, Defendants, the United States of America and the United States Department of State, will move this Court for an order staying discovery in this action pending resolution of Defendants' re-noticed Motion to Dismiss. The basis for this motion is set forth in following Memorandum of Points and Authorities.

**INTRODUCTION**

As Defendants' pending re-noticed Motion to Dismiss [1] demonstrates, Plaintiff Julia Chattler has brought this Little Tucker Act action based on an alleged breach of a contract that does not exist and an alleged violation of a regulatory requirement that also does not exist. There are no issues of fact for this Court to resolve to dismiss this action in its entirety. Thus, any discovery at this juncture is completely unnecessary and potentially wasteful of this Court's and the parties' time and resources. Nevertheless, effectively on the eve of a scheduled conference call to discuss the Joint Case Management Statement due February 8, 2008 and a date for the hearing on Defendants' re-noticed Motion to Dismiss, Plaintiff served discovery requests and noticed a Rule 30(b)(6) deposition. Those requests seek information on a broad range of topics that are entirely irrelevant to whether this Court should dismiss the claims of this individual Plaintiff for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim. Since the requested discovery is likely to be entirely obviated by this Court's ruling on Defendants' pending Motion to Dismiss, Defendants respectfully request that the Court stay all discovery pending that ruling.

**PROCEDURAL BACKGROUND**

On August 7, 2007, Plaintiff Julia Chattler filed this damages action on behalf of herself and a class of similarly situated individuals who allegedly did not receive expedited processing of their passport applications. *See* Class Action Complaint for Breach of Contract, Regulatory Violation,

---

[1] Pursuant to the January 15, 2008 Reassignment Order, Defendants were required to re-notice their Motion to Dismiss.
*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

1  and Breach of Implied Covenant of Good Faith and Fair Dealing.  While reassignment of this action
2  to a United States district judge was pending, Defendants moved to dismiss this action in its entirety
3  for lack of jurisdiction, failure to state a claim, and lack of prudential exhaustion.  *See* Defendants'
4  Motion to Dismiss (filed Oct. 9, 2007) [Dkt. No. 10].  The following day this action was reassigned
5  to the Honorable Susan Illston for all further proceedings.
6       At the December 21, 2007 hearing on Defendants' Motion, Judge Illston disclosed that she
7  "needed to get a passport this summer, and [] paid [] sixty dollars" for expedited processing.
8  Transcript of Hearing on Defendants' Motion to Dismiss ("Hearing Tr.") at 3.  While Judge Illston
9  did not "think that disqualifie[d her] from anything in this case," she indicated that "if anybody has
10  any concern about that, I would not be offended in the least if you asked me to take myself off this
11  case."  Hearing Tr. at 3.  Defendants subsequently moved for an order of recusal on grounds that
12  Judge Illston had a disqualifying financial interest in this action.  *See* Defendants' Motion for
13  Disqualification Pursuant to 28 U.S.C. § 455 (filed Jan. 9, 2008) [Dkt. No. 38].  By Order of January
14  14, 2008, Judge Illston recused herself.
15       This action was reassigned to this Court by Order of January 15, 2008.  That Order directed
16  the parties to re-notice for hearing all then-pending matters.  Counsel to the parties scheduled a
17  conference call on February 1, 2008 to discuss the Joint Case Management Statement due on
18  February 8, 2008 and a hearing date for Defendants' re-noticed Motion to Dismiss.  Defendants
19  received the discovery requests at issue in this motion the day before that scheduled conference call.
20  The parties were unable to agree to stay discovery pending resolution of Defendants' Motion to
21  Dismiss, which Defendants, after conferring with Plaintiff's counsel, re-noticed for hearing on
22  March 14, 2008.

26  *Chattler v. United States of America*, Case No. 07-4040MMC
27  Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss
28                        2

# ARGUMENT

Every court has "inherent" power to exercise its discretion to "stay proceedings" and to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 166, 81 L.Ed.2d 158 (1936). In particular, this Court has wide discretion to control the nature and timing of discovery and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1649, 60 L.Ed.2d 134 (1979). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, courts may issue protective orders upon a showing of good cause, to "protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the . . . discovery." Fed. R. Civ. P. 26(c). Courts have consistently exercised that authority to stay discovery where it appears that a pending dispositive motion may obviate discovery. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Where, as here, the pending dispositive motion challenges the court's subject-matter jurisdiction and raises no factual issues, a stay is particularly warranted. *See, e.g.*, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001); *see also Wahg v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003). Indeed, postponing discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).

**A.     Defendants' Motion to Dismiss Has a "Clear Possibility of Success."**

Defendants originally moved to dismiss this action in its entirety in lieu of answering the Complaint on October 9, 2007, and after reassignment to this Court, re-noticed their Motion to Dismiss on February 1, 2008. A stay of discovery is appropriate where a defendant's motion to dismiss "does not appear to be without some degree of foundation in law and there is a possibility

that defendant may prevail." *Ameritel Inns v. Moffat Bros.*, No. CV 06-359, 2007 WL 1792323, at *4 (D. Id. 2007); *see also Johnson v. New York University School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has "substantial grounds"). The Court, however, need not at this juncture conclude that it is a "foregone conclusion" or "immediately certain" that Defendants will prevail on their motion to grant that relief. *See, e.g., GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (reversing order denying stay where magistrate judge applied "immediately certain" standard in ruling on motion to stay discovery). Rather, it is sufficient if Defendants' motion has a "clear possibility of success." *Id.* (defining "clear possibility" as "significantly less stringent than 'immediately evident' or 'forgone conclusion'" rather "indicat[ing] that Defendant's motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success").

Defendants' pending motion clearly meets that standard. *See* Defendants' Motion to Dismiss ("Def. Mot.") at 7-25 (filed Feb. 1, 2008) [Dkt. No. 47]. As demonstrated in that motion, there are numerous grounds for dismissing this action in its entirety. *See, e.g.,* Def. Mot. at 9-10 (demonstrating that the Court lacks jurisdiction under the Tucker Act over Plaintiff's regulatory claim for special and consequential damages); *id.* at 10-11 (demonstrating that the Court alternatively should dismiss Plaintiff's regulatory claim for special and consequential damages for failure to state a claim); *id.* at 12-17 (demonstrating that the Court lacks jurisdiction under the Tucker Act over Plaintiff's contract claims because the required predicate contract is lacking); *id.* at 18-19 (demonstrating that the Court alternatively lacks jurisdiction over Plaintiff's contract claims to the extent she seeks to recover more than a refund of the fee she paid for expedited processing of her passport); *id.* at 19-22 (demonstrating that the Court should dismiss Plaintiff's refund claim as a prudential matter because she failed to submit that claim first to the Department of State); *id.* at 22-25 (demonstrating that under well-established rules of statutory construction, Plaintiff has failed to state a claim of a violation of the Department's regulations governing expedited passport

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

4

processing). Each of these grounds finds support in the case law. *See id.* at 7-25. Thus, if Defendants prevail on some or all of those grounds, the requested discovery will be substantially – if not entirely – obviated. Under these circumstances, the requested stay is warranted and would preclude an unnecessary expenditure of time and resources by the parties or the Court. *See, e.g., Orchid Biosciences*, 198 F.R.D. at 675 (noting that "[s]hould Defendant[s] prevail on [their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources").

   **B. The Record Before the Court Is More Than Sufficient to Decide Defendants' Motion to Dismiss Without Further Development of the Record.**

  Defendants' Motion to Dismiss does not raise any factual issues. Rather, the jurisdictional and failure-to-state-a-claim arguments in that Motion rely on well-established legal principles, unambiguous regulatory language, and documents incorporated by reference into Plaintiff's Complaint. *See, e.g.,* Def. Mot. at 10 (demonstrating that Plaintiff's regulatory claim for special and consequential damages should be dismissed for lack of jurisdiction because "[n]othing in th[e] language or elsewhere in the expedited processing regulations can be construed as requiring compensation beyond th[e] refund if the service is not provided."); *id.* at 13-17 (demonstrating that Plaintiff's contract claims should be dismissed because, as a matter of law, neither the website language nor passport instructions cited in the Complaint created a contract on which to predicate this Court's Tucker Act jurisdiction); *id.* at 22-25 (demonstrating that, under well-settled principles of statutory construction, Plaintiff has failed to state a claim of a regulatory violation). Indeed, Plaintiff herself has only suggested that Defendants' prudential exhaustion argument might require further development of the factual record. *See* Notice of Motion and Plaintiff's Motion to Stay Ruling on Motion to Dismiss at 1 (filed Nov. 30, 2007) [Dkt. No. 24]. However, as to Plaintiff's individual claims – which are the only ones presently before the Court – the facts relevant to even that issue are undisputed: (1) in June 2007, when Plaintiff applied for her passport, the Department's website informed applicants that they could request a refund of the expedite fee if they had reason to

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

5

believe they paid for but did not receive that service: and (2) Plaintiff to date has not requested a refund of the expedite fee she paid. *See, e.g.,* Reply in Support of Plaintiff's Motion to Stay Ruling on Motion to Dismiss at 6 (filed Dec. 18, 2007) [Dkt. No. 31] (conceding the existence in June 2007 of the Department's website link explaining the refund process); *id.* at 6-7 (taking no issue with Defendants' assertion that Plaintiff has not applied for a refund through the Department's refund process). The Ninth Circuit has repeatedly regarded discovery under such circumstances as not appropriate. *See, e.g., Wagh*, 363 F.3d at 829 ("discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion"); *Jarvis*, 833 F.2d at 155 (same); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same). Courts, moreover, have recognized that "[d]iscovery is itself one of the burdens from which [D]efendants are sheltered by the immunity doctrine," an issue implicated by Defendants' Motion to Dismiss (*see* Def. Mot. at 7-16). *See Martin v. D.C. Metropolitan Police Dep't*, 812 F.2d 1425, 1430 (D.C. Cir.), *vacated in part on other grounds*, 817 F.2d 144 (D.C. Cir. 1987); *cf Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 2736, 73 L.Ed.2d 396, 408 (1982) (identifying as among the "social costs" against which immunity guards "the expenses of litigation [and] the diversion of official energy from pressing public issues"). Thus, the Court should order that discovery be stayed pending resolution of Defendants' Motion.

### C. Plaintiff's Discovery Requests Are Irrelevant to the Dispositive Issues Raised in Defendants' Motion to Dismiss.

Plaintiff's discovery requests seek information that has no bearing on whether her individual claims should be dismissed for lack of jurisdiction, failure to exhaust administrative remedies, or failure to state a claim. *See* Def. Mot. at 7-25. Rather those requests clearly seek information related to class certification, the dubious merits of her claims, in particular her claim that the Department is

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

6

required to automatically refund the expedite fee to applicants who failed to receive that service, [2/] and publicly available information. *See* Plaintiff's First Set of Special Interrogatories (requesting, for example, information on the number of passport applications and refund requests processed since January 2001, the Department's procedures for processing passport applications, and its methodology for calculating the three (3) business day period referenced in 22 C.F.R. § 51.66(b)), [3/] attached hereto; Plaintiff's First Request for Production of Documents (requesting, for example, "public statements" the Department made "regarding refunds of expedited processing fees" and "regarding delays in processing passport applications," policies and procedures related to "lockboxes," various versions of the Department's website pages at "http://travel.state.gov/passport" and "http://travel.state.gov," and documents relating to "any assessment(s) of [] ability to pay refunds of expedited processing fees automatically"), attached hereto. Discovery into these areas will not assist the Court's determination of the issues raised in Defendants' Motion to Dismiss and thus such discovery clearly ought await that determination. Thus, the requested stay pending the Court's ruling on Defendants' Motion to Dismiss is warranted on this alternative ground.

---

[2/] The Department's expedited processing regulations do not require automatic refunds. *See* Def. Mot. Pt. III, at 22-25. In contrast to the provision governing refunds of the expedite fee, 22 C.F.R. 22.6 expressly provides for automatic refunds. *Compare* 22 C.F.R. 51.63(c) ("The passport expedite fee will be refunded if the Passport Agency does not provide the requested expedited processing as defined in § 51.66") *with* 22. C.F.R. 22.6(b) ("An *automatic* refund on overpayments due to misinformation or mistakes on the part of the Department of State will be made." (emphasis added)).

[3/] At the time that Plaintiff applied for her passport, Section 51.66(b) provided that:

Expedited passport processing shall mean completing processing within 3- business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expedited processing is approved. The processing will be considered completed when the passport is ready to be picked up by the applicant or is mailed to the applicant.

22 C.F.R. § 51.66(b).

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

7

**D.     Defendants Alternatively Require a Protective Order from Discovery Intended to Harass or Annoy.**

A protective order is alternatively warranted here to prevent Defendants from annoyance. *See* Fed. R. Civ. P. 26(c) (authorizing the Court to enter a protective order "to protect a party or person from annoyance"). Last November, Defendants represented to Plaintiff that the Department had "instructed all relevant personnel to maintain all documents currently in their possession or subsequently created that are relevant to Plaintiff's claims in this action." Joint Case Management Statement (filed Nov. 28, 2007) [Dkt. No. 16]. Notwithstanding that representation – and months later – Plaintiff purportedly noticed Rule 30(b)(6) depositions solely on the issue of the Department's "document preservation policies." *See* Notice of Deposition of Defendants Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, attached hereto. Plaintiff did not confer with defense counsel before noticing that deposition as required by Local Civil Rule 30-1, and thus her Notice is invalid. *See* Local Civ. R. 30-1 (requiring that "before noticing a deposition of a party or witness affiliated with a party, the noticing party *must confer* about the scheduling of the deposition with opposing counsel" (emphasis added)). Rather, that Notice arrived unexpectedly the day before the parties' previously scheduled conference call to discuss the Joint Case Management Statement (which addresses discovery) due February 8, 2008 and to decide on a hearing date for Defendants' re-noticed Motion to Dismiss.

The Notice, moreover, provides less than two-weeks' notice to counsel and parties located on the East Coast of two depositions in Berkeley, California. Plaintiff's counsel also inexplicably noticed those depositions on February 13 and 14, 2008 – dates when she knew defense counsel was not available to defend the depositions. *See, e.g.,* Joint Stipulation re Defense Counsel's Participation in Case Management Conference by Telephone ¶ 3 (filed Jan. 22, 2008) [Dkt. No. 44] (explaining that defense counsel would be on leave and not available to appear in person at the case management conference on February 15, 2008). Since these circumstances suggest that Plaintiff's

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

discovery requests, in particular the Rule 30(b)(6) deposition notice, were intended to annoy or harass Defendants, a protective order from that discovery is also warranted on that basis.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and stay all discovery in this action pending the resolution of Defendants' Motion to Dismiss.

Date: February 4, 2008
Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

   /s /Jacqueline Coleman Snead

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA CHATTLER,<br><br>PLAINTIFF<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF STATE,<br><br>DEFENDANTS. | Case No. 07-4040-MMC<br><br>Proposed Order |

Upon consideration of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, the Opposition thereto, and the complete record in this case, it is hereby

ORDERED that Defendants' Motion is GRANTED. Discovery in this action is stayed pending further order of the Court.

SO ORDERED.

Dated: _____          _____
                                          UNITED STATES DISTRICT
                                          COURT JUDGE

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants' Motion to Stay Discovery was served electronically on February 4, 2008 through the Northern District of California Electronic Case File System (ECF) and that the document is available for viewing and downloading on that system.

                                          /s /Jacqueline Coleman Snead
                                          Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss