# Exhibit A

# Plaintiff's Discovery Requests

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>                              Defendants. | No. C 07-04040 MMC<br><br>PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES<br><br>ACTION FILED: August 7, 2007 |

1    PROPOUNDING PARTY:        PLAINTIFF

2    RESPONDING PARTY:         DEFENDANTS

3    SET NUMBER:               ONE

4    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please respond in writing and

5    under oath to the following special interrogatories within 30 days of the date of service hereof.

6    Please serve the responses on Plaintiff's counsel, Hagens Berman Sobol Shapiro LLP, 715 Hearst

7    Avenue, Suite 202, Berkeley, California 94710. Unless otherwise specified, the time period to

8    which these special interrogatories relate and for which you should provide the information

9    requested is January 1, 2001 to the present.

10                          **I.    DEFINITIONS**

11       1.       "BARRETT DECLARATION" refers to the Declaration of Ann Barrett In Support

12   of Defendants' Motion to Dismiss, filed with the Court in this litigation on October 9, 2007.

13       2.       "PERSON" or "PERSONS" shall mean any natural person, proprietorship, public or

14   private corporation, partnership, joint venture, trust, association, company, firm, government or

15   governmental entity (including any government agency, board, authority, commission or political

16   subdivision or department thereof), or any other form of business or legal entity, organization or

17   arrangement, group or association.

18       3.       "RELATING TO" or "RELATE TO" means, without limitation, constituting,

19   mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating,

20   tending to prove or disprove or explaining.

21       4.       "YOU" and "YOUR" mean or refer to the responding party and its predecessors in

22   interest, subsidiaries, affiliates, parents, partners, holding companies, divisions, departments,

23   operating units, contractors and/or other subdivisions; their present and former directors, officers,

24   employees, agents, attorneys, consultants, and representatives; and all persons either acting or

25   purporting to act on behalf of the above, or any of them.

26       5.       The following rules of construction shall apply to all discovery requests:

27               (a)      The terms "all" and "each" shall be construed as all and each;

28

PL'S FIRST SET OF SPECIAL INTERROGS. –         - 1 -
NO. C 07-04040 MMC
001980-11 219514 V2

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)    "Concerning" means relating to, referring to, describing, evidencing or constituting;

(d)    "Including" shall be construed to mean "without limitation"; and

(e)    The use of the singular form of any word includes the plural and vice versa.

## II.    RELEVANT TIME PERIOD

Unless otherwise indicated, this discovery request seeks information concerning the time period, January 1, 2001 to the present (the "Relevant Time Period"), or that RELATE TO the Relevant Time Period, whenever prepared.

## III.    INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State the number of passport applications received by YOU per year during the Relevant Time Period.

**SPECIAL INTERROGATORY NO. 2:**

State the number of requests for expedited passport processing received by YOU per year during the Relevant Time Period.

**SPECIAL INTERROGATORY NO. 3:**

Identify and describe YOUR methodology for calculating the three (3) business day period referenced in 22 C.F.R. 51.66(b).

**SPECIAL INTERROGATORY NO. 4:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at an authorized passport application acceptance facility.

**SPECIAL INTERROGATORY NO. 5:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at a lockbox facility.

**SPECIAL INTERROGATORY NO. 6:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at a passport agency or center.

**SPECIAL INTERROGATORY NO. 7:**

State the number of requests received by YOU per year during the Relevant Time Period for refunds of expedited passport processing fees.

**SPECIAL INTERROGATORY NO. 8:**

State the total number of refunds provided by YOU per year during the Relevant Time Period of expedited passport processing fees.

**SPECIAL INTERROGATORY NO. 9:**

State all facts supporting YOUR contention in paragraph 46 of the BARRETT DECLARATION that "The Department's refund procedure . . . reflects the Department's longstanding practices regarding refunds of the expedited service fee."

**SPECIAL INTERROGATORY NO. 10:**

State all facts supporting YOUR contention in paragraph 7 of the BARRETT DECLARATION that personnel at passport acceptance facilities forward passport applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for processing."

**SPECIAL INTERROGATORY NO. 11:**

State all facts supporting YOUR contention in paragraph 32 of the BARRETT DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

**SPECIAL INTERROGATORY NO. 12:**

Identify and describe all information, both currently and historically, that must be provided from an applicant to YOU to qualify for a refund of an expedited processing fee.

**SPECIAL INTERROGATORY NO. 13:**

Identify and describe all criteria used by YOU, both currently and historically, to determine whether or not an applicant is entitled to a refund of the expedited processing fee.

**SPECIAL INTERROGATORY NO. 14:**

Identify and describe all assessments of passport processing time or expedited passport processing time, including any statistical or data analyses, performance or data tracking, or other measures or metrics, conducted or tracked by YOU during the Relevant Time Period, including for each assessment:

        (a)    with what frequency the assessment is or was conducted;

        (b)    the date(s) on which the assessment was initiated;

        (c)    a description of the assessment and its methodology, the reason for the assessment, the name and address of the PERSONS to whom the results of the assessment are given, and the uses of the information compiled, tracked, analyzed or produced by the assessment;

        (d)    the data or information used in conducting the assessment; and

        (e)    the names and addresses of the PERSON or PERSONS responsible for initiating and conducting the assessment.

**SPECIAL INTERROGATORY NO. 15:**

Identify and describe the policies, procedures and practices related to YOUR processing of expedited passport applications, including in your answer:

        (a)    the location(s) where expedited passport applications are received and processed;

        (b)    a description of the physical facilities;

        (c)    all information concerning the management of the facilities, including whether they are run by YOU or by a contractor; who works at the facilities, including the job descriptions and number of personnel; and who has access to the facilities;

1      (d)    what records or information are created, maintained, stored or tracked at the

2  facilities; and

3      (e)    a description of the work-flow, processes or procedures that occur in relation

4  to handling and processing expedited passport applications at the facilities.

5  **SPECIAL INTERROGATORY NO. 16:**

6      Identify and describe the policies, procedures and practices related to the "lockboxes"

7  described in the BARRETT DECLARATION, including in your answer:

8      (a)    the location of the lockbox facilities;

9      (b)    a description of the physical facilities;

10     (c)    all information concerning the management of the lockbox facilities,

11 including whether they are run by YOU or by a contractor; who works at the facilities, including

12 the job descriptions and number of personnel; and who has access to the facilities;

13     (d)    what records or information are created, maintained, stored or tracked at the

14 lockbox facilities; and

15     (e)    a description of the work-flow, processes or procedures that occur in relation

16 to handling and processing passport applications at the facilities.

17 **SPECIAL INTERROGATORY NO. 17:**

18     Identify and describe all assessments of the number of people who paid for expedited

19 passport processing and who did not receive expedited passport processing, including any

20 statistical or data analyses, performance or data tracking, or other estimates or reviews, conducted

21 by YOU during the Relevant Time Period, including for each assessment:

22     (a)    with what frequency the assessment is or was conducted;

23     (b)    the date(s) on which the assessment was initiated;

24     (c)    the results of the assessment;

25     (d)    a description of the assessment and its methodology, the reason for the

26 assessment, the name and address of the PERSONS to whom the results of the assessment were

27 given, and the uses of the information compiled, tracked, analyzed or produced by the assessment;

28     (e)    the data or information used in conducting the assessment; and

1    (f)    the names and addresses of the PERSON or PERSONS responsible for

2  initiating and conducting the assessment.

3

4  DATED: January 30, 2008                HAGENS BERMAN SOBOL SHAPIRO, LLP

5                                         By_____
                                               SHANA E. SCARLETT

6

7                                         Reed R. Kathrein (139304)
                                          Hagens Berman Sobol Shapiro LLP
                                          715 Hearst Avenue, Suite 202
8                                         Berkeley, CA  94710
                                          Telephone: (510) 725-3000
9                                         Facsimile: (510) 725-3001

10                                        Robert B. Carey (*Pro Hac Vice*)
                                          Hagens Berman Sobol Shapiro LLP
11                                        2425 East Camelback Road, Suite 650
                                          Phoenix, AZ  85016
12                                        Telephone: (602) 840-5900
                                          Facsimile: (602) 840-3012
13

14                                        Steve Berman (*Pro Hac Vice*)
                                          Hagens Berman Sobol Shapiro LLP
15                                        1301 Fifth Avenue, Suite 2900
                                          Seattle, WA  98101
16                                        Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594

17                                        Megan E. Waples (*Pro Hac Vice*)
                                          The Carey Law Firm
18                                        2301 East Pikes Peak Avenue
                                          Colorado Springs, CO  80909
19                                        Telephone: (719) 635-0377
                                          Facsimile: (719) 635-2920
20

21                                        Attorneys for Plaintiff

22

23

24

25

26

27

28

1

**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

2

I, the undersigned, declare:

3

1.      That declarant is and was, at all times herein mentioned, a resident of the United

4    States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years,

5    and not a party to or interested party in the within action; that declarant's business address is 715

6    Hearst Avenue, Suite 202, Berkeley, California 94710.

7

2.      That on January 30, 2008, declarant served by overnight delivery, via United Parcel

8    Service, Inc., PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES to the parties listed

9    on the attached Service List.

10

3.      That on January 30, 2008, declarant served by e-mail, PLAINTIFF'S FIRST SET

11   OF SPECIAL INTERROGATORIES to the parties listed on the attached Service List.

12

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th

13   day of January, 2008, at Berkeley, California.

14

15
_____

KIRSTEN ERICKSON

16

17

18

19

20

21

22

23

24

25

26

27

28

*Chattler v. The United States of America, et al.* .
Case No. C 07-04040 JL

Service List
January 30, 2008

**Counsel for Defendants**

Jacqueline Coleman Snead
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
jacqueline.snead@usdoj.gov

**Counsel for Plaintiff**

Megan E. Waples
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated, | ) ) | No. C 07-04040 MMC |
| Plaintiff, | ) ) ) | PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) | |
| Defendants. | ) ) | ACTION FILED: August 7, 2007 |

1    PROPOUNDING PARTY:    PLAINTIFF

2    RESPONDING PARTY:    DEFENDANTS

3    SET NUMBER:    ONE

4    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to respond

5    within thirty (30) days after service is made upon you for the following requests for production of

6    documents, in writing and under oath, and to provide for inspection and copying of these

7    documents at the offices of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202,

8    Berkeley, California 94710. In answering these requests for production of documents you should

9    identify all documents within the possession, custody, or control of you, your attorneys, your

10    agents or your employees.

11    Defendants are required to produce all requested documents that are in the Defendants'

12    actual or constructive possession, custody or control, or in the actual or constructive possession,

13    custody or control of the Defendants' officers, employees, agents, contractors, representatives or

14    attorneys. Defendants shall produce said documents as they are kept in the usual course of

15    business and shall organize and label them to correspond with the categories in the request.

16    Plaintiff requests that such production be made in accordance with the "DEFINITIONS"

17    and "INSTRUCTIONS" set forth below.

## I.    DEFINITIONS

19    1.    "BARRETT DECLARATION" refers to the Declaration of Ann Barrett In Support

20    of Defendants' Motion to Dismiss, filed with the Court in this litigation on October 9, 2007.

21    2.    "COMMUNICATIONS" shall mean any communication or transmittal of

22    information whatsoever, whether oral (in person or by telephone) or written or by e-mail, between

23    or among any PERSONS (in the form of facts, ideas, inquiries, or otherwise), and the originals and

24    all non-identical copies of all documents, including drafts, sent by YOU or received by YOU from

25    any PERSON (including, without limitation, inter- and intra-office memoranda, and other

26    communications).

27    3.    "DOCUMENT" or "DOCUMENTS" shall mean and include all "writings,"

28    "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34

1    and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing,

2    the term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored

3    data-files including e-mail, instant messaging, shared network files and databases. With respect to

4    electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic

5    or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs,

6    DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as

7    an "active" or backup file, in its native format.

8        4.    "YOU" and "YOUR" mean or refer to the responding party, and its predecessors in

9    interest, subsidiaries, affiliates, parents, partners, holding companies, divisions, departments,

10   operating units, contractors and/or other subdivisions; their present and former directors, officers,

11   employees, agents, attorneys, consultants, and representatives; and all PERSONS either acting or

12   purporting to act on behalf of the above or any of them.

13       5.    "PERSON" or "PERSONS" shall mean any natural person, proprietorship, public or

14   private corporation, partnership, joint venture, trust, association, company, firm, government or

15   governmental entity (including any government agency, board, authority, commission or political

16   subdivision or department thereof) or any other form of business or legal entity, organization or

17   arrangement, group or association.

18       6.    "RELATING TO" or "RELATE TO" means, without limitation, constituting,

19   mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating,

20   tending to prove or disprove or explaining.

21       7.    The following rules of construction shall apply to all discovery requests:

22           (a)    The terms "all" and "each" shall be construed as all and each;

23           (b)    The connectives "and" and "or" shall be construed either disjunctively or

24   conjunctively as necessary to bring within the scope of the discovery request all responses that

25   might otherwise be construed to be outside of its scope;

26           (c)    "Concerning" means RELATING TO, referring to, describing, evidencing or

27   constituting;

28

1     (d)  "Including" shall be construed to mean "without limitation"; and

2     (e)  The use of the singular form of any word includes the plural and vice versa.

3       **II.  INSTRUCTIONS**

4    1.  These requests call for the production of all responsive DOCUMENTS that are

5 within the possession, custody or control of YOU.

6    2.  If any DOCUMENT covered by these requests is withheld by reason of a claim of

7 attorney-client privilege, attorney work product protection, or any other privilege or protection,

8 please furnish a log providing the following information with respect to each such withheld

9 DOCUMENT: date, author, recipients, general subject matter and legal basis upon which the

10 DOCUMENT has been withheld.

11    3.  With respect to any DOCUMENT maintained or stored electronically, please

12 harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

13    4.  Please produce all DOCUMENTS maintained or stored electronically in native,

14 electronic format with all relevant metadata intact.  Encrypted or password-protected

15 DOCUMENTS should be produced in a form permitting them to be reviewed.  YOU are also

16 requested to immediately meet and confer regarding the manner in which YOU shall produce

17 DOCUMENTS stored electronically in order for the parties to try and reach agreement in this

18 regard and avoid any unnecessary expense.

19    5.  Please organize electronic DOCUMENTS produced for inspection in the same

20 manner that YOU store them (e.g., if maintained by a custodian, such as e-mail residing on an e-

21 mail server, please organize DOCUMENTS for production by custodian; if maintained as a

22 subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for

23 production by custodian with path information preserved, etc.)

24    6.  To the extent responsive DOCUMENTS reside on databases and other such systems

25 and files, YOU are requested to produce the relevant database in useable form and/or permit access

26 for inspection, review and extraction of responsive information.

27    7.  At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form

28 can be produced as searchable .PDF (i.e., portable document format files with embedded text) and

1    in an appropriate and usable manner (e.g., by copying such data onto a USB 2.0 external hard
2    drive).

3          8.     These requests require production of paper DOCUMENTS in the same form and
4    same order as they are kept in the usual course of business, or organized and labeled to correspond
5    with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be
6    produced in the boxes, file folders, binders and other containers in which the DOCUMENTS are
7    found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers
8    are to be left intact.

9          9.     DOCUMENTS stored as electronic data on magnetic, optical, or other storage
10   media as "active" or "backup" files shall be produced in their native formats with any associated
11   metadata.

12         10.    Each document request, and each subpart thereof, shall be separately set forth and
13   accorded a separate answer. Each response shall first set forth verbatim the document request to
14   which it is responsive, followed by YOUR response.

15         11.    No part of a document request shall be left unanswered merely because an objection
16   was interposed to another part of the document request.

17         12.    If YOU object to any document request or subpart thereof, the objection shall state
18   with specificity all grounds. Any ground not stated shall be waived.

19         13.    If YOU are unable to answer any document request, the reasons for YOUR inability
20   to answer shall be separately stated in detail for each document request.

21         14.    Failure to provide information in response to these document requests will be
22   deemed a waiver of YOUR right to produce such evidence at trial. Plaintiff reserves the right to
23   move to preclude the introduction of any evidence not produced in response to this Request.

24         15.    These requests shall be deemed continuing so as to require further and supplemental
25   production in accordance with Federal Rule of Civil Procedure 26(e).

26

27

28

1

### III.     RELEVANT TIME PERIOD

2      Unless otherwise indicated, this discovery request seeks DOCUMENTS and information

3   concerning the time period, January 1, 2001 to the present (the "Relevant Time Period") or that

4   RELATE TO the Relevant Time Period, whenever prepared.

5

### IV.     REQUESTS

6   **REQUEST NO. 1:**

7      All DOCUMENTS supporting the statement in paragraph 46 of the BARRETT

8   DECLARATION that "The Department's refund procedure . . . reflects the Department's

9   longstanding practices regarding refunds of the expedited service fee."

10  **REQUEST NO. 2:**

11     All DOCUMENTS supporting the statement in paragraph 7 of the BARRETT

12  DECLARATION that personnel at passport acceptance facilities forward passport applications to a

13  lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for

14  processing."

15  **REQUEST NO. 3:**

16     All DOCUMENTS supporting the statement in paragraph 32 of the BARRETT

17  DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in

18  significant delays in the ability of the lockbox operator to forward the applications to the

19  appropriate passport agencies."

20  **REQUEST NO. 4:**

21     All public statements made by YOU regarding refunds of expedited processing fees,

22  including but not limited to all statements made on the Internet, news articles, telephone scripts,

23  form responses to inquiries from passport applicants, press releases or other public

24  COMMUNICATIONS, DOCUMENTS provided to Congress, its members or their staff and

25  Congressional testimony.

26  **REQUEST NO. 5:**

27     All public statements made by YOU regarding delays in processing passport applications,

28  including both routine applications and expedited processing requests, including but not limited to

PL.'S FIRST REQ. FOR PROD. OF DOCS. – NO. C 07-04040        - 5 -
MMC
001980-11 213225 V1

1    all statements made on the Internet, news articles, telephone scripts, form responses to inquiries

2    from passport applicants, press releases or other public COMMUNICATIONS, DOCUMENTS

3    provided to Congress, its members or their staff and Congressional testimony.

4    **REQUEST NO. 6:**

5         All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED

6    TO YOUR refund procedures for expedited passport processing fees, including but not limited to

7    training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or

8    informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

9    **REQUEST NO. 7:**

10        All DOCUMENTS RELATING TO the policies, procedures and practices RELATED TO

11   the "lockboxes" described in the BARRETT DECLARATION, including but not limited to

12   training materials, procedures, manuals, memos, work-flow charts, notices, bulletins and contracts.

13   **REQUEST NO. 8:**

14        All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED

15   TO YOUR handling of requests for expedited passport processing, including but not limited to

16   training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or

17   informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

18   **REQUEST NO. 9:**

19        All versions of YOUR Web pages, current and historical, found at or in any level of the

20   subdirectory of http://travel.state.gov/passport during the Relevant Time Period and all Web pages

21   linked from this page up to three (3) levels deep that are also resident on YOUR web server.

22   **REQUEST NO. 10:**

23        All versions, current and historical, of the page http://travel.state.gov during the Relevant

24   Time Period.

25   **REQUEST NO. 11:**

26        All DOCUMENTS RELATING TO any assessment(s) of passport processing time or

27   expedited passport processing time, including any statistical or data analyses, performance or data

28

1  tracking, or other measures or metrics, conducted or tracked by YOU and all DOCUMENTS

2  reflecting the results of the assessment(s).

3  **REQUEST NO. 12:**

4       All COMMUNICATIONS RELATING TO any assessment(s) of passport processing time

5  or expedited passport processing time.

6  **REQUEST NO. 13:**

7       All DOCUMENTS relied upon or used by YOU in conducting any assessment(s) of

8  passport processing time or expedited passport processing time.

9  **REQUEST NO. 14:**

10      All DOCUMENTS RELATING TO any assessment(s) of the number of people who paid

11  for expedited passport processing and who did not receive expedited passport processing, including

12  but not limited to any statistical or data analyses, performance or data tracking, or other estimates

13  or reviews and all DOCUMENTS reflecting the results of the assessment(s).

14  **REQUEST NO. 15:**

15      All COMMUNICATIONS concerning any assessment(s) of the number of people who paid

16  for expedited passport processing and who did not receive expedited passport processing.

17  **REQUEST NO. 16:**

18      All DOCUMENTS relied upon or used in conducting any assessment(s) of the number of

19  people who paid for expedited passport processing and who did not receive expedited passport

20  processing.

21  **REQUEST NO. 17:**

22      All DOCUMENTS RELATING TO any assessment(s) of YOUR ability to pay refunds of

23  expedited processing fees automatically, without requiring a passport applicant to initiate the

24  request and all DOCUMENTS reflecting the results of the assessment(s).

25  **REQUEST NO. 18:**

26      All COMMUNICATIONS concerning any assessment(s) of YOUR ability to pay refunds

27  of expedited processing fees automatically, without requiring a passport applicant to initiate the

28  request.

**REQUEST NO. 19:**

All DOCUMENTS relied upon or used in conducting any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request.

**REQUEST NO. 20:**

All DOCUMENTS RELATED TO the decision to alter or change YOUR policies and procedures RELATED TO handling requests for refunds of expedited passport processing fees.

**REQUEST NO. 21:**

All DOCUMENTS RELATED TO YOUR decision to alter 22 C.F.R. 51.66(b), including but not limited to all COMMUNICATIONS, meeting minutes, e-mails, reports or other material.

**REQUEST NO. 22:**

All DOCUMENTS RELATING TO YOUR statement in the Federal Register, 59 FR 48998, that "[t]here will be situations in which expedited passport processing cannot be completed within three days.... The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded."

**REQUEST NO. 23:**

All DOCUMENTS that were identified in answer to, or the identification of which were requested in, or assisted YOU with or were created during the process of responding to Plaintiff's First Set of Special Interrogatories, including printouts showing the result of the use or search of any and all databases, files, or other electronic or computer systems utilized in this process; and any and all programming, command language, codes, or other queries or searches formulated or used in this process.

DATED: January 30, 2008          HAGENS BERMAN SOBOL SHAPIRO, LLP

By _A. Scarlett_____
                              SHANA E. SCARLETT

Reed R. Kathrein (139304)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202

1

2

Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

3

4

5

Robert B. Carey (*Pro Hac Vice*)
Hagens Berman Sobol Shapiro LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

6

7

8

9

Steve Berman (*Pro Hac Vice*)
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

10

11

12

13

Megan E. Waples (*Pro Hac Vice*)
The Carey Law Firm
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

14

Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

2.    That on January 30, 2008, declarant served by overnight delivery, via United Parcel Service, Inc., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to the parties listed on the attached Service List.

3.    That on January 30, 2008, declarant served by e-mail, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January, 2008, at Berkeley, California.

_____
KIRSTEN ERICKSON

*Chattler v. The United States of America, et al.*
Case No. C 07-04040 JL

Service List
January 30, 2008

**Counsel for Defendants**

Jacqueline Coleman Snead
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
jacqueline.snead@usdoj.gov

**Counsel for Plaintiff**

Megan E. Waples
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | No. C 07-04040 MMC<br><br>NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>ACTION FILED: August 7, 2007 |

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, by her counsel, will take the deposition of Defendants THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE as follows:

| Deponent | Date and Time | Place |
|---|---|---|
| The United States of America | February 13, 2008 at 9:00 a.m. | Hagens Berman Sobol Shapiro LLP 715 Hearst Avenue, Suite 202 Berkeley, CA 94710 Telephone: (510) 725-3000 |
| The United States Department of State | February 14, 2008 at 9:00 a.m. | Hagens Berman Sobol Shapiro LLP 715 Hearst Avenue, Suite 202 Berkeley, CA 94710 Telephone: (510) 725-3000 |

Said depositions will be taken before a notary public or some other officer qualified to administer oaths pursuant to Federal Rule of Civil Procedure 28(a), will be recorded by a stenographer, and will continue from day-to-day excluding Sundays and holidays until the examination is completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE are to designate and produce for deposition at that time one or more of its officers, directors, employees or agents who are most qualified to testify on its behalf as to the subject matters identified in Schedule A attached hereto.

DATED this 30th day of January, 2008.    HAGENS BERMAN SOBOL SHAPIRO LLP

By    _____
SHANA E. SCARLETT

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP

2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

Attorneys for Plaintiff

**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

2.     That on January 30, 2008, declarant served by overnight delivery, via United Parcel Service, Inc., NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE to the parties listed on the attached Service List.

3.     That on January 30, 2008, declarant served by e-mail, NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January 2008, at Berkeley, California.

_____
KIRSTEN ERICKSON

*Chattler v. The United States of America, et al.*
Case No. C 07-04040 JL

Service List
January 30, 2008

**Counsel for Defendants**

Jacqueline Coleman Snead
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
jacqueline.snead@usdoj.gov

**Counsel for Plaintiff**

Megan E. Waples
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

## SCHEDULE A

### I.    DEFINITIONS

1.    "YOU," or "YOUR" refers to the responding party and its divisions, contractors, operating units, as well as their respective present and former officers, directors, attorneys, accountants, employees, representatives, agents or other PERSONS occupying similar positions or performing similar functions.

2.    "PERSON" or "PERSONS" refers to any natural PERSON, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement, group or association.

3.    "DOCUMENT" or "DOCUMENTS" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored data-files including e-mail, instant messaging, shared network files and databases. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

4.    "CONCERN" or "CONCERNING" or "RELATING" means all DOCUMENTS that explicitly or implicitly, in whole or in part, were received in conjunction with, or were generated as a result of, the subject matter of the request, including, but not limited to, all DOCUMENTS that reflect, record, memorialize, discuss, describe, compare, consider, CONCERN, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon or impact the subject matter of the request.

## II.    SUBJECT MATTERS

In accordance with Federal Rule of Civil Procedure 30(b)(6), YOU are advised of YOUR duty to designate one or more of YOUR officers, directors, employees, managing agents or other PERSONS most qualified to testify on YOUR behalf with respect to the following:

1.    YOUR DOCUMENT preservation policies, as described in Defendants' section entitled "Evidence Preservation" in the Joint Case Management Conference Statement, specifically including:

(a)    the types of material to be preserved, including:

(i)    all computer systems, including data processing or data storage systems, used during the period from August 7, 2001 until the present ("the Relevant Time Period") to create, process or store records or information RELATING to passport applications, including the operating systems, software programs, back-up apparatus and any other electronic data storage;

(ii)    all records, whether electronic or otherwise, created in the handling and processing of passport applications during the Relevant Time Period, including the format in which the records are created and stored the information contained in those records, the locations in which those records are stored and the methods for accessing those records;

(iii)    all computer systems, including data processing or data storage systems, used during the Relevant Time Period to create, process or store records or information RELATING to requests for refunds of expedited passport fees;

(iv)    all records, whether electronic or otherwise, created in the handling and processing of requests for refunds of expedited passport fees during the Relevant Time Period, including the format in which the records are created and stored, the information contained in those records, the locations in which those records are stored and the methods for accessing those records;

(v)    all records, whether electronic or otherwise, RELATING to individual inquiries made to the National Passport Information Center or the temporary call center established by YOU RELATING to passport status, passport processing and expedited processing;

(b)    information CONCERNING YOUR scanning of paper applications, including all computer systems, data processing or data storage systems and optical storage devices used,

including the brand, type and software; the locations in which paper applications are being stored and/or scanned; the scope of the scanning program, including number of paper applications submitted in the Relevant Time Period that have not been scanned and whether YOU plan to scan them; and the preservation, if any, of paper applications after scanning;

   (c)  the subject matter, time frame, the authors and job titles, and methods used (or to be used) in identifying or searching for responsive materials;

   (d)  the PERSONS responsible for carrying out YOUR preservation obligations;

   (e)  any private contractors who may be custodians of the records, data, data processing and storage devices or other discoverable materials;

   (f)  the form and method of providing notice of the duty to preserve to PERSONS identified as custodians of DOCUMENTS, data and tangible things, including private contractors;

   (g)  the mechanisms for monitoring, certifying or auditing custodian compliance with preservation obligations;

   (h)  whether preservation will require suspending or modifying any routine business processes or procedures, with special attention to DOCUMENT management programs and the recycling of computer data storage media;

   (i)  the methods to preserve any volatile but potentially discoverable material, such as voicemail, active data in databases or electronic messages; this includes describing all methods, programs and procedures currently in place, or to be instituted in the future, to archive e-mails, including whether or not such e-mail will be "reasonably accessible" as described in Federal Rule of Civil Procedure 26(b)(2) and the estimated costs associated with retrieving such archived information;

   (j)  the mechanism(s) in place, if any, to review and modify the preservation obligation as discovery proceeds, so as to eliminate or add particular categories of DOCUMENTS, data and tangible things;

   (k)  the date(s) that YOU commenced each evidence preservation measure; and

   (l)  the locations YOU have identified as potentially having responsive materials.