REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | No. C 07-04040 MMC |
| Plaintiff, | ) ) ) ) | PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) | DATE:  February 22, 2008 TIME:   9:00 a.m. DEPT:   Courtroom 7, 19th Floor |
| Defendants. | ) ) ) | ACTION FILED: August 7, 2007 |

1

**TABLE OF CONTENTS**

2   I.      PROCEDURAL HISTORY ................................................................................ 1

3   II.     ARGUMENT ................................................................................................... 2

4           A.      Defendants Have Not Met Their Burden to Show Good Cause Based
                    Solely on Their Pending Motions to Dismiss and Discovery Should
5                   Therefore Go Forward ......................................................................... 4

6           B.      Defendants' Motions to Dismiss Raise Factual Issues That Require
                    Further Development of the Record ...................................................... 8

7
            C.      Plaintiff Is Entitled to Responses on the Discovery Propounded ............. 10
8
            D.      Plaintiff Is Entitled to Deposition Testimony on the Narrow Topic of
9                   Defendants' Preservation Measures .......................................................... 11

10  III.    CONCLUSION ............................................................................................. 15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*B.R.S. Land Investors v. United States*
    596 F.2d 353 (9th Cir. 1979)..................................................................... 3, 4, 6

4

*Blankenship v. Hearst Corp.*
    519 F.2d 418 (9th Cir. 1975)........................................................................... 3

5

6

*Cadent Ltd. v. 3M Unitek Corp.*
    232 F.R.D. 625 (C.D. Cal. 2005) ................................................................... 14

7

*Cotracom Commodity Trading Co. v. Seaboard Corp.*
    Number Civ. A 97-2391-GTV, 1999 WL 681482 (D. Kan. Aug. 12, 1999)................. 2, 3, 4

8

9

*Diyanni v. Walnut Township Board of Education*
    No. 2:06-cv-0151, 2006 WL 2861018 (S.D. Ohio Oct. 4, 2006)........................... 2, 3, 4, 5, 7

10

11

*In re Ebay Seller Antitrust Litigation*
    Number C 07-01882 JF (RS), 2007 U.S. Dist. LEXIS 75498 (N.D. Cal. Oct. 2,
    2007) ............................................................................................ 12, 13

12

13

*In re First Constitution S'holders Litigation*
    145 F.R.D. 291 (D. Conn. 1991) ...................................................................... 5

14

*Gray v. First Winthrop Corp.*
    133 F.R.D. 39 (N.D. Cal. 1990) ................................................................. 3, 4, 5, 6

15

16

*In re Gupta Sec. Litigation*
    No. 94-1517 FMS (FSL), 1994 WL 675209 (N.D. Cal. Sept. 24, 1999)...................... 3, 5

17

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982) ................................................................................... 7

18

19

*Holroyd v. Department of Veterans Affairs*
    No. 06-4133-SAC, 2007 WL 1585846 (D. Kan. June 1, 2007)................................ 7

20

*Hopson v. Mayor & City Council of Baltimore*
    232 F.R.D. 228 (D. Md. 2005) ..................................................................... 12

21

22

*Jarvis v. Regan*
    833 F.2d 149 (9th Cir. 1987)........................................................................ 4, 9

23

*Landis v. North American Co.*
    299 U.S. 248 (1936) ................................................................................... 3

24

25

*Martin v. D.C. Metropolitan Police Department*
    812 F.2d 1425 (D.C. Cir. 1987) ...................................................................... 7

26

*Mitchell v. Forsyth*
    472 U.S. 511 (1985) ................................................................................... 7

27

28

*Nabi Biopharmaceuticals v. Roxane Laboratories, Inc.*
    No. 2:05-cv-0889, 2006 WL 3007430 (S.D. Ohio Oct. 20, 2006)...................... 2, 3, 5, 7

*National Association of Radiation Survivors v. Turnage*
  115 F.R.D. 543 (N.D. Cal. 1987) .................................................................. 12

*Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*
  No. 99 C 3223, 1999 WL 731773 (N.D. Ill. Aug. 31, 1999) ....................... 2, 4, 5

*Orchid Biosciences, Inc. v. St. Louis University*
  198 F.R.D. 670 (S.D. Cal. 2001) ........................................................... 9, 10, 11

*Patterson v. United States Postal Service*
  901 F.2d 927 (11th Cir. 1990) ...................................................................... 4

*U.S. Philips Corp. v Synergy Dynamics International, LLC*
  No. 2:05-cv-00577-PMP-GWF, 2006 WL 3453225 (D. Nev. Nov. 28, 2006)...... 6

*Qwest Commc'n. Corp. v. Herakles, LLC*
  No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007) ...... 6

*Ritza v. International Longshoremen's & Warehousemen's Union*
  837 F.2d 365 (9th Cir. 1988) ........................................................................ 9

*Seven Springs Ltd. Partnership v. Fox Capital Management Corp.*
  Civ. No. S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. April 18, 2007) ...... 6

*Skellerup Industrial Ltd. v. City of Los Angeles*
  163 F.R.D. 598 (C.D. Cal. 1995) ............................................................ 3, 4, 5

*In re Sulfuric Acid Antitrust Litigation*
  231 F.R.D. 320 (N.D. Ill. 2005) ................................................................... 14

*The Unencumbered Assets Trust v. JP Morgan Chase Bank*
  No. 2:04-cv-1090, 2007 WL 2029262 (S.D. Ohio July 12, 2007)...................... 2

*Turner Broadcast System, Inc. v. Tracinda Corp.*
  175 F.R.D. 554 (D. Nev. 1997)............................................................... 2, 3, 5

*United States v. Mitchell*
  463 U.S. 206 (1983) ...................................................................................... 7

*In re Valence Technology Sec. Litigation, Number C 94-1542-SC*
  1994 WL 758688 (N.D. Cal. Nov. 18, 1994)............................................. 3, 4, 8

*Wagh v. Metris Direct, Inc.*
  363 F.3d 821 (9th Cir. 2003).......................................................................... 4

*White v. E-Loan, Inc., Number C 05-02080 SI*
  2006 WL 2850041 (N.D. Cal. Oct. 5, 2006) ..................................................... 3

*Wood v. McEwen*
  644 F.2d 797 (9th Cir. 1981)....................................................................... 3, 6

*Wyatt v. Terhune*
  315 F.3d 1108 (9th Cir. 2003)........................................................................ 9

*Zubulake v. UBS Warburg LLC*
    220 F.R.D. 212 (S.D.N.Y. 2003)......................................................................... 12

## STATUTES

28 U.S.C. § 455 ................................................................................................... 1

Fed. R. Civ. P. 26(c) ..................................................................................... 4, 12

U.S.C. § 1346(a)(2) ............................................................................................ 7

# I.     PROCEDURAL HISTORY

This case was filed six months ago, on August 7, 2007, based on the Defendants' failure to provide expedited passport processing to the millions of Americans who paid for it. On October 9, 2007, Defendants filed their First Motion to Dismiss,[1] supported by a factually-intensive declaration from the Deputy Assistant Secretary for Passport Services of the Bureau of Consular Affairs in the Department of State ("Department"). First Barrett Decl., ¶ 2.[2] The First Barrett Declaration contains a multitude of factual assertions concerning the policies and procedures for handling passport applications and requests for refunds. In their First Motion to Dismiss, Defendants conceded that they failed to provide expedited service to many passport applicants. Defendants suggested, however, that the case should be dismissed for failure to state a claim or lack of subject matter jurisdiction on numerous grounds. That motion was fully briefed by the parties and heard by Judge Illston on December 21, 2007. Concurrently with her opposition to the First Motion to Dismiss, Plaintiff moved to stay a ruling on that motion pending discovery on Defendants' factual allegations concerning prudential exhaustion.

At the motion hearing, Judge Illston indicated she was inclined to deny both motions and to allow Plaintiff's case to continue into discovery. She also indicated that she had paid for expedited passport service that summer but believed she had received adequate service and would disclaim any remedy to which she might be entitled. Following the hearing, Defendants filed a notice of intent to move for disqualification of Judge Illston, and on January 9, 2008, filed Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455. On January 14, 2008, Judge Illston issued a Recusal Order, removing herself from the case. No order on Defendants' First Motion to Dismiss has yet been entered in this case. On January 15, 2008, the Executive Committee reassigned the case to this Court with instructions to the parties that "ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE

---

[1]     "First Motion to Dismiss" or "First MTD" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on Oct. 9, 2007.

[2]     "First Barrett Decl." or "First Barrett Declaration" refers to the Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss, filed on October 9, 2007.

1   RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN

2   REASSIGNED." Order Reassigning Case (dated January 15, 2008) [Dkt. No. 42].

3          On February 1, 2008, Defendants did not simply re-notice their pending Motion to Dismiss,

4   but filed a Second Motion to Dismiss,[3] which raises new facts and legal arguments which were not

5   raised in the original motion and alters the briefing on the arguments already raised and fully

6   briefed in the prior motion. Defendants also filed a new declaration by Ann Barrett that has been

7   revised to include new information and alters previous statements. *See generally* Second Barrett

8   Decl.[4]

9          Following six months of delay and the filing of an improper second motion to dismiss,

10  Defendants now seek to prevent Plaintiff from engaging in the discovery to which she is entitled

11  under the Federal Rules.

## II.      ARGUMENT

13         Defendants' motion to stay discovery is based on its conclusory statements that it is likely

14  to succeed on its motions to dismiss, a position which has been rejected time and again by courts

15  considering similar requests. *See, e.g., The Unencumbered Assets Trust v. JP Morgan Chase Bank*,

16  No. 2:04-cv-1090, 2007 WL 2029262, at *1 (S.D. Ohio July 12, 2007) ("the pendency of a

17  dispositive motion does not itself justify a stay of discovery"); *Diyanni v. Walnut Twp. Bd. of*

18  *Educ.*, No. 2:06-cv-0151, 2006 WL 2861018, at *1 (S.D. Ohio Oct. 4, 2006) ("one argument that is

19  usually deemed insufficient to support a stay of discovery is that a party . . . has already filed a

20  motion to dismiss"); *Nabi Biopharmaceuticals v. Roxane Laboratories, Inc.*, No. 2:05-cv-0889,

21  2006 WL 3007430 (S.D. Ohio Oct. 20, 2006) (same); *Niederhoffer Intermarket Fund, L.P. v.*

22  *Chicago Mercantile Exch.*, No. 99 C 3223, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999) ("We

23  see no reason to shut down discovery . . . only to start it back up again should defendant's motion

24  fail."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. Civ. A 97-2391-GTV, 1999 WL

25  681482 (D. Kan. Aug. 12, 1999); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556

---

26  [3]      "Second Motion to Dismiss" or "Second MTD" refers to the Notice of Motion to Dismiss
    and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on February 1, 2008.

27
28  [4]      "Second Barrett Decl." refers to the Declaration of Ann Barrett In Support of Defendants'
    Motion to Dismiss, filed on February 1, 2008.

1    (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself

2    would warrant a stay of discovery"); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598,

3    600-601 (C.D. Cal. 1995) (rejecting defendant's reliance on conclusory statements that its motion

4    to dismiss will succeed); *In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC, 1994 WL 758688

5    (N.D. Cal. Nov. 18, 1994); *In re Gupta Sec. Litig.*, No. 94-1517 FMS (FSL), 1994 WL 675209

6    (N.D. Cal. Sept. 24, 1999); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

7         As one court denying such a request noted: "[S]taying discovery for pending dispositive

8    motions is not the rule . . . .  Unnecessary stays delays litigation.  They encourage dilatory motions.

9    They frustrate the purposes of Federal Rule of Civil Procedure 1 'to secure the just, speedy and

10   inexpensive determination of every action.'"  *Cotracom Commodity Trading Co.*, 1999 WL

11   681482, at *1.  The Federal Rules of Civil Procedure do not provide for an automatic stay of

12   discovery pending resolution of a motion to dismiss.  *Gray*, 133 F.R.D. at 40.  Although district

13   courts have wide discretion in supervising discovery, motions seeking a blanket stay on discovery

14   are generally viewed with disfavor.  *See, e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 255

15   (1936) (a party seeking a stay "must make out a clear case of hardship or inequity in being required

16   to go forward, if there is even a fair possibility that the stay for which he prays will work damage

17   to some one else"); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *White v. E-*

18   *Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (discovery stays

19   disfavored because they may interfere with judicial efficiency).

20         A stay may be issued under the provisions of Rule 26 ***only upon a showing of good cause***,

21   and the party moving for such a stay faces a heavy burden of making a strong showing as to why

22   discovery should be denied.  *Id*. at 429.  A court may only stay discovery in the face of a pending

23   motion to dismiss "when it is convinced that the plaintiff will be unable to state a claim for relief."

24   *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981); *B.R.S. Land Investors v. United States*,

25   596 F.2d 353, 356 (9th Cir. 1979).  The moving party must demonstrate a "particular and specific

26   need for the protective order, as opposed to making stereotyped or conclusory statements," and the

27   existence of a dispositive motion does not suffice.  *Gray*, 133 F.R.D. at 40; *see also Diyanni*, 2006

28   WL 2861018, at *1; *Nabi Biopharmaceuticals*, 2006 WL 3007430; *Turner Broad. Sys.*, 175 F.R.D.

1   at 556; *Skellerup Indus. Ltd.*, 163 F.R.D. at 600-601; *In re Valence Tech. Sec. Litig*, 1994 WL

2   758688, at *2.

3       Contrary to Defendants' assertion that courts routinely stay discovery pending resolution of

4   dispositive motions,[5] courts in this circuit and elsewhere have routinely denied such requests,

5   recognizing that conclusory arguments such as the Defendants' could apply to any litigation and

6   are "at odds with the need for expeditious resolution of litigation." *Gray*, 133 F.R.D. at 40; *see*

7   *also*, *Diyanni*, 2006 WL 2861018, at *2; *Niederhoffer Intermarket Fund, L.P.*, 1999 WL 731773, at

8   *1; *Cotracom Commodity Trading Co.*, 1999 WL 681482, at *1; *Skellerup Indus. Ltd.* 163 F.R.D.

9   at 600-601.

10  **A.    Defendants Have Not Met Their Burden to Show Good Cause Based Solely on Their
        Pending Motions to Dismiss and Discovery Should Therefore Go Forward**

11

12      Defendants have made no attempt to meet the requirements of Federal Rule of Civil

13  Procedure 26(c).[6]  In their motion to stay, Defendants have done no more than argue in a

14  conclusory fashion that their motions to dismiss will succeed.  Defendants merely recite the table

15  of contents to their motion, claiming that their arguments are established. Defs.' Mem. at 4-5.[7]

16  However, as one court stated:

17          Idle speculation does not satisfy Rule 26(c)'s good cause
            requirement.  Such general arguments could be said to apply to any
18          reasonably large civil litigation.  If this court were to adopt

19  ───────────────
    [5]     Defendants' suggestion that Ninth Circuit authority holds that discovery is **only** appropriate
20  where a motion to dismiss raises factual issues is also incorrect. Two of those cases hold only that
    where the court has already dismissed the complaint for failure to state a claim, the plaintiff is not
21  entitled as a matter of right to discovery to be able to file an amended complaint. *Wagh v. Metris
    Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003); *B.R.S. Land Investors*, 596 F.2d at 353, 356.
22  Indeed, the Ninth Circuit affirmed in those cases its position that denying discovery is appropriate
    where, "it is convinced that the plaintiff will be unable to state a claim upon which relief can be
23  granted." *Id.* at 356. The opinion in *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), and
    *Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990) note that while a
24  court has discretion to stay discovery, discovery is particularly important where a motion raises
    factual issues.  Neither case holds that discovery is generally to be stayed anytime a dispositive
25  motion is pending, as Defendants argue here.

26  [6]     Defendants' motion for a protective order also does not include the necessary "certification
    that the movant has in good faith conferred or attempted to confer with other affected parties in an
27  effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

28  [7]     "Defs.' Mem." or "Motion" refers to Defendants' Motion to Stay Discovery Pending
    Resolution of Defendants' Motion to Dismiss, filed on February 4, 2008.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> defendants' reasoning, it would undercut the Federal Rules' liberal
> discovery provisions.

*Gray*, 133 F.R.D. at 40.  Such is the case here.  Plaintiff filed this case six months ago and is

entitled to proceed with the discovery contemplated and sanctioned by the Federal Rules.

Defendants made the tactical choice to file a new motion to dismiss, rather than renoticing their

existing motion to dismiss, as required by the Executive Committee's January 18, 2008 order.

Plaintiff should not be penalized with further delays pending the briefing and resolution of this

second motion to dismiss where her discovery requests comply with all applicable rules.

      Defendants are misguided in suggesting that a stay is appropriate because their motion has a

"clear possibility of success."  While a few courts in this circuit have seen fit to take a "peek" at the

merits of the pending motion in determining whether to grant a stay, a large number of courts have

found that asking the court to make such a preliminary finding or prediction is improper and

"would circumvent the procedures for resolution of such a motion."  *Gray*, 133, F.R.D. at 40; *see*

*also Nabi Biopharmaceuticals*, 2006 WL 3007430, at *1 (preliminary finding would be improper);

*Diyanni*, 2006 WL 2861018, at *2 (same); *Niederhoffer Intermarket Fund, L.P.*, 1999 WL 731773

(calling it "pure speculation" to guess whether defendant's motion will succeed); *Turner Broad.*

*Sys., Inc.*, 175 F.R.D. at 556 (preliminary finding improper); *Skellerup Indus. Ltd.*, 163 F.R.D. at

601 (same); *In re Gupta Sec. Litig.,* 1994 WL 675209, at *2 ("a court should not weigh the relative

merits of the complaint and the motion to dismiss"); *In re First Constitution S'holders Litig.*, 145

F.R.D. 291, 294 (D. Conn. 1991) (expressing "great uneasiness" with attempting to second guess

whether the motion to dismiss would succeed).  These cases reject making tightly parsed

mathematical predictions of success prior to the actual ruling, looking instead to whether the

defendant has shown good cause based on a specific need for a protective order.  This approach is

particularly appropriate where, as here, Defendants have sought a hearing on their protective order

before Plaintiff has even responded to the Second Motion to Dismiss, and one District Court judge

has already expressed her inclination to deny the First Motion to Dismiss.  Any ruling on

Defendants' possibility of success would be entirely premature.

1    Moreover, Defendants' proposed "clear possibility of success" standard does not apply.

2  The Ninth Circuit has stated that a stay on discovery is appropriate only where "it is convinced that

3  the plaintiff will be unable to state a claim for relief." *Wood*, 644 F.2d at 801-02; *B.R.S. Land*

4  *Investors*, 596 F.2d at 356; *see also Gray*, 133 F.R.D. at 40 ("a stay might be appropriate where the

5  complaint was utterly frivolous"). Courts have followed suit in more recent opinions, requiring

6  "clear and convincing evidence that [the defendant] will prevail on the merits of its dispositive

7  motion," recognizing that anything less stringent "encourages blanket discovery stays were such

8  stays are probably not warranted." *Seven Springs Ltd. P'ship. v. Fox Capital Mgmt. Corp.*, Civ.

9  No. S-07-0142 LKK GGH, 2007 WL 1146607, at *2 (E.D. Cal. April 18, 2007).

10    In addition, those courts that have delved into the merits do not look simply at what the

11  defendant asserts it has proved, but whether the defendant's pending motion rests on purely legal

12  questions that would be dispositive of the entire dispute, even if the plaintiff were then given leave

13  to amend the complaint. *See Qwest Commc'n. Corp. v. Herakles, LLC*, No. 2:07-cv-00393-MCE-

14  KJM, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007) (denying stay because even if the motion to

15  dismiss were granted, plaintiffs would be able to cure deficiencies upon amendment of the

16  complaint); *Seven Springs Ltd. P'ship.*, 2007 WL 1146607, at *4 (stay not appropriate given

17  complexity of the law and possible factual issues); *U.S. Philips Corp. v Synergy Dynamics Int'l,*

18  *LLC*, No. 2:05-cv-00577-PMP-GWF, 2006 WL 3453225, at *6 -*7 (D. Nev. Nov. 28, 2006)

19  (finding that defendants' motion turned in part on issues of fact and stay was not appropriate).

20    Defendants have not met that standard here. As a preliminary matter, the Defendants'

21  Second Motion to Dismiss is procedurally improper and, as will be more fully briefed in the

22  Plaintiff's motion to strike, may not be considered at all. Therefore, Defendants have not and

23  cannot provide clear and convincing evidence that they will succeed on that motion, or even

24  demonstrate a clear possibility of success. Furthermore, even considering the second motion,

25  Defendants fail to demonstrate that it is clear that Plaintiff cannot state a claim on the basis of that

26  motion. The second motion contains many arguments raised in the first motion, which one District

27  Court judge has already indicated she was inclined to deny. Defendants have not demonstrated

28  even a clear possibility of success, never mind clear and convincing evidence of success.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Furthermore, the Defendants' motions present arguments that will not necessarily resolve all claims, meaning that even if some aspects are granted the rest of the case may still go forward and discovery will be required.  Unlike a situation where the defendant asserts a defense that would dispose of the entire case, Defendants' motion raises multiple arguments that address distinct aspects of the Plaintiff's claims, none of which is dispositive of all claims.[8]  *See Diyanni*, 2006 WL 2861018, at *2 (distinguishing cases where the dispositive motion raises an absolute bar to suit). Moreover, even if the First Motion to Dismiss – which is the only motion properly before the court – was granted in its entirety, the claims for breach of contract and breach of the implied covenant of good faith and fair dealing would still go forward for proximate damages and full discovery would be necessary.  Finally, because much of the propounded discovery concerning the Department's policies and procedures for processing refunds will aid class members in pursuing their administrative remedies even if the lawsuit is dismissed – particularly because the Department has never informed the public of its three-day processing requirement and the standards governing refunds – the discovery is useful and should go forward.  *Holroyd v. Dep't of Veterans Affairs*, No.

---

[8]     The government's statement that discovery is a burden from which Defendants are protected by the immunity doctrine, which it claims is "implicated by Defendants' Motion to Dismiss," is incorrect.  *See* Defs.' Mem. at 6.  Defendants have not raised an immunity defense that protects them from discovery or the other burdens of litigation. The cases on which Defendants rely involve the assertion of absolute and qualified immunity as a bar to the plaintiffs' ability to bring suit at all.  *Martin v. D.C. Metro. Police Dep't*, 812 F.2d 1425, 1427 (D.C. Cir. 1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 813 (1982).  Absolute or qualified immunity provides "an ***immunity from suit*** rather than a mere defense to liability," and therefore, unless the complaint alleges a violation of a clearly established law, a defendant pleading qualified or absolute immunity is entitled to dismissal before discovery.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  That is not the situation here.  The government has not argued that it is immune from suit in either of the motions to dismiss.  Nor could it, as the Little Tucker Act waives sovereign immunity for claims for damages founded upon a regulation or a contract.  U.S.C. § 1346(a)(2); *United States v. Mitchell*, 463 U.S. 206, 212-16 (1983).  The government has raised the issue of sovereign immunity *only* in attempting to eliminate specific types of damages, not as an assertion that it is immune from suit as a whole.  The limited argument raised by the Defendants here does not protect the government from suit nor require any stay in the proceedings.  *See Holroyd*, 2007 WL 1585846, at *1 (finding that a defense based on sovereign immunity is not akin to a defense of absolute or qualified immunity and does not require a stay); *see also Nabi Biopharmaceuticals*, 2006 WL 3007430, at *2 (noting the difference between the defense of absolute immunity from suit and other bases for dismissal).

1    06-4133-SAC, 2007 WL 1585846, at *2 (D. Kan. June 1, 2007) (noting that discovery should go

2    forward where it would eventually prove useful in an administrative proceeding even if the case is

3    ultimately dismissed); *see also In re Valence Tech. Sec. Litig*, 1994 WL 758688, at *2 (fact that

4    discovery may ultimately prove useful in resolving the dispute even if motion to dismiss is granted

5    counsels against stay).

6          Because Defendants have failed to show good cause sufficient to support a blanket stay on

7    discovery, their motion must be denied and discovery allowed to proceed.  Defendants have not

8    identified any specific or particular need for a protective order, nor have they shown any

9    convincing evidence that they will have success on either of their motions to dismiss.  Plaintiff has

10   a presumptive right to discovery under the Federal Rules.  She has already waited six months to

11   move forward on her case and will be unfairly prejudiced by continued delay.

12   **B.      Defendants' Motions to Dismiss Raise Factual Issues That Require Further
             Development of the Record**

13

14         Defendants next argue that their motions do not raise any factual issues, a contention that is

15   belied by their extensive reliance on the factual assertions made in the Barrett declarations.  In

16   filing their First Motion to Dismiss, Defendants filed the First Barrett Declaration that included

17   broad factual assertions concerning the Department's policies and procedures for handling passport

18   applications and refunds.  When Defendants filed their Second Motion to Dismiss, they also saw fit

19   to alter the declaration, adding new assertions (Second Barrett Decl., ¶¶ 12, 21), altering statistics

20   in some paragraphs (compare Second Barrett Decl., ¶¶ 6, 18 to First Barrett Decl., ¶¶ 6, 17) and

21   removing some altogether (Second Barrett Decl., ¶ 45 (eliminating statement that the Department

22   plans to reassign an additional three contractors to handle refund requests); First Barrett Decl., ¶ 51

23   (deleted in its entirety in the Second Barrett Decl.)).

24         Both declarations are rife with untested factual assertions that are relevant to the merits of

25   Defendants' arguments in its two motions to dismiss.  For example, in paragraphs 23, 24, 26, 27,

26   48, 49, 50, 52 and 53, of the second declaration, Ms. Barrett makes statements concerning the

27   procedures for handling refunds, including assertions that customers calling the National Passport

28   Information Center were instructed to apply for refunds (Second Barrett Decl., ¶ 24), that the

1   refund procedure is a "longstanding practice" that "has proven to be an efficient method" (Second

2   Barrett Decl., ¶ 48), and that an alternative system would be unworkable (Second Barrett Decl.,

3   ¶¶ 49, 50, 52).  The government's argument that the Court should dismiss this case on the doctrine

4   of prudential exhaustion hinges on these assertions, claiming that the Department already has an

5   "established process" for handling refunds that is preferable to litigation.  Second MTD at 19.

6   However, each of these statements, in addition to the general claims about the Department's

7   handling of refund procedures, are statements of fact which are unsupported by documentary

8   evidence or are conclusions that must be tested by the development of the record.  Plaintiff already

9   moved for a stay in the ruling on the first motion to dismiss in order to conduct discovery for this

10  reason, and included declarations by individuals and public statements by the Department which

11  contradict the assertions of the First Barrett Declaration.  *See* Notice of Motion and Plaintiff's

12  Motion to Stay Ruling on Motion to Dismiss at 2-3 (filed November 30, 2007) (outlining areas of

13  inquiry of which Plaintiff requested leave to seek discovery).  Those arguments are equally valid

14  with regard to the second motion and declaration.

15       In this situation, discovery is necessary to resolve the motion, as the authorities on which

16  Defendants rely recognize.  In *Jarvis*, 833 F.2d at 155, the Ninth Circuit recognized that discovery

17  is appropriate and necessary where a motion under Rule 12(b) raises factual issues.  Specifically

18  with regard to a motion to dismiss for prudential exhaustion, the Ninth Circuit has stated that where

19  the court must look beyond the pleadings to resolve the dispute, it must ensure that the plaintiff has

20  an adequate opportunity to develop the factual record.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119

21  (9th Cir. 2003); *Ritza v. Int'l. Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th

22  Cir. 1988).  That is the case here.

23       Indeed, the opinion in *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-75

24  (S.D. Cal. 2001), on which Defendants rely, is an apt example of why discovery is necessary here.

25  In that case, the defendant moved for dismissal for lack of personal jurisdiction and attached an

26  affidavit, and later a supplemental declaration, that purported to summarize all of the defendant's

27  contacts with the forum state.  *Id*. at 671-72.  The defendant contended that those documents

28  definitely established that jurisdiction did not exist and that therefore the plaintiff should not be

1    allowed to conduct discovery.  *Id.* at 672.  The court rejected the argument, noting that it was

2    disputed by the parties whether the affidavit and declaration actually disclosed all contacts and

3    facts relevant to the jurisdictional analysis, stating:

4              Plaintiff should not be bound solely by the contents of [defendant's]
               affidavit or by Defendant's conclusions . . . .  [T]he discovery
5              propounded by Plaintiff may uncover additional information bearing
               on the jurisdictional inquiry . . . .  Plaintiff should be allowed [to]
6              explore the quality, quantity and nature of all of Defendant's contacts
               with this forum and draw its own conclusions and proffer its own
7              arguments.

8    *Id.* at 674.  Those concerns apply here.  In responding to the government's arguments on prudential

9    exhaustion, Plaintiff in this case should not be bound by the Department's factual assertions,

10   conclusions and opinions as stated in the Barrett declarations, but should be able to explore the

11   facts concerning what the government's procedures for providing refunds actually are; how long

12   they have been in place; how they are documented; how well they were communicated to

13   employees, contractors and the public; whether they provide refunds in accordance with the

14   regulations; and ultimately to make her own conclusions and arguments as to whether such a

15   procedure is adequate and useful.  As in *Orchid Biosciences*, it would be inappropriate to stay

16   discovery on these issues given the arguments raised by the Defendants and their extensive reliance

17   on the declarations of Ann Barrett.[9]

18   **C.     Plaintiff Is Entitled to Responses on the Discovery Propounded**

19             Defendants next argue that the discovery propounded is irrelevant to the merits of the

20   Defendants' motions.  As a preliminary matter, Plaintiff should not be limited to addressing the

21   factual issues raised by Defendants' motions.  The discovery goes to the merits of Plaintiff's claims

22   and Plaintiff is presumptively entitled under the Federal Rules to discover the requested

23

24

25   [9]      Defendants' suggestion that prudential exhaustion is the only area in which Plaintiff has
     suggested discovery is necessary is disingenuous, given that Defendants' new motion raises new
26   arguments to which Plaintiff has not yet had the opportunity to respond.  In particular, the
     Defendants' Second Motion to Dismiss raises for the first time arguments concerning whether
27   Plaintiff has pled facts adequate to establish a contract, which calls upon this Court to make
     determinations about the meaning and intent behind various documents.  Plaintiff reserves the right
28   to request discovery on such newly-introduced arguments.

1    information.  All of the propounded discovery will be relevant if any portion of Plaintiff's claims

2    go forward.

3         Leaving aside Defendants' artificially imposed constraints on discovery, however, the bulk

4    of requested discovery does go to the heart of the disputed issues.  For example, special

5    interrogatories 3, 7, 8, 9, 12 and 13, and requests for production of documents 1, 4, 5, 6, 9, 10, 17,

6    18, 19, 20 and 22, request information related to the Department's policies and procedures for

7    handling refunds, how those policies and procedures are documented, how long they have been in

8    place, how they were communicated to the public, and how they have been implemented by the

9    Department.  Defs.' Mem., Ex. A at 4-6, 16-19.[10]  Others address the Department's knowledge of

10   the problems in handling expedited applications and its ability to identify the affected passport

11   applicants and establish a refund procedure, including interrogatories 14, 15, 16 and 17, and

12   requests for production of documents 8, 11, 12, 13, 14, 15 and 16.  *Id.*  Still others ask for

13   substantiation of statements made in the First Barrett Declaration.  Finally, as more fully discussed

14   in the next section, the noticed deposition is necessary to address concerns raised by Defendants'

15   position on document preservation and its statements made in the First Barrett Declaration

16   concerning the handling and storage of passport applications.  Plaintiff is entitled to this discovery

17   in order to develop the factual record and test the assertions made and relied upon by Defendants.

18   **D.    Plaintiff Is Entitled to Deposition Testimony on the Narrow Topic of Defendants'
            Preservation Measures**

19

20        Plaintiff has requested deposition testimony regarding Defendants' preservation measures.

21   Defendants suggest that a protective order is required to prevent annoyance to Defendants.  Defs.'

22   Mem. at 8.  There is no question, however, that Plaintiff is entitled to information regarding

23   Defendants' preservation measures.  It is well-established that once a complaint is filed, a litigant

24   has a duty to preserve evidence:

25            While a litigant is under no duty to keep or retain every document in
              its possession once a complaint is filed, it is under a duty to preserve
26            what it knows, or reasonably should know, is relevant in the action,
              is reasonably calculated to lead to the discovery of admissible

27   ─────────────────────

28   [10]    Page number references to Exhibit A are to the ECF page numbers that occur at the top of
     Defendants' Motions to Stay Discovery.

evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

*National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-557 (N.D. Cal. 1987); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.").

Pursuant to Federal Rule of Civil Procedure 26(f), the parties are to "discuss any issues relating to preserving discoverable information" and "any issues relating to disclosure or discovery of electronically stored information." The notes to Rule 26 require that the parties' early discussion concerning preservation is "particularly important with regard to electronically stored information." Fed. R. Civ. P. 26(f) advisory committee note (2006 amendments). Because the "volume and dynamic nature of electronically stored information may complicate preservation obligations . . . [f]ailure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes." *Id*. These discussions should be had "with the goal of agreement on reasonable preservations steps." *Id*. *See also Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228, 246 (D. Md. 2005) (holding that when Plaintiffs had first identified their interest in discovering electronically stored information, "[t]he Defendants' immediate response should have been to invite the Plaintiffs to meet to discuss a reasonable discovery plan."). Where defendants do not adequately meet their Rule 26(f) obligations, discovery into preservation measures is appropriate. *See In re Ebay Seller Antitrust Litig.,* No. C 07-01882 JF (RS), 2007 U.S. Dist. Lexis 75498, *8 (N.D. Cal. Oct. 2, 2007) (ordering a 30(b)(6) deponent as "plaintiffs are entitled to know what kinds and categories of [electronically stored information] . . . employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end").

In the parties' initial Joint Case Management Statement, the Defendants disclosed only that they had instructed "all relevant personnel to maintain all documents currently in their possession or subsequently created that are relevant to Plaintiff's claims in this action." Joint Case Management Statement at 8 (filed November 28, 2007). No further information was provided

1    during the parties' Rule 26(f) conference.  In the First Barrett Declaration, however, Defendants

2    described a complicated process where some "but not all applications from fiscal year 2007 are

3    available in electronic format."  First Barrett Decl., ¶ 51.  Due to a surge in applications, however,

4    "[a]t least 2 million paper applications, held at various passport agencies and centers around the

5    country, remain to be scanned."  *Id.*  The First Barrett Declaration further explains that

6    "applications records and the refund records are maintained in two separate databases that contain

7    different sets of data."  *Id.*, ¶ 52.  Moreover, documents relevant to this case are scattered

8    throughout the country – at 15 regional passport agencies, three passport processing centers, and

9    approximately 9,000 authorized passport application acceptance facilities.  *Id.*, ¶¶ 6-7.

10        Plaintiff is entitled to discovery regarding the scope and adequacy of Defendants'

11    preservation measures.  Plaintiff's deposition notice requests testimony regarding, among other

12    things, the types of materials that Defendants intend to preserve; how Defendants intend to

13    preserve these materials; the persons responsible for carrying out Defendants' preservation

14    measures; the mechanisms for monitoring compliance of the preservation measures; the dates upon

15    which Defendants instituted their preservation measures; and the locations at which Defendants are

16    carrying out these preservation measures.  Defs.' Mem., Ex. A at 29-30.  In fact, Plaintiff's notice

17    of deposition is based largely on the "Subjects for Consideration" as suggested in the Manual for

18    Complex Litigation for topics that the parties should address at a Rule 26(f) conference.  Manual

19    for Complex Litigation (Fourth) §40.25 (2004).  Plaintiff's deposition notice requests nothing more

20    than information that should already have been discussed at the parties' Rule 26(f) conference.

21        Defendants complain that Plaintiff failed to abide by the Local Rules by not requesting that

22    Defendants agree upon a deposition date before the deposition was noticed.  Defs.' Mem. at 8.

23    Any such conference, however, would have been futile.  Defendants have repeatedly taken the

24    position that they will not respond to any discovery during the pendency of their motion to dismiss.

25    *See e.g.,* Joint Case Management Statement at 7 (filed November 28, 2007) ("If Plaintiff serves

26    discovery on Defendants before the Court rules on the pending motion [to dismiss], Defendants

27    will move to stay discovery pending such ruling.").

28

PL.'S OPP'N TO MOT. TO STAY DISC. PENDING          - 13 -
RESOLUTION OF MTD– NO. C 07-04040 MMC
001980-11 222331 V2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The deposition notice was served on January 30, 2008.  The parties held a telephone conference on the morning of February 1, 2008.  Scarlett Decl., ¶ 2.[11]  At that conference, Plaintiff's counsel offered to reschedule the deposition for any date that was convenient for Defendants' counsel and the witnesses.  Scarlett Decl., ¶ 2.  Defendants declined to provide *any date* on which they would be willing to produce a deponent.  Scarlett Decl., ¶ 3.  Following the conference, Plaintiff's counsel sent a letter again offering to re-schedule the deposition to accommodate both counsel's and the witnesses' schedules.  Scarlett Decl., ¶ 4, Ex. A at 1.  Far from intending to annoy or harass Defendants, Plaintiff's notice of deposition is solely intended to seek evidence that should have been provided at the Rule 26(f) conference.

Although it is not clear, Defendants also appear to complain that (a) Plaintiff gave only two weeks notice of the depositions and (b) that the depositions were scheduled for Berkeley, California.  Defs.' Mem. at 8.  Any such objections are specious.  Two weeks' notice to prepare a deponent for a limited topic such as evidence preservation is "reasonable" as required by Federal Rule of Civil Procedure 30(b)(1).  *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) ("ten business days' notice would seem reasonable").  Regardless, Plaintiff's counsel offered to re-schedule the deposition according to the convenience of Defendants' counsel and the witnesses.  Scarlett Decl., ¶ 4, Ex. A at 1.

Plaintiff noticed the deposition of Defendants in Berkeley because a "party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court . . . designating a different place."  *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005).  The party seeking a protective order has the burden under Rule 26(c) to show good cause why the deposition should not take place where they were noticed.  *Id.*  Defendants have made no showing of good cause here.  Regardless, Plaintiff is willing to negotiate the place of the deposition, according to the burden and costs to the parties.

---

[11]    "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Plaintiff's Opposition to Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, filed concurrently herewith.

1

### III.     CONCLUSION

2

     For all the reasons stated above, Plaintiff respectfully requests that Defendants' Motion to

3

Stay Discovery Pending Resolution of Defendants' Motion to Dismiss be denied in its entirety.

4

DATED:  February 8, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

5

6

                                /s/  Shana E. Scarlett
                                SHANA E. SCARLETT

7

8

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202

9

Berkeley, CA  94710
Telephone: (510) 725-3000

10

Facsimile: (510) 725-3001

11

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP

12

2425 East Camelback Road, Suite 650
Phoenix, AZ  85016

13

Telephone: (602) 840-5900
Facsimile: (602) 840-3012

14

15

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900

16

Seattle, WA  98101
Telephone: (206) 623-7292

17

Facsimile: (206) 623-0594

18

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM

19

2301 East Pikes Peak Avenue
Colorado Springs, CO  80909

20

Telephone: (719) 635-0377
Facsimile: (719) 635-2920

21

Attorneys for Plaintiff

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on February 8, 2008, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify

5  that I have mailed the foregoing document or paper via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice List.

7

8                                             /s/ Shana E. Scarlett
                                          SHANA E. SCARLETT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your
mouse to select and copy this list into your word processing program in order to create notices or labels for these
recipients.

- (No manual recipients)