JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JULIA CHATTLER,** | Case No. 07-4040–MMC |
| **PLAINTIFF** | |
| v. | Defendants' Reply in Support of Motion to Stay Discovery |
| **UNITED STATES OF AMERICA, DEPARTMENT OF STATE,** | Hon. Maxine M. Chesney |
| **DEFENDANTS.** | Date: February 22, 2008, 9:00 am |

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES. ................................................................................................... -i-

INTRODUCTION................................................................................................................... 1

ARGUMENT. ......................................................................................................................... 2

    I.    This Court Properly May Take a "Peek" at the Merits of Defendants' Motion to Dismiss in Ruling on Their Motion to Stay Discovery. .......................... 2

    II.    The Court Should Reject the Other Arguments Plaintiff Raises in Her Opposition. ................................................................................................... 4

        A.    This Court Should Not Decide the Instant Motion Based on Plaintiff's Surmises About a Disqualified Judge's "Inclination" on Defendants' Original Motion to Dismiss.. ....................... 5

        B.    Plaintiff's Unsubstantiated Assertions that Defendants' Renoticed Motion to Dismiss Is Not Properly Before the Court Are Irrelevant to This Court's Determination.................. 6

        C.    Discovery Into the Department's Refund Procedures Is Not Required for the Court to Dismiss Plaintiff's *Individual* Claim for a Refund of the Expedite Fee Under the Doctrine of Prudential Exhaustion................................................................ 7

        D.    Plaintiff's Suggestion that Her Improperly Noticed Rule 30(b)(6) Deposition Was Warranted Because of Defense Counsel's Conduct at the Rule 26(f) Conference Borders on the Disingenuous............................................................... 9

    III.    Plaintiff Will Not Be Prejudiced by the Continuation of This Court's Stay............................................................................................ 10

CONCLUSION. ................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**                                                      **PAGE(s)**

*Carr v. Pacific Maritime Ass'n,*
    904 F.2d 1313 (9th Cir. 1990). .................................................................................. 9

*Emerson Elec. Co. v. General Electric Co.,*
    846 F.2d 1324 (11th Cir. 1988). ................................................................................ 5

*Ex parte McCardle,*
    74 U.S. 506 (1868). .................................................................................................... 1

*Harlow v. Fitzgerald,*
    457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). ......................................... 12

*Hoeft v. Tucson Unified Sch. Dist.,*
    967 F.2d 1298 (9th Cir. 1992). .................................................................................. 9

*In re First Constitution Shareholders Litig.*
    145 F.R.D. 291 (D. Conn. 1991)............................................................................. 11

*In re Gupta Sec. Litig.,*
    1994 WL 675209 (N.D. Cal., Sept. 24, 1999) . ...................................................... 11

*Jacobsen v. Filler,*
    790 F.2d 1362 (9th Cir. 1986). .................................................................................. 9

*Jarvis v. Regan,*
    833 F.2d 149 (9th Cir. 1987). .................................................................................... 4

*Medicare Glaser Corp. v. Guardian Photo, Inc.,*
    936 F.2d 1016 (8th Cir. 1991). .................................................................................. 5

*Nabi Biopharmaceuticals v. Roxane Labs., Inc.,*
    2006 WL 3007430 (S.D. Ohio 2006)................................................................. 2, 11

*Niederhoffer Intermarket Fund v. Chicago Mercantile Exch.,*
    1999 WL 731773 (N.D. Ill. 1999). ........................................................................... 2

*Orchid Biosciences v. St. Louis Univ.,*
    198 F.R.D. 670 (S.D. Cal. 2001). .................................................................. 2, 8, 12

*Preston v. United States,*
    923 F.2d 731 (9th Cir. 1991). .................................................................................... 5

*Rae v. Union Bank,*
    725 F.2d 478 (9th Cir. 1984). .................................................................................... 4

*Rand v. Rowland,*
    154 F.3d 952 (9th Cir. 1998). .................................................................................... 9

*Seven Springs Ltd. Partnership v. Fox Capital Mgmt. Corp.*,
    2007 WL 1146607 (E.D. Cal., Apr. 18, 2007)...................................................................... 3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)................................................................................................................ 1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S. Ct. 2499, 168 L.Ed.2d 179 (2007)............................................................................ 7

*Turner Broadcasting Sys. v. Tracinda Corp.*,
    175 F.R.D. 554 (D. Nev. 1997)............................................................................................ 2

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*,
    487 U.S. 72 (1988)................................................................................................................ 2

*Wagh v. Metris Direct, Inc.*,
    363 F.3d 821 (9th Cir. 2003)................................................................................................. 4

*Wyatt v. Terhune*,
    315 F.3d 1108 (9th Cir. 2003)............................................................................................... 9

**STATUTES**

Fed. R. Civ. P. 12(h)(1)............................................................................................................... 6

Fed. R. Civ. P. 63........................................................................................................................ 5

28 U.S.C. § 455(b)...................................................................................................................... 5

**INTRODUCTION**

In a few weeks, this Court will conduct a hearing on Defendants' Motion to Dismiss this action in its entirety for lack of jurisdiction or alternatively, failure to state a claim. Until such time as the Court rules on that motion, Defendants, who improperly have been haled into this Court, request a continuation of the stay on discovery pending that ruling. Plaintiff's Opposition does nothing to dispel the propriety of such a stay under the circumstances here where Defendants' dispositive motion raises the threshold issue of this Court's jurisdiction and none of Defendants' arguments turns on disputed facts. Instead, Plaintiff attempts to obfuscate the issues presented by the instant motion with mischaracterizations of the arguments raised in Defendants' dispositive motion, unsubstantiated assertions that Defendants' Motion to Dismiss is not properly before the Court, and inappropriate conjecture about rulings Judge Illston *never made* before recusing herself from this action. Accordingly, the Court should grant the requested stay until this Court has ruled on Defendants' Motion to Dismiss.

**ARGUMENT**

Plaintiff concedes that the requested "discovery goes to the merits of Plaintiff's claims." [1] Plaintiff's Opposition to Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss ("Pl. Opp.") at 10; *see also id.* at 11. Yet she contends that such discovery should proceed notwithstanding that Defendants' Motion to Dismiss raises threshold issues such as this Court's subject-matter jurisdiction [2] and straightforward legal issues compelling dismissal for failure to

---

[1] Thus, with the exception of Defendants' prudential exhaustion argument which Plaintiff erroneously contends requires further development of the record, *see infra* Pt. II.C, there is no dispute that the requested discovery is irrelevant to the issues in the pending Motion to Dismiss. Rather, Plaintiff seeks to have discovery proceed because the Federal Rules of Civil Procedure allow discovery. *See* Pl. Opp. at 2.

[2] It is well established that "jurisdiction is power to declare law," and without it, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94

(continued...)

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

state a claim. Not even the authorities on which Plaintiff relies in her Opposition support that contention. *See, e.g., Orchid Biosciences v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending"), *cited in* Pl. Opp. at 9-10; *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that the Ninth Circuit has upheld discovery stays where a motion to dismiss raised issues of immunity or "was a direct attack on the sufficiency of the complaint"), *cited in* Pl. Opp. at 5; *Turner*, 175 F.R.D. at 556 (distinguishing motions to dismiss that challenge "jurisdiction, venue, or immunity" from a motion to dismiss that ordinarily "in and of itself" does not warrant a stay of discovery), *cited in* Pl. Opp. at 5; *Nabi Biopharmaceuticals v. Roxane Labs., Inc.*, 2006 WL 3007430, at *2 (S.D. Ohio 2006) (observing that a stay may be "appropriate simply based upon the pendency of the motion to dismiss" where the motion "raise[s] a straightforward legal issue" or "immunity from suit"), *cited in* Pl. Opp. at 5; *Niederhoffer Intermarket Fund v. Chicago Mercantile Exch.*, 1999 WL 731773, at *1 (N.D. Ill. 1999) (noting that a "stay of discovery may be appropriate when one party raises a potentially dispositive threshold issue"), *cited in* Pl. Opp. at 5. Indeed, Plaintiff's authorities suggest that, under the circumstances here, the requested stay is entirely warranted. Plaintiff's arguments to the contrary are based on her selective *mis*reading of such authorities and gross mischaracterizations of the record. Neither is a sufficient basis on which to deny the instant motion.

**I.     This Court Properly May Take a "Peek" at the Merits of Defendants' Motion to Dismiss in Ruling on Their Motion to Stay Discovery.**

Plaintiff concedes that "courts in this circuit have seen fit to take a 'peek' at the merits of [a] pending motion to dismiss in determining whether to grant a stay." Pl. Opp. at 5. However, she

---

**2/** (...continued)
(1998) ("Without jurisdiction the court cannot proceed at all in any cause"). Thus, "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988).

erroneously suggests that such a peek is tantamount to "circumvent[ing] the procedures for resolution of [] a motion [to dismiss]." Pl. Opp. at 5 (relying on cases expressing reluctance to prejudge a motion to dismiss for failure to state a claim in ruling on a motion to stay discovery). [3/] The purpose of that peek is to determine whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed" and is able to "be decided absent additional discovery." *Seven Springs Ltd. Partnership v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1-2 (E.D. Cal., Apr. 18, 2007) (explaining that the "court generally applies [this] two pronged analysis in deciding whether to grant a protective order staying discovery before other pending motions can be heard"), *cited in* Pl. Opp. at 6; *see also id.* (citing other cases in which the courts "delved into the merits" of defendant's pending motion to dismiss to determine "whether [it] rests on purely legal questions that would be dispositive of the entire dispute"). Defendants' Motion to Dismiss meets that standard. *See* Defendants' Motion to Dismiss ("Def. Mot.") at 7-25 (filed Feb. 1, 2008)[Dkt. No. 47].

Contrary to Plaintiff's suggestion that Defendants' argument here rests on "conclusory statements," (Pl. Opp. at 2), Defendants have incorporated by reference the specific arguments in their Motion to Dismiss that demonstrate it rests on questions of law – not fact – and is dispositive of all of Plaintiff's claims. [4/] *See* Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss ("Stay Mot") at 4-5 (filed Feb. 4, 2008)[Dkt. No. 49], *e.g.,* Def. Mot. at 9-10 (demonstrating based on express regulatory language that the Court lacks jurisdiction under

---

[3/] As discussed in the introductory paragraph of the Argument, however, these cases otherwise support the stay requested here.

[4/] Plaintiff erroneously suggests that "Defendants' motion raises multiple arguments that address distinct aspects of Plaintiff's claims, none of which is dispositive of all claims." Pl. Opp. at 7. On the contrary, Defendants' Motion demonstrates that Plaintiff's contract claims *in their entirety* fail for lack of jurisdiction. *See* Def. Mot. at 12-17 ("Plaintiff Cannot Recover Damages Under an Implied Contract Theory"). As to Plaintiff's regulatory claim, that Motion demonstrates that to the extent that claim seeks special and consequential damages, this Court lacks jurisdiction, (Def. Mot. at 9-10); otherwise, that claim should be dismissed for failure to state a claim upon which relief can be granted based upon well-established principles of statutory construction, (Def. Mot. at 22-25).

*Chattler v. United States of America*, Case No. 07-4040–MMC
Defendants' Reply in Support of Motion to Stay Discovery

3

the Tucker Act over Plaintiff's regulatory claim for special and consequential damages); *id.* at 10-11 (demonstrating based on express regulatory language that the Court alternatively should dismiss Plaintiff's regulatory claim for special and consequential damages for failure to state a claim); *id.* at 12-17 (demonstrating that as a matter of law the Court lacks jurisdiction under the Tucker Act over Plaintiff's contract claims because the required predicate contract is lacking); *id.* at 22-25 (demonstrating that under well-established rules of statutory construction, Plaintiff has failed to state a claim of a violation of the Department's regulations governing expedited passport processing). At this juncture, the Court need not delve further into the merits of Defendants' Motion to Dismiss to grant the requested stay of discovery. *See, e.g., Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) ("discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion"); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (same); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same). [5]

**II.    The Court Should Reject the Other Arguments Plaintiff Raises in Her Opposition.**

Plaintiff's remaining arguments in support of denying the requested stay are misguided – if not disingenuous. *See* Pl. Opp. at 5 (urging this Court to deny the requested stay because "one District Court judge has already expressed her inclination to deny [Defendants'] First Motion to Dismiss"); *id.* at 8-9 (asserting that the "declarations [in support of Defendants' Motion to Dismiss] are rife with untested factual assertions that are relevant to the merits of Defendants' arguments in its two motions to dismiss"); *id.* at 7 (asserting that Defendants' "First Motion to Dismiss[] is the only motion properly before the court"); *id.* at 13 (asserting that "Plaintiff's deposition requests nothing more than information that should already have been discussed at the parties' Rule 26(f)

---

[5]  Plaintiff largely ignores these more recent Ninth Circuit decisions, (*see* Pl. Opp. at 4 n.5), opting to rely instead on a much older decision that she contends stands for the proposition that "a stay on discovery is appropriate only where 'it is convinced that the plaintiff will be unable to state a claim for relief.'" Pl. Opp. at 6 (citing *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981)). Here again Plaintiff attempts to apply the standard for a stay pending a motion to dismiss for failure to state a claim beyond that context. *See also* Pl. Opp. at 5 (citing other cases involving a request for a stay of discovery pending a Rule 12(b)(6) motion).

*Chattler v. United States of America*, Case No. 07-4040–MMC
Defendants' Reply in Support of Motion to Stay Discovery

4

conference"). Thus, such arguments do nothing to dispel the conclusion that a stay is warranted under the circumstances here.

### A. This Court Should Not Decide the Instant Motion Based on Plaintiff's Surmises About a Disqualified Judge's "Inclination" on Defendants' Original Motion to Dismiss.

Plaintiff invites this Court to deny the requested stay based on the supposed "inclination" of a judge who recused herself from this action. *See* Pl. Opp. at 1 (asserting that "Judge Illston indicated she was inclined to deny both motions"); *id.* at 5 (suggesting that "one District Court judge has already expressed her inclination to deny the First Motion to Dismiss"). That invitation flouts the clear purpose of the reassignment of this action to this Court – to have the issues here decided by a judge who is not disqualified. *See* 28 U.S.C. § 455(b); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (noting that Section 455(b) requires recusal where "an *actual* conflict of interest exists, even if there is no appearance of one"). In the trial context, where a judge recuses herself before issuing findings of fact and conclusions of law, the successor judge *must retry the case*. *See Medicare Glaser Corp. v. Guardian Photo, Inc.*, 936 F.2d 1016, 1019 (8th Cir. 1991) ("The rule has been established that when a judge has yet to make findings of fact and conclusions of law, the successor judge must retry the case unless all parties consent to resolution based upon the trial transcript or unless summary judgment would be appropriate."); *Emerson Elec. Co. v. General Electric Co.*, 846 F.2d 1324, 1326 (11th Cir. 1988) (same); *see also* Fed. R. Civ. P. 63. Similarly, here, since Judge Illston did not rule on Defendants' originally noticed Motion to Dismiss – which, in any event, is not the same motion before this Court – this Court must rehear the Motion to Dismiss. *See* Reassignment Order of January 15, 2008 ("Good cause appearing therefor, it is ORDERED that this case is reassigned [to] Honorable Maxine M. Chesney for all further proceedings" and "All matters presently scheduled for hearing are *vacated* and should be *renoticed* for hearing before the judge to whom the case has been reassigned" (emphasis added))[Dkt. No. 42]. Plaintiff's suggestions to the contrary are without merit.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

**B. Plaintiff's Unsubstantiated Assertions that Defendants' Renoticed Motion to Dismiss Is Not Properly Before the Court Are Irrelevant to This Court's Determination.**

Plaintiff suggests – without support – that Defendants' renoticed Motion to Dismiss is not properly before the Court and that Defendants therefore have not met the standard for a stay of discovery. *See* Pl. Opp. at 6 (contending that "[a]s a preliminary matter, the Defendants' Second Motion to Dismiss is procedurally improper"); *id.* at 7 (asserting that "the only motion properly before the court" is the Motion to Dismiss Defendants' originally filed in October 2007). In compliance with the Reassignment Order of January 15, 2008, which vacated all then-pending matters in this action, Defendants renoticed their Motion to Dismiss before this Court on February 1, 2008. *See* Reassignment Order of January 15, 2008. Defendants' Motion also complied with the Local Civil Rules for the Northern District of California. Those rules require that all notices of motions be "noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion" and "[i]n one filed document not exceeding 25 pages in length . . . contain . . . date and time of hearing . . . [and i]n the succeeding paragraphs the points and authorities in support of the motion." L. Civ. R. 7-2.

Plaintiff's claim that Defendants' renoticed Motion to Dismiss is nevertheless "procedurally improper" apparently is based her belief that the Motion "raises new facts and legal arguments" not previously raised. Regardless of whether that is true, [6/] none of the defenses raised in the renoticed Motion has been waived, [7/] and, in any event, Plaintiff will have the opportunity to respond to

---

[6/] Indeed, all of the arguments presented in Defendants' renoticed Motion to Dismiss were presented in substance to the prior judge. *See, e.g.,* Reply Memorandum of Law in Support of Defendants' Motion to Dismiss at 14 (filed Dec. 7, 2007) (contending that "nothing in the Department's regulations prohibits the requirement of a written request before the 'passport expedite fee will be refunded'"); *id.* at 7 n.5 (contending that Plaintiff's contract claims based on language in the Department's forms and on its website fail as a matter of law).

[7/] Under Rule 12 of the Federal Rules of Civil Procedure, a party waives any defense listed in Rule 12(b)(2) - (5) by "omitting it from a motion." *See* Fed. R. Civ. P. 12(h)(1)(A).

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

6

Defendants' arguments in her forthcoming opposition to Defendants' Motion to Dismiss. [8/] Thus, the suggestion that the motion Defendants filed February 1, 2008 is not properly before the Court is baseless, [9/] and Plaintiff's repeated references to the earlier-filed Motion to Dismiss have no purpose other than to obfuscate the issues here.

### C. Discovery Into the Department's Refund Procedures Is Not Required for the Court to Dismiss Plaintiff's *Individual* Claim for a Refund of the Expedite Fee Under the Doctrine of Prudential Exhaustion.

Plaintiff erroneously contends that Defendants' prudential exhaustion argument "hinges" on factual assertions in the declaration supporting Defendants' Motion to Dismiss, [10/] and that she should not be bound by those assertions. *See* Pl. Opp. at 10 (contending that "[i]n responding to the

---

[8/] Plaintiff also points out differences between the declaration supporting Defendants' pending Motion to Dismiss and the declaration filed last October. *See* Pl. Opp. at 8 (correctly noting that Defendants "saw fit to alter the declaration"). The only change with any bearing on Defendants' Motion to Dismiss is the addition of Exhibit C, which is a copy of a website page that Plaintiff incorporates by reference in her Complaint. *See* Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing ¶ 80 (alleging that "[t]he Department of State's promise in its forms and on its website that applicants who paid for expedited service and mailing would receive their passports 'within about two weeks' constituted a valid offer by the Department to provide expedited service within a set amount of time in exchange for a fee"). The Court should consider documents incorporated by reference in the Complaint in ruling on Defendants' Motion to Dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2059, 168 L.Ed.2d 179, 193 (2007) (noting that, in ruling on a motion to dismiss, courts should consider "the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

The other changes in the Barrett Declaration reflect the current reality instead of that which existed in October 2007. *Compare* Declaration of Ann Barrett ¶ 51 (filed Oct. 9, 2007) (explaining that "[a]t least 2 million paper applications, held at the various passport agencies and centers around the country, remain to be scanned) *with* Declaration of Ann Barrett ¶ 51 (filed Feb. 1, 2008) (omitting that fact because the referenced scanning since has been completed).

[9/] Notably, when it suits Plaintiff, she contends that a notice of motion without "filing a motion addressing the factual circumstances and relevant case law" is "procedurally improper." *See* Plaintiff's Objection to Defendants' Notice of Intention to File Motion to Disqualify at 1 (filed Dec. 27, 2007) [Dkt. No. 34].

[10/] With the exception of Exhibits A and C to the Barrett Declaration, which are documents incorporated by reference in the Complaint, none of the jurisdictional or the alternative failure-to-state-a-claim arguments raised in Defendants' Motion to Dismiss actually relies on the factual assertions in the Barrett Declaration.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

7

government's arguments on prudential exhaustion, Plaintiff . . . should not be bound by the Department's factual assertions, conclusions and opinions stated in the Barrett declarations, but should be able to explore the facts concerning what the government's procedures for providing refunds actually are; how long they have been in place; how they are documented; how well they were communicated to employees, contractors and the public; whether they provide refunds in accordance with the regulations; and ultimately to make her own conclusions and arguments as to whether such a procedure is adequate and useful"). Here again, Plaintiff's contention is based on a misreading of the case law she cites. *See* Pl. Opp. at 9-10 (citing *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001)). The *Orchid Biosciences* court acknowledged the existence of authorities corroborating "to a certain extent" the "proposition that discovery should not be allowed where declarations or affidavits alone answer all of a plaintiff's jurisdictional questions." *Id.* at 674. Nevertheless, the court found that limited jurisdictional discovery was appropriate "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Id.* That is not the case here.

As Defendants explained in their Motion to Stay Discovery, the facts relevant to whether Plaintiff's claim should be dismissed for failure to exhaust administrative remedies are undisputed: (1) in June 2007, when Plaintiff applied for her passport, the Department's website informed applicants that they could request a refund of the expedite fee if they had reason to believe they paid for but did not receive that service; and (2) Plaintiff to date has not requested a refund of the expedite fee she allegedly paid. *See* Stay Mot. at 5-6. Nevertheless Plaintiff contends that she should be permitted discovery into Defendants' refund and expedited processing practices over a seven-year period so that she can "make her own conclusions and arguments as to whether [the Department's] . . . procedure is adequate and useful." Pl. Opp. at 10; *see, e.g.,* Plaintiff's First Request for Production of Documents at 6 (requesting "All DOCUMENTS RELATING TO" the Department's "policies, procedures and practices RELATED TO YOUR" "refund procedures for expedited passport

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

8

processing fees" and "handling of requests for expedited passport processing" from January 1, 2001 to the present). That contention too is unsupported in law.[11]

Rather, "in the normal situation," a claim of inadequacy of administrative remedies "require[s] that [Plaintiff] make *some attempt to implement the procedures* and find them inadequate." *Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1325 (9th Cir. 1990) (emphasis added); *see, e.g., Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1310 (9th Cir. 1992) (concluding that "judicial involvement in [] dispute over Tucson Unified's extended school year program [wa]s unwarranted" and noting that "[h]ad the four named plaintiffs first sought administrative relief and been denied that relief, this case would be before us in an entirely different posture"). Plaintiff here, although clearly aware of the Department's refund process, has made no effort to invoke it. Thus, no further development of the record is required for this Court to dismiss her claims for failure to exhaust. But even if the Court were persuaded otherwise, as already discussed, this Court need not reach Defendants' prudential exhaustion argument to dismiss this case in its entirety. *See* Pt. I, *supra.*

**D. Plaintiff's Suggestion that Her Improperly Noticed Rule 30(b)(6) Deposition Was Warranted Because of Defense Counsel's Conduct at the Rule 26(f) Conference Borders on the Disingenuous.**

Plaintiff's Opposition does not address Defendants' contention that the circumstances surrounding Plaintiff's discovery requests indicate an intent to annoy Defendants. *See, e.g.,* Stay

---

[11] Plaintiff erroneously suggests that *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), requires that the Court give Plaintiff "an adequate opportunity to develop the factual record." Pl. Opp. at 9. The relied-on conclusions in *Wyatt* all were predicated on the fair-notice doctrine, which the Ninth Circuit adopted "because of [its] concern for the pro se *prisoner* litigant who also faces the unique handicaps of incarceration." *Rand v. Rowland*, 154 F.3d 952, 958-59 (9th Cir. 1998) (emphasis in original). Nothing in *Rand* or *Wyatt* suggests that the Ninth Circuit intended the doctrine to have applicability outside that context. On the contrary, the *Rand* court explained that "the twin infirmities of imprisonment and proceeding without counsel, which provided the basis for the creation of the fair notice rule, remain solid grounds for the rule's retention and *its restriction to this class of litigants*." *Id.* (emphasis added); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (refusing to apply fair-notice rule to pro se non-prisoners). Clearly, if the Ninth Circuit is unwilling to apply that rule to a pro se, non-prisoner litigant, this Court can reject out of hand Plaintiff's suggestion that the rule applies to her.

Mot. at 8 (noting that "Plaintiff's counsel [] inexplicably noticed [] depositions on February 13 and 14, 2008 – dates when she knew defense counsel was not available to defend the depositions."); *see also id.* (noting that Plaintiff's deposition notice "arrived unexpectedly the day before the parties' previously scheduled conference call to discuss the Joint Case Management Statement (which addresses discovery) due February 8, 2008 and to decide on a hearing date for Defendants' re-noticed Motion to Dismiss"). Instead she suggests that any failings on her part should be excused because "Plaintiff's deposition notice requests nothing more than information that should already have been discussed at the parties' Rule 26(f) conference." Pl. Opp. at 13. Defendants represented last November that, in keeping with the duty to preserve evidence that Plaintiff identifies, (*see* Pl. Opp. at 11-12), Defendants instructed "all relevant personnel to maintain all documents currently in their possession or subsequently created that are relevant to Plaintiff's claims in this action." Joint Case Management Statement at 8 (filed Nov. 28, 2007) [Dkt. No. 16]. Plaintiff did not then – or in the parties' most recent Rule 26(f) conference on February 1, 2008 – raise the issues concerning Defendants' document retention practices identified in the deposition Notice Attachment. *See* Notice of Deposition of Defendants Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure Att. A (seeking the Department's preservation policies "specifically including" all computer systems used since August 7, 2001 relating to passport applications, all records relating to the handling and processing of passport applications since January 1, 2001, and all records related to individual inquiries made to the National Passport Information Center). Thus, Plaintiff's suggestion that her improper Notice was precipitated by counsel's failure to provide such information earlier is specious.

**III.     Plaintiff Will Not Be Prejudiced by the Continuation of This Court's Stay.**

Plaintiff has not demonstrated that she will be prejudiced by a continuation of this Court's stay on discovery. *See* Pl. Opp. at 8 (complaining that "[s]he has already waited six months to move forward on her case and will be unfairly prejudiced by continued delay"). Indeed, her assertion of a

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

10

desire to "move forward" with her claims is belied by her refusal *to this day* to invoke the Department's refund process (and thereby, potentially moot her refund claim or substantiate her unsupported protestations that the process is inadequate). Nevertheless, "[i]n ruling upon a motion to stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Nabi Biopharmaceuticals*, 2006 WL 3007430, at *1, *cited in* Pl. Opp. at 5. Plaintiff's own authorities demonstrate that on the facts here, she will not be prejudiced by continuation of the stay until the Court decides Defendants' Motion to Dismiss, which is scheduled for hearing next month. *See, e.g., In re Gupta Sec. Litig.*, 1994 WL 675209, at *4 (N.D. Cal., Sept. 24, 1999) (concluding that plaintiffs could not claim prejudice where defendants' "motion to dismiss [wa]s on calendar before the District Court . . . less than one month away"), *cited in* Pl. Opp. at 5. That is especially true where all indications suggest that "discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future." *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (concluding that because "the class size would call for unwieldy discovery, this court finds that a stay of proceedings until the motion to dismiss is ruled on would best meet the interests of justice"), *cited in* Pl. Opp. at 5. [12]

In stark contrast, Defendants would have to expend substantial time and resources to respond to Plaintiff's broad requests for "all documents" and information relating to various aspects of the Department's passport processing procedures and practices since January 1, 2001. *See generally* Plaintiff's First Set of Special Interrogatories; Plaintiff's First Request for Production of Documents (requesting information, assessments, "all documents," and communications related to various aspects of the Department's passport services). If, as is likely, Defendants prevail on their Motion to Dismiss, such redirection of the Department's resources from its official business would be wasted.

---

[12] In the Joint Case Management Statement the parties filed last November, Plaintiff proposed almost a full year of fact discovery. *See* Joint Case Management Statement Sch. A (filed Nov. 28, 2007) [Dkt. 16].

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

11

*See, e.g., Orchid Biosciences*, 198 F.R.D. at 675 (noting that "[s]hould Defendant[s] prevail on [their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources"); *cf Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 2736, 73 L.Ed.2d 396, 408 (1982) (identifying as among the "social costs" against which immunity guards, "the expenses of litigation [and] the diversion of official energy from pressing public issues"). Under these circumstances, the balance of hardships decisively dictates that the Court continue the stay on discovery until Defendants' pending Motion to Dismiss is decided.

## CONCLUSION

For the foregoing reasons and those explained more fully in Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion Dismiss, the Court should continue the stay on discovery pending the ruling on Defendants' Motion to Dismiss.

Date: February 12, 2008                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division


JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California


VINCENT M. GARVEY
Deputy Branch Director

  /s /Jacqueline Coleman Snead
_____
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery

12

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants' Reply in Support of Motion to Stay Discovery was served electronically on February 12, 2008 through the Northern District of California Electronic Case File System and that the document is available for viewing and downloading on that system.

                                          /s /Jacqueline Coleman Snead  
                                          Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Reply in Support of Motion to Stay Discovery