IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CHATTLER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants | No. C-07-4040 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

    Before the Court is defendants' "Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss," filed February 4, 2008. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers submitted, VACATES the hearing scheduled for February 22, 2008, and rules as follows.

**BACKGROUND**

    Plaintiff filed the instant action on August 7, 2007. In her complaint, plaintiff alleges that although she paid a $60 fee to defendants to receive "expedited" processing of her application for a passport, she did not receive expedited service. (See Compl. ¶¶ 1, 27-29.) Based on said allegation, plaintiff, who seeks to proceed on behalf of a class, asserts defendants breached an implied-in-fact contract to provide her with expedited service, (see

Compl. ¶¶ 66, 84, 97), and that defendant violated regulations applicable to expedited service by not "automatically" refunding the $60 fee she paid, (see Compl. ¶ 76). As relief, plaintiff seeks an award of compensatory damages, including consequential and special damages. (See Compl. ¶ 101.)

On October 9, 2007, defendants filed a motion to dismiss. On January 14, 2008, before a decision had been rendered on the motion to dismiss, the judge previously assigned to the action recused herself. On January 15, 2008, the action was reassigned to the undersigned; the reassignment order directed the parties to renotice any pending motion. On January 30, 2008, plaintiff served on defendants a "First Set of Special Interrogatories," a "First Request for Production of Documents," and a "Notice of Deposition of Defendants Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure." (See Defs.' Mot to Stay Discovery, Ex. A.) Thereafter, on February 1, 2008, defendants filed a motion to dismiss, and noticed said motion for hearing on March 14, 2008.

## DISCUSSION

By the instant motion, defendants seek to stay discovery pending a decision on defendants' motion to dismiss.

"[D]iscovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion." Wagh v. Metris Direct, Inc., 363 F. 3d 821, 829 (9th Cir. 2003). Accordingly, a district court may "stay[ ] discovery pending a hearing on [a] motion to dismiss" where the resolution of the motion does not require determination of factual issues. See Jarvis v. Regan, 833 F. 2d 149, 155 (9th Cir. 1987).

In their motion to dismiss, defendants raise the following arguments:[1] (1) the subject regulations do not authorize the recovery of consequential or special damages for a failure to comply with the regulations, and, consequently, defendants can only be liable, in the event of a violation thereof, for the $60 fee paid; (2) plaintiff has failed to allege facts to

---

[1] The arguments are listed in the order presented in defendants' motion.

2

support a finding that she formed an implied-in-fact contract with defendants; (3) plaintiff did not exhaust available administrative remedies to seek return of the $60 fee, and should be required to do so; and (4) the subject regulations do not require defendants to refund the $60 fee unless the applicant first requests a refund. The first, second, and fourth arguments, as identified above, are legal in nature, and the Court's resolution thereof does not require or entail resolution of any fact.

Defendants' argument based on exhaustion, however, has a factual basis, specifically, facts that, according to defendants, support a legal conclusion that prudential concerns warrant imposition of an exhaustion requirement.[2] In particular, defendants rely on the Declaration of Ann Barrett to support such factually-based arguments as "[t[he Department [of State] has an efficient and established process for refunding the expedite[d] fee to applicants who failed to receive the required service," (see Defs.' Mot. to Dismiss, filed February 1, 2008, at 20:4-5), "every expedited fee refund is examined on a case-by-case basis," (see id. at 20:25), and "[the refund] process takes approximately six weeks from the time a request is received at the Service Refund Center until a refund is issued by the Department of Treasury to the qualifying applicant," (see id. at 21:4-6).

Nonetheless, defendants argue, discovery as to the exhaustion process is unnecessary because the Court would not need to reach the exhaustion issue if it were to decide the purely legal issues in favor of defendants. In advance of its consideration of the merits of the legal issues presented, however, the Court cannot determine whether it will be necessary or advisable to reach the exhaustion issue.[3]

---

[2] "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F. 3d 812, 815 (9th Cir. 2007) (internal quotation and citation omitted).

[3] The Court finds defendants' alternative argument, that plaintiffs' discovery requests were "intended to annoy or harass" defendants, (see Defs.' Mot. to Stay Discovery at 9:1-2), to be factually unsupported.

Accordingly, the Court will deny the motion to the extent plaintiff seeks discovery pertinent to exhaustion of administrative remedies.

**CONCLUSION**

For the reasons stated, defendants' motion to stay discovery pending resolution of defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent plaintiff seeks discovery pertinent to exhaustion of administrative remedies, the motion is hereby DENIED.

2. In all other respects, the motion is hereby GRANTED, and discovery pertinent to issues other than exhaustion is hereby STAYED, such stay to be automatically lifted upon the Court's resolution of defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 20, 2008

_____
MAXINE M. CHESNEY
United States District Judge