REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　　　　　　　　　　Defendants. | No. C 07-04040 MMC<br><br>PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND MOTION TO DISMISS<br><br>DATE:　March 14, 2008<br>TIME:　9:00 a.m..<br>DEPT:　Courtroom 7, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

001980-11 225152 V1

1  **TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2  PLEASE TAKE NOTICE that on March 14, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of Judge Maxine M. Chesney, United States District Court, Northern District of California, San Francisco Division, Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff shall and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(g) and 12(h), for an order striking Defendants' second motion to dismiss.

This motion is based on this notice of motion and motion, the memorandum or points and authorities in support thereof, the proposed order, the pleadings and records on file in this case and other such matters and argument as the Court may consider in the hearing of this motion.

**TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY ..................................................................................................1

II.  ARGUMENT .......................................................................................................................2

    A.   The Defendants' Second Motion to Dismiss is Prohibited by Federal Rules of Civil Procedure 12(g) and 12(h) and Should Be Struck by this Court.......................2

    B.   The Court Should Not Exercise Its Discretion to Consider an Untimely and Improper Motion Under the Current Circumstances. .............................................4

III. CONCLUSION ....................................................................................................................5

1 **STATEMENT OF ISSUES TO BE DECIDED**

3    Whether Defendants are permitted to file a second motion to dismiss under Rule 12 raising new legal issues, where the first motion to dismiss is still pending.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL HISTORY

This case was filed six months ago, on August 7, 2007, based on the Defendants' failure to provide expedited passport processing to the millions of Americans who paid for it.  On October 9, 2007, Defendants filed their First Motion to Dismiss.[1]  Plaintiff filed her Opposition on November 30, 2007, and Defendants filed their Reply on December 7, 2007.  The motion was heard by Judge Illston on December 21, 2007.  The First Motion to Dismiss sought to dismiss Plaintiff's claims for consequential and special damages either for lack of subject-matter jurisdiction or for failure to state a claim, arguing that the government had not waived its sovereign immunity as to those damages.  Defs.' First MTD at 8.  With regard to Plaintiff's money-mandating regulation claim, the government argued that because the money-mandating regulations did specifically authorize special and consequential damages, they were beyond the scope of the Tucker Act's waiver, or in the alternative, Plaintiff had failed to state a claim for such damages.  Defs.' First MTD at 11, 12.  With regard to Plaintiff's contract claim, Defendants argued that there could be no promise to pay damages beyond a refund of the fee, and that therefore the court lacked jurisdiction over claims for those damages.  Defs.' First MTD at 15.  In the alternative, Defendants argued that there was not a sufficient meeting of the mind as to special and consequential damages and that therefore Plaintiff had failed to state a claim as to those damages.  Defs.' First MTD at 15-16.  Defendants also argued that the entire case should be dismissed as a prudential matter because Plaintiff had not applied for a refund under the government's existing process.  Defs.' First MTD at 16.

At the motion hearing, Judge Illston indicated she was inclined to deny Defendants' motion to dismiss, and also indicated that she had paid for expedited passport service that summer but believed she had received adequate service and would disclaim any remedy to which she might be entitled.  On January 9, 2008, Defendants filed a Motion for Disqualification Pursuant to 28 U.S.C.

---

[1] "First Motion to Dismiss" or "First MTD" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on Oct. 9, 2007.

§ 455. On January 14, 2008, Judge Illston issued a Recusal Order, removing herself from the case. No order on Defendants' First Motion to Dismiss was entered.

On January 15, 2008, the Executive Committee reassigned the case to this Court with instructions to the parties that "ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED." Order Reassigning Case (dated January 15, 2008) [Dkt. No. 42].

On February 1, 2008, rather than re-noticing their pending Motion to Dismiss, Defendants filed a Second Motion to Dismiss.[2] This motion raises two new arguments pursuant to Rule 12(b)(1) and (6), and significantly reshapes Defendants' prior arguments with regard to the availability of special and consequential damages. Plaintiff has filed her Opposition to the Second Motion to Dismiss contemporaneously with this motion.

## II.    ARGUMENT

### A.    Defendants' Second Motion to Dismiss is Prohibited by Federal Rules of Civil Procedure 12(g) and 12(h) and Should Be Struck by this Court

Federal Rule of Civil Procedure 12(g) "requires that a party who raises a defense by motion prior to an answer raise all such possible defenses in a single motion; ***omitted defenses cannot be raised in a second, pre-answer motion***." *Chilicky v. Schweiker*, 796 F.2d 1131 (9th Cir. 1986). "The philosophy underlying [Rule 12(g)] is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) (quoting Moore's Federal Practice (2d ed. 1987)). While a defendant who fails to properly raise in their first pre-answer motion defenses for lack of subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) does not waive those defenses entirely, those defenses may only be raised "in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). "Under the familiar canon of statutory

---

[2] "Second Motion to Dismiss" or "Second MTD" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on February 1, 2008.

PL'S MOT. TO STRIKE DEFS.'
SECOND MOT. TO DISMISS – NO. C 07-04040 MMC
001980-11 225152 V1

1   construction, *expressio unius est exclusio alterius*, Rule 12(h)(2)'s authorization of three narrowly
2   defined exceptions to the general prohibition against successive 12(b) motions automatically
3   excludes any other means" of raising those arguments. *Federal Express Corp. v. United States*
4   *Postal Serv.*, 40 F. Supp. 2d 943, 948 (W.D. Tenn. 1999).

5         Under Rule 12(g), a defendant may not avoid filing an answer and delay the case at the
6   pleading stage by filing multiple, pre-answer motions. *See Rauch v. Day & Night Mfg. Corp.*, 576
7   F.2d 697, 701 (6th Cir. 1978) (the rule "is intended to eliminate unnecessary delays at the pleading
8   stage of a case by avoiding the piecemeal consideration of pretrial motions"). As a leading treatise
9   states, a party "cannot delay the filing of a responsive pleading by interposing these defenses and
10  objections in piecemeal fashion . . . . Any defense that is available at the time of the original
11  motion but is not included, may not be the basis of a second pre-answer motion." 5 Wright &
12  Miller, Federal Practice & Procedure: Civil § 1384 at 837. As one court aptly put it:

> [I]t is a waste of judicial resources to consider motion after motion in
> which defendants raise the same defense over and over, each time
> testing a new argument. Allowing such a tactic means that
> defendants potentially could stall litigation indefinitely as long as
> they can conjure up a new argument on which to base a failure to
> state a claim defense.

*Sprint Telephony PCS, L.P. v. County of San Diego*, 311 F. Supp. 2d 898, 905 (S.D. Cal. 2003).
This Court should not countenance the dilatory motion practice the Rule 12(g) was designed to
prohibit. *See Rauch*, 576 F.2d at 701 n.3.

      The government's Second Motion to Dismiss is a clear violation of the Federal Rules and
should not be entertained. Defendants filed a pre-answer motion pursuant to Rule 12(b) on
October 9, 2007. That motion was fully briefed and heard by the Court. That motion is still
pending before this Court, as Judge Illston took no action on it prior to or at the time of her recusal.
Defendants were instructed by the January 15, 2008 Reassignment Order to re-notice the motion.
Instead, Defendants filed a new motion two weeks later with both new and revised arguments.
Defendants should not be allowed to attempt to gain strategic advantage out of the recusal of Judge
Illston by circumventing Rule 12(g), getting a second chance at framing their arguments for
dismissal, and continuing to delay discovery and the filing of a responsive pleading. *See*, *e.g.*,

PL'S MOT. TO STRIKE DEFS.'
SECOND MOT. TO DISMISS – NO. C 07-04040 MMC
001980-11 225152 V1

- 3 -

*Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss, except a motion as provided in subdivision (h)(2)"); *Manns v. City of Atlanta*, No. 1:06-CV-0609-TWT, 2006 WL 2466836, at *4 (N.D. Ga. Aug. 23, 2006) (a second 12(b)(6) motion is not allowed even under the exemptions to 12(g) and should not be considered); *Daneshvar v. Graphic Tech., Inc.*, No. 04-2212-JWL, 2005 WL 902113, at *2 (D. Kan. Apr. 19, 2005) ("defendant simply has no right (and is expressly prohibited under the federal rules) to file a successive motion"). Because the Defendants' Second Motion to Dismiss does not fall within any of the permissible pleadings described in Rule 12(h)(2), it must be struck or denied as untimely. *See Swart v. Pitcher*, No. 92-2401, 1993 WL 406802, at *3 (6th Cir. Oct. 8, 1993); *Federal Express Corp.*, 40 F. Supp. 2d at 948.

**B.    The Court Should Not Exercise Its Discretion to Consider an Untimely and Improper Motion Under the Current Circumstances**

Although the Federal Rules expressly prohibit the filing of successive Rule 12(b) motions, some courts have exercised their discretion to consider such untimely motions where there is no evidence of bad faith or intention to delay. However, such a choice is not merited here. As even those courts considering such motions agree, "relaxation of [Rule 12(g)] should be the exception and should not be the norm." *Ass'n of Irritated Residents v. C&R Vanderham Dairy*, No. CIV F 05-1593 AWI SMS, 2006 WL 2644896, at *7 n.5 (E.D. Cal. Sept. 14, 2006); *see also Stoffels v. SBC Commc'ns., Inc.*, 430 F. Supp. 2d 642, (W.D. Tex. 2006) ("Rule 12(g) normally bars successive pre-answer motions to dismiss"). Courts that allow such successive motions typically do so based where circumstances such as a changed factual or procedural posture make doing so more efficient. *See*, *e.g.*, *Butler v. Fairbanks Capital*, No. Civ. A. 04-0367(RMU), 2005 WL 5108537, at *2 (D. D.C. Jan. 3, 2005) (allowing supplemental motion where "the events giving rise to the second motion did not occur until [defendant] filed the first motion, and because the second motion does not address any of the issues [defendant] raised in the first motion, there is no

PL'S MOT. TO STRIKE DEFS.'
SECOND MOT. TO DISMISS – NO. C 07-04040 MMC
001980-11 225152 V1

- 4 -

1  indication that [defendant] intended . . . to delay or interfere with the swift administration of
2  justice").
3        Here, the Defendants' Second Motion to Dismiss does not raise any arguments that could
4  not have been raised in the First Motion to Dismiss, is not based on any procedural or factual
5  changes in the case, and was not countenanced by the order reassigning the case, but "was
6  submitted for no better reason than a failure to respond adequately in the first motion." *Stoffels*,
7  430 F. Supp. 2d at 649 n.1.  The parties and the Court expended substantial resources briefing and
8  hearing the First Motion to Dismiss, and Defendants' decision to file a second motion has served
9  only to cause unnecessary delay and create a moving target of the arguments covered in both
10 motions.  Given the posture of the initial motion at the time of reassignment, Defendants should not
11 be allowed to create a procedural advantage out of Judge Illston's recusal.  In these circumstances,
12 there is no basis for the Court to exempt Defendants from the plain requirements of the Federal
13 Rules of Civil Procedure.

### III.  CONCLUSION

15       For all the reasons stated above, Plaintiff respectfully requests that Defendants' Second
16 Motion to Dismiss be struck, or in the alternative, denied as untimely.

17 DATED:  February 22, 2008              HAGENS BERMAN SOBOL SHAPIRO LLP

                                                                       /s/ Robert B. Carey
                                                                   ROBERT B. CAREY

2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

Reed R. Kathrein (139304)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

PL'S MOT. TO STRIKE DEFS.'
SECOND MOT. TO DISMISS – NO. C 07-04040 MMC
001980-11 225152 V1

|   |   |
|---|---|
| 1 | Steve Berman (*Pro Hac Vice*) |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |
| 3 | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 |
| 4 | steve@hbsslaw.com |
| 5 | Megan E. Waples (*Pro Hac Vice*)<br>THE CAREY LAW FIRM |
| 6 | 2301 East Pikes Peak Avenue<br>Colorado Springs, CO 80909 |
| 7 | Telephone: (719) 635-0377<br>Facsimile: (719) 635-2920 |
| 8 | mwaples@careylaw.com |
| 9 | Attorneys for Plaintiff |

    I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND MOTION TO DISMISS. In compliance with General Order 45, X.B., I hereby attest that Robert B. Carey has concurred in this filing.

PL'S MOT. TO STRIKE DEFS.'
SECOND MOT. TO DISMISS – NO. C 07-04040 MMC
001980-11 225152 V1

- 6 -

1    **CERTIFICATE OF SERVICE**

2          I hereby certify that on February 22, 2008, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

4    mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby

5    certify that I have mailed the foregoing document or paper via the United States Postal Service to

6    the non-CM/ECF participants indicated on the attached Manual Notice List.

8                                          /s/ Shana E. Scarlett
                                        SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)