1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  Civil Division

   JOSEPH P. RUSSONIELLO
3  United States Attorney
   Northern District of California

4
   VINCENT M. GARVEY
5  Deputy Branch Director

   JACQUELINE COLEMAN SNEAD
6  Trial Attorney
   Federal Programs Branch, Civil Division
7  U.S. Department of Justice
   20 Massachusetts Avenue, N.W. Rm 7214
   Washington, DC 20530
8  Tel: (202) 514-3418

9           Attorneys for the Defendants.

10                          **UNITED STATES DISTRICT COURT**

11                          **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14

15 **JULIA CHATTLER,**                    Case No. 07-4040–MMC

16      **PLAINTIFF**

17
        **v.**                            DEFENDANTS' OPPOSITION TO
18                                        PLAINTIFF'S MOTION TO STRIKE
   **UNITED STATES OF AMERICA,**
19 **DEPARTMENT OF STATE,**               Hon. Maxine M. Chesney
                                          Date: April 4, 2008, 9:00 am
20      **DEFENDANTS.**

21

22

23

24

25

26 *Chattler v. United States of America*, Case No. 07-4040–MMC

27 Defendants' Opposition to Plaintiff's Motion to Strike

28

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES. ................................................................................................ -ii-

INTRODUCTION. ..................................................................................................................... 1

PROCEDURAL HISTORY. ....................................................................................................... 1

ARGUMENT. ............................................................................................................................. 2

    I.     Defendants' Pending Motion to Dismiss Is Not a Successive Rule 12 Motion in Violation of Rule 12(g). ........................................................................ 3

    II.    Defendants' Pending Motion to Dismiss Raises Arguments Previously Presented in Connection with the Motion to Dismiss Vacated by the Reassignment Order. ................................................................................................ 5

    III.   Defendants' Subject-Matter Jurisdiction Arguments Are Not Within the Scope of Rule 12(g) and Therefore Are Properly Before the Court. ................. 6

    IV.   The Court Should Consider Defendant's Rule 12(b)(6) Arguments Even if "New" Because They Were Not Raised for Dilatory Purpose and Their Consideration Promotes Efficient Resolution of this Action. ................. 7

          A.    Defendants' Motion to Dismiss Was Not Filed to Delay the Proceedings in This Action. ........................................................................ 8

          B.    This Court's Consideration of All of the Arguments in the Pending Motion to Dismiss Will Expedite Disposition of this Action on the Merits. ............................................................................. 9

CONCLUSION. ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Association of Irritated Residents v. C&R Vanderham Dairy,*
    2006 WL 2644896 (E.D. Cal, Sept. 14, 2006).................................................................. 7

*Donnelli v. Peters Sec. Co.,*
    2002 WL 2003217 (D. Ill., Aug. 29, 2002).................................................................... 8

*Emerson Elec. Co. v. General Electric Co.,*
    846 F.2d 1324 (11th Cir. 1988). ........................................................................................ 4

*Ex parte McCardle,*
    74 U.S. 506, 19 L. Ed. 264 (1868). ................................................................................... 6

*Kincaid v. City of Anchorage,*
    100 F. Supp. 325 (D. Ak. 1951)..................................................................................... 8, 9

*Lindsey v. United States,*
    448 F. Supp. 2d 37 (D.D.C. 2006). ................................................................................... 6

*Lockyer v. United States Dep't of Agriculture,*
    459 F. Supp. 2d 874 (N.D. Cal. 2006). ......................................................................... 3, 4

*Medicare Glaser Corp. v. Guardian Photo, Inc.,*
    936 F.2d 1016 (8th Cir. 1991). ......................................................................................... 4

*Schiessle v. Stephens,*
    525 F. Supp. 763 (N.D. Ill. 1981). .................................................................................... 7

*Sidney-Vinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir. 1983). ........................................................................................... 3

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).................................................. 6

*Steele v. Stephan,*
    633 F. Supp. 950 (D. Kan. 1986)...................................................................................... 7

*Stoffels v. SBC Communications, Inc.,*
    430 F. Supp. 2d 642 (W.D. Tex. 2006)..................................................................... 7, 8, 9

**STATUTES AND RULES**

22 C.F.R. §51.66. ................................................................................................. 5

Fed. R. Civ. P. 12(f). ..................................................................................... passim

Fed. R. Civ. P. 12(h)(3) ......................................................................................... 6

Fed. R. Civ. P. 12(h)(2) ..................................................................................... 6, 7

Fed. R. Civ. P. 12(g). ........................................................................... 1, 4, 6, 7, 9

28 U.S.C. § 455. .................................................................................................... 2

L. Civ. R. 7-2(a) .................................................................................................... 8

L. Civ. R. 7-2(b). ................................................................................................... 4

**MISCELLANEOUS**

Black's Law Dictionary (8th ed. 2004). ................................................................ 3

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
    (West 2004). ................................................................................................... 6

**INTRODUCTION**

Pursuant to the Reassignment Order of January 15, 2008, Defendants moved this Court to dismiss this action in its entirety. Apparently realizing the strength of the arguments in that motion, Plaintiff moves this Court to strike Defendants' Motion to Dismiss as in violation of Federal Rule of Civil Procedure 12(g)'s prohibition against successive Rule 12 motions. Plaintiff contends that the motion to dismiss Defendants filed with the predecessor judge in this action – *but vacated by the Reassignment Order* – should be operative. Underlying that contention is Plaintiff's desire to have this Court adopt her surmises about how that judge would have ruled on the vacated motion had she not recused herself – a suggestion that flouts the clear purpose of the reassignment of this action. Even apart from its apparent motivation, Plaintiff's Motion to Strike should fail because it is untimely and procedurally improper. In addition, Defendants' pending Motion to Dismiss does not violate Rule 12(g) but, even if it were somehow so construed, the Court should exercise its discretion and consider the motion because doing so promotes efficient disposition of this action. Indeed, apparently recognizing the weakness of her motion, Plaintiff has already filed an opposition to Defendants' allegedly violative Motion to Dismiss. Accordingly, the Court should deny Plaintiff's Motion to Strike.

**PROCEDURAL HISTORY**

On August 7, 2007, Plaintiff Julia Chattler filed this damages action on behalf of herself and a class of similarly situated individuals who allegedly did not receive expedited processing of their passport applications. *See* Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of Implied Covenant of Good Faith and Fair Dealing. While reassignment of this action to a United States district judge was pending, Defendants moved to dismiss this action in its entirety for lack of jurisdiction, failure to state a claim, and lack of prudential exhaustion. *See* Defendants' Motion to Dismiss (filed Oct. 9, 2007) [Dkt. No. 10]. The following day this action was reassigned to the Honorable Susan Illston for all further proceedings.

*Chattler v. United States of America*, Case No. 07-4040–MMC
Defendants' Opposition to Plaintiff's Motion to Strike

At the December 21, 2007 hearing on Defendants' Motion to Dismiss, Judge Illston disclosed that she had applied the previous summer for expedited processing of her passport application. While Judge Illston did not "think that disqualifie[d her] from anything in this case," she indicated that "if anybody has any concern about that, I would not be offended in the least if you asked me to take myself off this case." Transcript of Hearing on Defendants' Motion to Dismiss ("Hearing Tr.") at 3 (Dec. 21, 2007). Defendants subsequently moved for an order of recusal on grounds that Judge Illston had a disqualifying financial interest in this action. *See* Defendants' Motion for Disqualification Pursuant to 28 U.S.C. § 455 (filed Jan. 9, 2008) [Dkt. No. 38]. By Order of January 14, 2008, Judge Illston recused herself. Defendants' Motion to Dismiss was still pending at the time of her recusal.

By Order of January 15, 2008, this action was reassigned to this Court. That Order vacated all then-pending matters and directed the parties to renotice such matters for hearing. *See* Reassignment Order (Jan. 15, 2008) [Dkt. No. 42]. In compliance with that Order, Defendants moved this Court to dismiss this action in its entirety and noticed their motion for hearing on March 14, 2008. *See* Defendants' Motion to Dismiss (filed Feb. 1, 2008) [Dkt. No. 47]. Three weeks later, Plaintiff moved to strike that filing. By Order of February 28, 2008, the Court continued the hearing on Defendants' Motion to Dismiss pending resolution of Plaintiff's Motion to Strike.

**ARGUMENT**

As an initial matter, Plaintiff's Motion to Strike is untimely and procedurally improper. Motions to Strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure not Rule 12(g) or Rule 12(h). *See* Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss ("Pl. Mot.") at i (filed Feb. 22, 2008) [Dkt. No. 59] (purporting to file motion to strike pursuant to Rule 12(g) and 12(h)). Rule 12(f) provides in relevant part that "on motion made by a party . . . within 20 days after being served with the pleading," the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's Motion

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

2

to Strike satisfies none of those requirements. First, she waited three weeks after Defendants served their Motion to Dismiss before moving to strike it and thus did not file "within 20 days after being served." Second, Plaintiff moves to strike a motion not a pleading. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting that motions to strike a party's brief are improper because a brief is not a pleading). Third, Plaintiff does not contend that any defense in Defendants' Motion to Dismiss is insufficient or that it contains any redundant, immaterial, impertinent, or scandalous matter. Any of these grounds is alone sufficient to deny the instant motion. But even if the Court excuses such failings as Plaintiff's mislabeling her motion, it nevertheless should be denied.

**I.     Defendants' Pending Motion to Dismiss Is Not a Successive Rule 12 Motion in Violation of Rule 12(g).**

Plaintiff's contention that Defendants' pending Motion to Dismiss "is a clear violation of" Rule 12(g) ignores the effect of the Reassignment Order issued in this action. *See* Pl. Mot. at 3, 4 (erroneously contending that Defendants' Motion to Dismiss filed October 9, 2007 "is still pending before this Court" and therefore the Motion to Dismiss filed February 1, 2008 is an impermissible "second pre-answer motion to dismiss"). The Reassignment Order expressly "vacated" all then-pending matters in this action and directed the parties to renotice such matters for hearing before this Court. *See* Reassignment Order ("All matters presently scheduled for hearing are vacated and should be renoticed for hearing before the judge to whom the case has been reassigned."). Defendants' original Motion to Dismiss, which had been pending at the time, thereby was rendered null and void. *See* Black's Law Dictionary 1584 (8th ed. 2004) (defining "vacate" as "[t]o nullify or cancel; make void; invalidate"); *see also Lockyer v. United States Dep't of Agriculture*, 459 F. Supp. 2d 874, 896 (N.D. Cal. 2006) ("To 'vacate' . . . means 'to annul'; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside"). Accordingly, when Defendants moved to dismiss this action on February 1, 2008 and noticed their

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

3

motion for hearing on March 14, 2008, [1/] that motion was filed on a clean slate and is the only operative motion before this Court. [2/] *See* Defendants' Motion to Dismiss ("Pending Mot.") (filed Feb. 1, 2008) [Dkt. No. 47]. Plaintiff's attempt to give legal consequence to Defendants' vacated Motion to Dismiss is contrary to the vacatur in the Reassignment Order. *Compare Lockyer*, 459 F. Supp. 2d at 897 (concluding that to hold that district court injunction vacated by Tenth Circuit "eliminated the need for NEPA and ESA analysis that was otherwise required [] would be impermissibly giving legal consequence to the vacated judgment") *with* Pl. Mot. at 3 (urging the Court to give legal consequence to the vacated Motion to Dismiss and deem the Motion to Dismiss filed pursuant to the Reassignment Order barred by Rule 12(g)). Thus, Defendants' pending Motion to Dismiss cannot properly be deemed a successive Rule 12 motion in violation of Rule 12(g).

---

[1/] Local Civil Rule 7-2 governs the requirements for notices and supporting papers. *See* L. Civ. R. 7-2 ("Notice and Supporting Papers"). Specifically, "[i]n one filed document not exceeding 25 pages in length, a motion must contain . . . [i]n the first paragraph, notice of the motion including date and time of hearing . . . and [i]n the succeeding paragraphs, the points and authorities in support of the motion." L. Civ. R. 7-2(b). Defendants' pending Motion to Dismiss complied with those requirements.

Presumably, Plaintiff is not contending that Defendants should have filed only a document setting a hearing date. *See* Plaintiff's Objection to Defendants' Notice of Intention to File Motion to Disqualify at 1 (filed Dec. 27, 2007) [Dkt. No. 34] (contending that a notice without "filing a motion addressing the factual circumstances and relevant case law" is "procedurally improper"). *But see* Pl. Mot. at 2 (complaining that "rather than re-noticing their pending Motion to Dismiss, Defendants filed a Second Motion to Dismiss").

[2/] In the trial context, where a judge recuses herself before issuing findings of fact and conclusions of law, the successor judge must retry the case. *See Medicare Glaser Corp. v. Guardian Photo, Inc.*, 936 F.2d 1016, 1019 (8th Cir. 1991) ("The rule has been established that when a judge has yet to make findings of fact and conclusions of law, the successor judge must retry the case unless all parties consent to resolution based upon the trial transcript or unless summary judgment would be appropriate."); *Emerson Elec. Co. v. General Electric Co.*, 846 F.2d 1324 (11th Cir. 1988) (same). Similarly, here, this Court must rehear Defendants' dismissal arguments.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

4

**II.     Defendants' Pending Motion to Dismiss Raises Arguments Previously Presented in Connection with the Motion to Dismiss Vacated by the Reassignment Order.**

Plaintiff's Motion alternatively fails because the pending Motion to Dismiss does not contain any newly raised defenses. Rule 12(g) only prohibits a party making a motion under Rule 12 from "mak[ing] another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). In the pending Motion to Dismiss, Defendants demonstrate – as they did previously in the papers in support of their vacated Motion to Dismiss – that Plaintiff's regulatory claim and contract claims should be dismissed for lack of jurisdiction or alternatively failure to state a claim. *Compare, e.g.,* Pending Mot. at 12-17 (demonstrating that Plaintiff's allegations fail as a matter of law to establish a contract on which to predicate this Court's Tucker Act jurisdiction) *with* Reply Memorandum of Law in Support of Defendants' [Vacated] Motion to Dismiss ("Vacated Reply") at 7 & n.5, 8 (filed Dec. 7, 2007) [Dkt. No. 29] (demonstrating that Plaintiff failed to state a claim of a contract with the Department); *compare, e.g.,* Pending Mot. at 22-25 (demonstrating that Plaintiff's allegations fail to state a claim of a violation of 22 C.F.R. § 51.66 because that regulation does not require automatic refunds) *with* Vacated Reply at 14-15 (demonstrating that "nothing in the Department's regulations prohibits the requirement of a written request before the 'passport expedite fee will be refunded'"); Hearing Tr. [on Vacated Motion to Dismiss] at 20-21 (same); *compare, e.g.,* Pending Mot. at 9-10, 18-19 (demonstrating that the Court lacks jurisdiction over Plaintiff's claims to the extent she seeks more than a refund of the expedite fee) *with* Vacated Mot. at 10-11, 15 (same). Indeed, Plaintiff concedes this point as to the challenged jurisdictional argument. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss at 9 (filed Feb. 22, 2008) [Dkt. No. 57] (acknowledging that Defendants raised issue of lack of a predicate contract in their vacated Reply Brief). Defendant's pending Motion to Dismiss therefore does not implicate Rule 12(g)'s prohibition.

*Chattler v. United States of America*, Case No. 07-4040–MMC
Defendants' Opposition to Plaintiff's Motion to Strike

5

**III. Defendants' Subject-Matter Jurisdiction Arguments Are Not Within the Scope of Rule 12(g) and Therefore Are Properly Before the Court.**

Even if the Court regards any of the jurisdictional arguments in Defendants' pending Motion to Dismiss as newly raised, they are not barred by Rule 12(g). Subject-matter jurisdiction is a constitutional prerequisite to this Court's exercise of power over this action, and without it, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514, 19 L. Ed. 264, 265 (1868); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210, 227 (1998) ("Without jurisdiction the court cannot proceed at all in any cause"). Thus, "a question of subject matter jurisdiction may be presented by any interested party at any time throughout the course of the lawsuit" including in a "second pre-answer motion despite the consolidation principle [set forth in Rule 12(g)]." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1393, 536, 550 (West 2004); *see, e.g., Lindsey v. United States*, 448 F. Supp. 2d 37, 48 (D.D.C. 2006) (concluding that defendant's supplemental motion to dismiss challenging the court's subject-matter jurisdiction was "undoubtedly timely" and did not violate Rule 12(g) because defendant could "challenge the Court's subject matter jurisdiction at any time"). Indeed, Rule 12(g) expressly excepts from its coverage the defense of lack of subject-matter jurisdiction. *See* Fed R. Civ. P. 12(g) (prohibiting successive Rule 12 motions "[e]xcept as provided in Rule 12(h)(2) or (3)"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, even if any of the jurisdictional arguments in Defendants' pending Motion to Dismiss are newly raised, they are outside the scope of Rule 12(g), and therefore should not be stricken for failure to raise them in Defendants' vacated Motion to Dismiss. Plaintiff's arguments to the contrary thus are without merit.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

6

**IV.   The Court Should Consider Defendant's Rule 12(b)(6) Arguments Even if "New" Because They Were Not Raised for Dilatory Purpose and Their Consideration Promotes Efficient Resolution of this Action.**

Even if the Court concludes that any of Defendants' failure-to-state-a-claim arguments are newly raised in the pending Motion to Dismiss, the Court nevertheless should consider them. Some courts have held that such a defense is excepted from the requirement in Rule 12(g) because the defense of failure to state a claim can be raised at later stages in a case. *See* Fed. R. Civ. P. 12(h)(2) (providing that "[f]ailure to state a claim upon which relief can be granted . . . may be raised: [] in any pleading allowed or ordered under Rule 7(a); [] by motion under Rule 12(c); or [] at trial"); *e.g., Steele v. Stephan*, 633 F. Supp. 950, 951 (D. Kan. 1986) (noting that "a defense of failure to state a claim upon which relief may be granted is an exception to the consolidation of defenses stated in Rule 12(g)"); *Schiessle v. Stephens*, 525 F. Supp. 763, 766 (N.D. Ill. 1981) (same). [3] Other courts, however, have held that, while such a defense is subject to Rule 12(g), the Court has the discretion to consider the defense when raised in a successive Rule 12 motion. In cases where, as here, any Rule 12(g) violation was not for dilatory purpose, courts typically have exercised such discretion. *See Stoffels v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 648 (W.D. Tex. 2006) (noting that "*not applying Rule 12(g)'s bar against successive 12(b)(6) motions [i]s proper when the problem 12(g) was designed to prevent – unnecessary delay – was not a concern*"), *cited in* Pl. Mot. at 4-5. Indeed, courts have found that consideration of a failure-to-state-a-claim defense under those circumstances *promotes* efficient disposition of a case on the merits. *See, e.g., Association of Irritated Residents v. C&R Vanderham Dairy*, 2006 WL 2644896, at *3 (E.D. Cal, Sept. 14, 2006) (noting that "[g]iven

---

[3]   At the time that these cases were decided, Rule 12(g) excepted "a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Fed. R. Civ. P. 12(g) (Aug. 2007). Subdivision (h)(2) in turn provided that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). Although subdivision (h)(2) still so provides, Rule 12(g) was amended in December 2007 and omits the above-quoted language. The exception is now phrased as "[e]xcept as provided in Rule 12(h)(2) or (3)." Fed. R. Civ. P. 12(g).

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

7

the lack of waiver and the fact that defendant's defense[] will still require adjudication in any event, many courts permit the defense of failure to state a claim upon which relief can be granted to be asserted in a subsequent motion as a means of preventing unnecessary delay in the proceedings"), *cited in* Pl. Mot. at 4; *Stoffels*, 430 F. Supp. 2d at 649 (noting that "[a]llowing Defendant's second motion would simply permit consideration now of a defense that would otherwise be raised at a later stage"); *Donnelli v. Peters Sec. Co.*, 2002 WL 2003217, at *3 (D. Ill., Aug. 29, 2002) (same); *Kincaid v. City of Anchorage*, 100 F. Supp. 325, 327 (D. Ak. 1951) (same). Based on such factors, the Court should consider any newly raised Rule 12(b)(6) arguments in the pending Motion to Dismiss.

### A. Defendants' Motion to Dismiss Was Not Filed to Delay the Proceedings in This Action.

As already discussed, the Reassignment Order in this action required Defendants to notice their Motion to Dismiss for hearing before this Court. Local Civil Rule 7-2(a), which governs notices and supporting papers, provides in relevant part that all motions "must be . . . noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." L. Civ. R. 7-2(a). On February 1, 2008, [4] consistent with that requirement and pursuant to the Reassignment Order, Defendants moved this Court to dismiss this action in its entirety and noticed the motion for hearing on March 14, 2008. Thus, some of the delay between the reassignment of this action and the hearing on Defendants' pending Motion to Dismiss was the result of the requirements of the Local Civil Rules. The further delay that has resulted in that motion not being heard until late April is attributable to Plaintiff. Plaintiff waited three weeks after Defendants filed their Motion to Dismiss to move to strike that motion, which left the Court insufficient time to

---

[4] The parties scheduled a conference call on February 1, 2008 to discuss a hearing date for Defendants' renoticed Motion to Dismiss and the Joint Case Management Statement, which, at the time, was due February 8, 2008. Following that conference call, Defendants filed the pending Motion to Dismiss.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

8

consider the Motion to Strike before the Motion to Dismiss.  Accordingly, the circumstances here do not implicate the concerns that Rule 12(g) was designed to prevent.

### B. This Court's Consideration of All of the Arguments in the Pending Motion to Dismiss Will Expedite Disposition of this Action on the Merits.

Defendants' pending Motion to Dismiss raises several independent and alternative grounds for dismissing this action in its entirety.  *See, e.g.,* Pending Mot. at 9-10 (demonstrating that the Court lacks jurisdiction under the Tucker Act over Plaintiff's regulatory claim for special and consequential damages); *id.* at 10-11 (demonstrating that the Court alternatively should dismiss Plaintiff's regulatory claim for special and consequential damages for failure to state a claim); *id.* at 22-25 (demonstrating that under well-established rules of statutory construction, Plaintiff has failed to state a claim of a regulatory violation); *id.* at 12-17 (demonstrating that the Court lacks jurisdiction under the Tucker Act over Plaintiff's contract claims because the required predicate contract is lacking); *id.* at 18 -19 (demonstrating that the Court alternatively lacks jurisdiction over Plaintiff's contract claims to the extent she seeks to recover more than a refund of the fee she paid for expedited processing of her passport); *id.* at 19-22 (demonstrating that the Court should dismiss Plaintiff's refund claim as a prudential matter because she failed to submit that claim first to the Department of State).  For efficiency reasons, this Court should consider all of these arguments now rather than require Defendants to raise them at a later stage.  *See Stoffels*, 430 F. Supp. 2d at 649 (noting that "[a]llowing Defendant's second motion would simply permit consideration now of a defense that would otherwise be raised at a later stage;" "for that reason, there are no dilatory effects created by considering the defense at this stage").  Dismissal of this action "without further proceedings in respect of the claims found inadequate would clearly expedite disposition of the case on the merits." *Kincaid*, 100 F. Supp. at 327; *see also Stoffels*, 430 F. Supp. 2d at 649.  Moreover, since Plaintiff already has filed her Opposition to Defendants' pending Motion to Dismiss, there is no compelling reason for the Court not to consider that Motion and Opposition as well as the forthcoming Reply.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

Date: March 14, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

   /s /Jacqueline Coleman Snead
_____

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA CHATTLER, <br><br> PLAINTIFF <br><br> V. <br><br> UNITED STATES OF AMERICA, DEPARTMENT OF STATE, <br><br> DEFENDANTS. | Case No. 07-4040-MMC <br><br> Proposed Order |

Upon consideration of Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss, the Opposition thereto, and the complete record in this case, it is hereby

ORDERED that Plaintiff's Motion is DENIED. The Court will consider Defendants' pending Motion to Dismiss (filed Feb. 1, 2008) on April 25, 2008 at 9:00am.

SO ORDERED.

Dated: _____          _____

UNITED STATES DISTRICT
COURT JUDGE

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Strike was served electronically on March 14, 2008 through the Northern District of California Electronic Case File System and that the document is available for viewing and downloading on that system.

                /s /Jacqueline Coleman Snead
                Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Strike