REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE, <br><br> Defendants. | No. 07-cv-04040 MMC <br><br> PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' SECOND MOTION TO DISMISS <br><br> DATE: April 4, 2008 <br> TIME: 9:00 a.m. <br> DEPT: Courtroom 7, 19th Floor <br><br> ACTION FILED: August 7, 2007 |

001980-11 229675 V1

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................1

    A. Rule 23(f) Is Inapplicable, As Plaintiff Did Not Move to Strike Defendants' Improper Motion Pursuant to Rule 12(f) ........................................1

    B. Defendants' Second Motion to Dismiss Is a Successive Rule 12 Motion Which Is Prohibited by Federal Rules of Civil Procedure 12(g) and (h) and Was Not Invited by the Court ........................................................................2

    C. Defendants' Second Motion to Dismiss Raises New Arguments in Violation of the Federal Rules of Civil Procedure 12(g) and 12(h) ..............3

    D. Defendants' Second Motion to Dismiss is Not Permitted by Rule 12(h)(3) ..............4

    E. Defendants' Second Motion to Dismiss Violates the Purpose and Language of Rule 12(g) and Should Be Struck ................................................5

III. CONCLUSION .......................................................................................................................6

**I.    INTRODUCTION**

Despite Defendants' best efforts, they have failed to provide any justification in their opposition for ignoring the plain language of the reassignment order and the Federal Rules of Civil Procedure. Recognizing that their First Motion to Dismiss was on the verge of being denied by the court, Defendants first moved to recuse Judge Illston and then next filed an expanded motion to dismiss, raising new issues and arguments that had not been raised in the original motion. As the Ninth Circuit Court of Appeals has noted, "The philosophy underlying [Rule 12(g)] is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins. Co. v. Alla Med. Serv., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988). Defendants' tactics have resulted in the inefficient use of this Court's time and has served to delay Plaintiff's ability to seek discovery in this case. This Court should enforce the language and spirit of the Federal Rules of Civil Procedure and strike the Defendants' improper Second Motion to Dismiss.[1]

**II.    ARGUMENT**

**A.    Rule 23(f) Is Inapplicable, As Plaintiff Did Not Move to Strike Defendants' Improper Motion Pursuant to Rule 12(f)**

Defendants' initial contention that this motion is prohibited by Federal Rule of Civil Procedure 12(f) is incorrect. Plaintiff never purported to bring this motion under Rule 12(f), which applies only motions to strike a pleading – as Defendants note. Rather, Plaintiff moves to strike the Defendants' motion as procedurally improper and barred by the plain language of Fed. R. Civ. P. 12(g) and 12(h). Motions to strike filings that are procedurally improper are commonly considered by courts as part of their inherent authority, and are within the Court's discretion. *See*, *e.g.*, *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (a district court's ruling on a motion to strike reviewed for abuse of discretion); *Golden Gate Hotel Ass'n v. City & County of San Francisco*, 18 F.3d 1482, 1485 (9th Cir. 1994); *Palacios v. Chertoff*, No. 2:06-cv-878-BES (RJJ),

---

[1] "Second Motion to Dismiss" or "Second MTD" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on February 1, 2008.

2007 U.S. Dist. Lexis 51784, (D. Nev. 2007).  Rule 12(f) does not govern or bar Plaintiff's current motion.

**B.    Defendants' Second Motion to Dismiss Is a Successive Rule 12 Motion Which Is Prohibited by Federal Rules of Civil Procedure 12(g) and (h) and Was Not Invited by the Court**

Defendants attempt to avoid the requirements of Rules 12(g) and 12(h) by arguing that their First Motion to Dismiss was vacated by the reassignment order.  This argument ignores the plain language of the order itself, which stated: "ALL MATTERS **PRESENTLY SCHEDULED FOR HEARING** ARE VACATED AND SHOULD BE **RENOTICED FOR HEARING** BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED."  Order Reassigning Case (dated January 15, 2008) [Dkt. No. 42] (emphasis added).  The order does not, as Defendants would have it, vacate all matters in the case and start the entire case over on a blank slate.  The order vacated all matters *scheduled for hearing* and ordered that they be renoticed *for hearing*.  There is no logical construction of the language of the order that would have nullified, invalidated or otherwise affected the pendency of the First Motion to Dismiss.[2]

Defendants' suggestion in a footnote that the government was required by Local Civil Rule 7-2 to file an entirely new motion in order to be able to notice a hearing is similarly lacking in merit.  The Order Reassigning Case instructed all parties that pending matters should be "renoticed for hearing," and there is nothing in the local rules that prevented Defendants from doing exactly that.  Indeed, Local Civil Rule 7-2(a), governing the time within which a hearing must be set for a motion, applies only "**[e]***xcept as otherwise ordered* or permitted by the assigned Judge" (emphasis added).  Nor does the proscribed form of motions set forth in Local Civil Rule 7-2(b) have any bearing on Defendants' ability to notice a hearing in compliance with the reassignment order.  Although Defendants appear to find it implausible that Plaintiff would so suggest, Defendants were ordered to simply renotice their pending motion for hearing, and their decision to instead file a successive

---

[2]     "First Motion to Dismiss" or "First MTD" refers to the Notice of Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on Oct. 9, 2007.

PL.'S REPLY ISO MOT. TO STRIKE DEFS.' SECOND MOT.
TO DISMISS – NO. 07-cv-04040 MMC

- 2 -

motion to dismiss was in violation of the Federal Rules of Civil Procedure and was not contemplated by the Order Reassigning Case.[3]

### C. Defendants' Second Motion to Dismiss Raises New Arguments in Violation of the Federal Rules of Civil Procedure 12(g) and 12(h)

Defendants next urge that this court should consider its Second Motion to Dismiss because it raises the same arguments raised in the First Motion to Dismiss, and therefore does not violate Rule 12(g). Setting aside the question of why a new motion would be necessary if this were the case, the assertion is easily belied by a review of the two motions. The Second Motion to Dismiss raises two entirely new arguments: that the Plaintiff "fails to state a claim of a violation of the Department's expedited processing regulation," and that the action "lacks the predicate contract for this Court's jurisdiction." Second MTD at 12, 22. Neither argument was raised in the First Motion to Dismiss. Defendants attempt to get around this fact by pointing to statements made in their Reply in Support of the First Motion to Dismiss,[4] ignoring the axiomatic principle that an argument cannot be raised for the first time in a reply brief. *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006); *In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005). However, even this claim fails. In fact, Defendants stated in their Reply that "to avoid any suggestion of a factual dispute on that issue, Defendants ***assumed for purposes of their motion that Plaintiff's allegations were sufficient***." Reply at 6, n.4 (emphasis added). A few footnotes later, Defendants made a cursory remark questioning the validity of the website as part of a contract, but never fully addressed or argued that the Plaintiff's

---

[3] Defendants' footnote stating that when a trial judge recuses herself the case must be retried lends no support to their argument. First, the government overstates the rule – in fact, a new trial is required when a judge in a bench trial recuses herself ***unless*** the judge determines that the case is appropriate for summary judgment. *Medicare Glaser Corp. v. Guardian Photo, Inc.*, 936 F.2d 1016, 1019 (8th Cir. 1991) (upholding district court's decision to decide the case on the trial transcript because no credibility determinations were required). The reasoning underpinning that rule is not that the entire slate is wiped clean when a judge recuses herself, but rather that in a bench trial, the judge may be required to make credibility determinations that are inappropriate for decision based only on a written record. *See Emerson Elec. Co. v. General Elec. Co.*, 846 F.2d 1324, 1326 (11th Cir. 1988). Where such determinations are not required, neither is a new trial. *Medicare Glaser Corp.*, 936 F.2d at 1019. Here, where the pending motion involves only determinations of law, that reasoning does not apply. At most, it would indicate the need for a new hearing on the existing motion – which is precisely what Plaintiff argues should happen in this case.

[4] "Reply in Support of the First Motion to Dismiss" or "Reply" refers to the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on Dec. 7, 2007.

PL.'S REPLY ISO MOT. TO STRIKE DEFS.' SECOND MOT.
TO DISMISS – NO. 07-cv-04040 MMC

- 3 -

1  allegations were insufficient to show a contract. Nor did the Defendants argue in their Reply that
2  the Plaintiff failed to state a claim for "regulatory violation" based on its belief that it is not required
3  to issue refunds automatically. Defendants only argued, in support of their prudential exhaustion
4  argument, that their purported remedy was not inadequate because they did not interpret the
5  regulation as requiring automatic refunds. Reply at 13-14. Defendants did not argue that their
6  interpretation of the regulation meant that Plaintiff failed to state a claim. Defendants raised two
7  new arguments in their Second Motion to Dismiss and significantly reshaped their existing
8  arguments, in violation of the Federal Rules of Civil Procedure and in an attempt to gain a tactical
9  advantage out of Judge Illston's recusal. Defendants should not be given a second chance to revisit
10 their arguments at the expense of Plaintiff's interests.

**D.     Defendants' Second Motion to Dismiss is Not Permitted by Rule 12(h)(3)**

Defendants next attempt to justify their Second Motion to Dismiss by arguing that its subject matter challenges are not subject to the provisions of Rule 12(g), pursuant to Rule 12(h)(3). However, Rule 12(h)(3) does not provide a blanket authorization to file successive motions to dismiss. Rule 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(3), in turn, states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." While the Court always retains the authority and obligation to ensure its own subject-matter jurisdiction, the provisions of Rule 12(h)(3) cannot logically be read to invite successive motions to dismiss, and certainly does not provide the opportunity to shoe-horn multiple arguments not related to subject matter jurisdiction into such successive motions.

Regardless, Defendants' new arguments do not relate to subject matter jurisdiction, but instead challenge the validity of Defendants' contracts with class members and argue that Plaintiff failed to state a claim. All that is required to establish the Court's subject-matter jurisdiction over a contract claim under the Little Tucker Act, 28 U.S.C. § 1346, however, is to allege the elements of a contractual relationship. *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir.

1997).  Defendants do not contest that Plaintiff's complaint contains those allegations, but rather attempt to challenge the sufficiency of the claims, which is a 12(b)(6) argument that does not go to subject-matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) ("the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case").

### E. Defendants' Second Motion to Dismiss Violates the Purpose and Language of Rule 12(g) and Should Be Struck

Defendants finally urge this Court to exercise its discretion and consider their motion despite the fact that it violates the Federal Rules of Civil Procedure.  Defendants suggest that their failure to renotice their First Motion to Dismiss as directed by the Order Reassigning Case should be excused, again arguing that this choice was somehow justified or required by the Local Civil Rules, in spite of the plain language to the contrary.  However, Defendants fail to provide any evidence of circumstances that would justify successive motions that have served only to delay the handling of this case.  After nearly sixty pages of briefing on the First Motion to Dismiss, and the benefit of an oral argument in front of a well-prepared judge, Judge Illston, Defendants realized the many procedural and substantive holes in their argument.  After moving to recuse Judge Illston, Defendants are now trying to shore up those weaknesses, contrary to the long-standing rule that "a party who raises a defense by motion prior to an answer raise all such possible defenses in a single motion; omitted defenses cannot be raised in a second, pre-answer motion."  *Chilicky v. Schweiker*, 796 F.2d 1131 (9th Cir. 1986).

This Court should not countenance the types of dilatory motion practices that Rule 12(g)(2) was intended to prevent, nor should it allow Defendants to attempt to gain procedural advantage out of Judge Illston's recusal.  By attempting to add new arguments and reorient existing ones, Defendants have created procedural confusion, made a moving target out the legal issues this Court is to decide, and delayed the just resolution of this case.  Defendants' Second Motion to Dismiss was not sanctioned or required by the reassignment order or the Local Civil Rules and was not necessitated by any changed legal or factual circumstances, but "was submitted for no better reason than a failure to respond adequately in the first motion."  *Stoffels v. SBC Commc'ns.*, 430 F. Supp.

PL.'S REPLY ISO MOT. TO STRIKE DEFS.' SECOND MOT.
TO DISMISS – NO. 07-cv-04040 MMC

- 5 -

2d 642, 649 n. 1 (W.D. Tex. 2006). The Court should not allow further waste of judicial resources and encourage such practices by considering it.

### III.  CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that Defendants' Second Motion to Dismiss be struck, or in the alternative, denied as untimely.

DATED: March 21, 2008            HAGENS BERMAN SOBOL SHAPIRO LLP


      /s/ Shana E. Scarlett
    SHANA E. SCARLETT

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO  80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      /s/ Shana E. Scarlett
    SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)