JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**JULIA CHATTLER,**

    **PLAINTIFF**

    **v.**

**UNITED STATES OF AMERICA,
DEPARTMENT OF STATE,**

    **DEFENDANTS.**

Case No. 07-4040-MMC

**DEFENDANTS' ANSWER**

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

1    Defendants, the United States of America and the United States Department of State, by and

2    through undersigned counsel, hereby answer the Class Action Complaint for Breach of Contract,

3    Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing in the

4    above-captioned action as follows:

5    **FIRST DEFENSE**

6    The Court lacks subject-matter jurisdiction over Plaintiff's contract and breach of the

7    covenant of good faith and fair dealing claims.

8    **SECOND DEFENSE**

9    The Court lacks subject-matter jurisdiction over Plaintiff's claim of a regulatory violation to

10   the extent she seeks more than a refund of the $60.00 expedite fee she allegedly paid.

11   **THIRD DEFENSE**

12   Plaintiff has failed to state a claim of a regulatory violation under Rule 12(b)(6) of the

13   Federal Rules of Civil Procedure.

14   **FOURTH DEFENSE**

15   Plaintiff has failed to state a contract claim or claim of breach of the covenant of good faith

16   and fair dealing under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

17   **FIFTH DEFENSE**

18   Plaintiff's claim for a refund of the expedite fee she allegedly paid should be dismissed as a

19   prudential matter because Plaintiff has failed to exhaust her administrative remedies.

20   **SIXTH DEFENSE**

21   This action cannot properly be certified as a class action for failure to satisfy the requirements

22   of Rule 23 of the Federal Rules of Civil Procedure.

23

24

25

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Answer

28

**SEVENTH DEFENSE**

In response to the numbered paragraphs contained in the Complaint, Defendants state as follows:

## I.    NATURE OF THE ACTION

1.  Paragraph 1 contains Plaintiff's characterizations of this lawsuit, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1 except admit that Plaintiff purports to bring this damages action on behalf of herself and all others similarly situated.

2.  Paragraph 2 contains Plaintiff's characterizations of 22 C.F.R. §§ 22.1, 51.66, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 2 except refer the Court to the cited provisions for a complete and accurate statement of their contents.  Defendants admit that the $60.00 fee for expedited processing of passport applications is in addition to the processing, execution, and security fees the Department assesses for passport applications.

3.  Paragraph 3 contains Plaintiff's characterizations of 22 C.F.R. § 51.66, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3 except refer the Court to the cited provision for a complete and accurate statement of its contents.

4.  Paragraph 4 contains Plaintiff's characterizations of the contents of the Department of State's passport application, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4 except refer the Court to the passport application attached as an exhibit to the Complaint for a complete and accurate statement of its contents.

5.  Defendants deny the allegations in Paragraph 5.  Defendants affirmatively aver that on the Department of State's website http://travel.state.gov/passport/get/processing/processing_1740.html,

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

2

1  the Department provides customers with estimated time frames within which to expect to receive a

2  passport after submitting a passport application for regular or expedited processing.  The Passport

3  Application (DS-11, section 4) now provides that the Department's "website contains updated

4  information regarding fees and processing times for expedited service."

5      6.  Paragraph 6 contains Plaintiff's characterizations of 22 C.F.R. § 51.63, not allegations of

6  fact, and thus no response is required.  To the extent a response is required, Defendants deny the

7  allegations in Paragraph 6 except refer the Court to the cited provision for a complete and accurate

8  statement of its contents.

9      7.  Defendants deny the allegations in Paragraph 7.  Defendants affirmatively aver that, since

10  the expedited processing service was established, the Department's policy has been to issue refunds

11  of the expedite fee upon request to individuals who paid the expedite fee but did not receive the

12  service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).

13      8.  Paragraph 8 contains Plaintiff's characterizations of the Western Hemisphere Travel

14  Initiative ("WHTI"), section 7209 of the Intelligence Reform and Terrorism Prevention Act of 2004,

15  Pub. L. 108-458, 118 Stat. 3638; 71 Fed. Reg. 68,412 (Nov. 24, 2006), not allegations of fact, and

16  thus no response is required.  To the extent a response is required, Defendants deny the allegations in

17  Paragraph 8 except refer the Court to the cited statutory provision for a complete and accurate

18  statement of its contents.

19      9.  Defendants deny the allegations in Paragraph 9 except admit that following the

20  implementation of the first phase of WHTI, the demand for passports increased.

21      10.  Defendants deny the allegations in Paragraph 10 except admit that following the

22  implementation of the first phase of WHTI, not every applicant who paid for expedited processing

23  received the service as defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. §

24  51.56).

25

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Answer

28                3

11.  Paragraph 11 contains Plaintiff's characterizations of the remarks of Senator Charles Schumer, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.  Defendants deny the allegations in Paragraph 12.  Defendants affirmatively aver that the Department has and will continue to issue refunds of the expedite fee upon request to individuals who paid the expedite fee but did not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).

13.  Paragraph 13 contains Plaintiff's characterizations of the remarks of Senator Charles Schumer, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.  Defendants deny the allegations in Paragraph 14.  Defendants affirmatively aver that the Department issues refunds of the expedite fee upon request to individuals who paid the expedite fee but did not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).  From the inception of the expedited passport processing service in 1994, the Department's policy has been to initiate refunds upon request.  On the same day the regulation establishing that service became effective, the Department issued to All Passport Services Staff Members instructions providing in relevant part that

> If the [expedite fee] EF has been collected and we are unable to process a passport within the required three day period FOR ANY REASON, a refund should be issued. If the applicant believes a refund is due, a letter should be written stating the particulars or, if the applicant is in the agency, the form at Attachment E may be used.

Memorandum to All Passport Services Staff Members from Deputy Assistant Secretary for Passport Services re Passport Expedite Fee ("Passport Services Instruction 2075") § 9 (Oct. 1, 1994).  On November 22, 1996, the Department reissued the Passport Services Instruction maintaining the Department's policy of customer requests initiating refunds of the expedite fee but eliminating the requirement of written requests.  Memorandum to Regional Directors, Director NPC, All Agency Staff Members, and Office Directors from Acting Deputy Assistant Secretary for Passport Services

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

4

re Collection, Safeguarding and Deposit of Fees ("Passport Services Instruction 2060") (Nov. 22, 1996). Passport agencies thereafter accepted refund requests by phone, in person at the agency or center, in writing, or by inquiry through the Department's call center. In June 2007, the Department reinstated the policy of requiring a written request. *See*

http://travel.state.gov/passport/get/fees/fees_3259.html.

15. Paragraph 15 contains Plaintiff's characterizations, speculation, and argument, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15 except admit that some number of citizens who paid the expedite fee but did not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56) have not received a refund of that fee. Defendants affirmatively aver that the Department will issue refunds upon request to any citizen who paid the expedite fee but did not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).

16. Paragraph 16 contains Plaintiff's characterizations and argument, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16. Defendants affirmatively aver that 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56) defines "expedited passport processing" and provides the criteria the Department uses to determine whether a requester is entitled to a refund. Pursuant to that regulatory definition, expedited passport processing commences "when the application reaches a Passport Agency or, if the application is already with a Passport Agency commenc[es] when the request for expedited processing is approved." 22 C.F.R. § 51.66. In most cases (e.g. when applications are mailed through the U.S. postal service), applicants will not know that date nor does the Department expect them to have that information to request a refund of the expedite fee. Applicants who "have reason to believe that they did not receive expedited service" are instructed on the Department's website to submit a request containing their passport number, if available, name,

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

5

1  date and place of birth, approximate date(s) they applied for their passport and received their

2  passport, and current contact information thereby initiating the Department's inquiry into whether

3  the applicant received the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered

4  22 C.F.R. § 51.56).  If the Department determines that the requester did not receive that service but

5  paid for it, an order for a refund check of $60 to be issued to the applicant is forwarded to the

6  Department of the Treasury.

7          17.  Paragraph 17 contains Plaintiff's characterizations and argument, not allegations of fact,

8  and thus no response is required.  To the extent a response is required, Defendants deny the

9  allegations in Paragraph 17 except admit that the Department's records contain (1) the arrival date of

10  a passport application to the passport agency and/or the date a request for expedited processing was

11  approved, if the application was already at a passport agency when the request was made; and (2) the

12  date the issued passport was ready to be picked up or was mailed.  Defendants affirmatively aver that

13  since the expedited processing service was established in 1994, the Department's policy has been to

14  require requests to initiate the inquiry into a customer's entitlement to a refund.  That requirement is

15  consistent with the practical limitations of the Department's existing record systems.  The

16  Department does not have an automated system for identifying everyone who did not receive three-

17  day processing, verifying that each person who requested expedited processing paid the fee, and

18  generating a refund.  The consular computer system on which the entitlement to a refund is

19  researched (i.e., TDIS) and the computer system used to request a refund from the Treasury

20  Department (i.e., GFMS) are entirely separate systems that require intervening manual steps (e.g.,

21  calculation of the number of business days the application was in processing and entry of the name

22  and address of the individual to receive the refund) before a refund can issue.

23          18.  Paragraph 18 contains Plaintiff's characterizations and argument, not allegations of fact,

24  and thus no response is required.  To the extent a response is required, Defendants deny the

25  allegations in Paragraph 18 except admit that this action purports to seek to recover the expedite fee

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Answer

28                                              6

1   for all individuals whose passports were not processed within three business days or received by the

2   applicant within about fourteen days.

3                                    **II.    THE PARTIES**

4       19.  Defendants lack sufficient knowledge or information to form a belief as to the truth of

5   the allegations in Paragraph 19.

6       20.  Defendants deny the allegations in Paragraph 20.

7       21.  Defendants deny the allegations in Paragraph 21 except admit that the United States

8   Department of State is an executive department charged with issuing and regulating the issuance of

9   passports to U.S. citizens.

10                                   **III.    JURISDICTION**

11      22.  Paragraph 22 contains conclusions of law, not allegations of fact, and thus no response is

12  required.  To the extent a response is required, Defendants deny that this Court has jurisdiction under

13  28 U.S.C. § 1346(a)(2) except as to Plaintiff's claim for a refund of the expedite fee she allegedly

14  paid.

15      23.  Paragraph 23 contains conclusions of law, not allegations of fact, and thus no response is

16  required.  To the extent a response is required, Defendants lack sufficient knowledge or information

17  to form a belief as to the truth of the allegations in Paragraph 23 except admit that the Court has

18  personal jurisdiction over Plaintiff and Defendants.

19      24.  Paragraph 24 contains conclusions of law, not allegations of fact, and thus no response is

20  required.  To the extent a response is required, Defendants lack sufficient knowledge or information

21  to form a belief as to the truth of the allegations in Paragraph 24.

22      25.  Paragraph 25 contains conclusions of law, not allegations of fact, and thus no response is

23  required.  To the extent a response is required, Defendants deny that the United States has waived

24  sovereign immunity as to Plaintiff's claims except her claim under 28 U.S.C. § 1346(a)(2) for a

25  refund of the $60.00 expedite fee she allegedly paid.

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Answer

28                                         7

1

**IV.    STATEMENT OF FACTS**

2      26.  Defendants lack sufficient knowledge or information to form a belief as to the truth of

3   the allegations in Paragraph 26.

4      27.  Defendants admit the allegations in Paragraph 27.

5      28.  Defendants deny the allegations in Paragraph 28 except admit that the Department had

6   not issued Plaintiff's passport by August 2, 2007.

7      29.  Defendants deny the allegations in Paragraph 29.

8      30.  Defendants deny the allegations in Paragraph 30 except admit that Plaintiff did not have

9   use of the fees she submitted with her passport application.

10      31.  Defendants deny the allegations in Paragraph 31 except admit that the document attached

11   as Exhibit A to the Complaint in this action states in Section 5.b that "For faster processing, you may

12   request expedited service.  Expedited requests will be processed in three workdays from receipt at a

13   passport agency.  The additional fee for expedited service is $60."

14      32.  Defendants admit the allegations in Paragraph 32.

15      33.  Defendants deny the allegations in Paragraph 33.  Defendants affirmatively aver that the

16   expedite fee is authorized by the general fee authority in 22 U.S.C. § 4219.

17      34.  Paragraph 34 contains Plaintiff's characterizations of 22 C.F.R. § 51.66, not allegations

18   of fact, and thus no response is required.  To the extent a response is required, Defendants deny the

19   allegations in Paragraph 34 except refer the Court to the cited provision for a complete and accurate

20   statement of its contents.

21      35.  Defendants deny the allegations in Paragraph 35.  Defendants affirmatively aver that on

22   the website http://travel.state.gov/passport/get/processing/processing_1740.html, the Department

23   provides estimated timetables for when applicants should expect to receive their issued passports.

24   The Passport Application (DS-11, section 4) now provides that the Department's "website contains

25   updated information regarding fees and processing times for expedited service."

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Answer

28                                    8

36. Defendants deny the allegations in Paragraph 36 except admit that twenty-one days is more than two weeks.

37. Paragraph 37 contains Plaintiff's characterizations of 22 C.F.R. §§ 51.63, 51.66, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37 except refer the Court to the cited provisions for a complete and accurate statement of their contents.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39. Defendants affirmatively aver that in June 2007, the Department published on www.travel.state.gov/passport/get/fees/fees_3259.html# information about how to request a refund of the expedite fee. The Department also established the email address RefundsAtPassportServices@state.gov to serve as a convenient portal for customers to submit requests for refunds of the expedite fee.

40. Defendants deny the allegations in Paragraph 40. Defendants affirmatively aver that information about how to request a refund of the expedite fee is published on the Department's website.

41. Defendants deny the allegations in Paragraph 41. Defendants affirmatively aver that the Department generally was aware that, during the demand surge for passports following the implementation of the first phase of the WHTI in January 2007, the Department had not provided expedited passport processing as defined in 22 C.F.R. § 51.66 to some number of applicants who paid the expedite fee. The availability of refunds of the expedite fee has been published in the Department's regulations since the expedited passport processing service first was established in 1994. In June 2007, the Department published additional information and instructions on requesting such refunds on its website to facilitate the refund process for customers.

42. Paragraph 42 contains Plaintiff's characterizations of the Department's published instructions for requesting refunds of the expedite fee, not allegations of fact, and thus no response is

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

9

1    required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42

2    except refer the Court to http://travel.state.gov/passport/get/fees/fees_3259.html for a complete and

3    accurate statement of their contents.

4           43.   Defendants deny the allegations in Paragraph 43 except admit that the instructions for

5    requesting refunds of the expedite fee that are published on the Department's website indicate that

6    the Department considers such refund requests on a case-by-case basis and does not inform

7    applicants of the objective standard the Department applies when considering such requests.

8    Defendants affirmatively aver that, since expedited passport processing was established, 22 C.F.R. §

9    51.63 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.53) has provided the standard for the

10   Department's refund determination:  whether the applicant received the service defined in 22 C.F.R.

11   § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).

12          44.   Defendants deny the allegations in Paragraph 44 except admit that the Department

13   requires a written refund request.

14          45.   Paragraph 45 contains Plaintiff's characterizations and argument, not allegations of fact,

15   and thus no response is required.  To the extent a response is required, Defendants deny the

16   allegations in Paragraph 45.  Defendants affirmatively aver that since the inception of expedited

17   passport processing service in 1994, the issuance of refunds of the expedite fee upon request has

18   been the Department's policy.  Instructions issued to All Passport Services Staff Members the same

19   date the regulation became effective provided in relevant part that

> If the [expedite fee] EF has been collected and we are unable to process a passport
> within the required three day period FOR ANY REASON, a refund should be issued.
> If the applicant believes a refund is due, a letter should be written stating the
> particulars or, if the applicant is in the agency, the form at Attachment E may be used.

Memorandum to All Passport Services Staff Members from Deputy Assistant Secretary for Passport

Services re Passport Expedite Fee ("Passport Services Instruction 2075") §9 (Oct. 1, 1994).  The

stated purpose of Passport Services Instruction 2075 was to "outline[] procedures and guidelines for

providing expedited service to passport applicants and for collection of the [then-]$30 Expedite Fee

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

10

(EF) under Public Law 103-317." Although the Department since has reissued those Instructions in whole and in part with modifications, the initiation of a refund of that fee by a request has been retained throughout the history of the expedited processing service. The Department's procedure for refunding the expedite fee is easy for requesters to initiate; the Department has established a convenient portal on its website at http://travel.state.gov/passport/get/fees/fees_3259.html for customers to submit requests directly from there. The Department's website also provides an address to which customers can mail requests. The Department's longstanding practice of requiring refund requests to initiate the inquiry into a customer's entitlement to a refund is consistent with the practical limitations of the Department's existing record systems. The consular computer system on which the entitlement to a refund is researched (i.e., TDIS) and the computer system used to request a refund from the Treasury Department (i.e., GFMS) are entirely separate systems that require intervening manual steps (e.g., calculation of the number of business days the application was in processing and entry of the name and address of the individual to receive the refund) before a refund can issue.

46. Paragraph 46 contains Plaintiff's characterizations and argument, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47. Defendants affirmatively aver that the Department's existing administrative process for issuing refunds of the expedite fee is an adequate remedy for Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

48. Paragraph 48 contains Plaintiff's characterizations of this lawsuit and a conclusion of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48 except admit that Plaintiff purports to bring this action against the United States and Department of State on behalf of a class.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

11

49. Paragraph 49 contains Plaintiff's characterizations of the proposed class, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 except admit that the proposed class consists of all individuals who paid the extra $60 fee for expedited service and for whom either (a) the passport was not mailed out or available for pick-up within three business days of its arrival at a Passport Agency or (b) the passport was not received by the applicant within twenty-one days of application.

50. Paragraph 50 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

**A. Numerosity**

51. Paragraph 51 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

**B. Commonality**

52. Paragraph 52 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52 and its subparts.

**C. Typicality**

53. Paragraph 53 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

**D. Adequacy**

54. Paragraph 54 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

**E. Common Questions Predominate, and the Class Action Device Is Superior**

55. Paragraph 55 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

12

56. Paragraph 56 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58. Defendants affirmatively aver that the Department's existing administrative process for adjudicating refund claims is superior to litigating such claims as a class action.  The process has proven to be an efficient method of ensuring that applicants who did not receive expedited passport processing receive a prompt refund of the expedite fee.  Currently, applicants entitled to such refunds on average receive them within six weeks of submitting their request.

59. Paragraph 59 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 60.

## VI.    CLAIMS FOR RELIEF

61. Paragraph 61 contains Plaintiff's definition of the term "plaintiffs" as used in the allegations relating to Plaintiff's claims for relief, not allegations of fact, and thus no response is required.

### FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT FOR THREE-DAY PROCESSING

62. Defendants repeat and reallege the responses contained in Paragraph 1 through Paragraph 61 inclusive.

63. Paragraph 63 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 63.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

13

1    Defendants affirmatively aver that none of the statements in a passport application constitutes a

2    contractual offer to the American public.

3        64.   Paragraph 64 contains conclusions of law, not allegations of fact, and thus no response is

4    required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64.

5        65.   Paragraph 65 contains conclusions of law, not allegations of fact, and thus no response is

6    required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65.

7        66.   Paragraph 66 contains conclusions of law, not allegations of fact, and thus no response is

8    required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66.

9        67.   Paragraph 67 contains conclusions of law, not allegations of fact, and thus no response is

10   required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67.

11       68.   Paragraph 68 contains conclusions of law, not allegations of fact, and thus no response is

12   required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68

13   except admit that the Department's regulations provide for a refund of the expedite fee paid if the

14   Department fails to provide the service as set forth in 22 C.F.R. § 51.66 (effective Feb. 1, 2008,

15   renumbered 22 C.F.R. § 51.56).

16       69.   Defendants deny the allegations in Paragraph 69 except admit that Plaintiff purports to

17   seek to recover full damages.

18                              **SECOND CLAIM FOR RELIEF**

19                              **REGULATORY VIOLATION**

20       70.   Defendants repeat and reallege the responses contained in Paragraph 1 through Paragraph

21   69 inclusive.

22       71.   Paragraph 71 contains Plaintiff's characterizations of 22 C.F.R. § 51.66, not allegations

23   of fact, and thus no response is required.  To the extent a response is required, Defendants deny the

24   allegations in Paragraph 71 except refer the Court to the cited provision for a complete and accurate

25   statement of its contents.

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Answer

28                                          14

72.  Paragraph 72 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.  Paragraph 73 contains Plaintiff's characterizations of 22 C.F.R. § 51.63, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73 except refer the Court to the cited provision for a complete and accurate statement of its contents.

74.  Paragraph 74 contains Plaintiff's characterizations of 22 C.F.R. § 51.63, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74 except refer the Court to that provision for a complete and accurate statement of its contents.  Defendants affirmatively aver that the Department's policy of refunding the expedite fee upon request complies with the requirements of 22 C.F.R. § 51.63 as demonstrated by then-contemporaneous instructions the Department issued to All Passport Services Staff Members on the effective date of the rule establishing expedited passport processing.  *See* Memorandum to All Passport Services Staff Members from Deputy Assistant Secretary for Passport Services re Passport Expedite Fee ("Passport Services Instruction 2075") (Oct. 1, 1994).  Those instructions provided in relevant part that

> If the EF has been collected and we are unable to process a passport within the required three day period FOR ANY REASON, a refund should be issued.  If the applicant believes a refund is due, a letter should be written stating the particulars or, if the applicant is in the agency, the form at Attachment E may be used.

Passports Services Instruction 2075 § 9 ("REFUNDS OF THE EXPEDITE FEE").

75.  Defendants deny the allegations in Paragraph 75.

76.  Paragraph 76 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76.  Defendants affirmatively aver that the then-contemporaneous instructions the Department issued to All Passport Services Staff Members "outlining the procedures and guidelines for providing expedited service to passport applicants and for collection of the $30 Expedite Fee (EF) under Public

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

15

Law 103-317" expressly instructed passport services employees that applicants who believed they were due a refund should submit a written request.

77. Paragraph 77 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78 except admit that Plaintiff purports to seek to recover full damages.

### THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT FOR RETURN OF PASSPORT WITHIN FOURTEEN DAYS

79. Defendants repeat and reallege the responses contained in Paragraph 1 through Paragraph 78 inclusive.

80. Paragraph 80 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80. Defendants affirmatively aver that none of the statements in the Department's passport application or on the Department's website constitutes a contractual offer to the American public.

81. Paragraph 81 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83 except admit that twenty-one days is more than two weeks.

84. Paragraph 84 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. Paragraph 85 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

16

86.  Paragraph 86 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.  Defendants deny the allegations in Paragraph 87 except admit that Plaintiff purports to seek to recover full damages.

### FOURTH CLAIM FOR RELIEF

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

88.  Defendants repeat and reallege the responses contained in Paragraph 1 through Paragraph 87 inclusive.

89.  Paragraph 89 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.  Paragraph 90 contains a statement of law, not allegations of fact, and thus no response is required.

91.  Paragraph 91 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.  Paragraph 92 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.  Paragraph 93 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.  Paragraph 94 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94. Defendants affirmatively aver that the Department will refund the expedite fee upon request to an individual who paid the expedite fee but did not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56).

95.  Defendants deny the allegations in Paragraph 95.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Answer

17

1    96.  Defendants deny the allegations in Paragraph 96 except admit that the Department has

2    superior knowledge of the regulations under which it is required to perform.

3    97.  Paragraph 97 contains conclusions of law, not allegations of fact, and thus no response is

4    required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

5    98.  Defendants deny the allegations in Paragraph 98 except admit that Plaintiff purports to

6    seek to recover full damages.

7                              **VII.    PRAYER FOR RELIEF**

8    The remaining numbered paragraphs of the Complaint contain Plaintiff's Prayer for Relief,

9    not allegations of fact, and thus no response is required.  To the extent a response is required,

10    Defendants deny the allegations in the remaining numbered paragraphs.  Defendants affirmatively

11    aver that Plaintiff is not entitled to the relief requested in Paragraph 99 through Paragraph 104

12    inclusive.

13    WHEREFORE Defendants respectfully request that the Court enter judgment dismissing this

14    action with prejudice and awarding Defendants costs and such other relief as the Court may deem

15    appropriate.

16

17

18

19

20

21

22

23

24

25

26    *Chattler v. United States of America*, Case No. 07-4040–MMC

27    Defendants' Answer

28                                    18

1

2    Date: April 14, 2008                    Respectfully submitted,

3

4                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General
5                                            Civil Division

6
                                            JOSEPH P. RUSSONIELLO
7                                            United States Attorney
                                            Northern District of California
8

9                                            VINCENT M. GARVEY
                                            Deputy Branch Director
10

11                                              /s /Jacqueline Coleman Snead

12                                           JACQUELINE COLEMAN SNEAD
                                            (D.C. Bar No. 459548)
13                                           Trial Attorney
                                            Federal Programs Branch, Civil Division
14                                           U.S. Department of Justice
                                            20 Massachusetts Avenue, N.W. Rm. 7214
15                                           Washington, DC 20530
                                            Tel: (202) 514-3418
16

17                                           **Attorneys for Defendants**

18

19

20

21

22

23

24

25

26    *Chattler v. United States of America*, Case No. 07-4040–MMC

27    Defendants' Answer

28                                          19

1

**CERTIFICATE OF SERVICE**

2          This is to certify that a true and correct copy of the foregoing Defendants' Answer was served

3   electronically on April 14, 2008 through the Northern District of California Electronic Case File

4   System (ECF) and that the document is available for viewing and downloading on that system.

5

6
                                            /s /Jacqueline Coleman Snead
7                                           Jacqueline Coleman Snead

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Answer

28