REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>         Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>         Defendants. | No. 3:07-cv-04040-MMC<br><br>NOTICE OF MOTION AND MOTION TO EXCLUDE IMPROPER FACTUAL ASSERTIONS FROM THE MOTION FOR JUDGMENT ON THE PLEADINGS; ALTERNATE MOTION TO CONVERT TO SUMMARY JUDGMENT AND ALLOW DISCOVERY; OBJECTIONS TO THE WALTER DECLARATION<br><br>DATE: May 23, 2008<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 7, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 23, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Julia Chattler will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 12 and 56 for an order excluding all improper factual assertions from Defendants' motion for judgment on the pleadings; or, alternatively, for an order converting Defendants' motion for judgment on the pleadings to a motion for summary judgment and to allow Plaintiff discovery pursuant to Federal Rule of Civil Procedure 56(f); or, alternatively, for an order excluding Exhibits B, C and E of the Declaration of Marguerite Walter, and all reference thereto, from the Defendants' motion for judgment on the pleadings.

This motion is made on the ground that Defendants have filed a motion for judgment on the pleadings that improperly relies on evidence and factual assertions beyond those alleged in the complaint. The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Shana E. Scarlett in Support of Motion to Convert to Summary Judgment and Allow Discovery Pursuant to Federal Rule of Civil Procedure 56(f), and the pleadings and papers on file in this action.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should exclude from the Defendants' motion for judgment on the pleadings all materials extraneous to the pleadings and all references to those materials; or

2.      Alternatively, whether the Court should convert Defendants' motion for judgment on the pleadings to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and allow further discovery; or

3.      Alternatively, if the Court considers Defendants' factual materials extraneous to the Complaint, whether the unauthenticated Exhibits B, C and E attached to the Declaration of Marguerite Walter, and all reference thereto, should be excluded from the Defendants' motion for judgment on the pleadings.

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................................... 1

II.   ARGUMENT .............................................................................................................................. 2

    A.    The Court Should Exclude the Extraneous Materials Introduced With
          Defendants' Motion for Judgment on the Pleadings ....................................................... 2

    B.    Alternatively, Defendants' Motion Should Be Converted to a Federal Rule
          of Civil Procedure 56 Motion and Plaintiff Must Be Allowed Further
          Discovery ....................................................................................................................... 4

          1.    Defendants' Improper Factual Assertions Require Converting Their
               Motion for Judgment on the Pleadings to Summary Judgment ........................ 4

          2.    Defendants' Refusal to Respond to Prudential Exhaustion Discovery and
               New Factual Assertions in Their Answer Have Deprived Plaintiff of
               Necessary Discovery ........................................................................................ 5

    C.    The Court Should Not Consider Unauthenticated Evidence in Support of a
          Motion for Judgment on the Pleadings. .......................................................................... 7

III.  CONCLUSION .......................................................................................................................... 8

1

## I.     INTRODUCTION

2          This case was filed six months ago, on August 7, 2007, based on the Defendants' failure to

3    provide expedited passport processing to the millions of Americans who paid for it.  On October 9,

4    2007, Defendants filed a motion to dismiss.  That motion was fully briefed.  Following the recusal

5    of Judge Illston and the transfer to this Court, Defendants filed a second motion to dismiss on

6    February 1, 2008, rather than re-noticing their pending motion to dismiss.  Plaintiff filed a motion

7    to strike the Defendants' second motion.  In its order of April 1, 2008, this Court granted Plaintiff's

8    motion.  The Court directed Defendants by April 14, 2008, to either re-notice for hearing their

9    pending Motion to Dismiss, or to file an answer and, if appropriate, file on that date or a date

10   thereafter a motion for judgment on the pleadings.

11         On April 14, 2008, Defendants filed an Answer and Motion for Judgment on the Pleadings,

12   which is noticed for hearing on May 23, 2008.[1]  Accompanying the motion is the Walter

13   Declaration, averring that a true and accurate copy of 1994 Passport Instruction 2075 is attached as

14   Exhibit D to the declaration.[2]  In addition, an unidentified Exhibit E is attached to the declaration,

15   although there is no averment concerning it, which appears to be a 1996 Passport Services

16   Instruction 2060.  Plaintiff will file her opposition to Defendants' Motion for Judgment on the

17   Pleadings on May 2, 2008.

18         On January 30, 2008, Plaintiff served Defendants with discovery requests.  On February 4,

19   2008, Defendants moved this Court for a stay on discovery pending resolution of their motion to

20   dismiss.  On February 20, 2008, the Court allowed Plaintiff to proceed with discovery relating to

21   the prudential exhaustion doctrine.  Thirty days after the Court's order, on March 21, 2008, the

22   Defendants partially responded to Plaintiff's discovery.  Plaintiff identified specific concerns with

23   Defendants' responses, including their refusal to respond to certain requests related to the adequacy

24   of their refund process and the incompleteness of the responses they did provide, in a letter on

25   [1]     "Answer" refers to Defendants' Answer, filed on April 14, 2008.  "Motion for Judgment on
     the Pleadings" or "MJOP" refers to the Notice of Motion for Judgment on the Pleadings and
26   Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, filed on
     April 14, 2008.
27   [2]     "Walter Declaration" or "Walter Decl." refers to the Declaration of Marguerite Walter, filed
28   on April 14, 2008.

1   April 2, 2008.  The parties conferred on April 9, 2008 and resolved some but not all of Plaintiff's

2   concerns.

3       Defendants' Motion for Judgment on the Pleadings raises a host of factual questions

4   regarding the application of the prudential exhaustion doctrine, including not only the adequacy of

5   Defendants' refund procedure (*see, e.g., Laing v. Ashcroft,* 370 F.3d 994 (9th Cir. 2004)), but also

6   whether or not the Defendants are applying "a systemwide policy that is inconsistent in critically

7   important ways with established regulations."  *See Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir.

8   1993).  In support of their arguments, Defendants introduce material extraneous to the pleadings, in

9   violation of the rules governing motions for judgment on the pleadings.  These documents, and all

10  references to them, should be excluded by this Court.  In the alternative, if the Court chooses to

11  consider this evidence, it must convert the motion to a Federal Rule of Civil Procedure 56 motion

12  for summary judgment, and provide Plaintiff the opportunity to propound discovery and test the

13  assertions made by Defendants.  Lastly, if this Court decides to entertain Defendants' Motion for

14  Judgment on the Pleadings and the factual assertions therein, Plaintiff requests that certain

15  unauthenticated exhibits be excluded and stricken from the Defendants' Motion for Judgment on

16  the Pleadings.

## II.    ARGUMENT

### A.    The Court Should Exclude the Extraneous Materials Introduced With Defendants' Motion for Judgment on the Pleadings

19      Defendants' Motion for Judgment on the Pleadings improperly contains and relies upon

20  materials outside the pleadings, which should be excluded from the motion and ignored by the

21  Court.  A motion for judgment on the pleadings serves to test the legal sufficiency of the

22  complaint.  Judgment on the pleadings is appropriate only when the moving party clearly

23  establishes ***on the face of the pleadings*** that there are no material issues of fact and that it is

24  entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc.*, 896

25  F.2d 1542, 1550 (9th Cir. 1990).  The general rule is that any facts that are not alleged on the face

26  of the complaint or contained in the documents attached to the complaint must be disregarded.  *See*

27  *Kneivel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  An exception applies when a plaintiff's

28

1    claim is based in or depends upon a document, and the complaint alleges the contents of the

2    document, but the document is not physically attached to the complaint.  *Id*.  In those narrow

3    circumstances, the defendant may introduce the document without converting a motion for

4    judgment on the pleadings to a motion for summary judgment.

5        Defendants have relied on a host of materials beyond the allegations of the Complaint.[3]

6    For example, exhibits D and E to the Walter Declaration are outside of the pleadings, and do not

7    fall within "incorporation by reference" exception.  Ms. Walter states that exhibit D is "1994

8    Passport Instruction 2075" and there is no description provided for exhibit E.  Neither document

9    was attached to the pleadings.  Neither document forms the basis of Plaintiff's claims and the

10   contents of the documents were not alleged in the Complaint.  Each of these two documents are

11   extraneous to the pleadings and cannot be considered on a motion for judgment on the pleadings.

12   The Defendants' allegations in the section of its brief entitled "Regulatory Background for

13   Expedited Passport Applications" depend extensively on these documents, as do their arguments

14   that the Plaintiff fails to state a claim for regulatory violation and that the doctrine of prudential

15   exhaustion should apply.  MJOP at 4-5, 21 and 23-25.  These factual allegations go beyond the

16   pleadings and cannot be considered on a motion for judgment on the pleadings.

17       Nor can Defendants escape the provisions of Rule 12 through the inclusion of references to

18   the documents in the Answer.  The provisions requiring courts to either exclude extraneous

19   material or convert to a motion for summary judgment "serve the . . . purpose of preventing the

20   circumvention of the Rule 56 notice and opportunity to be heard provisions."  *Horsley v. Feldt*, 304

21   F.3d 1125, 1134 (11th Cir. 2002).  For this reason, courts have recognized that documents

22   referenced or attached to an answer cannot be considered in a motion for judgment on the

23   pleadings unless they meet the same requirements for the "incorporation by reference" exception:

24   that the document forms the basis for or is central to the plaintiff's claims and is undisputed.  *Id.* at

25   1134-35; *see also Marshall v. La-Z-Boy Inc.*, No. 2:06-CV-378, 2007 WL 3232188, at *3-*4

26   (N.D. Ind. Oct. 30, 2007) ("a litigant cannot avoid this summary judgment conversion provision

27

28   _____
     [3]       "Complaint" refers to the Class Action Complaint for Breach of Contract, Regulatory
     Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing, filed Aug. 7, 2007.

1    merely by attaching any random document to her answer – the attached document still can only be

2    relied upon by the court on a Rule 12(c) motion if that document is both central to the plaintiff's

3    claims and indisputably authentic" (quoting 12B *Federal Practice & Procedure – Civil Rules,*

4    *Quick Reference Guide* 268-69, 2007 ed.)); *Huston v. Mittal Steel USA*, No. 2:06-CV-552, 2006

5    WL 2709776, at *1 (S.D. Ohio Sept. 20, 2006).  This is consistent with the requirement that, in

6    considering a motion for judgment on the pleadings, "the allegations of the non-moving party must

7    be accepted as true, while the allegations of the moving party which have been denied are assumed

8    to be false." *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

9           Here, neither document attached to the Defendants' Motion for Judgment on the Pleadings

10   or referred to in their Answer is central to any of Plaintiff's claims, and Plaintiff does not allege

11   any of the contents of the two documents in her complaint.  The fact that Defendants make

12   affirmative averments concerning the content and meaning of those documents in their Answer,

13   which must be deemed as false for the purposes of this motion, does not allow the Defendants to

14   have the documents considered on a motion for judgment on the pleadings.

15          The documents introduced by Defendants in an attempt to insert factual issues into their

16   arguments go beyond the pleadings and cannot be properly considered on a motion for judgment

17   on the pleadings.  Therefore, the Court should exclude those documents and all references to them.

18   **B.      Alternatively, Defendants' Motion Should Be Converted to a Federal Rule of Civil
             Procedure 56 Motion and Plaintiff Must Be Allowed Further Discovery**

19
             **1.      Defendants' Improper Factual Assertions Require Converting Their Motion
20                     for Judgment on the Pleadings to Summary Judgment**

21          If the Court decides that it must consider factual assertions beyond those of the pleadings to

22   decide the arguments raised in Defendants' Motion for Judgment on the Pleadings, the motion

23   should be converted to a motion for summary judgment, and Plaintiff must be given the

24   opportunity to receive full discovery in order to have a meaningful opportunity to respond and

25   present all material pertinent to the motion.  Fed. R. Civ. P. 12(d).  Under the provisions of Rule

26   12(d), if on a motion under Rule 12(c), "matters outside the pleadings are presented to and not

27   excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

28   All parties must be given a reasonable opportunity to present all the material that is pertinent to the

1   motion." Fed. R. Civ. P. 12(d).  "[J]udgment on the pleadings is improper when the district court

2   goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a

3   motion for summary judgment."  *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

4            In this case, Defendants have introduced documents outside the pleadings in an effort to

5   raise factual issues in their arguments.  In addition, Defendants have made affirmative averments of

6   fact in their Answer and then relied on those averments to contradict facts in the Complaint.  For

7   example, in discussing Defendants' administrative exhaustion defense, Defendants openly

8   challenge factual assertions in the Complaint: "Contrary to Plaintiff's suggestion (Compl. ¶ 45), the

9   requester does not bear the burden of showing the number of days that the passport application was

10  at the passport agency."  MJOP at 24.  Much of the remainder of Defendant's arguments relies on

11  factual assertions in the Answer which are contrary to the factual allegations of the Complaint and

12  to which Defendants have not and continue to refuse to provide discovery responses.  *See* MJOP at

13  23-25 (citing to the Answer for factual support 14 times).  Even on the scant information

14  Defendants have provided thus far, it is clear that there are factual disputes concerning these

15  averments and Defendants' statements about the documents attached to its motion, as Plaintiff's

16  opposition will demonstrate.  Their own documents reflect an affirmative obligation to provide the

17  refund any time the three-day processing is not met and to notify the applicant of that fact, and

18  further reflect that there have been multiple changes to the handling and processing of expedited

19  applications and requests for refunds.  To the extent that the Court finds it necessary to consider

20  these factual issues to resolve the questions raised in the Defendants' motion, the motion must be

21  converted to one for summary judgment and Plaintiff must be given additional discovery in order

22  to reasonably present all materials in response to Defendants' arguments.

23            **2.     Defendants' Refusal to Respond to Prudential Exhaustion Discovery and New
                        Factual Assertions in Their Answer Have Deprived Plaintiff of Necessary
24                      Discovery**

25            Defendants have failed to make any showing demonstrating the propriety of applying the

26  prudential exhaustion doctrine at this stage, including failing to address any of the factors required

27  by the Ninth Circuit.  *See, e.g.,* MJOP at 23-24 (recognizing prudential exhaustion factors

28  enumerated in *Montes v. Thornburgh*, 919 F.2d 531 (9th Cir. 1990), but not addressing their

1    application to this case). If this Court were to consider the affirmative defense of prudential

2    exhaustion at the pleading stage, or alternatively, convert Defendant's motion to one for summary

3    judgment, however, Plaintiff is entitled to discovery. Although the Court ordered the Defendants

4    to respond to Plaintiff's requests for discovery relating to the prudential exhaustion defense (*see*

5    Order Granting in Part and Denying in Part Defendants' Motion to Stay Discovery Pending

6    Resolution of Defendants' Motion to Dismiss; Vacating Hearing, dated February 20, 2008),

7    Defendants have yet to comply with this order.

8    Through this litigation and in their public statements, Defendants have repeatedly asserted

9    that the lockboxes were a source of significant delays in processing expedited passports. *See, e.g.,*

10    Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss, ¶ 32 (stating that

11    beginning in early 2007, "the lockbox facilities, which . . . are the necessary first step [for passport

12    applications] . . . were quickly overwhelmed. This resulted in significant delays . . . ."").

13    Defendants have refused to respond to any discovery requests related to the lockbox facilities,

14    including even the most basic information about the lockbox facilities and their management, the

15    time passports typically spend at the lockbox facilities or to provide support in their statements that

16    the lockbox facilities were a source of significant delays. Plaintiff has propounded discovery

17    regarding these lockboxes to determine Defendants' ability to manipulate or control the date of

18    "receipt" of a request for expedited processing. Plaintiff is informed that Defendants do not

19    include the time an application spends in a lockbox for the purposes of calculating the three-

20    business day period required by 22 C.F.R. 51.66(b).[4] If Defendants fail to include the time spent in

21    a lockbox in the three-business day calculation, they are improperly precluding certain class

22    members from receiving refunds. Because Defendants continue to refuse to respond to discovery

23

24    _____

25    [4]    This statement is based on representations of the Defendants' counsel, as Defendants originally refused to respond to Plaintiff's interrogatory regarding how the three-business day period was calculated. *See* Declaration of Shana E. Scarlett in Support of Motion to Convert to

26    Summary Judgment and Allow Discovery Pursuant to Federal Rule of Civil Procedure 56(f) ("Scarlett Decl."), Ex. A-B. After the parties' meet and confer, however, Defendants have agreed

27    to respond to this interrogatory to clarify whether the time an application spends in a lockbox is included in the three-business day calculation. Plaintiff has not yet received this supplementary

28    response.

1    requests regarding the lockbox facilities, Plaintiff anticipates filing a motion to compel discovery

2    on these subject.  Scarlett Decl., ¶ 4.

3        In addition to the above dispute, and subsequent to the meet and confer process between the

4    parties, Plaintiff is also still awaiting supplemental interrogatory responses and document

5    production from the Defendants.  Scarlett Decl., ¶ 5, Ex. B.  In addition to the outstanding

6    supplemental response regarding how the Department calculates the three-day time period in the

7    regulation, Defendants have also stated they will produce documents related to statements made in

8    the Federal Register that applicants will be notified when they do not receive expedited service but

9    paid for it.  *Id.*  Defendants have yet to produce a privilege log identifying those documents that

10   have been either withheld or redacted on the basis of attorney-client privilege or the attorney work

11   product doctrine.  Scarlett Decl., ¶ 6.

12       The affirmative averments in Defendants' Answer also raise new issues of fact that require

13   discovery, including information concerning the computer and records systems used by the

14   Department of State and the Treasury, the ability to identify class members, the ability to process

15   refunds and when and how Defendants first disclosed the availability of refunds to the general

16   public.  *See* Answer, ¶¶ 17, 39, 40, 41, 43, and 58.  Plaintiff anticipates serving additional

17   discovery concerning these averments, which are directly relevant to the arguments raised in the

18   Defendants' motion.  Scarlett Decl., ¶ 7.

19       Plaintiff has been denied full discovery on the multiple factual allegations and materials

20   raised in Defendants' Motion for Judgment on the Pleadings.  Therefore, if the Court decides to

21   consider those materials and allegations in deciding Defendants' motion, the motion must be

22   converted to one for summary judgment and Plaintiff given the opportunity for full discovery.

23   **C.    The Court Should Not Consider Unauthenticated Evidence in Support of a Motion for Judgment on the Pleadings.**

24
         In addition to Defendants' improper introduction of evidence outside the pleadings,
25
     Defendant has also failed to provide even minimal indicia of authenticity or reliability regarding
26
     the Exhibits B, C and E attached to the Walter Declaration.  As the case law cited by the
27
     Defendants recognizes, a court may only consider materials in support of a motion for judgment on
28

the pleadings that are: "(1) specifically referred to [] in the complaint, (2) central to the plaintiff's claim, and (3) of uncontested authenticity."  MJOP at 14 n.8 (citing *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, __ F. Supp. 2d __, 2008 WL 697065, at *2 (N.D. Cal., Mar. 13, 2008)).  Even if this Court were inclined to weigh the evidence improperly introduced by Defendants at the pleading stage, this Court cannot consider Exhibits B, C and E because these documents are of contested authenticity.

Exhibits B and C are purported print-outs of Website information.  Exhibit B is described as "Website information from June 2007 on How Long Will it Take to Process a Passport Application."  Walter Decl., ¶ 2.  Exhibit C is described as "Website Instructions on Refund Process."  *Id.*  Neither of these documents bears any identifying information such that Plaintiff could determine (a) the date these documents were printed from the Internet; (b) the Website address where these documents reside on the Internet; or (c) whether the information and instructions were available to class members during the class period or at what point in time they became available.  Without such information, Plaintiff is unable to agree to its authenticity.

Exhibit E is not even referenced in the declaration of Ms. Walter.  It is attached as an exhibit without a description or a statement regarding its accuracy as a copy of document in this litigation.  Plaintiff has not been provided any information regarding the purpose of this document, the date of its creation, the author of the document or to which employees it was circulated.

Putting aside the propriety of considering these documents in support of a motion for judgment on the pleadings, these documents lack even minimal indicia of authenticity such as dates, descriptions and identification.  The Court should not consider this evidence in support of the Defendants' motion.

### III.    CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that the Court exclude all materials and allegations extraneous to the pleadings, or determine that the Defendants' Motion for Judgment on the Pleadings is converted to a Rule 56 motion for summary judgment and allow Plaintiff full discovery.

1    In the alternative, Plaintiff requests that the Court exclude the unauthenticated Exhibits B,

2    C and E of the Walter Declaration, and all reference thereto, from the Defendants' Motion for

3    Judgment on the Pleadings.

4    DATED:  April 18, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

5                                                              /s/ Shana E. Scarlett
6                                                            SHANA E. SCARLETT

7                                              Reed R. Kathrein (139304)
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
8                                              715 Hearst Avenue, Suite 202
                                               Berkeley, CA  94710
9                                              Telephone: (510) 725-3000
                                               Facsimile: (510) 725-3001
10
                                               Robert B. Carey (*Pro Hac Vice*)
11                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                               2425 East Camelback Road, Suite 650
12                                             Phoenix, AZ  85016
                                               Telephone: (602) 840-5900
13                                             Facsimile: (602) 840-3012

14                                             Steve Berman (*Pro Hac Vice*)
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
15                                             1301 Fifth Avenue, Suite 2900
                                               Seattle, WA  98101
16                                             Telephone: (206) 623-7292
                                               Facsimile: (206) 623-0594
17
                                               Megan E. Waples (*Pro Hac Vice*)
18                                             THE CAREY LAW FIRM
                                               2301 East Pikes Peak Avenue
19                                             Colorado Springs, CO  80909
                                               Telephone: (719) 635-0377
20                                             Facsimile: (719) 635-2920

21                                             Attorneys for Plaintiff

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Shana E. Scarlett
SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`