1  REED R. KATHREIN (139304)
   SHANA E. SCARLETT (217895)
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
3  Berkeley, CA 94710
   Telephone: (510) 725-3000
4  Facsimile: (510) 725-3001
   reed@hbsslaw.com
5

6  ROBERT B. CAREY (*Pro Hac Vice)*
   HAGENS BERMAN SOBOL SHAPIRO LLP
7  2425 East Camelback Road, Suite 650
   Phoenix, AZ  85016
8  Telephone: (602) 840-5900
   Facsimile: (602) 840-3012
9  rob.carey@att.net

10 STEVE W. BERMAN (*Pro Hac Vice)*
   HAGENS BERMAN SOBOL SHAPIRO LLP
11 1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
12 Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
13 steve@hbsslaw.com

14 Attorneys for Plaintiff

15 [Additional counsel listed on signature page]

16

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20
   JULIE CHATTLER, On Behalf of Herself and      )   No. 3:07-cv-04040-MMC
21 All Others Similarly Situated,                 )
                                                  )   DECLARATION OF SHANA E.
22                                   Plaintiff,    )   SCARLETT IN SUPPORT OF MOTION
                                                  )   TO CONVERT TO SUMMARY
23       v.                                       )   JUDGMENT AND ALLOW DISCOVERY
                                                  )   PURSUANT TO FEDERAL RULE OF
24 THE UNITED STATES OF AMERICA and              )   CIVIL PROCEDURE 56(f)
   THE UNITED STATES DEPARTMENT OF                )
25 STATE,                                         )   DATE:  May 23, 2008
                                                  )   TIME:  9:00 a.m.
26                                  Defendants.    )   DEPT:  Courtroom 7, 19th Floor
                                                  )
27 _____)   ACTION FILED: August 7, 2007

28

1          I, SHANA E. SCARLETT, declare as follows:

2          1.      I am an attorney duly licensed to practice before all of the courts of the State of

3   California.  I am an associate with the law firm of Hagens Berman Sobol Shapiro LLP, one of the

4   counsel of record for Plaintiff in the above-entitled action.  I have personal knowledge of the matters

5   stated herein and, if called upon, I could and would competently testify thereto.

6          2.      If discovery is allowed, Plaintiff will submit further evidence regarding Defendants'

7   administrative scheme which purports to refund improperly collected expedited processing fees for

8   passport applications that were not returned to applicants within the required period of time.

9          3.      Plaintiff cannot present evidence at this time because Defendants are in exclusive

10  possession of many of the material facts of this case.  The parties held their Federal Rules of Civil

11  Procedure 26(f) conference on November 16, 2007.  On January 30, 2008, Plaintiff served

12  Defendants with discovery requests.  On February 4, 2008, Defendants moved this Court for a stay

13  on discovery pending resolution of their motion to dismiss.  On February 20, 2008, the Court allowed

14  Plaintiff to proceed with discovery relating to the prudential exhaustion doctrine.  Thirty days after

15  the Court's order, on March 21, 2008, the Defendants partially responded to Plaintiff's discovery.

16  Plaintiff identified specific concerns with the Defendants' responses, including their refusal to

17  respond to certain requests related to the adequacy of their refund process and the incompleteness of

18  the responses they did provide, in a letter on April 2, 2008.  The parties conferred on April 9, 2008

19  and resolved some but not all of Plaintiff's concerns.

20         4.      Among the discovery to which Defendants have refused to respond are interrogatories

21  and document requests regarding lockbox facilities and their management, the time passports

22  typically spend at the lockbox facilities, and support for Defendants' statements that the lockbox

23  facilities were a source of significant delays.  Each of these discovery requests are relevant to

24  Defendants' ability to manipulate or control the date of "receipt" of a request for expedited

25  processing, as Defendants purportedly do not include the time an application spends in a lockbox for

26  the purposes of calculating the three-business day period required by 22 C.F.R. 51.66(b).  If

27  Defendants fail to include the time spent in a lockbox in the three-business day calculation, they are

28  improperly precluding certain class members from receiving refunds.  Because Defendants continue

DECL. OF SHANA E. SCARLETT ISO CONVERSION TO          - 1 -
SUMM. J. AND DISC. PURSUANT TO FRCP 56(f) – NO. 3:07-cv-
04040-MMC

1    to refuse to respond to discovery requests regarding the lockbox facilities, Plaintiff anticipates filing

2    a motion to compel discovery on these subject.

3        5.    After the meet and confer process, Defendants agreed to supplement certain discovery

4    responses.  Plaintiff is still awaiting these supplemental interrogatory responses and document

5    productions from the Defendants.  Included in these supplemental responses is information regarding

6    how the Department calculates the three-day time period in the regulation and documents related to

7    statements made in the Federal Register that applicants will be notified when they do not receive

8    expedited service but paid for it.

9        6.    Defendants have yet to produce a privilege log identifying documents that have been

10   either withheld or redacted on the basis of attorney-client privilege or the attorney work product

11   doctrine.

12       7.    The affirmative averments in Defendants' Answer (filed April 14, 2008) also raise

13   new issues of fact that require discovery, including information concerning the computer and records

14   systems used by the Department of State and the Treasury, the ability to identify class members, the

15   ability to process refunds and when and how Defendants first disclosed the availability of refunds to

16   the general public.  Plaintiff intends to serve additional discovery concerning these averments, which

17   are directly relevant to the arguments raised in the Defendants' motion.

18       8.    Attached are true and correct copies of the following exhibits:

19   Exhibit A:    A letter from Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP to
                   Jacqueline Coleman Snead of the U.S. Department of Justice, dated April 2,
20                 2008 regarding the parties' Meet and Confer regarding Defendants' Responses
                   to Discovery; and

21
     Exhibit B:    A letter from Shana E. Scarlett of Hagens Berman Sobol Shapiro LLP to
22                 Jacqueline Coleman Snead of the U.S. Department of Justice, dated April 17,
                   2008 regarding the parties' Meet and Confer regarding Defendants' Responses
23                 to Discovery.

24       9.    I believe the information outlined above will raise genuine issues of material fact and,

25   therefore, that the present motion should be denied as premature pursuant to Federal Rule of Civil

26   Procedure 56(f).

27       I declare under penalty of perjury under the laws of the United States that the foregoing is

28
     DECL. OF SHANA E. SCARLETT ISO CONVERSION TO
     SUMM. J. AND DISC. PURSUANT TO FRCP 56(f) – NO. 3:07-        - 2 -
     cv-04040-MMC
     001980-11  234887 V1

1   true and correct.  Executed this 18th day of April, 2008, at Berkeley, California.

2

3                                                      /s/ Shana E. Scarlett
                                                    SHANA E. SCARLETT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system which will send notification of such filing to the e-mail

4   addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that

5   I have mailed the foregoing document or paper via the United States Postal Service to the non-

6   CM/ECF participants indicated on the attached Manual Notice List.

7

8                                              /s/ Shana E. Scarlett
                                               SHANA E. SCARLETT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
DECL. OF SHANA E. SCARLETT ISO CONVERSION TO
SUMM. J. AND DISC. PURSUANT TO FRCP 56(f) – NO. 3:07-          - 4 -
cv-04040-MMC
001980-11  234887 V1

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use
your mouse to select and copy this list into your word processing program in order to create notices or labels for
these recipients.

- (No manual recipients)