# Exhibit A



SHANA SCARLETT
DIRECT • (510) 725-3032
SHANAS@HBSSLAW.COM

April 2, 2008

<u>**Via E-mail**</u>

Jacqueline Coleman Snead
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20001

      Re:    *Chattler v. United States of America, et al.*, Case No. 07-cv-04040 (MMC)
            Meet and Confer regarding Defendants' Responses to Discovery

Dear Jacqui:

      Plaintiff writes in anticipation of the parties' meet and confer regarding Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Responses to Plaintiff's First Set of Special Interrogatories.

      On January 30, 2008, Plaintiff served Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Special Interrogatories. Defendants moved the Court to stay discovery. In an order dated February 20, 2008, Judge Chesney ordered that Plaintiff was entitled to seek discovery pertinent to the exhaustion of administrative remedies. Defendants served their responses to Plaintiff's discovery on March 21, 2008.

      In their responses, Defendants refused to respond to a number of interrogatories and requests for production of documents, stating that Defendants were not required to respond given the Court's February 20, 2008 order. Plaintiff disagrees with many of Defendants' limitations on discovery and believes that many of the requests to which Defendants refused to respond are relevant to the doctrine of administrative exhaustion.

      For example, Defendants have declined to answer all requests regarding criteria for determining an applicant's entitlement to a refund, including the method by which Defendants calculate the three business day period of 22 C.F.R. 51.66(b) and information related to lockbox facilities. Specifically, Defendants have refused to respond to Document Request Nos. 2, 3, and 7 and Special Interrogatories Nos. 10, 11, and 16, all of which relate to lockbox facilities. Defendants have also refused to respond to Special Interrogatory No. 3, which requests Defendants' methodology in calculating the three (3) business day period of 22 C.F.R. 51.66(b).

ATTORNEYS AT LAW       SEATTLE   LOS ANGELES   BOSTON   PHOENIX   CHICAGO   SAN FRANCISCO
T 510.725.3000   F 510.725.3001
715 HEARST AVENUE • SUITE 202 • BERKELEY, CALIFORNIA 94710
www.hbsslaw.com

001980-11 231391 V2

Ms. Jacqueline Coleman Snead
April 2, 2008
Page 2

A critical component of any refund process offered by the Defendants is the criteria by which Defendants calculate an applicant's entitlement to a refund. Whether Defendants are appropriately refunding the expedite fee goes to the heart of the adequacy of Defendant's refund process, a prerequisite circumstance for the Court to require administrative exhaustion. *See, e.g., Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004). Plaintiff is entitled to know how Defendants calculate the three business day requirement – that is, whether Defendants include in the three-business day calculation the time period that an application is held at a lockbox facility prior to processing. If Defendants exclude time spent at a lockbox facility, Plaintiff is entitled to discovery regarding what relationship Defendants have with these lockbox facilities such that they can suggest that passports contained in lockbox facilities are not in the possession of the Passport Agency. Each of the above-referenced interrogatories and document requests directly address the calculation of the three-business day period. Plaintiff requests that Defendants be prepared to address why they believe these interrogatories and document requests are not relevant.

Defendants have refused to respond to Document Request No. 22, which asks for all documents related to Defendants' statement in the Federal Register, 59 FR 48998, that "[t]here will be situations in which expedited passport processing cannot be completed within three days. . . The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded." Plaintiff is entitled to information regarding the intent of the department when it passed the original requirement that the applicant will be notified and the expedite fee ***will be*** refunded when the expedited processing cannot be provided. It would also encompass information regarding why the Department made the decision not to notify and provide refunds to applicants who did not receive expedited service. This information goes to one of the factors enumerated in requiring administrative exhaustion, that is, the purpose of the established regulation and whether the Defendants apply "a systemwide policy that is inconsistent in critically important ways with established regulations." *See Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir. 1993). Plaintiff is entitled to discovery regarding the original intent to refund expedited processing fees where expedited processing was not provided to demonstrate that Defendants' existing refund process is "inconsistent in critically important ways" with the original regulation.

Defendants have also refused to produce documents responsive to Document Requests Nos. 9 and 10, which ask for current and historical version of Defendants' web pages that relate to passport applications. These documents are relevant to Defendants' publication of their alleged refund program, including the date that it was first published

Ms. Jacqueline Coleman Snead
April 2, 2008
Page 3

on Defendants' Web page, the manner in which it was published, and statements made by Defendants regarding the procedures and availability of the alleged refund program. Plaintiff requests that Defendants consider producing document responsive to these requests.

Plaintiff is also concerned at the limited nature of Defendants' document production. For example, in Document Request No. 6, Plaintiff requested all documents, including training materials, memoranda, staff notices, employee manuals, etc. that related to Defendants' refund procedures. Defendants have produced no such training materials, despite Defendants' protestations that they hired 1,366 employees in fiscal years 2005 and 2006, including 250 additional passport specialists. *See* Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss, filed February 1, 2008, ¶ 29. Plaintiff requests that Defendants confirm that have produced all material responsive to Plaintiff's requests, unless Defendants specifically objected that they were not responding pursuant to the Court's February 20, 2008 order.

If Defendants have withheld or redacted any documents or parts of documents on the basis of attorney-client privilege or the attorney work product doctrine, Plaintiff requests that Defendants provide a privilege log immediately. For example, pages from the document Bates-stamped DOS 000135-138 have been redacted. Plaintiff requests that Defendants provide the basis for these redactions.

There are two additional clerical matters. First, one document is illegible. Plaintiff requests that Defendants produce a legible copy of the document Bates-stamped DOS 000063. Second, the document Bates-stamped 000129 shows an attachment which was not included with the document. Plaintiff requests that Defendants produce a copy of the attachment.

\\

\\

\\

\\

\\

Ms. Jacqueline Coleman Snead
April 2, 2008
Page 4


       Plaintiff proposes that the parties hold a meet and confer on Monday, April 7 at
10:00 a.m. PST.  Please let us know immediately if you are available at this time.  We
look forward to speaking with you then.

                     Very truly yours,

                     HAGENS BERMAN SOBOL SHAPIRO LLP

                     Shana E. Scarlett

SES:KE