# Exhibit B



SHANA SCARLETT
DIRECT • (510) 725-3032
SHANAS@HBSSLAW.COM

April 17, 2008

**Via E-mail**

Jacqueline Coleman Snead
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20001

   Re: *Chattler v. United States of America, et al.*, Case No. 07-cv-04040 (MMC)
     Meet and Confer regarding Defendants' Responses to Discovery

Dear Jacqui:

  Plaintiff writes to summarize the parties' meet and confer on April 9, 2008 regarding Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Responses to Plaintiff's First Set of Special Interrogatories.

  As an initial matter, however, Plaintiff believes that recent events have dramatically changed the scope of Defendants' discovery obligations. On April 14, 2008, Defendants filed an answer to the Complaint. The order of the Court upon which the Defendants relied for a number of objections (*see* Order Granting in Part and Denying in Part Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss; Vacating Hearing, dated February 20, 2008 ), clearly contemplated staying discovery ***only while a motion to dismiss was pending***. Indeed, the bulk of the case law cited by the Defendants in their motion to stay discovery only contemplated limiting or staying discovery during the pendency of a motion to dismiss. No such motion to dismiss is now pending.

  Instead, Defendants have made a motion for judgment on the pleadings, which is a much different procedural motion which may be made anytime up and until trial. *See* Fed. Rule Civ. Proc. 12(c). Even within this motion, Defendants make a host of factual assertions and include evidence vastly beyond the scope of the pleadings. Given Defendants' tactical choice to answer the Complaint in full and increase the scope of factual disputes before the Court, Plaintiff's position is that the Court's order staying all discovery except that related to the prudential exhaustion doctrine is no longer in effect.

ATTORNEYS AT LAW   SEATTLE LOS ANGELES BOSTON PHOENIX CHICAGO SAN FRANCISCO
T 510.725.3000 F 510.725.3001
715 HEARST AVENUE ✦ SUITE 202 ✦ BERKELEY, CALIFORNIA 94710
www.hbsslaw.com

001980-11 234335 V1

Ms. Jacqueline Coleman Snead
April 17, 2008
Page 2

Accordingly, Plaintiff requests that Defendants confirm that they are either willing to respond to discovery in full or that they intend to stand on their objections and continue to assert that discovery should proceed only on those matters that Defendants believe relate to the prudential exhaustion defense.

Regardless of the Defendants' position regarding the applicability of the February 20, 2008 order, however, the parties continue to have a number of disputes regarding discovery relating to the prudential exhaustion defense.

Defendants agreed to respond to Interrogatory Number 3, regarding Defendants' method of calculating the three business day period of 22 C.F.R. 51.66(b).  Defendants, however, refuse to respond to Document Request Nos. 2, 3, and 7 and Special Interrogatories Nos. 10, 11, and 16, all of which relate to lockbox facilities.

Defendants indicated that their answer to Interrogatory Number 3 will be that the time an application spends in a lockbox is not included in the three business day calculation and thus, any information relating to lockboxes has nothing to do with processing and therefore, nothing to do with the refund process.  Plaintiff disagrees with the Defendants' position.

Information regarding Defendants' access to lockboxes is directly relevant to the propriety of including or excluding lockboxes from the three-day calculation.  Defendants have made multiple statements in the declarations of Ann Barrett regarding not only the amount of time that passports are held in lockboxes, but also the ability of the lockbox operator to "forward" applications to the passport agencies.  *Compare* Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss, ¶ 7 *with* ¶ 32 (filed October 9, 2007).  Defendants' ability to access lockboxes and to manipulate the date of "receipt" of an expedite application by the agency is critical in determining not only whether Defendants are improperly precluding certain class members from receiving refunds, but is also directly relevant to Defendants' claims that their refund procedure is "superior" to any refund procedure that could be effectuated by this litigation.  Given Defendants' refusal to respond to all discovery related to lockboxes, Plaintiff has no choice but to seek resolution from the Court.

Defendants indicated that they will respond to Document Request Number 22, which asks for all documents related to Defendants' statement in the Federal Register, 59 FR 48998, that "[t]here will be situations in which expedited passport processing cannot be completed within three days. . . The Department expects that these situations will be

001980-11  234335 V1

Ms. Jacqueline Coleman Snead
April 17, 2008
Page 3

very rare.  In such circumstances, the applicant will be notified and the fee will be refunded."

Defendants will not respond to Document Requests Numbers 9-10, regarding historical version of Defendants' Web sites.  To the extent that there was information regarding the refund process available on the Web site, Defendants produced it in pursuant to Document Request Number 4.  Plaintiff requested confirmation that any printout of the Web site captured the date that notice of the refund scheme first appeared on the Web site.  Defendants said they would check to ensure that the printout captured this information.

In Plaintiff's letter dated April 2, 2008, Plaintiff expressed her concern that given Defendants' public representations regarding the number of employees hired to address the delay in processing passport applications that the amount of training materials produced is extraordinarily small.  Defendants confirmed that based on the search they have conducted, all training materials have been produced.  Defendants also confirmed that they have produced all non-identical versions of documents.  For example, if there were two identical documents but one copy had handwritten notes, the copy containing handwritten notes would be produced regardless of whether the underlying text was duplicative of another document.

Defendants indicated that their document production is not complete, and that they will be producing further documents this week from the Bureau of Resources Management and the files of one attorney.  In addition to producing a supplemental set of documents this week, Defendants also indicated that they would be producing a privilege log to Plaintiff as well which will reflect not only documents being withheld on the grounds of privilege or work product, but also those documents that have been redacted on the basis of privilege or attorney work product.

Plaintiff has requested a legible version of document Bates-numbered DOS 000063.  Defendants stated that although all of the copies they have reviewed thus far are of the same degree of legibility, there is a non-identical version of this document that is more legible.  Defendants will produce this document.  In addition, Defendants will produce the attachment to document Bates-numbered DOS 000129.

There are certain other documents that are referenced in the materials produced by Defendants, but have not been produced themselves.  Documents Bates-stamped DOS 000035 refers to a "July 13 memorandum."  No such memorandum dated July 13 has

Ms. Jacqueline Coleman Snead
April 17, 2008
Page 4

been produced.  Documents Bates-stamped DOS 000030 refers to "procedures regarding refunds of fees will be addressed in 7 FAM 13000 Appendix M, Abandoned Passport applications, which is under development."  Plaintiff has not received any drafts or versions of Appendix M.  Please let us know immediately whether or not you intend to produce these documents.

Plaintiff looks forward to receiving from you by Friday, April 18, 2008, both a supplemental document production and a privilege log.  In addition, Plaintiff also requests that Defendants notify her by April 18, 2008 whether or not Defendants intend to respond to discovery in full or whether they will continue to respond to only those discovery requests that they deem are relevant to the prudential exhaustion defense. Plaintiff also requests that Defendants provide their supplemental responses to the prudential exhaustion discovery by Wednesday, April 23, 2008 at the latest.  This information is relevant and necessary to Plaintiff's opposition to the pending motion for judgment on the pleadings and Defendants' assertions of fact regarding this affirmative defense.

If this letter does not reflect your understanding of our meet and confer, and if Defendants are unwilling or unable to meet the above-referenced deadlines, please let me know as soon as possible.

Very truly yours,

HAGENS BERMAN SOBOL SHAPIRO LLP

Shana E. Scarlett

SES:KE

cc:    Robert B. Carey
       Megan Waples