JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA CHATTLER,** | Case No. 07-4040–MMC |
| **PLAINTIFF** | |
| **v.** | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE |
| **UNITED STATES OF AMERICA, DEPARTMENT OF STATE,** | |
| **DEFENDANTS.** | Hon. Maxine M. Chesney<br>Date: May 23, 2008, 9:00 am |

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Exclude

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES. .................................................................................... -ii-

INTRODUCTION.................................................................................................... 1

PROCEDURAL HISTORY...................................................................................... 1

ARGUMENT. .......................................................................................................... 3

I.    THE RESOLUTION OF DEFENDANTS' PENDING
      MOTION DOES NOT REQUIRE RESOLUTION OF
      ANY FACTUAL ISSUES. ......................................................................... 4

II.   THE COURT MAY CONSIDER THE DOCUMENTS
      INCORPORATED BY REFERENCE INTO THE PLEADINGS
      IN DECIDING DEFENDANTS' MOTION WITHOUT CONVERTING
      IT TO A MOTION FOR SUMMARY JUDGMENT............................................ 5

      A.    This Court May Consider the Website Printout of the
            Department's Refund Process in Ruling on Defendants'
            Motion Without Converting It. ................................................... 7

      B.    This Court May Consider the Website Printout of the
            Department's Passport Processing Times in June 2007
            in Ruling on Defendants' Motion Without Converting It........... 8

      C.    This Court May Take Judicial Notice of the Website
            Printouts Attached as Exhibits to Defendants' Motion............... 9

III.  PLAINTIFF ALREADY WAS AFFORDED DISCOVERY ON THE
      FACTUAL-BASED ARGUMENTS IN DEFENDANTS' PENDING
      MOTION AND THUS, EVEN IF THE COURT CONVERTS
      DEFENDANTS' MOTION, ADDITIONAL DISCOVERY IS
      UNWARRANTED. ...................................................................................... 10

      A.    Plaintiff's Discovery Requests Related to Lockboxes
            Are Irrelevant to Defendants' Prudential Exhaustion
            Argument. .................................................................................... 11

      B.    Plaintiff Has Not Identified Any Fact Issues Newly
            Disclosed in Defendants' Pending Motion That Warrant
            Additional Discovery. ................................................................. 12

CONCLUSION. ....................................................................................................... 14

1

# TABLE OF AUTHORITIES

2     **CASES**                                                                                      **PAGE(s)**

3     *Broden v. Marin Human Soc'y,*

4          1997 WL 818587 (N.D. Cal. 1997). ............................................................... 3

5     *In re Everglades Island Boat Tours,*

6          484 F. Supp. 2d 1259 (M.D. Fla. 2007). ........................................................ 9

7     *Horsley v. Feldt,*

8          305 F.3d 1125 (11th Cir. 2002). .................................................................... 3

9     *Knievel v. ESPN,*

10         393 F.3d 1068 (9th Cir. 2005). ...................................................................... 3

11    *MGIC Indem. Corp. v. Weisman,*

12         803 F.2d 500 (9th Cir. 1986). ........................................................................ 9

13    *Marshall v. La-Z-Boy,*

14         2007 WL 3232188 (N.D. Ind. 2007). ............................................................. 3

15    *Monster Cable Prods. v. Discovery Communications, Inc.,*

16         2004 WL 2445348 (N.D. Cal. 2004). .............................................................. 9

17    *Moore v. Genesco, Inc.,*

18         2006 WL 2691390 (N.D. Cal. 2006). .............................................................. 9

19    *Qwest Communications Corp. v. City of Berkeley,*

20         208 F.R.D. 288 (N.D. Cal. 2002). .................................................................. 4

21    *Rose v. Chase Manhattan Bank USA,*

22         396 F. Supp. 2d 1116 (C.D. Cal. 2005). ......................................................... 7

23    *In re Silicon Graphics Inc. Sec. Litig.,*

24         183 F.3d 970 (9th Cir. 1999). ..................................................................... 6, 7

25    *Universal Health Servs. v. Thompson,*

26         363 F.3d 1013 (9th Cir. 2004). .................................................................... 12

27    *Yang v. Dar Al-Handash Consultants,*

28         250 Fed. Appx. 771 (9th Cir. 2007). .............................................................. 6

1

**REGULATORY PROVISIONS, FEDERAL RULES & FEDERAL REGISTER NOTICES**

2    22 C.F.R. 51.56(b). ........................................................................................... 11

3    22 C.F.R. § 51.63. ......................................................................................... 2, 4, 6

4    22 C.F.R. § 51.66. ..................................................................................... 2, 12, 13

5    72 Fed. Reg. 45,888. ....................................................................................... 12

6    Fed. R. Civ. P. 7(a). ........................................................................................ 5

7    Fed. R. Civ. P. 10(c). ...................................................................................... 5

8    Fed. R. Civ. P. 12(d). ..................................................................................... 11

9    Fed. R. Evid. 201(b). ....................................................................................... 9

10                                        **BOOKS**

11    5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* (West 2004). ........ 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2      In the guise of a "Motion to Exclude Improper Factual Assertions from the Motion for

3  Judgment on the Pleadings; Alternate Motion to Convert to Summary Judgment and Allow

4  Discovery," Plaintiff complains that Defendants' pending Motion for Judgment on the Pleadings

5  fails to satisfy the requirements of Rule 12(c) of the Federal Rules of Civil Procedure even though

6  presumably she intends to file an opposition to that effect on May 2, 2008.  In addition to providing

7  Plaintiff with an unwarranted opportunity to exceed the page limit for opposition briefs, Plaintiff's

8  motion also clearly seeks to forestall this Court's decision on Defendants' pending motion.  Indeed,

9  Plaintiff's motion foreshadows a future motion that she undoubtedly will contend should be decided

10  before Defendants' Motion thereby further delaying resolution of this action in favor of Defendants.

11  Even apart from these reasons, Plaintiff's motion should fail because neither exclusion of

12  Defendants' factual assertions nor further discovery is warranted.  Accordingly, Plaintiff's motion

13  should be denied.

14

**PROCEDURAL HISTORY**

15      On August 7, 2007, Plaintiff Julia Chattler filed this damages action on behalf of herself

16  and a class of similarly situated individuals who allegedly did not receive expedited processing of

17  their passport applications.  *See* Class Action Complaint for Breach of Contract, Regulatory

18  Violation, and Breach of Implied Covenant of Good Faith and Fair Dealing ("Compl.").  Her action

19  was reassigned to this Court in January 2008 following the recusal of the originally assigned district

20  court judge.

21      By Order of March 31, 2008, the Court ordered Defendants either to notice for hearing their

22  initial motion to dismiss, which was fully briefed before the predecessor judge, or to answer the

23  Complaint "and, if appropriate, file on that date . . . a motion for judgment on the pleadings."  Order

24  of March 31, 2008 [Dkt. No. 70].  In compliance with that Order, Defendants filed an Answer and

25  Motion for Judgment on the Pleadings on April 14, 2008.  That motion requests that the Court

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Opposition to Plaintiff's Motion to Exclude

28

1    dismiss this action in its entirety and enter judgment in favor of Defendants on grounds that (1) the

2    Court lacks subject-matter jurisdiction over Plaintiff's contract claims; (2) the Court lacks subject-

3    matter jurisdiction over Plaintiff's regulatory claim to the extent she seeks more than a refund of the

4    $60.00 expedite fee she allegedly paid; (3) Plaintiff has failed to state a claim of a regulatory

5    violation because the Department complies with 22 C.F.R. § 51.63 by issuing refunds upon request

6    to individuals who paid for but did not receive the service defined in 22 C.F.R. § 51.66; and (4)

7    Plaintiff should exhaust her administrative remedies and first present her claim for a refund to the

8    Department of State ("the Department"). [1/]

9        Since February 20, 2008, the parties have engaged in discovery pertinent to Defendants'

10    administrative exhaustion argument. *See* Order of February 20, 2008 [Dkt. No. 56] (staying all

11    discovery except that pertinent to administrative exhaustion).  Defendants initially responded to

12    Plaintiffs' discovery requests pertinent to that argument on March 21, 2008.  Following a meet and

13    confer of counsel on April 9, 2008, Defendants supplemented their responses and produced a

14    privilege log on April 18 and April 23.  *See* Declaration of Jacqueline Coleman Snead ("Snead

15    Decl.") ¶ 10.  Defendants have complied with the Court's Order.

16        Even though Plaintiff is afforded an opportunity to respond to Defendants' Motion for

17    Judgment on the Pleadings on or before May 2, 2008, Plaintiff filed the instant motion on April 18,

18    2008 requesting the Court to exclude certain factual allegations and evidence from its consideration

19    of Defendants' Motion or alternatively to convert that motion to a motion for summary judgment and

20    allow further discovery.  Defendants oppose Plaintiff's motion.

21

22

23

24

25        [1/] Defendants also contend that their jurisdictional arguments alternatively support dismissal for
26    failure to state a claim.
      *Chattler v. United States of America*, Case No. 07-4040–MMC

27    Defendants' Opposition to Plaintiff's Motion to Exclude

28                                        2

1

**ARGUMENT**

2      Apparently not content to address the applicable standard for motions for judgment on the

3    pleadings in her forthcoming opposition, Plaintiff devotes half of the argument section in her motion

4    discussing what materials courts may consider in deciding such motions. [2/] *See* Plaintiff's Motion to

5    Exclude Improper Factual Assertions from Motion for Judgment on the Pleadings ("Pl. Mot.") at 2-

6    5.   On the one hand, Plaintiff contends that the Court should exclude from its consideration certain

7    documents incorporated by reference in the Answer and "all references to them" in Defendants'

8    Motion, (Pl. Mot. at 4), but on the other hand, she concedes that such materials may be considered

9    without converting the motion into one for summary judgment, (Pl. Mot. at 3, 8).   None of the

10   authorities on which Plaintiff relies actually supports exclusion of those materials from this Court's

11   consideration.   *See Horsley v. Feldt*, 305 F.3d 1125, 1135 (11th Cir. 2002) (concluding that AP

12   article attached to answer "should be considered as part of the pleadings for Rule 12(c) purposes"),

13   *cited in* Pl. Mot. at 3; *Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005) (taking "into account

14   the web pages attached to ESPN's motion to dismiss under the 'incorporation by reference'

15   doctrine"), *cited in* Pl. Mot. at 2; *Marshall v. La-Z-Boy*, 2007 WL 3232188, at *3 (N.D. Ind. 2007)

16   (considering document attached to answer but converting motion to motion for summary judgment),

17   *cited in* Pl. Mot. at 3.   Thus, the Court should reject out of hand Plaintiff's unsupported request for

18   exclusion and consider only her alternative request to convert Defendants' Motion into one for

19   summary judgment and to allow further discovery.   Under the circumstances here, that request too

20   should be denied.

21

22      [2/] To the extent the Court determines that the instant motion circumvents the maximum page
     limit imposed by the Civil Local Rules on Plaintiff's forthcoming opposition to Defendants' pending

23   motion, the Court should strike all pages Plaintiff submits opposing that motion in excess of the 25-page
     limit. *Cf. Broden v. Marin Human Soc'y*, 1997 WL 818587, at *3 (N.D. Cal. 1997) ("Because plaintiff's

24   motion exceeds the maximum page limit imposed by the Civil Local Rules, and plaintiff has neither
     sought nor received leave to file an oversized brief, all papers filed in connection with plaintiff's motion

25   for summary adjudication are improper, and therefore, shall be stricken from the record.").   Plaintiff's
     Motion to Exclude uses eight pages towards that limit.

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Opposition to Plaintiff's Motion to Exclude

28                                      3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  THE RESOLUTION OF DEFENDANTS' PENDING MOTION DOES NOT REQUIRE RESOLUTION OF ANY FACTUAL ISSUES.

As an initial matter, Defendants' Motion for Judgment on the Pleadings can be resolved – *and judgment entered in favor of Defendants* – based solely on the legally insufficient allegations in the Complaint. *See* Defendants' Motion for Judgment on the Pleadings ("Def. Mot.") (filed Apr. 14, 2008) [Dkt. No. 75]. That motion demonstrates that based solely on the regulatory language of the Department's regulations governing expedited passport processing and the selectively quoted language from the Department's website and passport application, Plaintiff's contract claims and regulatory claims as a matter of law should be dismissed for lack of jurisdiction or failure to state a claim. *See* Def. Mot. at 9-10 (demonstrating that "[n]othing in th[e] language or elsewhere in the expedited processing regulations [Plaintiff invokes] can be construed as requiring compensation beyond [a] refund [of the expedite fee] if the service is not provided"); *id.* at 14-15 (demonstrating as a matter of law that information provided on the Department's website does not constitute an open contract offer to the American public); *id.* at 16-17 (demonstrating as a matter of law that instructions on a passport application do not constitute an open contract offer to the American public); *id.* at 19-20 (demonstrating that under well-established principles of regulatory interpretation, Plaintiff has failed to state a claim of a regulatory violation because the Department complies with 22 C.F.R. § 51.63(c) by issuing refunds of the expedite fee upon request to individuals who paid for but did not receive that service). Indeed, this Court already has concluded that these arguments "are legal in nature, and the Court's resolution thereof does not require or entail resolution of any fact." *See* Order of February 20, 2008 at 3. Thus, as to those arguments, Plaintiff's request to convert Defendants' Motion to a motion for summary judgment is completely unfounded. *See Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) ("The fact that [] extrinsic material was submitted to the court does not automatically convert a motion for judgment on the pleadings into one for summary judgment. It must appear that the court *relied on* [] extrinsic evidence . . . before that conversion occurs." (emphasis added)).

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Exclude

4

1
2

## II.   THE COURT MAY CONSIDER THE DOCUMENTS INCORPORATED BY REFERENCE INTO THE PLEADINGS IN DECIDING DEFENDANTS' MOTION WITHOUT CONVERTING IT TO A MOTION FOR SUMMARY JUDGMENT.

3      Plaintiff's alternative request for conversion of Defendants' Motion into a summary

4   judgment motion is predicated on the erroneous assertion that Defendants' arguments "go beyond the

5   pleadings and cannot be properly considered on a motion for judgment on the pleadings."  Pl. Mot. at

6   4.  Rule 7(a) of the Federal Rules of Civil Procedure defines pleadings as including "a complaint"

7   and "an answer to a complaint."  Fed. R. Civ. P. 7(a).  A "statement in a pleading may be adopted by

8   reference elsewhere in the same pleading or in any other pleading or motion."  Fed. R. Civ. P. 10(c)

9   (Adoption by Reference).  Taken together, these rules demonstrate that Defendants' pending motion

10  clearly does not go outside the pleadings.  *See* Declaration of Marguerite Walter ("Walter Decl.)

11  (attaching true and correct copies of documents incorporated by reference into the Complaint or

12  Answer), attached as an exhibit to Def. Mot.; [3/]  Def. Mot. at 22 (citing allegations in Complaint in

13  support of Defendants' argument that Plaintiff has failed to state a claim of a regulatory violation);

14  *id.* at 23-25 (citing allegations in the Answer in support of Defendants' prudential exhaustion

15  argument); *id.* at 23 (citing 1994 Passport Instruction, incorporated by reference into the Answer, in

16  support of argument that Plaintiff has failed to state a claim of a regulatory violation); *see also* Pl.

17  Mot. at 5 (conceding that Defendants cite Answer for factual support of arguments in their pending

18  motion).

19
20
21

_____

22   [3/]  Defendants inadvertently omitted the description for Exhibit E of the Walter Declaration, Passport Instruction 2060, which issued in 1996.  None of the arguments in Defendants' pending motion, however, relies on that document.  It is referenced in a footnote to illustrate one of the changes in the Department's refund policy since expedited processing was established.  With the exception of the policy in effect in 1994 – which as discussed below is then-contemporaneous evidence of the meaning of the expedited processing regulation – the only relevant policy is the one in effect in June 2007 when Plaintiff applied for her passport.  It is undisputed that that policy requires submission of a written request to initiate the inquiry into the requester's entitlement to a refund.  *See* Compl. ¶ 14; Defendants' Answer ("Ans.") ¶ 14.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Exclude

5

1    Even if the Court considers the documents attached to Defendants' pending motion as outside

2    the pleadings notwithstanding their incorporation by reference either in the Answer or Complaint,

3    conversion of that motion is nevertheless unwarranted.  "As numerous judicial opinions make clear,

4    a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are

5    not in dispute between the parties and a judgment on the merits can be achieved by focusing on the

6    content of the competing pleadings, exhibits thereto, matters incorporated by reference in the

7    pleadings, whatever is central or integral to the claim for relief or defenses, and any facts of which

8    the district court will take judicial notice."  5C Charles Alan Wright & Arthur R. Miller, *Federal*

9    *Practice & Procedure* § 1367 (West 2004).  In considering such a motion, however, a "court should

10   not blindly accept the allegations in the pleadings as true if the[] allegations are contradicted by

11   uncontested facts set forth in (1) exhibits to the nonmoving party's pleadings, (2) documents that are

12   referred to in the non-moving party's pleadings, or (3) facts that are included in materials that can be

13   judicially noticed."  *Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007);

14   *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  Most of the

15   documents attached to Defendants' Motion for Judgment on the Pleadings fall into category (2) and

16   (3) [4/] and so properly may be considered by the Court without converting that motion. [5/]

17

18

19

_____

20   [4/]   The only document Defendants cite in their pending motion that arguably falls outside all three

21   categories is the true and correct copy of the 1994 Passport Instruction 2075, incorporated by reference
     into the Answer.  *See* Ans. ¶¶ 17, 45, 74.  That document, issued to passport services employees

22   contemporaneously with the effective date of the expedited passport processing regulation in 1994,
     supports interpreting that regulation as not requiring automatic refunds.  *Compare* Def. Mot. at 20

23   (demonstrating that inclusion of term "automatic" in one regulatory provision governing refunds but not
     22 C.F.R. § 51.63(c) compels different regulatory interpretations) *with id.* at 21 (citing provision in 1994

24   Passport Instruction providing that "[i]f the applicant believes a refund is due, a letter should be written
     stating the particulars or, if the applicant is in the agency, the form at Attachment E may be used").

25   [5/]   Plaintiff apparently concedes this point as to the passport application attached as Exhibit A
     to the Walter Declaration.

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Opposition to Plaintiff's Motion to Exclude

28                                                              6

1

**A.     This Court May Consider the Website Printout of the Department's Refund Process in Ruling on Defendants' Motion Without Converting It.**

2

3      The true and correct copy of the Department's website instructions "Refund of Expedite

4    Passport Fees" attached to Defendants' pending motion may be considered without converting that

5    motion.  *See* Walter Decl. Ex. C (website instructions on refund process).  Plaintiff selectively quotes

6    those instructions in her Complaint but did not attach them as an exhibit.  *See* Compl. ¶¶ 16, 42, 43.

7    "When a party submits an indisputably authentic copy of a document, and the document is referred

8    to in the complaint, the Court does not have to convert the motion into a summary judgment

9    motion."  *Rose v. Chase Manhattan Bank USA*, 396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005).

10   Although Plaintiff suggests that the website instructions attached to Defendants' motion are "of

11   contested authenticity," that suggestion is insufficient to preclude this Court's consideration of that

12   exhibit in deciding Defendants' Motion.  *See, e.g., In re Silicon Graphics*, 183 F.3d at 986

13   (considering SEC filings in ruling on motion to dismiss notwithstanding plaintiff's questioning their

14   veracity because having relied on such filings for her allegations, plaintiff "can hardly complain

15   when [defendants] refer to the same information in their defense").  Indeed, Plaintiff's suggestion

16   borders on the disingenuous.  *See* Pl. Mot. at 8 (contending that because Exhibit C does not "bear[]

17   any identifying information such that Plaintiff could determine (a) the date these documents were

18   printed from the Internet; (b) the Website address where these documents reside on the Internet; or

19   (c) whether the information and instructions were available to class members during the class period

20   or at what point in time they became available . . . Plaintiff is unable to agree to its authenticity").

21      Exhibit C, the Department's refund instructions, displays the official heading for the U.S.

22   Department of State Travel.State.Gov website.  The exact website for those instructions is provided

23   numerous times throughout the Answer.  *See* Ans. ¶¶ 14, 42, 45 (averring that information on the

24   Department's refund process is published on its website at

25   "http://travel.state.gov/passport/get/fees/fees_3259.html").  The most compelling evidence

26   undermining Plaintiff's authenticity challenge, however, is her Reply in Support of Plaintiff's

*Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Opposition to Plaintiff's Motion to Exclude

28                                      7

1   Motion to Stay Ruling on Motion to Dismiss filed last December *in this action*.  Referencing the

2   same printout of the Department's refund process, Plaintiff conceded that the information existed in

3   the public record as of June 2007.  *See* Reply in Support of Plaintiff's Motion to Stay Ruling on

4   Motion to Dismiss ("Pl. Stay Reply") at 6 (filed Dec. 18, 2007) [Dkt. No. 31] (referring to link on

5   http://travel.state.gov "to a page explaining the refund process" and explaining that "the public

6   record demonstrates that no such link existed prior to June 2007").  Thus, there is no basis to credit

7   Plaintiff's contention that Exhibit C was insufficiently authenticated, and this Court properly may

8   consider that exhibit in ruling on Defendants' Motion.

9       **B.     This Court May Consider the Website Printout of the Department's Passport
          Processing Times in June 2007 in Ruling on Defendants' Motion Without
10         Converting It.**

11       For similar reasons, the Court may consider the printout of the information on passport

12   processing times in June 2007 from the Department's website.  *See* Walter Decl. Ex. B.  As with

13   Exhibit C, Plaintiff selectively quoted from that information in her Complaint but failed to attach the

14   website page as an exhibit thereto, and now complains that Defendants refer to that page – in its

15   entirety – in their Motion for Judgment on the Pleadings.  *See* Compl. ¶¶ 7, 80; Pl. Mot. at 8

16   (questioning the veracity of Exhibit B because the printout does not bear the website address or when

17   the information became available).  Here again, Plaintiff's complaints about Exhibit B are

18   completely undermined.  The Walter Declaration's description of Exhibit B indicates that it contains

19   information available on the Department's website in June 2007, when Plaintiff allegedly applied for

20   her passport.  *See* Walter Decl. at 2 (describing Exhibit B as "[w]ebsite information from June 2007

21   on How Long Will it Take to Process a Passport Application").  Defendants' Answer provides the

22   exact website address for that information.  *See* Ans. ¶¶ 5, 35 (averring that on

23   "http://travel.state.gov/passport/get/processing/processing_1740.html, the Department provides

24   customers with estimated time frames within which to expect to receive a passport after submitting a

25   passport application for regular or expedited processing"); *see also* Walter Decl. at 2 (explaining that

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Opposition to Plaintiff's Motion to Exclude

28                                          8

1   the attachments to the declaration are "true and accurate copies of documents referenced in the

2   Complaint or Answer").  If any doubt remained as to Exhibit B's authenticity, the same public

3   source on which Plaintiff relied to determine when Exhibit C became publicly available also

4   confirms that Exhibit B existed on the public record in June 2007.  *See* Pl. Stay Reply at 6 (relying

5   on Internet Archive, a publicly available source, to determine when information published on the

6   Department's website first appeared on the public record).  The Court accordingly may consider

7   Exhibit B without converting Defendants' motion into a summary judgment motion.

8           **C.      This Court May Take Judicial Notice of the Website Printouts Attached as
                   Exhibits to Defendants' Motion.**

9            The Court alternatively may take judicial notice of Exhibits B and C of the Walter

10  Declaration.  A court may take judicial notice of matters of public record.  *See MGIC Indem. Corp.*

11  *v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also* Fed. R. Evid. 201(b) (providing that a fact

12  may be subject to judicial notice if it is "not subject to reasonable dispute in that it is . . . capable of

13  accurate and ready determination by resort to sources whose accuracy cannot reasonably be

14  questioned").  The contents of printouts from government website pages are appropriate subjects for

15  judicial notice.  *See, e.g., In re Everglades Island Boat Tours*, 484 F. Supp. 2d 1259, 1261 (M.D. Fla.

16  2007) (taking judicial notice of internet pages on sfwmd.gov over petitioner's objections); *see also*

17  *Moore v. Genesco, Inc.*, 2006 WL 2691390, at *6 n.2 (N.D. Cal. 2006) (taking judicial notice of a

18  printed website page advertising check cashing rates "as the contents of the advertisements is 'not

19  subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to

20  sources whose accuracy cannot reasonably be questioned'"); *Monster Cable Prods. v. Discovery*

21  *Communications, Inc.*, 2004 WL 2445348, at *1 n.1 (N.D. Cal. 2004) (taking judicial notice of

22  website information under Federal Rule of Evidence 201).  Plaintiff already has conceded in this

23  action that the contents of the Department's website in June 2007 are "[p]ublicly-available facts"

24  capable of ready determination on The Internet Archive.  *See* Pl. Stay Reply at 6; *see also*

25  Declaration of Shana E. Scarlett in Support of Plaintiff's Motion to Stay Ruling on Motion to

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Opposition to Plaintiff's Motion to Exclude

28                                          9

1    Dismiss ¶ 2 (explaining that the "Internet Archive is a 501(c)(3) non-profit that was founded to build

2    an Internet library, with the purpose of offering permanent access for researchers, historians, and

3    scholars to historical collections that exist in digital format") (filed Dec. 18, 2007) [Dkt. No. 32].

4    Thus, on this alternative ground, the Court may consider Exhibits B and C without converting

5    Defendants' pending motion.

6    **III.    PLAINTIFF ALREADY WAS AFFORDED DISCOVERY ON THE FACTUAL-BASED ARGUMENTS IN DEFENDANTS' PENDING MOTION AND THUS, EVEN**

7    **IF THE COURT CONVERTS DEFENDANTS' MOTION, ADDITIONAL DISCOVERY IS UNWARRANTED.**

8

9        Even if the Court decides to convert those aspects of Defendants' pending motion that

10    involve resolution of fact issues, Plaintiff already has conducted discovery pertinent to those issues

11    and thus additional discovery should not be allowed.  With the exception of a single citation to the

12    1994 Passport Instruction in one of Defendants' arguments in the alternative in the pending motion

13    (*see* note 4, *supra*), [6/]  the only argument in that motion with a factual basis is the prudential

14    exhaustion argument (*see* Def. Mot. at 22-25).  This Court already ordered discovery pertinent to that

15    argument to proceed.  *See* Order of February 20, 2008 at 3 (allowing discovery only "[t]o the extent

16    plaintiff seeks discovery pertinent to exhaustion of administrative remedies").  In particular, this

17    Court concluded that Defendants' exhaustion argument relied on "such factually-based arguments as

18    '[t]he Department [of State] has an efficient and established process for refunding the expedite[d] fee

19    to applicants who failed to receive that service,' 'every expedited fee refund is examined on a case-

20    by-case basis,' and '[the refund] process takes approximately six weeks from the time a request is

21    received at the Service Refund Center until a refund is issued by the Department of Treasury to the

22    qualifying applicant.'"  *Id.* (internal citations omitted).  Defendants have completed their responses

23    to Plaintiff's discovery requests pertinent to those issues, and thus Plaintiff's forthcoming opposition

24    to Defendants' Motion is her "reasonable opportunity to present all the material that is pertinent to"

25        [6/]  The 1994 Passport Instruction was yielded by the Department's search for documents in
26    response to Plaintiff's discovery requests pertinent to administrative exhaustion.

*Chattler v. United States of America*, Case No. 07-4040–MMC

27    Defendants' Opposition to Plaintiff's Motion to Exclude

28                                                10

1    the exhaustion argument. *See* Fed. R. Civ. P. 12(d); *see also* Snead Decl. Ex. A. Plaintiff's

2    suggestion that still further discovery is required to address that argument is baseless and should be

3    denied. *See* Pl. Mot. at 4.

4         **A.    Plaintiff's Discovery Requests Related to Lockboxes Are Irrelevant to
               Defendants' Prudential Exhaustion Argument.**

5

6         Plaintiff erroneously contends that her discovery requests related to lockboxes are relevant to

the Department's administrative exhaustion argument. That argument provides that "Plaintiff's

7    invocation of this Court's jurisdiction over her claim for a refund of the expedite fee circumvents the

8    Department's established process for refunding expedite fees," and the Court should "dismiss that

9    claim for failure to exhaust administrative remedies." Def. Mot. at 22. By regulation, expedited

10   processing for which that additional fee is charged commences "when the application reaches a

11   Passport Agency or, if the application is already with a Passport Agency, commenc[es] when the

12   request for expedited processing is approved." 22 C.F.R. 51.56(b). The lockboxes precede the

13   passport application's arrival at a passport agency and therefore have nothing to do with that service

14   or the Department's process for refunding the expedite fee if that service is not provided. *See*

15   Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss ¶ 8 (filed Oct. 9, 2007)

16   [Dkt. 10-2] (explaining that the "function of the lockbox is to provide a secure, centralized system

17   for sorting and onward forwarding . . . [passport] applications and associated fees from the many

18   passport acceptance facilities spread throughout the country to the passport agencies and the

19   Department of Treasury, respectively").

20

21

22

23

24

25

26   *Chattler v. United States of America*, Case No. 07-4040–MMC

27   Defendants' Opposition to Plaintiff's Motion to Exclude

28                                          11

1     Plaintiff's suggestion that the Department should "include the time spent in a lockbox in the

2     three-business day calculation" [7/] has no place in this litigation.  That attempt to rewrite the

3     regulatory definition of expedited passport processing should be presented to the Department not this

4     Court.  Indeed, Plaintiff had the opportunity to do so last year during the comment period on the

5     Department's interim final rule changing the definition of expedited passport processing.  Plaintiff,

6     however, failed to submit any such comment, and thus is precluded from raising her complaint now

7     in this Court. [8/]  *See Universal Health Servs. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004)

8     (noting that "a party's failure to make an argument before the administrative agency in comments on

9     a proposed rule barred it from raising that argument on judicial review").  The Court accordingly

10    should deny Plaintiff's request for discovery on lockboxes.

11        **B.     Plaintiff Has Not Identified Any Fact Issues Newly Disclosed in Defendants'
                    Pending Motion That Warrant Additional Discovery.**

12        Plaintiff erroneously suggests that "Defendants' Answer [] raise[s] new issues of fact that

13    require discovery."  Pl. Mot. at 7 (citing paragraphs 17, 39-41, 43, and 58 of the Answer); *see also*

14    *id.* (alleging that Defendants' Answer raises new issues "concerning the computer and records

15    systems used by the Department of State and the Treasury, the ability to identify class members, the

16    ability to process refunds and when and how Defendants first disclosed the availability of refunds to

17

18        [7/]  At the time that Plaintiff applied for her passport, the regulatory definition of expedited

19    passport processing was

20        Expedited passport processing shall mean completing processing within 3- business days
          commencing when the application reaches a Passport Agency or, if the application is
21        already with a Passport Agency, commencing when the request for expedited processing
          is approved.  The processing will be considered completed when the passport is ready
22        to be picked up by the applicant or is mailed to the applicant.

23    22 C.F.R. § 51.66(b).  Effective August 16, 2007, the definition of expedited passport processing was
      changed, and the three-day period is no longer the standard.  *See* 72 Fed. Reg. 45,888 (Aug. 16, 2007).

24

25        [8/]  The notice-and-comment period for the proposed interim final rule changing the definition of
      expedited passport processing closed on October 15, 2007 *after* Defendants filed the Declaration of Ann
26    Barrett, which explained the role of the lockboxes.
      *Chattler v. United States of America*, Case No. 07-4040–MMC

27    Defendants' Opposition to Plaintiff's Motion to Exclude

28                                        12

the general public"). Every one of these alleged "new issues of fact," however, was disclosed *last Fall* in the Declaration of Ann Barrett submitted in support of Defendants' original motion to dismiss. *Compare* Ans. ¶ 17 (averring that two separate computer systems are used to process refunds) *with* Barrett Decl. ¶¶ 50, 52 (explaining same); *compare* Ans. ¶¶ 39-41 (averring that information on requesting refunds has been on the Department's website since June 2007) *with* Barrett Decl. ¶ 42 (discussing same); *compare* Ans. ¶ 43 (averring that the Department considers refund requests on a case-by-case basis and applies the standard set forth in 22 C.F.R. § 51.66) *with* Barrett Decl. ¶¶ 20, 24 (explaining same); Ans. ¶ 58 (averring that the Department's refund process has proven to be an efficient method of ensuring that applicants who did not receive expedited processing receive a prompt refund – on average within six weeks of submitting a request) *with* Barrett Decl. ¶¶ 43, 46 (explaining same). Plaintiff has had more than sufficient time in the *over two months* since the Court's discovery order to propound additional discovery on those issues to the extent they are pertinent to administrative exhaustion. [9] Her eleventh-hour request for further discovery clearly is not the result of any issues raised in Defendants' Motion but rather her counsel's strategic decisions. Thus, Plaintiff's request should be denied.

---

[9] Otherwise, as this Court already found, the requested discovery should be stayed pending resolution of the threshold issues in Defendants' Motion.

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Exclude

13

1

**CONCLUSION**

2          For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

3   Motion to Exclude.

4   Date: May 2, 2008                          Respectfully submitted,

5

6                                              JEFFREY S. BUCHOLTZ
                                               Acting Assistant Attorney General
7                                              Civil Division

8
                                               JOSEPH P. RUSSONIELLO
9                                              United States Attorney
                                               Northern District of California
10

11                                             VINCENT M. GARVEY
                                               Deputy Branch Director
12

13                                                /s /Jacqueline Coleman Snead

14                                             JACQUELINE COLEMAN SNEAD
                                               (D.C. Bar No. 459548)
15                                             Trial Attorney
                                               Federal Programs Branch, Civil Division
16                                             U.S. Department of Justice
                                               20 Massachusetts Avenue, N.W. Rm. 7214
17                                             Washington, DC 20530
                                               Tel: (202) 514-3418
18

19                                             **Attorneys for Defendants**

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040–MMC

27  Defendants' Opposition to Plaintiff's Motion to Exclude

28                                             14

1

**UNITED STATES DISTRICT COURT**

2

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

**JULIA CHATTLER,**

6

7

**PLAINTIFF**                    **Case No. 07-4040-MMC**

8

9

**V.**                    **Proposed Order**

10

**UNITED STATES OF AMERICA,**
**DEPARTMENT OF STATE,**

11

12

**DEFENDANTS.**

13

14

15

16

        Upon consideration of Plaintiff's Motion to Exclude, the Opposition thereto, and

17

the complete record in this case, it is hereby

18

        ORDERED that Plaintiff's Motion is DENIED.

19

        SO ORDERED.

20

Dated: _____          _____

21

                                                UNITED STATES DISTRICT
                                                COURT JUDGE

22

23

24

25

26

*Chattler v. United States of America*, Case No. 07-4040–MMC

27

Defendants' Opposition to Plaintiff's Motion to Exclude

28

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants'

Opposition to Plaintiff's Motion to Exclude was served electronically on May 2, 2008

through the Northern District of California Electronic Case File System and that the

document is available for viewing and downloading on that system.


                                    /s /Jacqueline Coleman Snead
                                    Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040–MMC

Defendants' Opposition to Plaintiff's Motion to Exclude