# Exhibit A

Case 3:07-cv-04040-MMC   Document 81-2   Filed 05/02/2008   Page 2 of 3

14 No. 8 Andrews Class Action Litig. Rep. 3                                                                                         Page 1

Briefs and Other Related DocumentsAndrews Class Action Litigation Reporter
September 21, 2007

Consumer Protection

SUIT SEEKS REFUNDS FOR PASSPORT DELAYS, UNMET SERVICE DEADLINES

Chattler v. United States

Copyright © 2007 Thomson/West           .

The U.S. State Department failed to process passport requests in the promised three-day time frame for millions of people who paid extra for expedited service, a federal court lawsuit says.

*Chattler v. United States*, No. 07-04040, *complaint filed* (N.D. Cal., San Francisco Div. Aug. 6, 2007).    The suit charges that the government is required by 22 C.F.R. § 51.66 to refund the $60 express service fee.

Express processing means a passport application will be processed in three days and the applicant should receive a passport within two weeks.

As a result of the Western Hemisphere Travel Initiative, 22 C.F.R. § 41, which requires everyone who enters the U.S. by air to present a valid passport, the number of passport applications has increased since December 2006, the suit says.

The number of people who pay the extra fee for faster service has also increased, according to the complaint.

The travel initiative is part of the larger Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458. It took effect Jan. 23.

Plaintiff Julia Chattler, an Alameda County resident, filed suit in the U.S. District Court for the Northern District of California on behalf of all those who did not receive their passports within two weeks after paying the additional $60 processing fee since 2001.

The suit estimates that the class numbers in the millions because 6 million to 10 million passport applications were submitted between December 2006 and June 2007 alone, and an estimated half of the applicants paid for express processing.

Chattler applied for a passport June 11 and paid for expedited service. Seven weeks later, she still had not received her passport and had to go to the passport agency in San Francisco to reapply, she says.

In June the State Department announced that it would offer refunds to anyone who did not receive a passport in 14 days, but the agency allegedly made the refund process overly oner-

14 No. 8 Andrews Class Action Litig. Rep. 3 Page 2

Case 3:07-cv-04040-MMC    Document 81-2    Filed 05/02/2008    Page 3 of 3

ous to discourage people from seeking reimbursement.

Rather than use information that the department already has, such as the date the passport application was received, to determine when a refund is warranted, the State Department requires people to mail in refund applications, the suit says.

The plaintiff says the refund process is burdensome because the State Department asks for information, such as the date a passport application was approved, that is difficult for an applicant to find but that the agency already has on file.

Chattler alleges that the State Department has dates and information from a large number of applications that would prove that a refund of the processing fee is due, but still demands the written application.

The agency breached a contract between it and the proposed class members by failing to process applications quickly, the complaint says.

The department had a duty to stop accepting the extra $60 fee and requests for express processing when it became aware that it could not possibly process the large number of applications it was receiving within the promised time period, the suit says.

Chattler is represented by Reed R. Kathrein of Hagens Berman Sobol Shapiro LLP in Berkeley, CA.

Briefs and Other Related Documents (Back to Top)
2007 WL 2344623 (Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing), Trial Pleading (August 07, 2007)
14 No. 8 Andrews Class Action Litig. Rep. 3

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.