# Exhibit V



07-19-07A08:25 RCVD

United States Department of State

Washington, D.C. 20520

*COPY FOR YOUR INFORMATION*

UNCLASSIFIED

July 18, 2007

ACTION MEMO TO UNDER SECRETARY FORE - M 20071 2043

FROM:   CA – Maura Harty
        RM – Bradford Higgins

2007 Jul 19 P 6:43

SUBJECT: Expedited Passport Processing Issues

**Recommendations:**

1. That you approve CA continuing to process expedite fee refunds only when the applicant requests.

Per D. Atebon
Approve ____ 7/19/07 Disapprove ____ Date ____

2. That you approve the content and the subsequent release to OMB of the attached rule which would modify the current regulation on expedited passport fees.

Per D. Atebon
Approve ____ 7/19/07 Disapprove ____ Date ____

**Background:**

Federal regulation currently requires the Department to refund the passport expedite fee "if the Passport Agency does not provide the requested expedited processing," currently defined in regulation as being three business days after receipt by Passport Services of an application. Traditionally, CA has refunded the expedite fee when a written refund request was received and we determined that the expedited application was not processed within that timeframe. Some Members of Congress have urged the State Department to refund everyone who paid the fee due to the generalized delay in service, including HFAC Chairman Tom Lantos who chaired the July 11 hearing at which A/S Harty testified.

As of July 1, CA had received approximately 1.3 million applications for which an expedited fee was paid; the cost to the Department of refunding all of these applicants would be $78 million. Expedited Passport application fee refunds will be provided out of the expedited fee revenues accrued and retained by the

UNCLASSIFIED

UNCLASSIFIED

2

Department of State. Currently, those funds are not retained by Consular Affairs and are instead used to fund critical Department information technology investments. If a significant number of applicants make requests, providing refunds could significantly reduce funding for Department priorities.

In terms of actual refund requests, CA had received approximately 1,600 written requests as of July 1 ($96,000). We are in agreement that the Department should process refund requests on a case-by-case basis and grant refunds where required.

Every applicant who paid the expedite fee had their application moved to the front of the queue and, in many cases, we took extraordinary steps (overnight mail and same-day courier delivery services) to ensure that customers received their passports in time for a trip. We have absorbed those costs. The vast majority of applicants who paid the expedite fee did, in fact get a passport in time for their trip. We should be cognizant of the potential negative public response to a decision to refund applicants who appear to have already have received special treatment and have not even requested a refund. It could be perceived as being extremely unfair to those applicants who did not pay the expedite fee and as a result of having expedited applicants moved into line ahead of theirs, did not receive their passport in time for a planned trip.

Expedited passport service is a valuable mechanism that traditionally has allowed customers who needed a passport quickly to get one, but at a higher cost than to the average applicant. Until recently, this successfully discouraged lower priority. As routine processing times have lengthened, the number of expedited applications has grown to the point that we believe we should modify the regulation that defines expedite service to allow for a more flexible processing timeframe, fully disclosed to the public. Under the revised regulation, expedited processing will mean processing the application within the number of business days published on the Department's website. Our intention is to set the time period at 10 business days, which when added to transit times will equal the 2-3 week turnaround time currently posted on our website.

Publication of this rule is necessary to provide the Department with the flexibility needed to retain an expedited passport process that is predictable, operationally reliable, and distinguishes applicants by priority. We recommend publishing this rule as an interim final rule; we have provided OMB with a draft copy of this rule. Once we receive your approval we will submit the rule to OMB

UNCLASSIFIED

UNCLASSIFIED
3

for formal expedited clearance. Post-promulgation comments from the public will be solicited.

**Redacted**

Attachment:
Interim Final Rule Extending Time for Expedited Passport Processing

UNCLASSIFIED

DOS 000357

<u>UNCLASSIFIED</u>
4

Drafted:   PPT/L/LA: Susan Bozinko (x 32491)

Cleared:   CA: Wanda Nesbitt (ok)
           CA: Julie Ruterbories (ok)
           CA/P: MBond (ok)
           CA/PPT: Florence Fultz, Acting DAS (ok)
           CA/PPT: Tyrone Shelton, Acting MD (ok)
           CA/PPT/IIC: Barry Conway (ok)
           CA/PPT/L: Gail Neelon (ok)
           CA/PPT: Judy Penn (ok)
           L/CA: Mary Catherine Malin (ok)
           L: Jim Thessin (ok)
           RM/BP: James Tyckoski (ok)
           RM/BP: Jonathan Parks (ok)
           RM/BP: Marilyn Wiles (ok)
           A/GSSI: Rachel Arndt (ok)
           CA/EX: Mark Mayfield, Acting (ok)
           M/P: PKennedy (ok)

<u>UNCLASSIFIED</u>

[Billing Code:         ]

DEPARTMENT OF STATE

22 C.F.R. Part 22

22 C.F.R. Part 51

RIN: 1400-AC39

[Public Notice:         ]

Passport Procedures – Amendment to Expedited Passport Processing Regulation

**AGENCY:**  State Department.

**ACTION:**  Interim Final Rule

**SUMMARY:**  This interim final rule amends 22 C.F.R. § 51.66(b) to change the definition of "expedited passport processing" from the 3-business day period to a number of business days as may be published from time to time on the Department's website, www.travel.state.gov. This change is meant to ensure that the Department can continue to offer this service consistent with its regulations, despite increases in demand for it. It is also meant to ensure that the public can easily determine the current standards for expedited passport processing. Further, this interim final rule makes a conforming amendment to 22 C.F.R. § 22.1, the Schedule of Fees for Consular Services.

**EFFECTIVE DATE:**  This interim rule is effect on [DATE]

**COMMENT PERIOD:**  The Department of State will accept written comments from interested persons up to [60 Days after EFFECTIVE DATE above].

**ADDRESSES:**  Interested parties may submit comments at any time by any of the following methods:

- Mail (paper, disk, or CD-ROM submissions): Comments by mail are to be addressed to the Office of Legal Affairs and Law Enforcement, U.S. Department of State, 2100 Pennsylvania Ave. NW., Suite 300, Washington, DC 20037.
- Internet: Comments by Internet are to be sent to http://www.regulations.gov. This notice can also be viewed from this Internet address.
- Electronically: You may submit electronic comments to ExpediteRuleComments@state.gov. You must include the RIN in the subject line of your message. Attachments must be in Microsoft Word.

Instructions: All submissions must include the agency name and docket number. All comments will be posted without change to http://www.regulations.gov, including any personal information sent with each comment.

**FOR ADDITIONAL INFORMATION:**

Requests for additional information regarding this regulatory amendment should be directed to Susan M. Bozinko, Bureau of Consular Affairs, Passport Services, Division of Legal Affairs, U.S. Department of State, Washington, D.C. 20037, who may be reached at 202-663-2491 or e-mailed at BozinkoSM@state.gov.

**SUPPLEMENTARY INFORMATION:**

Section 7209 of the Intelligence Reform and Terrorism Prevention Act (IRTPA), enacted on December 17, 2004, requires the Secretary of Homeland Security, in consultation with the Secretary of State, to develop expeditiously a plan to require most U.S. citizens and certain other categories of individuals to present a passport or other documentation of identity and citizenship deemed sufficient by the Secretary of Homeland Security when entering the United States.

The Department of State's Office of Passport Services (Passport Services) began planning for increased passport demand even before Congress passed IRTPA. It planned for a sharp increase in passport applications and anticipated the need for increased staff to handle the demand. Recognizing the uncertainty of passport demand and the need for reliable information

2

to guide its planning efforts, Passport Services conducted a passport demand study in 2005, and used the data from this study to initiate a program of resource upgrades for meeting demand.

Beginning in February 2007, it became apparent that passport demand was growing faster than Passport Services projected. While the demand study anticipated a sharp increase in applications, it did not fully anticipate the degree and speed with which the American people would comply with Western Hemisphere Travel Initiative (WHTI) guidelines. Therefore, Passport Services has implemented additional short-term and more long-term measures to attempt to address the increase in passport demand and provide Americans with passports in a timely and secure manner.

Despite these efforts, the surge in passport applications has led to increases in processing times, and concurrent increases in requests from the public for expedited passport processing. 22 C.F.R. Section 51.66(b) currently sets a 3-business-day standard for processing expedited passport applications, commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency commencing when the request for expedited processing is approved. This standard was set by the Department in 1994, to allow Passport Services to provide expedited services to applicants with urgent departures, and to recover the costs of providing such service. 59 Fed. Reg 48998 (Sep. 26, 1994). In order to allow Passport Services the flexibility to meet the upsurge in demand for expedited processing, and to continue to offer this service to the public consistent with its regulations, Passport Services is revising this standard. Under the new standard, the public will be notified on the Department's website, www.travel.state.gov, of the number of business days in which the Department is completing expedited processing. This will allow the Department flexibility to alert the public without delay of the current processing time for expedited requests. The public benefits from this change by

3

having accurate notice of the service that will be provided to them and from having the service available from the Department. We believe this will allow the public to continue to consider using expedited processing to self-select urgent cases.

We are also amending the Schedule of Fees for Consular Services to reflect this change in the expedited passport processing rule.

**REGULATORY FINDINGS:**

*Administrative Procedure Act*

The Department is publishing this rule as an interim final rule, with a 60-day provision for post-promulgation public comments, based on the "good cause" exceptions set forth at 5 U.S.C. 553(b)(3)(B) and 553(d)(3). Publishing the rule this way will allow the Department to make the rule effective at the earliest opportunity, ensuring that Passport Services may continue to offer this service to the public without interruption and consistent with its regulations. The public benefits from having the service available because it allows persons wishing to obtain a passport for urgent travel or other reasons to have their passport applications processed on an expedited basis.. Therefore, allowing a comment period followed by a publication of the final rule with a further 30 days before its effective date is not practicable or in the public interest. Comments received before the end of the comment period will be addressed in a final rule.

*Regulatory Flexibility Act*

The Department of State, in accordance with the Regulatory Flexibility Act (5 U.S.C. § 605(b)), has reviewed this regulation, and, by approving it, certifies that this rule is not expected to have a significant economic impact on a substantial number of small entities because only individuals can apply for passports.

*Unfunded Mandates Reform Act of 1995*

4

This rule will not result in the expenditure by state, local, and tribal governments, in the aggregate, or by the private sector, of $100 million or more in any year and it will not significantly or uniquely affect small governments. Therefore, no actions were deemed necessary under the provisions of the Unfunded Mandates Reform Act of 1995.

*Small Business Regulatory Enforcement Fairness Act of 1996*

This rule is not a major rule as defined by section 804 of the Small Business Regulatory Enforcement Act of 1996. This rule will not result in an annual effect on the economy of $100 million or more; a major increase in costs or prices; or significant adverse effects on competition, employment, investment, productivity, innovation, or on the ability of the U.S.-based companies to compete with foreign based companies in domestic and import markets.

*Executive Order 12866*

The Department of State does not consider this rule to be a "significant regulatory action" under Executive Order 12866, section 3(f). In addition, the Department is exempt from Executive Order 12866 except to the extent that it is promulgating regulations, in conjunction with a domestic agency, that are significant regulatory actions. The Department has nevertheless reviewed the regulation to ensure its consistency with the regulatory and philosophy and principles set forth in Executive Order 12866.

*Executive Order 13132*

This regulation will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government. Therefore, in accordance with section 6 of Executive Order 13132, it is determined that this rule does not have sufficient federalism

5

DOS 000363

implications to require consultations or warrant the preparation of a federalism summary impact statement.

*Paperwork Reduction Act*

This rule does not impose any new reporting or record-keeping requirements subject to the Paperwork Reduction Act, 44 U.S.C. Chapter 35.

**LIST OF SUBJECTS:**

**22 CFR – Part 22 – Schedule of Fees for Consular Services – Department of State and Foreign Service**

Accordingly, for the reasons set forth above, part 22 to Title 22 of the Code of Federal Regulations is amended as follows:

Section 22.1 is amended to read as follows:

Sec. 22.1 Schedule of Fees for Consular Services – Department of State and Foreign Service:

Item No. – Passport and Citizenship Services

\* \* \* \* \*

3.  Expedited Service: Passport processing within expedited processing period published on the Department's website (22 C.F.R. § 51.66(b))/or in-person service at a U.S. Passport Agency (not applicable abroad).

**22 CFR – Part 51 – Passports**

Accordingly, for the reasons set forth above, Part 51 to Title 22 of the Code of Federal Regulations is amended as follows:

Section 51.66(b) is amended to read as follows:

Sec. 51.66 Expedited passport processing.

\* \* \* \* \*

6

(b) Expedited passport processing shall mean completing processing within the number of business days published on the Department's website, www.travel.state.gov, commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency commencing when the request for expedited processing is approved. The processing will be considered completed when the passport is ready to be picked up by the applicant or is mailed to the applicant.

_____     _____
(Date)                       Maura Harty,
Assistant Secretary, Consular Affairs,
Department of State.

DOS 000365