REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | No. 07-cv-04040 MMC<br><br>REPLY IN SUPPORT OF MOTION TO EXCLUDE IMPROPER FACTUAL ASSERTIONS FROM THE MOTION FOR JUDGMENT ON THE PLEADINGS; ALTERNATE MOTION TO CONVERT TO SUMMARY JUDGMENT AND ALLOW DISCOVERY; OBJECTIONS TO THE WALTER DECLARATION<br><br>DATE: May 23, 2008<br>TIME:   9:00 a.m..<br>DEPT:  Courtroom 7, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. ARGUMENT .......................................................................................................................2

   A. The Court Should Exclude the Extraneous Materials Introduced with Defendants' Motion for Judgment on the Pleadings .......................................................2

   B. Alternatively, Defendants' Motion for Judgment on the Pleadings Should Be Converted to Summary Judgment and Plaintiff Must Be Allowed Further Discovery ...................................................................................................3

   C. The Court Should Not Consider Unauthenticated Evidence in Support of a Motion for Judgment on the Pleadings. ...........................................................6

   D. This Court May Not Take Judicial Notice of the Website Printouts Because Their Accuracy Cannot be Ascertained ...........................................................8

III. CONCLUSION ....................................................................................................................9

**I.    INTRODUCTION**

Defendants' Opposition to Plaintiffs' Motion to Exclude ("Opposition to Exclude" or "Opp. to Exclude") improper factual allegations, filed May 2, 2008, provides no substantive justification either for attaching the two passport instructions to its Motion for Judgment on the Pleadings, or for failing to properly authenticate Exhibits B, C and E to the Walter Declaration.[1] As Plaintiff demonstrated in her Motion to Exclude,[2] the two passport services instructions attached as Exhibits D and E to the Walter Declaration are outside the pleadings and should be ignored by this Court in ruling on Defendants' Motion for Judgment on the Pleadings.[3] In addition, because Defendants failed to provide even the most minimal indicia of the authenticity of Exhibits B, C and E, the Court should not consider them. Defendants now concede that Exhibit D is beyond the pleadings, disclaim their reliance on Exhibit E, and ask this Court to simply overlook their failure to authenticate Exhibits B and C.

As noted in her Motion to Exclude and in her Opposition to Motion for Judgment on the Pleadings, Plaintiff believes this Court should deny Defendants' Motion for Judgment on the

---

[1] "Walter Declaration" or "Walter Decl." refers to the Declaration of Marguerite Walter, filed on April 14, 2008, in support of Defendants' Motion for Judgment on the Pleadings. "Exhibit" refers to the Exhibit(s) attached to the Walter Declaration. "Defendants" or "Department" refers to the United States of America or the United States Department of State.

[2] Defendants wrongly suggest that Plaintiffs' Notice of Motion and Motion to Exclude Improper Factual Assertions from the Motion for Judgment on the Pleadings; Alternate Motion to Convert to Summary Judgment and Allow Discovery; Objections to the Walter Declaration, filed April 18, 2008 ("Motion to Exclude"), is somehow related to the page limitation on her Opposition to Motion for Judgment on the Pleadings, filed May 2, 2008 ("Opp. JOP" or "Opposition to Motion for Judgment on the Pleadings"). Plaintiffs' Motion to Exclude is an accepted and common procedural device to challenge evidence that is not properly before the Court, and such a motion may be filed at any time prior to the hearing. *See*, *e.g.*, *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (recognizing a motion to strike as one option for challenging evidence on a motion); *Ken v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208, 1210, 1219 (N.D. Cal. 2002); *Laughlin v. United States*, No. 99-CV-810 H(POR), 1999 WL 1022185 (S.D. Cal. Oct. 5, 1999). Plaintiff filed her Motion to Exclude promptly to ensure that the Court would have time to consider the issue in conjunction with Defendants' Motion for Judgment on the Pleadings and without further delaying the case, and Defendants have had full opportunity to respond. Defendants provide no authority for the proposition that the local rules would apply one page limit to briefing on separate motions, citing only to a case dealing with a single 45-page motion filed by a party. *Broden v. Marin Humane Society*, No. C 97-0008 SBA, 1997 WL 818587, at *2-*3 (N.D. Cal. Nov. 14, 1997).

[3] "Motion for Judgment on the Pleadings" or "Mot. JOP" refers to the Notice of Motion for Judgment on the Pleadings and Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, filed April 14, 2008.

Pleadings without considering any extrinsic factual materials, including those attached to Plaintiffs' opposition (which were offered as a conditional response in the event the Court denied the relief requested here or considered the extrinsic evidence proffered by Defendants). Because Defendants' Exhibits D and E to the Walter Declaration are outside the pleadings, the Court should disregard those documents and any references to them in deciding the Defendants' Motion for Judgment on the Pleadings. In the alternative, if the Court decides to consider those documents, it must convert the motion to one for summary judgment and allow additional discovery. Finally, regardless of whether the Court converts the motion or decides it on the pleadings, Exhibits B, C and E cannot be considered because they remain unauthenticated.

## II.    ARGUMENT

### A.    The Court Should Exclude the Extraneous Materials Introduced with Defendants' Motion for Judgment on the Pleadings

In their Opposition to Exclude, Defendants completely fail to demonstrate that either Exhibit D or E to the Walter Declaration fall within the "incorporation by reference" exception and, in fact, concede that such documents are outside the pleadings. Opp. to Exclude at 6 n.4. Defendants *admit* that the 1994 Passport Instruction 2075, attached as Exhibit D to the Walter Declaration, falls outside of the pleadings. Opp. to Exclude at 6 n.4. Although Defendants do not address it – instead choosing to disclaim its importance – the same reasoning necessarily applies to the 1996 passport instruction attached as Exhibit E to the Walter Declaration. *See* Opp. to Exclude at 5 n.3 (stating that the 1996 instruction is not essential to any of Defendants' arguments). Because those documents are not incorporated in or attached to the Complaint, do not form the basis of the Complaint or any of Plaintiff's claims, and cannot be judicially noticed, there is absolutely no justification for attaching them to the Motion for Judgment on the Pleadings, and Defendants do not attempt to provide one.[4] *See Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

In considering a motion for judgment on the pleadings, the general rule is that any facts that are not alleged on the face of the complaint or contained in the documents attached to the complaint

---

[4] "Complaint" refers to the Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing, filed August 7, 2007.

must be disregarded. *See Kneivel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The only exception applies when a plaintiff's claim is based in or depends upon a document, and the complaint alleges the contents of the document, but the document is not physically attached to the complaint. *Id*. Exhibits D and E do not fall within that exception and Defendants make no argument to the contrary.

Defendants wrongly suggest that because ***other courts*** have found that the documents at issue in ***other cases*** were incorporated by reference, the relevant case law does not require excluding documents that are not incorporated into the Complaint in this case. *See* Opp. to Exclude at 3. These cases, however, articulate the accepted standard applicable to motions for judgment on the pleadings which require that the extraneous materials be excluded. *Horsley*, 304 F.3d at 1134-35 (documents referenced or attached to an answer cannot be considered in a motion for judgment on the pleadings unless the document forms the basis for or is central to the plaintiff's claims and is undisputed); *see also Marshall v. La-Z-Boy Inc.*, No. 2:06-CV-378, 2007 WL 3232188, at *3-*4 (N.D. Ind. Oct. 30, 2007) ("the attached document still can only be relied upon by the court on a Rule 12(c) motion if that document is both central to the plaintiff's claims and indisputably authentic").[5] Neither document is referenced in the Complaint or forms the basis of Plaintiff's Complaint, and Plaintiff makes no allegations concerning their contents. Therefore, the Court should exclude those documents and all references to them in resolving Defendants' Motion for Judgment on the Pleadings.

**B.     Alternatively, Defendants' Motion for Judgment on the Pleadings Should Be Converted to Summary Judgment and Plaintiff Must Be Allowed Further Discovery**

This Court should exclude all references to all materials beyond the pleadings in the briefing on the Motion for Judgment on the Pleadings, denying it on the law and the pleadings alone. However, if the Court decides that it must consider factual assertions beyond those of the pleadings to decide the arguments raised in Defendants' Motion for Judgment on the Pleadings, the motion should be converted to a motion for summary judgment, and Plaintiff must be given the opportunity to receive full discovery in order to have a meaningful opportunity to respond and present all material pertinent to the motion. Fed. R. Civ. P. 12(d). Defendants' assertion of the defense of

---

[5]     All emphasis added and all internal quotations and citations removed unless otherwise stated.

1  prudential exhaustion raises numerous factual issues and requires expansive proof, and Plaintiff has
2  as yet been deprived of full discovery on those issues.
3        Defendants' attempt to unilaterally declare discovery closed on issues related to prudential
4  exhaustion should be rejected.  Here, there are numerous disputes between the parties concerning the
5  inadequacy of Defendants' discovery responses.  *See* Notice of Motion and Motion to Compel
6  Responses to Plaintiff's First Set of Requests for Production of Documents and Special
7  Interrogatories ("Pl.'s Mot to Compel") at 5-8, filed contemporaneously herewith.  While the
8  Defendants' Motion for Judgment on the Pleadings should be denied as a matter of law given
9  Defendants' failure to show that the factors for prudential exhaustion apply to this case, to the extent
10 the Court finds it necessary to resolve factual issues related to prudential exhaustion, Plaintiff is
11 entitled to all information relevant to those arguments and not simply those that Defendants
12 determine to provide.  Questions concerning how Defendants process requests for refunds, on what
13 grounds they determine an individual's right to a refund, and how they calculate the three-day or
14 other applicable time period, are all relevant to determining the adequacy of their refund scheme and
15 remain unanswered.
16       In addition, Defendants' attempt to foreclose all discovery concerning lockboxes must be
17 rejected.  Plaintiff continues to seek discovery concerning the degree of control that Defendants had
18 over the applications at the lockboxes, how they managed the lockboxes and the applications stuck
19 there during times of delay, and when and why the Department began using the lockboxes to process
20 expedited requests, all of which are relevant to the interpretation and application of the regulations to
21 determine class members' right to refunds.  *See* Pl.'s Mot. to Compel at 9-13.  The suggestion that
22 Plaintiff may not introduce arguments and evidence concerning the interpretation and application of
23 a regulation because she did not comment on a later revision which is irrelevant to this lawsuit has no
24 support and should be rejected out of hand.  The sole authority on which Defendants rely for this
25 proposition addresses a direct challenge to the methodology used in formulating a regulation, which
26 the court held to be waived because it was not raised during the rulemaking process.  *See Universal*
27 *Health Servs. v. Thompson*, 363 F.3d 1013, 1017 (9th Cir. 2004).  Given that Plaintiff is not
28 challenging the method by which Defendants formulated their new rule, but rather Defendants'

interpretation and application of the pre-existing rule, that holding has no bearing on this case and cannot foreclose Plaintiff from discovering information pertinent to her claims.

Finally, Defendants' suggestion that all averments in Defendants' Answer, filed on April 14, 2008 ("Answer" or "Ans.") were previously disclosed is incorrect. While the Barrett Declaration included multiple conclusions concerning the Department's procedures and capacity, it did not contain the same factual averments raised in the Answer.[6] For example, while the Barrett Declaration simply concludes that there is no automated system available for processing refunds, the Answer contains detailed factual averments as to what systems are in use by the Department and the Treasury and how they interact. *Compare* Barrett Decl., ¶¶ 50, 52 *with* Ans., ¶ 17. Similarly, while the Barrett Declaration states that the Department began accepting requests for refunds by e-mail in June 2007, the Answer contains specific statements concerning the refund process as well as the Department's awareness of its failure to provide expedited passport processing "to some number of applicants who paid the expedited fees." *Compare* Barrett Decl., ¶ 42 *with* Ans., ¶¶ 39-41. Each of the averments Plaintiff identified in her Motion to Exclude contains additional factual assertions that must be subject to discovery, if the Court decides to consider them.

Defendants have attempted throughout this litigation to maintain exclusive control of the evidence and materials related to Plaintiff's claims, while selectively and improperly introducing materials to the Court for Defendants' own advantage. As the Court has already recognized, Plaintiff cannot be forced to rely on Defendants' own characterizations and limited disclosures, but must have full opportunity to test the factual assertions and conclusions made by Defendants in their pleadings. Therefore, if the Court determines to consider evidence outside the pleadings instead of denying Defendants' Motion for Judgment on the Pleadings as a matter of law, Plaintiff must be given a full and fair opportunity to discover and present all relevant information that remains in Defendants' exclusive possession.

---

[6] "Barrett Declaration" or "Barrett Decl." refers to the Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss, filed on October 9, 2007.

**C.   The Court Should Not Consider Unauthenticated Evidence in Support of a Motion for Judgment on the Pleadings.**

In addition, regardless of whether the Court decides to consider the additional evidence submitted with Defendants' Motion for Judgment on the Pleadings, the Court should not consider Exhibits B, C and E due to Defendants' failure to provide any indicia of their authenticity or reliability. Defendants urge this Court to overlook that failure because Plaintiff referenced materials from the Department's website in her Complaint. Opp. to Exclude at 7-8. That argument is entirely circular. As the case law cited by the Defendants in their Motion for Judgment on the Pleadings recognizes, a court may only consider materials in support of a motion for judgment on the pleadings that are: "(1) specifically referred to in the complaint, (2) central to the plaintiff's claim, and (3) of uncontested authenticity." Mot. JOP at 14 n.8. The fact that these documents satisfy one portion of that test – that they were referred to in the Complaint – does not eliminate the remaining requirements nor excuse Defendants' failure to show the authenticity of the documents.

Here, there is no indication at all of the authenticity of the purported printouts in Exhibits B and C.[7] The Walter Declaration's descriptions contain little information, stating only that they are "Website information from June 2007 on How Long Will it Take to Process a Passport Application" and "Website Instructions on Refund Process." Walter Decl., ¶ 2. Neither of the documents bears any identifying information such that Plaintiff or the Court can reasonably determine (a) the date these documents were printed from the Internet; (b) the Website address where these documents reside on the Internet; or (c) whether the information and instructions were available to class members during the class period or at what point in time they became available. Defendants' reliance on a passing comment in *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), to suggest that these failures are inconsequential is misplaced. In that case, the court rejected the plaintiff's unspecified concerns about the authenticity of certain Securities and Exchange

---

[7] Although Defendants argue that Exhibits B and C may be considered by the Court, they make no arguments concerning the viability of Exhibit E, instead stating that it not essential to any of Defendants' arguments. Opp. to Exclude at 5 n.3. Plaintiffs assume that Defendants therefore concede that it is not properly before the Court, given that the document is not even mentioned in the Walter Declaration, much less given any description or statement concerning its accuracy, purpose, creation or relevance to the litigation.

REPLY ISO MOT. TO EXCLUDE IMPROPER FACTUAL
ASSERTIONS FROM THE MOT. FOR J. ON THE
PLEADINGS – NO. 3:07-cv-04040-MMC                - 6 -

1  Commission ("SEC") filings referenced in the complaint. *In re Silicon Graphics*, 183 F.3d at 986.
2  Unlike a document filed with the SEC, Website pages are ephemeral, subject to constant updates and
3  changes to the content, structure and location of the information. Without any identifying
4  information concerning the address from which these printouts came or the date on which the
5  specific language resided at that address, it is impossible to determine their authenticity or relevance
6  to Defendants' arguments.

7  Nor does the fact that Defendants provided certain Website addresses in the Answer provide
8  any assistance. Setting aside that the averments in the Answer must be deemed false for the purposes
9  of Defendants' motion, and that the Walter Declaration did not point to or purport to rely upon any
10  averments in the Answer to authenticate the exhibits, the cited paragraphs provide no useful
11  information. Defendants urge that Exhibit C is properly authenticated because the document has "the
12  official heading for the U.S. Department of State" Website, and the exact Website information is
13  provided in three paragraphs in the Answer. *See* Opp. to Exclude at 7 and Ans., ¶¶ 5, 35 and 45.
14  However, the fact that a logo appears on the top of a document is hardly unquestionable evidence of
15  its origin or date. Nor do the averments in the Answer provide any information concerning the actual
16  Exhibit, from where it came, or on what dates the language in the printout existed at any particular
17  web address. *See* Ans., ¶ 14 (stating that the Department reinstated a policy of requiring written
18  requests and citing to a Website address), ¶ 42 (denying Plaintiff's allegations except to refer the
19  Court to a Website address), ¶ 45 (stating the Department has established a "portal" on its Website at
20  a particular address). These generic statements to the effect that the Department has a Website on
21  which it began posting unspecified information on refunds at an unspecified date in time are not
22  substitutes for a proper statement of the origin, date, and author of the exhibits actually attached to
23  the Motion for Judgment on the Pleadings. The same is true for Exhibit B. Defendants point to two
24  paragraphs in the Answer, neither of which provide any information about the specific pages
25  attached to Defendants' exhibit, and state only that the Department provides information about
26  processing times at a particular site. *See* Ans. ¶¶ 5, 35. These averments do not inform the Court of
27  what information was available on any particular date nor explain where the information in Exhibit B
28  could be found and on what dates.

Similarly, the fact that Plaintiff demonstrated to the Court in a previous filing that information on refunds was ***not*** available as of May 17, 2007, can hardly be construed as any sort of concession as to the authenticity of an exhibit attached to the Defendants' later motion. *See* Opp. to Exclude at 7-8 (referencing Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed November 30, 2007); Plaintiff's Reply in Support of Plaintiff's Motion to Stay Ruling on Motion to Dismiss, filed December 18, 2007, at 6 (referencing properly authenticated printouts of The Internet Archive to demonstrate that "neither the State Department's main website, nor the subsequent pages regarding passport applications mentioned or linked to any explanation regarding a refund procedure.") That Plaintiff properly authenticated evidence in the past does not excuse nor ameliorate Defendants' failure to do so here. Without even the basic indicia of authenticity, the Court should not consider Exhibits B, C and E to the Walter Declaration.

**D.     This Court May Not Take Judicial Notice of the Website Printouts Because Their Accuracy Cannot be Ascertained**

Defendants cannot circumvent the need to authenticate their Website printouts by seeking judicial notice of these documents. A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1112 (S.D. Cal. 2006). To sustain that burden, the party must persuade the court that the particular fact is not subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned." *Id*.

Here, the Department simply urges the Court to take judicial notice of Exhibits B and C without providing any evidence concerning their accuracy or origin. Defendants do not point to any source to prove the veracity of the documents, to ascertain the Website address where these documents purportedly reside or have resided in the past, or the dates on which the specific language in the printouts was available at those sites. Defendants have also refused to respond to discovery requests regarding all current and historical versions of these Websites, which would have allowed

1  Plaintiff the opportunity to confirm the accuracy and origin of these printouts. *See* Declaration of

2  Shana E. Scarlett in Support of Plaintiff's Motion to Compel Responses to Plaintiff's First Set of

3  Requests for Production of Documents and Special Interrogatories, filed contemporaneously

4  herewith, Ex. F at 5-6.

5  Unlike public records or other documents, web pages are subject to constant change and

6  without information verifying the location and date of the printouts, it is impossible to determine

7  their veracity.[8] *See*, *e.g.*, *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *3-*4

8  (N.D. Cal. March 13, 2006) (noting the problems with taking judicial notice of web pages whose

9  contents are changing and at issue in the dispute). While a properly authenticated copy of a website

10 indicating the date and address of the pages might be a proper subject for judicial notice in some

11 circumstances, a printout whose authenticity is unaccounted for and whose accuracy cannot be

12 reasonably established is not.

### III.     CONCLUSION

14 For all the reasons stated above, Plaintiff respectfully requests that the Court strike all

15 materials and allegations extraneous to the pleadings, or determine that the Defendants' Motion for

16 Judgment on the Pleadings is converted to a Federal Rule of Civil Procedure 56 motion for summary

17 judgment and allow Plaintiff full discovery.

18 In the alternative, Plaintiff requests that the Court strike the unauthenticated Exhibits B, C

19 and E of the Walter Declaration, and all reference to them, from the Defendants' Motion for

20 Judgment on the Pleadings.

21 DATED:  May 9, 2008                                    HAGENS BERMAN SOBOL SHAPIRO LLP

22

23                                                                       /s/ Shana E. Scarlett
                                                                         SHANA E. SCARLETT

---

[8] This is particularly true given that the timing of the availability of the information is part of Defendants' arguments. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (noting that while a court may "take judicial notice of *undisputed* matters of public record," it may not take "notice of *disputed* facts stated in public records" (emphasis in original)); *Assoc'n of Irritated Residents v. Fred Schakel Dairy*, No. 1:05-CV-00707 OWW SMS, 2008 WL 850136, at *4 n.4 (E.D. Cal. March 28, 2008) (noting that the while the court may take judicial notice of existence of scientific articles, the contents of the article cannot establish what the defendant knew or should have known on a particular date through the procedure of judicial notice).

REPLY ISO MOT. TO EXCLUDE IMPROPER FACTUAL
ASSERTIONS FROM THE MOT. FOR J. ON THE
PLEADINGS – NO. 3:07-cv-04040-MMC                - 9 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reed R. Kathrein (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

Attorneys for Plaintiff

REPLY ISO MOT. TO EXCLUDE IMPROPER FACTUAL
ASSERTIONS FROM THE MOT. FOR J. ON THE
PLEADINGS – NO. 3:07-cv-04040-MMC

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                    /s/ Shana E. Scarlett
                                                   SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)