REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | No. 3:07-cv-04040-MMC<br><br>NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND SPECIAL INTERROGATORIES<br><br>DATE: June 13, 2008<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 7, 19th Floor<br><br>ACTION FILED: August 7, 2007 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO COMPEL

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 13, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Julia Chattler will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 37 for an order compelling Defendants the United States of America and the United States Department of State to answer Special Interrogatories Nos. 3, 10, 11 and 16, and Requests for Document Nos. 2, 3 and 7, which relate to Defendants' asserted affirmative defense of failure to exhaust administrative remedies.  The parties have completed their meet and confer obligations under Federal Rule of Civil Procedure 37 and Northern District Civil Local Rule 37-1(a).

This motion is made on the ground that Defendants' failure to produce documents and serve adequate responses violates the Federal Rules of Civil Procedure, the United States District Court for the Northern District of California's Local Rules and this Court's Order Granting in Part and Denying in Part Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (dated February 20, 2008).  The motion is based on this Notice of Motion and Motion to Compel, the accompanying Memorandum of Points and Authorities, the Declaration of Shana E. Scarlett in Support of Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents and Special Interrogatories, and the pleadings and papers on file in this action.

1

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................... 1

II.    PROCEDURAL HISTORY ..................................................................................... 2

III.   ARGUMENT .............................................................................................................. 3

    A.    Plaintiff Seeks Discovery Relating to Defendants' Use of Lockbox Facilities
        to Store Expedited Passport Applications ......................................................... 4

        1.    Defendants' Methodology for Calculating the Three-Business Day
                Period of 22 C.F.R. § 51.66 ................................................................... 5

        2.    Defendants' Policies Regarding and Control Over Lockboxes ......................... 6

        3.    Defendants' Affirmative Statements Regarding Lockboxes .......................... 7

    B.    Information Regarding Lockboxes is Relevant to Defendants' Affirmative
        Defense of Prudential Exhaustion ................................................................... 9

        1.    Plaintiff Is Entitled to Discovery on Defendants' Internal Policies
                Which Are Inconsistent in Critically Important Ways with
                Established Regulations ......................................................................... 9

        2.    Discovery Regarding Lockboxes Also Goes to the Adequacy of
                Defendants' Existing Administrative Remedy ............................ 12

    C.    Plaintiff Is Entitled to Challenge Defendants' Affirmative Statements
        Regarding Lockboxes ....................................................................................... 12

    D.    Defendants Have Not Demonstrated Any Burden Producing Discovery
        Regarding Lockboxes ....................................................................................... 13

IV.    CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Aleknagik Natives Ltd. v. Andrus*
648 F.2d 496 (9th Cir. 1980) ........................................................................... 12, 13

*Anderson v. Creighton*
483 U.S. 635 (1987) ............................................................................................. 13

*Bowen v. City of New York*
476 U.S. 467 (1986) ......................................................................................*Passim*

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*
175 F.R.D. 646 (C.D. Cal. 1997) ......................................................................... 3

*Department of Health & Human Serv. v. Chater*
163 F.3d 1129 (9th Cir. 1998) ............................................................................ 11

*Johnson v. Shalala*
2 F.3d 918 (9th Cir. 1993) ................................................................................... 10

*Jones v. Bock*
549 U.S. 199 (2007) ............................................................................................ 13

*Laing v. Ashcroft*
370 F.3d 994 (9th Cir. 2004) ................................................................................ 9

*Maraglia v. Maloney*
499 F. Supp. 2d 93 (D. Mass. 2007) ................................................................... 13

*McCoog v Hegstrom*
690 F.2d 1280 (9th Cir. 1982) ............................................................................ 11

*Montes v. Thornburgh*
919 F.2d 531 (9th Cir. 1990) ................................................................................ 9

*Mosely v. Board of Education*
434 F.3d 527 (7th Cir. 2006) .............................................................................. 13

*Ritza v. International Longshoremen's & Warehousemen's Union*
837 F.2d 365 (9th Cir. 1988) .............................................................................. 13

*Sellers v. M.C. Floor Crafters, Inc.*
842 F.2d 639 (2d Cir. 1988) ............................................................................... 13

*In re Vitamins Antitrust Litig.*
Misc. No. 99-197 (TFH), 2001 U.S. Dist. Lexis 8904 (D.D.C. June 20, 2001) ........................... 4

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2002) ............................................................................ 13

## STATUTES

22 C.F.R. § 51.63 ................................................................................................... 2

1

22 C.F.R. 51.66...........................................................................................................*Passim*

2

Fed. R. Civ. P. 26(b)(1) .......................................................................................... 3

3

Fed. R. Civ. P. 33(b) ........................................................................................... 3, 4

4

Fed. R. Civ. P. 34(b) ........................................................................................... 3, 4

5

72 Fed. Reg. 64,930 (Nov. 19, 2007) ...................................................................... 1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      Where Defendants have introduced facts regarding the affirmative defense of prudential

3  exhaustion, whether Defendants should be compelled to produce documents and answer

4  interrogatories related to this defense.

5

**MEMORANDUM OF POINTS AND AUTHORITIES**

6

**I.      INTRODUCTION**

7      Defendants seek to have it both ways, introducing facts beyond the pleadings while refusing

8  to produce discovery regarding these facts.

9      This case has been pending for ten months.  Plaintiff served discovery over four months ago.

10  Defendants have three times moved to dismiss Plaintiff's claims, arguing that Plaintiff should be

11  required to exhaust a purported administrative remedy as a prudential matter.  Each time, they have

12  sought to introduce facts beyond the pleadings regarding the affirmative defense of prudential

13  exhaustion.[1]  A key issue regarding this defense is how Defendants calculate the three-business day

14  requirement for expedited processing of passport applications, contained in 22 C.F.R. § 51.66 and the

15  circumstances regarding Defendants' use of lockboxes.  Defendants have refused to produce any

16  discovery regarding these facts.[2]

17      Above all, the doctrine of administrative exhaustion is "intensely practical."  *Bowen v. City of*

18  *New York*, 476 U.S. 467, 484 (1986).[3]  The doctrine should not be applied to dismiss Plaintiff's

19  claims where the Defendant is in the sole possession of facts relevant to this affirmative defense.

20

---

21  [1]      Over Plaintiff's continued objections, Defendants have submitted and relied upon extensive
factual materials in support of their two motions to dismiss and motion for judgment on the
22  pleadings.  *See, e.g.*, Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss
("Barrett Declaration" or "Barrett Decl."), filed October 9, 2007; Declaration of Ann Barrett In
23  Support of Defendants' Motion to Dismiss, filed February 1, 2008; Declaration of Marguerite
Walter, filed April 14, 2008; Defendants' Answer, filed April 14, 2008; Notice of Motion And
24  Motion to Exclude Improper Factual Assertions From the Motion for Judgment on the Pleadings;
Alternate Motion to Convert to Summary Judgment and Allow Discovery; Objections to the Walter
25  Declaration ("Plaintiff's Motion to Exclude"), filed April 18, 2008.

26  [2]      Effective February 1, 2008, several of the relevant passport regulations were reorganized,
restructured and updated.  *See* Passports, 72 Fed. Reg. 64,930 (Nov. 19, 2007).  Plaintiff refers to the
27  former version of these regulations, which was the governing regulatory scheme during the bulk of
the relevant time period in this case.

28  [3]      All emphasis added and all internal quotations and citations removed unless otherwise stated.

1    Plaintiff, therefore, seeks to compel responses to its discovery requests relevant to the doctrine of

2    prudential exhaustion of administrative remedies.

3                            **II.    PROCEDURAL HISTORY**

4            Defendants, the United States of America and the United States Department of State,

5    promised class members that in return for a $60 fee, they would expedite processing of passport

6    applications to three-business days.  This promise was contained in the Code of Federal Regulations,

7    at 22 C.F.R. § 51.66 and in the Passport Application.  Complaint, Ex. A at 2.[4]  Defendants'

8    regulatory and contractual duties require that these expedited processing fees will be refunded, where

9    Defendants fail to provide the promised services.  22 C.F.R. § 51.63; ¶ 6.

10           Ms. Chattler brings this class action on behalf of herself, and all others similarly situated, for

11   breach of contract, violation of a money-mandating regulation and breach of the implied covenant of

12   good faith and fair dealing.  ¶¶ 62-98.  Plaintiff Chattler seeks the return of these expedited

13   processing fees and all other special and consequential damages flowing from Defendants' breach of

14   its contractual and regulatory obligations.  ¶ 101.

15           Defendants have three-times moved to dismiss the Complaint.  The First Motion to Dismiss

16   was heard by Judge Illston, who subsequently recused herself from hearing this case.[5]  *See* Dkt No.

17   40.  The Second Motion to Dismiss was stricken as improper by this Court.[6]  *See* Dkt. No. 70.  On

18   April 14, 2008, Defendants filed a motion for judgment on the pleadings, raising many of the same

19   issues and affirmative defenses.  *See* Dkt. No. 75.

20           In each of these three motions, Defendants argue that Plaintiff Chattler and the class's claims

21   are barred by the prudential exhaustion doctrine.  Defendants do not argue that the exhaustion

22   requirement is statutory, but rather suggest that it is prudentially required, given the Defendants'

23   alleged existing refund scheme.  In support of this affirmative defense, Defendants submitted the

---

24   [4]      All "¶ __" references are to the Class Action Complaint for Breach of Contract, Regulatory

25   Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint"), filed
     Aug. 7, 2007.

26   [5]      "First Motion to Dismiss" refers to Notice of Motion to Dismiss and Memorandum of Law in
     Support of Defendants' Motion to Dismiss, filed October 9, 2008.

27   [6]      "Second Motion to Dismiss" refers to Notice of Motion to Dismiss and Memorandum of Law

28   in Support of Defendants' Motion to Dismiss, filed February 1, 2008.

1   Barrett Declaration in support of their First Motion to Dismiss, asserting that the government has

2   "longstanding practices regarding refunds of the expedited service fee." Barrett Decl., ¶ 46.

3   Defendants suggest that this Court should thus defer to the agency's procedures and dismiss

4   Plaintiff's claims.

5       In January 2008, Plaintiff Chattler served discovery on the Defendants. Shortly thereafter,

6   Defendants moved to stay discovery pending resolution of Defendants' motion to dismiss, arguing

7   that they were not required to respond to *any* of Plaintiff's discovery requests. On February 20,

8   2008, this Court granted in part and denied in part Defendants' motion to stay discovery. *See* Order

9   at 4.[7]  In its Order, this Court recognized that in its then-pending Second Motion to Dismiss, the

10  government had raised a number of facts relevant to the application of the exhaustion requirement.

11  *See* Order at 3. Therefore, the Court denied Defendants' motion to the extent Plaintiff sought

12  discovery pertinent to exhaustion of administrative remedies. *See* Order at 4.

13      Defendants did not serve discovery responses until late March 2008. In those responses, the

14  government has refused to respond to a number of Plaintiff's requests, suggesting that they are not

15  related to the prudential exhaustion affirmative defense. Plaintiff is entitled not only to discovery on

16  these factual assertions, but also to test the sufficiency of the statements made by Defendants in their

17  sworn declarations before this Court. Plaintiff, therefore, moves to compel responses from

18  Defendants in accordance with the Court's February 20, 2008 Order.

19                          **III.    ARGUMENT**

20      The purpose of discovery is to remove surprise from trial preparation so the parties can obtain

21  evidence necessary to evaluate and resolve their dispute. *Cable & Computer Tech., Inc. v. Lockheed*

22  *Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). Rule 26(b) is "liberally interpreted to permit

23  wide-ranging discovery" of all information regarding any matter, not privileged, that is relevant to

24  the claim or defense of any party, and that appears reasonably calculated to lead to the discovery of

25  admissible evidence. *Id*.; *see also* Fed. R. Civ. P. 26(b)(1). The party upon whom discovery requests

26  are served has an obligation to respond. *See, e.g*., Fed. R. Civ. P. 33(b) and 34(b). The party

27  _____

[7]     "Order" refers to the Order Granting in Part and Denying in Part Defendants' Motion to Stay
28  Discovery Pending Resolution of Defendants' Motion to Dismiss, dated February 20, 2008.

MOT. TO COMPEL RESPONSES TO PL.'S FIRST SET          - 3 -
OF REQ. FOR PRODUC. OF DOCS. AND SPECIAL
INTERROGS. – NO. 3:07-cv-04040-MMC

1    resisting discovery has the burden to show that discovery should not be allowed, and has the burden

2    of clarifying, explaining and supporting its objections. *Id.*

3    **A.     Plaintiff Seeks Discovery Relating to Defendants' Use of Lockbox Facilities to Store**
         **Expedited Passport Applications**

4

5         This Court previously decided that information regarding prudential exhaustion was relevant

6    and necessary to allow Plaintiff to oppose Defendants' motion to dismiss.  Rather than responding in

7    full to Plaintiff's requests, Defendants chose to limit their discovery responses to only those that

8    Defendants feel are relevant to the administrative exhaustion defense.  However, "Defendants do not

9    possess the authority to determine what [p]laintiffs need to pursue their claims.  Rather, the Federal

10   Rules of Civil Procedure govern whether plaintiffs are entitled to discover the requested

11   information." *In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), 2001 U.S. Dist. Lexis 8904,

12   *51 (D.D.C. June 20, 2001).

13        Plaintiff seeks discovery relating to Defendants' use of lockbox facilities, which is relevant to

14   the defense of prudential exhaustion and therefore due under the Court's Order.  Defendants first

15   raised the existence of lockboxes in the Barrett Declaration, filed in support of the First Motion to

16   Dismiss, where the Defendants asserted that 60-68% of passport applications are submitted to

17   authorized passport application acceptance facilities, which are then forwarded to lockboxes.  Barrett

18   Decl., ¶ 7.  "The function of the lockbox is to provide a secure, centralized system for sorting and

19   onward forwarding.  The passport applications are routed to the appropriate passport agencies, while

20   the associated fees are forwarded to the Department of the Treasury." *Id.*, ¶ 8.

21        In general, Plaintiff seeks three categories of information: (1) whether Defendants include the

22   time spent in lockboxes in the three-business day period of 22 C.F.R. § 51.66; (2) Defendants'

23   policies regarding and control over lockboxes; and (3) information regarding Defendants' affirmative

24   statements relating to lockboxes.

25

26

27

28

1.    **Defendants' Methodology for Calculating the Three-Business Day Period of 22 C.F.R. § 51.66**

Plaintiff seeks discovery regarding how Defendants calculate the three-business day period of 22 C.F.R. 51.66. Scarlett Decl., Ex. A at 2.[8] Defendants initially refused to respond to this request. *See* Scarlett Decl., Ex. B at 3. During their Rule 37 conference, the parties discussed this interrogatory and Plaintiff specifically raised the issue of whether lockboxes were included or excluded from the three-day calculation. Scarlett Decl., Ex. C at 2. Defendants agreed to supplement their response and Plaintiff believed this supplemental response would address the inclusion or exclusion of lockboxes from the three-day calculation. *See id.* Defendants' supplemental response, however, failed to include any reference to lockboxes:

> **SPECIAL INTERROGATORY NO. 3:**
>
> Identify and describe YOUR methodology for calculating the three (3) business day period referenced in 22 C.F.R. 51.66(b).
>
> **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**
>
> Defendants specifically object to this Special Interrogatory as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Special Interrogatory.
>
> **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**
>
> Subject to the General Objections and based on Defendants' understanding of this Special Interrogatory, Defendants respond as follows: During the period October 1, 1994 until August 15, 2007, 22 C.F.R. § 51.66(b) provided that
>
> > Expedited passport processing shall mean completing processing within 3- business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expedited processing is approved. The processing will be considered completed when the passport is ready to be picked up by the applicant or is mailed to the applicant.
>
> 22 C.F.R. § 51.66(b). The Department initially counted three business days based on the precise time of day an application was stamped

---

[8]    "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents and Special Interrogatories, filed concurrently herewith.

1

2

3

received. However, this practice proved to be unworkable and was quickly abandoned in favor of a normal three-day rule: the next business day after the application is received is day one, and so forth. This has been the practice since about 1995.

4

5

Refund officials use a calendar and manually count the number of business days (i.e., not weekends or federal holidays) the application remained in processing because the Travel Document Issuance System ("TDIS") does not perform that function automatically.

6     Scarlett Decl., Ex. A at 2; Ex. B at 3; Ex. D at 3.

7         **2.**     **Defendants' Policies Regarding and Control Over Lockboxes**

8         Two requests relate to Defendants' control over lockboxes and policies regarding the use of

9     lockboxes.  Defendants have refused to provide any response to these requests on the basis of the

10    Court's February 20, 2008 Order:

11            **REQUEST NO.  7:**

12

13

14

        All DOCUMENTS RELATING TO the policies, procedures and practices RELATED TO the "lockboxes" described in the BARRETT DECLARATION, including but not limited to training materials, procedures, manuals, memos, work-flow charts, notices, bulletins and contracts.

15            **RESPONSE TO REQUEST NO.  7:**

16

17

18

        Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.  Defendants accordingly are not required to provide any response to this Document Request.

19            **SPECIAL INTERROGATORY NO. 16:**

20

21

        Identify and describe the policies, procedures and practices related to the "lockboxes" described in the BARRETT DECLARATION, including in your answer:

22            a.     the location of the lockbox facilities;

23            b.     a description of the physical facilities;

24

25

26

        c.     all information concerning the management of the lockbox facilities, including whether they are run by YOU or by a contractor; who works at the facilities, including the job descriptions and number of personnel; and who has access to the facilities;

27

28

        d.     what records or information are created, maintained, stored or tracked at the lockbox facilities; and

1      e.     a description of the work-flow, processes or procedures that
    occur in relation to handling and processing passport

2    applications at the facilities.

3        **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

4    Defendants specifically object to this Special Interrogatory as outside
    the scope of the Court's February 20, 2008 Order limiting discovery to

5    those issues pertinent to administrative exhaustion. Defendants
    accordingly are not required to provide any response to this Special

6    Interrogatory.

7    Scarlett Decl., Ex. E at 6; Ex. F at 5; Ex. A at 5; Ex. B at 16-17.

8        **3.    Defendants' Affirmative Statements Regarding Lockboxes**

9    Defendants themselves have pointed to lockboxes as a critical source of delay in meeting

10    expedited processing requirements:

11    [T]he lockbox facilities, which for the majority of applications are the
    necessary first step for securing and routing the applications and fees

12    before processing can begin, were quickly overwhelmed.  This resulted
    in significant delays in the ability of the lockbox operator to forward

13    the applications to the appropriate passport agencies.

14    Barrett Decl., ¶ 32.  Statements in the Barrett Declaration indicate that the Defendants have large

15    amounts of control over the applications.  Indeed, the Barrett Declaration indicates that the expedited

16    passport applications are accessed by employees and the fees removed and forwarded to the

17    Department of the Treasury.  Barrett Decl., ¶ 8.

18    Plaintiff seeks the documents and facts that Defendants believe support their statements, filed

19    before this Court, that lockboxes were the source of "significant delays" and that passports are

20    "generally held for up to 24 hours" at lockbox facilities.  Defendants likewise refused to respond to

21    any of these requests, relying on the Court's February 20, 2008 Order:

22        **REQUEST NO.  2:**

23    All DOCUMENTS supporting the statement in paragraph 7 of the
    BARRETT DECLARATION that personnel at passport acceptance

24    facilities forward passport applications to a lockbox, "where they are
    generally held for up to 24 hours prior to being sent to the Department

25    for processing."

26        **RESPONSE TO REQUEST NO. 2**

27    Defendants specifically object to this Document Request as outside the
    scope of the Court's February 20, 2008 Order limiting discovery to

28    those issues pertinent to administrative exhaustion.  Defendants

accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 3:**

All DOCUMENTS supporting the statement in paragraph 32 of the BARRETT DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

**RESPONSE TO REQUEST NO. 3:**

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**SPECIAL INTERROGATORY NO. 10:**

State all facts supporting YOUR contention in paragraph 7 of the BARRETT DECLARATION that personnel at passport acceptance facilities forward passport applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for processing."

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Defendants specifically object to this Special Interrogatory as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Special Interrogatory.

**SPECIAL INTERROGATORY NO. 11:**

State all facts supporting YOUR contention in paragraph 32 of the BARRETT DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Defendants specifically object to this Special Interrogatory as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Special Interrogatory.

Scarlett Decl., Ex. A at 3; Ex. B at 12; Ex. E at 5; Ex. F at 3.

**B.      Information Regarding Lockboxes is Relevant to Defendants' Affirmative Defense of Prudential Exhaustion**

The Court's February 20, 2008 Order allowed discovery relating to the application of the prudential exhaustion doctrine.  *See* Order at 4.  The doctrine of administrative exhaustion requires the Court to consider three factors:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir. 1990).  Moreover, courts may decline to apply the doctrine where (1) a plaintiff claims that the government's policies have diverged from critically important ways from established regulations (*Bowen*, 476 U.S. at 473); or (2) where the government's proposed administrative remedies are inadequate or not efficacious (*Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  A key factor in a prudential exhaustion analysis is whether Defendants are manipulating the system to purposely deprive applicants of their entitlement to a refund.  In addition, apart from the fact that such information defines how many and who should get refunds, an attitude or bias against providing refunds is relevant and should itself preclude a prudential exhaustion obligation.

**1.      Plaintiff Is Entitled to Discovery on Defendants' Internal Policies Which Are Inconsistent in Critically Important Ways with Established Regulations**

Both the United States Supreme Court and the Ninth Circuit have instructed courts to waive application of the doctrine of exhaustion of administrative remedies where a plaintiff challenges the existence of an "unlawful, unpublished policy."  *See Bowen*, 476 U.S. at 473.  In *Bowen*, the plaintiffs alleged that the Secretary of Health and Human Services had adopted an unlawful policy, never published in the federal register, but implemented through various internal memoranda.  *Id.* at 473-74.  Where there was a "systemwide, unrevealed policy that was ***inconsistent in critically important ways with established regulations***," exhaustion of administrative remedies was futile and not required.  *Id.* at 485.

1      Similarly, in *Johnson*, the Ninth Circuit declined to apply the doctrine of administrative

2   exhaustion where the plaintiffs claimed that the Secretary's systemwide policy of treating all in-kind

3   loans as income violated the Social Security Act.  The Ninth Circuit followed the Supreme Court's

4   decision in *Bowen*, and held that "when the agency applies a systemwide policy that is inconsistent in

5   critically important ways with established regulations, nothing is gained from permitting the

6   compilation of a detailed factual record, or from agency expertise."  *Johnson v. Shalala*, 2 F.3d 918,

7   922 (9th Cir. 1993).

8      Plaintiff seeks discovery regarding how Defendants calculate the three-business day period of

9   22 C.F.R. § 51.66.  Initially, Defendants refused to respond to Plaintiff's interrogatory.  *See* Scarlett

10  Decl., Ex. B at 3.  Thereafter, the parties met and conferred and Defendants agreed to provide a

11  supplemental response.  The issue of lockboxes was specifically raised in the Rule 37 conference,

12  and Plaintiff believed that the Defendants response would properly address the inclusion or exclusion

13  of lockboxes from the three-day calculation.  Scarlett Decl., Ex. C at 2.  In their supplemental

14  response, however, Defendants parrot the words of the regulation and state that since 1995,

15  Defendants have calculated the time period according to "a normal three-day rule: the next business

16  day after the application is received is day one, and so forth."  Scarlett Decl., Ex. D at 3.  Plaintiff's

17  request was not limited to how a three-business day period is calculated in general, but how the

18  particular period of 22 C.F.R. § 51.66 is calculated.  Defendants' supplemental response fails to

19  answer Plaintiff's question regarding the "methodology for calculating the three (3) business day

20  period referenced in 22 C.F.R. 51.66(b)."  Scarlett Decl., Ex. D at 3.

21     Ensuing correspondence confirms that Defendants had agreed at the Rule 37 conference to

22  include in their supplemental response "that the time an application spends in the lockbox is not part

23  of [the three-day] calculation."  Scarlett Decl., Ex. G at 2.  Although Defendants' response fails to

24  conform with this representation, Defendants' counsel states that the conclusion that "the time an

25  application spends in a lockbox is not included in the three business day calculation," "necessarily

26  follows from the response Defendants did provide."  *Id.*

27     Plaintiff is not required to infer, speculate or accept that a conclusion "necessarily follows"

28  from an evasive discovery response.  Rather, Plaintiff is entitled to a full and complete response

1    disclosing to Plaintiff and class members how they interpret a regulation relevant to Plaintiff's

2    claims.  This Court should compel Defendants to respond in full to Special Interrogatory No. 3.

3    Plaintiff also seeks discovery regarding Defendants' policies regarding and control over the

4    lockboxes.  Discovery may demonstrate that Defendants: (a) are excluding time in lockboxes from

5    the three-day calculation of 22 C.F.R. § 51.66; and yet (b) retain control over the timing and removal

6    of applications from lockboxes.  If this is the case, then Defendants' policy – of providing expedited

7    service in three-business days plus time spent in the lockbox – is critically different from the

8    regulatory requirement of three-day processing found in 22 C.F.R. § 51.66.  *See Bowen*, 476 U.S. at

9    485.

10    Indeed, Defendants' internal policy documents demonstrate that at the time the regulation

11    was enacted, Defendants did not send passport applications to lockbox facilities and therefore, did

12    not include lockbox time in the three-day calculation: "When the Expedite Fee was introduced in

13    October of 1994, all acceptance agents were instructed to send expedited applications directly to

14    New Orleans, with only routine applications being sent to the lockbox."  Scarlett Decl., Ex. H at 1.

15    Not until 1998 did Defendants alter their procedures and begin to route expedited applications

16    through lockbox facilities, even though it increased processing time.  *Id.* (stating that it was

17    "apparent" that the change in procedures would result in increased processing times).  Despite the

18    increased time to process expedited applications, Defendants affirmed in the same document that

19    passport agents should "***SIMPLY COLLECT THE EXPEDITE FEE!!***" *Id.* at 2 (emphasis in

20    original).

21    Where "an alternative reading is compelled by the regulation's plain language or by other

22    indications of the [agency's] intent at the time of the regulation's promulgation" a court need not

23    defer to an agency's interpretation of a regulation.  *Dep't of Health & Human Serv. v. Chater*, 163

24    F.3d 1129, 1134 (9th Cir. 1998); *see also McCoog v Hegstrom*, 690 F.2d 1280, 1284 (9th Cir. 1982)

25    ("the deference due an administrative interpretation depends upon its consistency with earlier agency

26    pronouncements, the purpose and wording of other agency regulations, and the purposes  of the

27    relevant statutes").  Defendants' own historically divergent interpretation of the three-day

28

MOT. TO COMPEL RESPONSES TO PL.'S FIRST SET          - 11 -
OF REQ. FOR PRODUC. OF DOCS. AND SPECIAL
INTERROGS. – NO. 3:07-cv-04040-MMC

requirement of 22 C.F.R. § 51.66 supports Plaintiff's request for discovery of Defendants' policies and control over lockboxes.

### 2. Discovery Regarding Lockboxes Also Goes to the Adequacy of Defendants' Existing Administrative Remedy

Discovery regarding the calculation of the three-day period and Defendants' control over lockboxes is also relevant to the adequacy of the refund process that Defendants claim as the heart of their prudential exhaustion defense. "[E]xhaustion is not required if administrative remedies are inadequate or not efficacious." *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980).

Plaintiff seeks information regarding Defendants' policies and control over lockboxes. Hypothetically, discovery may demonstrate that Defendants have chosen not to remove passport applications because of their own backlogs in processing. If this is the case, and the Defendants are excluding this time from the three-day calculations of 22 C.F.R. § 51.66, Defendants are also excluding large numbers of class members from any refund under Defendants' refund scheme. Plaintiff is entitled to test the adequacy of Defendants' refund scheme and present evidence to this Court regarding its efficacy. *See Aleknagik Natives*, 648 F.2d at 499. This is particularly true given that Defendants routinely rely on their assertions that the existing process is effective and efficient to argue that the Court should require exhaustion as a prudential matter. *See, e.g.*, Notice of Motion for Judgment on the Pleadings and Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, at 6, 23. Such claims cannot go unchallenged where Defendants maintain the ability and control to intentionally exclude individuals from the refund by manipulating the three-day calculation.

### C. Plaintiff Is Entitled to Challenge Defendants' Affirmative Statements Regarding Lockboxes

The last category of discovery requests involves documents and information supporting affirmative statements made by Defendants in the Barrett Declaration, including that the lockboxes were the source of "significant delays" in processing expedited passport applications and that applications are "generally held for up to 24 hours" at lockbox facilities. Barrett Decl., ¶¶ 7, 32. Plaintiffs are entitled to test the "accuracy and completeness" of factual assertions made in an affidavit. *See Anderson v. Creighton,* 483 U.S. 635, 658 (1987).

1    Defendants have raised these facts in support of an affirmative defense.  Plaintiff believes that

2    the Court should deny Defendants' Motion for Judgment on the Pleadings based on the law and

3    pleadings, without resort to factual matter.  However in the event the Court considers factual issues,

4    regardless of which standard the Court applies to the Defendants' motion, whether under Rule 12 or

5    Rule 56, Plaintiff is entitled to discovery regarding the Defendants' factual assertions.[9]  Defendants

6    have injected this affirmative defense into the proceedings at the pleadings stage.  They have made

7    assertions regarding the purpose of lockboxes, the source of lockboxes as delay in processing

8    applications and the amount of time that an application generally spends in a lockbox facility.  Each

9    of these assertions impacts the prudential exhaustion defense, including whether requiring such an

10   exhaustion would be futile (*see Bowen*, 476 U.S. at 473) and whether the existing remedy is adequate

11   (*see Aleknagik Natives*, 648 F.2d at 499).  Not only is discovery regarding the Defendants' use of

12   lockboxes relevant, Plaintiff is also entitled to test the sufficiency and completeness of Defendants'

13   sworn testimony in the Barrett Declaration.

**D.    Defendants Have Not Demonstrated Any Burden Producing Discovery Regarding Lockboxes**

14

15   Defendants have not objected that this discovery would cause undue burden or expense under

16   Federal Rule of Civil Procedure 26(b)(2)(C).  Defendants' only objections has been that it was not

17   ordered by the Court and that the discovery is irrelevant because "lockboxes precede the passport

18   application's arrival at a passport agency and therefore having nothing to do with that service or the

19   Department's process for refunding the expedite fee if that service is not provided."  *See* Defendants'

20

21   _____

9    Historically, the Ninth Circuit has held "failure to exhaust nonjudicial remedies that are not

22   jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion. . . ." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2002).  *See also Ritza v. Int'l.*

23   *Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988).  The Supreme Court, however, has characterized the failure to exhaust administrative remedies as an affirmative defense

24   that the defendant has the burden of pleading and proving.  See *Jones v. Bock*, 549 U.S. 199 (2007).  An affirmative defense is not properly raised on a motion to dismiss, but rather, where the

25   responding party raises material outside of the pleadings, should be dealt with on summary judgment or at trial.  *See Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006) (holding that because

26   administrative exhaustion was an affirmative defense, that meant "that the earliest possible time to consider it would normally be after the answer has been filed"); *Sellers v. M.C. Floor Crafters, Inc.*,

27   842 F.2d 639, 642 (2d Cir. 1988) (noting that where a failure to exhaust administrative remedies was brought to the court's attention "by way of matters outside the pleadings . . . the court actually

28   granted summary judgment"); *Maraglia v. Maloney*, 499 F. Supp. 2d 93, 95 (D. Mass. 2007) ("the ordinary practice is to submit disputed questions underlying affirmative defenses to the jury").

1    Opposition to Plaintiff's Motion to Exclude, at 11.  Defendants' flawed logic begs the question.

2    Defendants refuse to respond to discovery regarding the exclusion of lockboxes from the three-day

3    calculation because Defendants exclude lockboxes from the three-day calculation.  Plaintiff,

4    however, is entitled to seek evidence regarding Defendants' divergence from the overlying

5    regulatory scheme.  *See Bowen*, 476 U.S. at 473.  Discovery regarding these issues is critical to

6    Plaintiff's opposition to Defendants' motion for judgment on the pleadings, if the Court chooses to

7    consider Defendants' improperly submitted extraneous evidence.  *See generally* Plaintiffs' Motion to

8    Exclude, at 4-7.

9                                    **IV.    CONCLUSION**

10           For all the reasons state above, Plaintiff respectfully requests that the Court compel

11   Defendants to respond to Interrogatories Nos. 3, 10, 11 and 16, and Requests for Document Nos. 2, 3

12   and 7.

13   DATED:  May 9, 2008                          HAGENS BERMAN SOBOL SHAPIRO LLP

14                                          _____/s/ Shana E. Scarlett_____
                                                    SHANA E. SCARLETT

15
                                            Reed R. Kathrein (139304)
16                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
17                                          Berkeley, CA  94710
                                            Telephone: (510) 725-3000
18                                          Facsimile: (510) 725-3001

19                                          Robert B. Carey (*Pro Hac Vice*)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
20                                          2425 East Camelback Road, Suite 650
                                            Phoenix, AZ  85016
21                                          Telephone: (602) 840-5900
                                            Facsimile: (602) 840-3012
22
                                            Steve Berman (*Pro Hac Vice*)
23                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1301 Fifth Avenue, Suite 2900
24                                          Seattle, WA  98101
                                            Telephone: (206) 623-7292
25                                          Facsimile: (206) 623-0594

26

27

28

MOT. TO COMPEL RESPONSES TO PL.'S FIRST SET                    - 14 -
OF REQ. FOR PRODUC. OF DOCS. AND SPECIAL
INTERROGS. – NO. 3:07-cv-04040-MMC

1

2     Megan E. Waples (*Pro Hac Vice*)
      THE CAREY LAW FIRM
3     2301 East Pikes Peak Avenue
      Colorado Springs, CO  80909
4     Telephone: (719) 635-0377
      Facsimile: (719) 635-2920

5     Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.


_____/s/ Shana E. Scarlett_____
SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`