# Exhibit A

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | No. C 07-04040 MMC<br><br>PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES<br><br><br><br>ACTION FILED: August 7, 2007 |

001980-11 219514 V2

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFF |
| 2 | RESPONDING PARTY: | DEFENDANTS |
| 3 | SET NUMBER: | ONE |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please respond in writing and under oath to the following special interrogatories within 30 days of the date of service hereof. Please serve the responses on Plaintiff's counsel, Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, California 94710. Unless otherwise specified, the time period to which these special interrogatories relate and for which you should provide the information requested is January 1, 2001 to the present.

## I. DEFINITIONS

1. "BARRETT DECLARATION" refers to the Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss, filed with the Court in this litigation on October 9, 2007.

2. "PERSON" or "PERSONS" shall mean any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement, group or association.

3. "RELATING TO" or "RELATE TO" means, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove or explaining.

4. "YOU" and "YOUR" mean or refer to the responding party and its predecessors in interest, subsidiaries, affiliates, parents, partners, holding companies, divisions, departments, operating units, contractors and/or other subdivisions; their present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all persons either acting or purporting to act on behalf of the above, or any of them.

5. The following rules of construction shall apply to all discovery requests:

    (a) The terms "all" and "each" shall be construed as all and each;

PL'S FIRST SET OF SPECIAL INTERROGS. –     - 1 -
NO. C 07-04040 MMC
001980-11 219514 V2

  (b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

  (c) "Concerning" means relating to, referring to, describing, evidencing or constituting;

  (d) "Including" shall be construed to mean "without limitation"; and

  (e) The use of the singular form of any word includes the plural and vice versa.

## II. RELEVANT TIME PERIOD

Unless otherwise indicated, this discovery request seeks information concerning the time period, January 1, 2001 to the present (the "Relevant Time Period"), or that RELATE TO the Relevant Time Period, whenever prepared.

## III. INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State the number of passport applications received by YOU per year during the Relevant Time Period.

**SPECIAL INTERROGATORY NO. 2:**

State the number of requests for expedited passport processing received by YOU per year during the Relevant Time Period.

**SPECIAL INTERROGATORY NO. 3:**

Identify and describe YOUR methodology for calculating the three (3) business day period referenced in 22 C.F.R. 51.66(b).

**SPECIAL INTERROGATORY NO. 4:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at an authorized passport application acceptance facility.

**SPECIAL INTERROGATORY NO. 5:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at a lockbox facility.

**SPECIAL INTERROGATORY NO. 6:**

State the number of passport applications per year during the Relevant Time Period, for which expedited processing was requested and paid, that were processed by YOU within three (3) business days from receipt at a passport agency or center.

**SPECIAL INTERROGATORY NO. 7:**

State the number of requests received by YOU per year during the Relevant Time Period for refunds of expedited passport processing fees.

**SPECIAL INTERROGATORY NO. 8:**

State the total number of refunds provided by YOU per year during the Relevant Time Period of expedited passport processing fees.

**SPECIAL INTERROGATORY NO. 9:**

State all facts supporting YOUR contention in paragraph 46 of the BARRETT DECLARATION that "The Department's refund procedure . . . reflects the Department's longstanding practices regarding refunds of the expedited service fee."

**SPECIAL INTERROGATORY NO. 10:**

State all facts supporting YOUR contention in paragraph 7 of the BARRETT DECLARATION that personnel at passport acceptance facilities forward passport applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for processing."

**SPECIAL INTERROGATORY NO. 11:**

State all facts supporting YOUR contention in paragraph 32 of the BARRETT DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

PL'S FIRST SET OF SPECIAL INTERROGS. –
NO. C 07-04040 MMC
001980-11 219514 V2

- 3 -

**SPECIAL INTERROGATORY NO. 12:**

Identify and describe all information, both currently and historically, that must be provided from an applicant to YOU to qualify for a refund of an expedited processing fee.

**SPECIAL INTERROGATORY NO. 13:**

Identify and describe all criteria used by YOU, both currently and historically, to determine whether or not an applicant is entitled to a refund of the expedited processing fee.

**SPECIAL INTERROGATORY NO. 14:**

Identify and describe all assessments of passport processing time or expedited passport processing time, including any statistical or data analyses, performance or data tracking, or other measures or metrics, conducted or tracked by YOU during the Relevant Time Period, including for each assessment:

    (a)    with what frequency the assessment is or was conducted;

    (b)    the date(s) on which the assessment was initiated;

    (c)    a description of the assessment and its methodology, the reason for the assessment, the name and address of the PERSONS to whom the results of the assessment are given, and the uses of the information compiled, tracked, analyzed or produced by the assessment;

    (d)    the data or information used in conducting the assessment; and

    (e)    the names and addresses of the PERSON or PERSONS responsible for initiating and conducting the assessment.

**SPECIAL INTERROGATORY NO. 15:**

Identify and describe the policies, procedures and practices related to YOUR processing of expedited passport applications, including in your answer:

    (a)    the location(s) where expedited passport applications are received and processed;

    (b)    a description of the physical facilities;

    (c)    all information concerning the management of the facilities, including whether they are run by YOU or by a contractor; who works at the facilities, including the job descriptions and number of personnel; and who has access to the facilities;

      (d)    what records or information are created, maintained, stored or tracked at the facilities; and

      (e)    a description of the work-flow, processes or procedures that occur in relation to handling and processing expedited passport applications at the facilities.

**SPECIAL INTERROGATORY NO. 16:**

Identify and describe the policies, procedures and practices related to the "lockboxes" described in the BARRETT DECLARATION, including in your answer:

      (a)    the location of the lockbox facilities;

      (b)    a description of the physical facilities;

      (c)    all information concerning the management of the lockbox facilities, including whether they are run by YOU or by a contractor; who works at the facilities, including the job descriptions and number of personnel; and who has access to the facilities;

      (d)    what records or information are created, maintained, stored or tracked at the lockbox facilities; and

      (e)    a description of the work-flow, processes or procedures that occur in relation to handling and processing passport applications at the facilities.

**SPECIAL INTERROGATORY NO. 17:**

Identify and describe all assessments of the number of people who paid for expedited passport processing and who did not receive expedited passport processing, including any statistical or data analyses, performance or data tracking, or other estimates or reviews, conducted by YOU during the Relevant Time Period, including for each assessment:

      (a)    with what frequency the assessment is or was conducted;

      (b)    the date(s) on which the assessment was initiated;

      (c)    the results of the assessment;

      (d)    a description of the assessment and its methodology, the reason for the assessment, the name and address of the PERSONS to whom the results of the assessment were given, and the uses of the information compiled, tracked, analyzed or produced by the assessment;

      (e)    the data or information used in conducting the assessment; and

      (f)    the names and addresses of the PERSON or PERSONS responsible for initiating and conducting the assessment.

DATED: January 30, 2008

HAGENS BERMAN SOBOL SHAPIRO, LLP

By _____/s/ S. Scarlett_____
SHANA E. SCARLETT

Reed R. Kathrein (139304)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Robert B. Carey (*Pro Hac Vice*)
Hagens Berman Sobol Shapiro LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Steve Berman (*Pro Hac Vice*)
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Megan E. Waples (*Pro Hac Vice*)
The Carey Law Firm
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

Attorneys for Plaintiff

**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

2. That on January 30, 2008, declarant served by overnight delivery, via United Parcel Service, Inc., PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES to the parties listed on the attached Service List.

3. That on January 30, 2008, declarant served by e-mail, PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January, 2008, at Berkeley, California.

_____
KIRSTEN ERICKSON

*Chattler v. The United States of America, et al.*
Case No. C 07-04040 JL

Service List
January 30, 2008

**Counsel for Defendants**

Jacqueline Coleman Snead
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
jacqueline.snead@usdoj.gov


**Counsel for Plaintiff**

Megan E. Waples
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

001980-11 188732 V1