Exhibit B

1   JEFFREY S. BUCHOLTZ
    Acting Assistant Attorney General
2   Civil Division

    JOSEPH P. RUSSONIELLO
3   United States Attorney
    Northern District of California

4   VINCENT M. GARVEY
    Deputy Branch Director

5   JACQUELINE COLEMAN SNEAD
    Trial Attorney
6   Federal Programs Branch, Civil Division
    U.S. Department of Justice
7   20 Massachusetts Avenue, N.W. Rm 7214
    Washington, DC 20530
    Tel: (202) 514-3418
8
            Attorneys for the Defendants.
9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15  **JULIA CHATTLER,**

16      **PLAINTIFF**                     Case No. 07-4040MMC

17      **v.**

18  **UNITED STATES OF AMERICA,**         Defendants' Responses to Plaintiff's
    **DEPARTMENT OF STATE,**             First Set of Special Interrogatories
19
20      **DEFENDANTS.**

21

22

23          Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, Defendants, the United States

24  of America and the Department of State, by and through undersigned counsel, hereby respond to

25  Plaintiff's First Set of Special Interrogatories.

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28

1

**GENERAL OBJECTIONS**

2      1.  Defendants object to each and every Special Interrogatory because they concern claims
3  over which the Court lacks subject-matter jurisdiction as explained in Defendants' pending Motion
4  to Dismiss.  As such, each and every Special Interrogatory is unduly burdensome, oppressive,
5  expensive, harassing, and irrelevant.

6      2.  Defendants object to each and every Special Interrogatory to the extent it seeks
7  information protected by the attorney-client, attorney-work product, deliberative process, or other
8  recognized privilege.

9      3.  Defendants object to each and every Special Interrogatory to the extent it seeks
10  information whose disclosure is prohibited by statute, regulation, or Executive Order.

11      4.  Defendants object to each and every Special Interrogatory to the extent it seeks to impose
12  burdens inconsistent with or in addition to those required under the Federal Rules of Civil Procedure.

13      5.  Defendants reserve the right to amend, supplement, or alter their Objections and
14  Responses at any time.

15      Without waiving any of these General Objections, which are incorporated into each Response
16  below, Defendants respond as follows:

17

18

19

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                              2

1

## INTERROGATORIES

2

### SPECIAL INTERROGATORY NO. 1:

3       **State the number of passport applications received by YOU per year during the Relevant**

4   **Time Period.**

5           Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

6   February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

7   Defendants accordingly are not required to provide any response to this Special Interrogatory.

8   ### SPECIAL INTERROGATORY NO. 2:

9       **State the number of requests for expedited passport processing received by YOU per year**

10  **during the Relevant Time Period.**

11          Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

12  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

13  Defendants accordingly are not required to provide any response to this Special Interrogatory.

14  ### SPECIAL INTERROGATORY NO. 3:

15      **Identify and describe YOUR methodology for calculating the three (3) business day period**

16  **referenced in 22 C.F.R. 51.66(b).**

17          Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

18  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

19  Defendants accordingly are not required to provide any response to this Special Interrogatory.

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                          3

1  **SPECIAL INTERROGATORY NO. 4:**

2      **State the number of passport applications per year during the Relevant Time Period, for**

3  **which expedited processing was requested and paid, that were processed by YOU within three**

4  **(3) business days from receipt at an authorized passport application acceptance facility.**

5      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

6  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

7  Defendants accordingly are not required to provide any response to this Special Interrogatory.

8  **SPECIAL INTERROGATORY NO. 5:**

9      **State the number of passport applications per year during the Relevant Time Period, for**

10  **which expedited processing was requested and paid, that were processed by YOU within three**

11  **(3) business days from receipt at a lockbox facility.**

12      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

13  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

14  Defendants accordingly are not required to provide any response to this Special Interrogatory.

15  **SPECIAL INTERROGATORY NO. 6:**

16      **State the number of passport applications per year during the Relevant Time Period, for**

17  **which expedited processing was requested and paid, that were processed by YOU within three**

18  **(3) business days from receipt at a passport agency or center.**

19      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

20  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

21  Defendants accordingly are not required to provide any response to this Special Interrogatory.

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                                    4

**SPECIAL INTERROGATORY NO. 7:**

**State the number of requests received by YOU per year during the Relevant Time Period for refunds of expedited passport processing fees.**

Defendants specifically object to this Special Interrogatory on grounds that the historical data required to provide a complete answer to this Interrogatory are no longer available. Subject to this specific objection and the General Objections and based on Defendants' understanding of this Special Interrogatory, Defendants respond as follows:

| FY 2001 | FY 2002 | FY 2003 | FY 2004 | FY 2005 | FY 2006 | FY 2007 | FY 2008 |
|---------|---------|---------|---------|---------|---------|---------|---------|
| Data Not Available* | Data Not Available* | Data Not Available* | Data Not Available* | Data Not Available* | Data Not Available* | 9546** | 5763 |

* During this period, the Bureau of Consular Affairs did not have the ability to specifically track requests for refunds of the expedited passport processing fee. Passport agencies [1] received, reviewed and denied refund requests independently. Agencies were not required to keep track of the number of refund requests received and were permitted to act on oral requests for refunds. Written requests were not retained by the agencies in any systematic manner, if at all, and thus a search for written refund requests from this time period does not yield a comprehensive and accurate representation of the number of expedite refund requests made. Only approved requests were sent to Washington, DC for issuance of the refund payment. In cases of denial, passport agencies typically did not create a record of such. Beginning in June 2007, the Department centralized the processing of requests for expedite fee refunds in Washington D.C.

** This figure represents the number of requests for refunds of the expedite fee between June 20, 2007 and September 30, 2007.

---

[1] The Department maintains 14 regional passport agencies which are responsible for processing passport applications and issuing passports.

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Set of Special Interrogatories

5

1 | **SPECIAL INTERROGATORY NO. 8:**

2 |     **State the total number of refunds provided by YOU per year during the Relevant Time**

3 | **Period of expedited passport processing fees.**

4 |     Defendants specifically object to this Special Interrogatory on grounds that it is unduly

5 | burdensome as it seeks information in a form not maintained by the Department before June 2007,

6 | and therefore the Department is not able to provide a complete response to this Interrogatory.

7 | Subject to this Specific Objection and the General Objections and based on Defendants'

8 | understanding of this Special Interrogatory, Defendants respond as follows:

| FY 2001 | FY 2002 | FY 2003 | FY 2004 | FY 2005 | FY 2006 | FY 2007 | FY 2008 |
|---------|---------|---------|---------|---------|---------|---------|---------|
| 9926*   | 7881*   | 4764*   | 6414*   | 6843*   | 9577*   | 8546**  | 5563    |

\* The figure provided is the total number of all refunds, which includes refunds for duplicate or erroneous charges (e.g., fees collected for a no-fee passport application) and refunds of the expedite fee. During this period, the Bureau of Consular Affairs did not have a system in place that distinguished refunds of the expedite fee from other refunds authorized by Department regulations. Although Passport Services Instructions issued by the Department in October 1994 (and reissued with modifications in November 1996) contemplated that agencies would compile statistics "to monitor the success of the Expedite Fee program," the Department neither has located any such statistical compilations nor has identified any present employees with a clear recollection of that practice or when it was discontinued.

\*\* This figure reflects the number of refunds of the expedite fee from June 20, 2007 through September 30, 2007. For the balance of Fiscal Year 2007, which began October 1, 2006, the Bureau of Consular Affairs did not have a system in place that distinguished refunds of the expedite fee from other refunds authorized by Department regulations (e.g. duplicate and erroneous charges).

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Set of Special Interrogatories

1    **SPECIAL INTERROGATORY NO. 9:**

2    **State all facts supporting YOUR contention in paragraph 46 of the BARRETT**

3    **DECLARATION that "The Department's refund procedure. . . reflects the Department's**

4    **longstanding practices regarding refunds of the expedited service fee."**

5    Subject to the General Objections and based on Defendants' understanding of this Special

6    Interrogatory, Defendants respond as follows:

7    Since expedited passport processing was first established, the issuance of refunds of the

8    expedite fee upon request (as opposed to automatically) has been the Department's longstanding

9    practice. *See* Declaration of Ann Barrett in Support of Defendants' Motion to Dismiss ¶ 48 (filed

10   Feb. 1, 2008). On September 26, 1994, the Department published an Interim Final Rule governing

11   the Fee for Expedited Passport Processing in the *Federal Register*. *See* 59 Fed. Reg. 48998 (Sept.

12   26, 1994). That rule provided that expedited processing of passports would "be provided upon

13   payment of the fee when requested by the applicant and justified by urgent departure plans" and

14   further "provide[d] for a refund when expedited services cannot be given." *Id.* The rule became

15   effective October 1, 1994. Instructions issued that same day to All Passport Services Staff Members

16   set forth the Department's policies on refunds of the expedite fee. *See* Memorandum to All Passport

17   Services Staff Members from Deputy Assistant Secretary for Passport Services re Passport Expedite

18   Fee ("Passport Services Instruction 2075"). The instructions provide in relevant part that

19   > If the EF has been collected and we are unable to process a passport within the
      > required three day period FOR ANY REASON, a refund should be issued. If the
20   > applicant believes a refund is due, a letter should be written stating the particulars or,
      > if the applicant is in the agency, the form at Attachment E may be used.

21

22

23

24

25

26   *Chattler v. United States of America*, Case No. 07-4040MMC

27   Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                              7

1    Passports Services Instruction 2075 § 9 ("REFUNDS OF THE EXPEDITE FEE"). [2]   The form at

2    Attachment E had a place for the applicant's name and address, the date he or she paid the expedite

3    fee, the reason for the request, the applicant's date and place of birth, passport number, and the date

4    of issuance of the passport.

5         Upon submission of a refund request form or letter, the passport agency or center official

6    researched the request and determined whether a refund was due based on the processing history of

7    the requester's application. *See* 21 C.F.R. § 51.66. The basic information generally needed to

8    research an application record was name and date of birth (today, the social security number can be

9    substituted for date of birth). The research consisted of examining the passport application,

10   determining if the expedite fee had been paid, determining the date the application was received by

11   the agency, and then counting the number of business days that had elapsed before processing of the

12   passport was completed.

13        While passport agencies and centers researched and adjudicated entitlement to a refund of the

14   expedite fee, they did not issue payments. If the agency approved the refund, it sent the approval and

15   supporting paperwork to a refund official at the Department of State in Washington, DC, who would

16   submit a request for payment to the Treasury Department. The Treasury Department in turn issued a

17   check and sent it directly to the customer at the mailing address provided by the Department. If the

18   agency determined that a refund was not warranted, it directly so informed the customer.

19

20

21

_____

22        [2] The Passport Instructions also provided for refunds in the following unique circumstances:
     (1) the passport had to be reissued because the applicant did not receive the issued passport because of
23   a separate mistake on the part of the agency (usually because the agency misaddressed the mailing
     envelope); (2) the applicant had to refile because the application could not be located; and (3) the
24   applicant requested and was promised processing in less than three business days, received it *within*
     three business days but not as quickly as promised, and the delay seriously inconvenienced the applicant.
25   *See* Passport Services Instruction § 9.

26   *Chattler v. United States of America*, Case No. 07-4040MMC

27   Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                                8

1    On November 22, 1996, the Department reissued the Passport Services Instruction with

2    modifications. *See* Memorandum to Regional Directors, Director NPC, All Agency Staff Members,

3    and Office Directors from Acting Deputy Assistant Secretary for Passport Services re Collection,

4    Safeguarding and Deposit of Fees (Nov. 22, 1996) ("Passport Services Instruction 2060"). These

5    instructions maintained the Department's policy of customer requests initiating refunds of the

6    expedite fee but eliminated the requirement of written requests. Passport agencies therefore accepted

7    refund requests by phone, in person at the agency or center, in writing, or by inquiry through the

8    Department's call center. Occasionally, where agents realized that an applicant did not receive

9    expedited processing, they themselves initiated expedite refund requests. [3]

10    The Department did not thereafter reissue Passport Services Instruction 2075 or Passport

11    Services Instruction 2060. On occasion, however, the Department issued amendments to aspects of

12    the Department's refund process – none specific to the requirement of customers requests (until June

13    2007). In January 2004, the Department issued an instruction to all Regional Directors changing the

14    paperwork requirements for approved refund requests. *See* Memorandum to All Regional Directors

15    from Florence Fultz re Processing of Refunds (Jan. 7, 2004). Three months later then-Managing

16    Director of CA/PPT Ann Barrett distributed to All Regional Managing Directors a memorandum on

17    "Processing of Refunds for Issued and Abandoned Applications," intended to "supersede[] the

18    refund instructions memorandum dated January 7, 2004 and section (2)(A) of Attachment F of

19    Instruction 2060 dated November 22, 1996." [4] These instructions collectively have constituted the

20    _____

21    [3]  In unique circumstances, the Department issued refunds of the expedited fee even though the
application was processed in the required time but a passport did not issue at the end of the processing.
22    Examples of such circumstances include when the Department by law cannot issue a passport due to
child support arrearages or other holds (*see* 22 C.F.R. § 51.60) or where the Department cannot issue
23    a passport because the application is incomplete. Some agencies approved refunds in those
circumstances; others did not because the failure to issue the passport was not the fault of the agency.
24

25    [4]  Section (2)(A) of Attachment F governed the paperwork an agency was required to submit
(continued...)

26    *Chattler v. United States of America*, Case No. 07-4040MMC

27    Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28    9

1  Department's refund policies for the expedite fee throughout the existence of the expedited passport

2  processing service.

3      In June 2007, however, in an effort to enable personnel to concentrate on the increased

4  demand for passports following implementation of the first phase of the Western Hemisphere Travel

5  Initiative, the Department discontinued the practice of having passport agencies and centers

6  adjudicate refund requests and instead centralized all aspects of expedite fee refund requests in

7  Washington, D.C.  The Department also reinstated the practice of requiring *written* requests for

8  refunds of the expedite fee.  On www.travel.state.gov/passport/get/fees/fees.3529.html#, the

9  Department published information and instructions to customers seeking refunds.  That website

10  instructed customers who had reason to believe they did not receive expedited processing to submit

11  their requests for a refund of the expedite fee to:

12      Service Refund:
        Department of State
13      2999 Passport PL
        Washington, DC 20522-2999

14
15  On or about June 26, 2007, the Department also established the email address

16  RefundsAtPassportServices@state.gov to serve as a convenient portal for customers to submit

17  requests for refunds of the expedite fee.

18      The Service Refund Office processes written requests submitted on a "first in, first out"

19  basis.  Since it is not feasible or efficient for that office both to take telephone inquiries and promptly

20  process the requests already in the queue, customers who attempt to initiate refund requests by

21  telephone (whether they call agencies, the call center, or State Department offices in Washington,

22  DC) are directed to send a written request to either of the above mail or e-mail addresses.

23

24  _____

25      [4/] (...continued)
    for refund requests that were approved.

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                    10

1    When processing a submitted refund request, the refund official undertakes to locate the

2  correct passport record and verify that the expedite fee was paid by the requester, and then checks the

3  date the passport agency received the application and the date the passport was ready to mail or

4  available for pick-up.  The refund official uses a calendar to count the number of business days the

5  application remained in processing because the Travel Document Issuance System ("TDIS") does

6  not  perform that function automatically.  If the official determines that the requester did not receive

7  the expedited passport processing as set forth in the Department's regulations, the requester's name

8  and address are entered into the separate Global Financial Management System ("GFMS"), which

9  processes the issuance of the refund (accomplished by the Charlestown Financial Center and the

10  Department of the Treasury).  If a refund payment already has issued to the requester, the GFMS will

11  indicate that the requested payment would be a duplicate.

12    The Department's longstanding practice of requiring refund requests to initiate the inquiry

13  into a customer's entitlement to a refund is consistent with the practical limitations of the

14  Department's existing record systems.  The consular computer system on which the entitlement to a

15  refund is researched (i.e., TDIS) and the computer system used to request a refund from the Treasury

16  Department (i.e., GFMS) are entirely separate systems that require intervening manual steps (e.g.,

17  calculation of the number of business days the application was in processing and entry of the name

18  and address of the individual to receive the refund) before a refund can issue.

19

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                                11

1  **SPECIAL INTERROGATORY NO. 10:**

2      **State all facts supporting YOUR contention in paragraph 7 of the BARRETT**

3  **DECLARATION that personnel at passport acceptance facilities forward passport**

4  **applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent**

5  **to the Department for processing."**

6      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

7  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

8  Defendants accordingly are not required to provide any response to this Special Interrogatory.

9  **SPECIAL INTERROGATORY NO. 11:**

10     **State all facts supporting YOUR contention in paragraph 32 of the BARRETT**

11 **DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in**

12 **significant delays in the ability of the lockbox operator to forward the applications to the**

13 **appropriate passport agencies."**

14     Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

15 February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

16 Defendants accordingly are not required to provide any response to this Special Interrogatory.

17 **SPECIAL INTERROGATORY NO. 12:**

18     **Identify and describe all information, both currently and historically, that must be**

19 **provided from an applicant to YOU to qualify for a refund of an expedited processing fee.**

20     Subject to the General Objections and based on Defendants' understanding of this Special

21 Interrogatory, Defendants respond as follows:

22     Both currently and historically, the Department's inquiry into whether an applicant qualifies

23 for a refund is initiated by a request from the applicant or a person acting on the applicant's behalf.

24 As noted in the Response to Special Interrogatory No. 9, *supra*, the information provided by the

25 requester must be sufficient to enable the Department to locate the record and to identify the type of

26 *Chattler v. United States of America*, Case No. 07-4040MMC

27 Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                        12

1  refund being requested.  If, following such a request, the Department determines from its records that

2  the applicant paid for expedited service but failed to receive expedited processing as defined in 22

3  C.F.R. § 51.66 (effective February 1, 2008, renumbered 22 C.F.R. § 51.56), the applicant qualifies

4  for a refund of the expedite fee.  *See* Response to Special Interrogatory No. 13, *infra*.  In order for the

5  refund payment to issue, a current mailing address or bank routing information (for electronic fund

6  transfers) is needed.

7  **SPECIAL INTERROGATORY NO. 13:**

8      **Identify and describe all criteria used by YOU, both currently and historically, to**

9  **determine whether or not an applicant is entitled to a refund of the expedited processing fee.**

10      Subject to the General Objections and based on Defendants' understanding of this Special

11  Interrogatory, Defendants respond as follows:

12      Following a request for a refund of the expedite fee, the Department conducts an inquiry to

13  determine whether the requester is entitled to the refund.  For applications submitted between

14  October 1, 1994 and August 15, 2007, the criteria the Department used to determine whether an

15  applicant who paid for expedited processing was entitled to a refund of the expedite fee was as set

16  forth in 22 C.F.R. § 51.63: whether the applicant received the service as set forth in 22 C.F.R. §

17  51.66.  22 C.F.R. § 51.66 then provided that

18          Expedited passport processing shall mean completing processing within 3- business
        days commencing when the application reaches a Passport Agency or, if the

19          application is already with a Passport Agency, commencing when the request for
        expedited processing is approved.  The processing will be considered completed

20          when the passport is ready to be picked up by the applicant or is mailed to the
        applicant.

21

22  22 C.F.R. § 51.66(b).  Applicants who requested a refund of the expedite fee paid for applications

23  submitted between October 1, 1994 and August 15, 2007 were (and are) issued a refund when the

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                   13

1    Department did not complete processing of their application (as defined *supra*) within three business

2    days. [5/]

3        On August 16, 2007, the Department published an Interim Final Rule changing the

4    definition of expedited passport processing. *See* 72 Fed. Reg. 45888 (Aug. 16, 2007). Effective that

5    date, 22 C.F.R. § 51.66 provided that

> Expedited passport processing shall mean completing processing within the number
> of business days published on the Department's Web site,
> http://www.travel.state.gov, commencing when the application reaches a Passport
> Agency or, if the application is already with a Passport Agency commencing when the
> request for expedited processing is approved. The processing will be considered
> completed when the passport is ready to be picked up by the applicant or is mailed to
> the applicant.

10   22 C.F.R. § 51.66(b). Applicants who request a refund of the expedite fee paid for applications

11   submitted after August 15, 2007 are issued a refund if the Department did not complete processing

12   of their application (as defined *supra*) within the number of business days published on the

13   Department's website.

14       Effective February 1, 2008, the section numbers for the regulatory provisions governing

15   expedited processing changed. 22 C.F.R. § 51.63 is now 22 C.F.R. § 51.53 and 22 C.F.R. § 51.66 is

16   now 22 C.F.R. § 51.56. The current criteria for determining whether an applicant who paid for

17   expedited processing is entitled to a refund of the expedite fee is whether the applicant received the

18   service as set forth in 22 C.F.R. § 51.56. That section currently provides that

> Expedited passport processing shall mean completing processing within the number
> of business days published on the Department's website, consistent with the purposes
> of expedited processing, commencing when the application reaches a Passport
> Agency or, if the application is already with a Passport Agency commencing when the
> request for expedited processing is approved. The processing will be considered
> completed when the passport is ready to be picked up by the applicant or is mailed to
> the applicant, or a letter of passport denial is transmitted to the applicant.

---

[5/]    The Department initially counted three business days based on the precise time of day an application was stamped received. However, this practice proved to be unworkable and was quickly abandoned in favor of a normal three-day rule: the next business day after the application is received is day one, and so forth. This has been the practice since about 1995.

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Set of Special Interrogatories

14

1  22 C.F.R. § 51.56(b).  The number of business days presently published on the Department's website

2  is 10 days.

3  **SPECIAL INTERROGATORY NO. 14:**

4      **Identify and describe all assessments of passport processing time or expedited passport**

5  **processing time, including any statistical or data analyses, performance or data tracking, or**

6  **other measures or metrics, conducted or tracked by YOU during the Relevant Time Period,**

7  **including for each assessment:**

8            **(a)**    **with what frequency the assessment is or was conducted;**

9            **(b)**    **the date(s) on which the assessment was initiated;**

10            **(c)**    **a description of the assessment and its methodology, the reason for the**

11  **assessment, the name and address of the PERSONS to whom the results of the assessments are**

12  **given, and the uses of the information compiled, tracked, analyzed or produced by the**

13  **assessment;**

14            **(d)**    **the data or information used in conducting the assessment; and**

15            **(e)**    **the names and addresses of the PERSON or PERSONS responsible for**

16  **initiating and conducting the assessment.**

17      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

18  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

19  Defendants accordingly are not required to provide any response to this Special Interrogatory.

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                 15

1    **SPECIAL INTERROGATORY NO. 15:**

2          Identify and describe the policies, procedures and practices related to YOUR processing

3    of expedited passport applications, including in your answer:

4                    (a)      the location(s) where expedited passport applications are received and

5    processed;

6                    (b)      a description of the physical facilities;

7                    (c)      all information concerning the management of the facilities, including

8    whether they are run by YOU or by a contractor; who works at the facilities, including the job

9    descriptions and number of personnel; and who has access to the facilities;

10                   (d)      what records or information are created, maintained, stored or tracked at

11   the facilities; and

12                   (e)      a description of the work-flow, processes or procedures that occur in

13   relation to handling and processing expedited passport applications at the facilities.

14         Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

15   February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

16   Defendants accordingly are not required to provide any response to this Special Interrogatory.

17   **SPECIAL INTERROGATORY NO. 16:**

18         Identify and describe the policies, procedures and practices related to the "lockboxes"

19   described in the BARRETT DECLARATION, including in your answer:

20                   (a)      the location of the lockbox facilities;

21                   (b)      a description of the physical facilities;

22                   (c)      all information concerning the management of the lockbox facilities,

23   including whether they are run by YOU or by a contractor; who works at the facilities,

24   including the job descriptions and number of personnel; and who has access to the facilities;

25                   (d)      what records or information are created, maintained, stored or tracked at

26   *Chattler v. United States of America*, Case No. 07-4040MMC

27   Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                                          16

1  the lockbox facilities; and

2        **(e)**    **a description of the work-flow, processes or procedures that occur in**

3  **relation to handling and processing passport applications at the facilities.**

4      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

5  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

6  Defendants accordingly are not required to provide any response to this Special Interrogatory.

7  **SPECIAL INTERROGATORY NO. 17:**

8      **Identify and describe all assessments of the number of people who paid for expedited**

9  **passport processing and who did not receive expedited passport processing, including any**

10  **statistical or data analyses, performance or data tracking, or other estimates or reviews,**

11  **conducted by YOU during the Relevant Time Period, including for each assessment:**

12        **(a)**    **with what frequency the assessment is or was conducted;**

13        **(b)**    **the date(s) on which the assessment was initiated;**

14        **(c)**    **the results of the assessment;**

15        **(d)**    **a description of the assessment and its methodology, the reason for the**

16  **assessment, the name and address of the PERSONS to whom the results of the assessment were**

17  **given, and the uses of the information compiled, tracked, analyzed or produced by the**

18  **assessment;**

19        **(e)**    **the data or information used in conducting the assessment; and**

20        **(f)**    **the names and addresses of the PERSON or PERSONS responsible for**

21  **initiating and conducting the assessment.**

22      Defendants specifically object to this Special Interrogatory as outside the scope of the Court's

23  February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion.

24  Defendants accordingly are not required to provide any response to this Special Interrogatory.

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28              17

**CERTIFICATION**

I, Ann Barrett, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury, that I am the Deputy Assistant Secretary for Passport Services of the Bureau of Consular Affairs at the Department of State and have reviewed the foregoing Defendants' Responses to Plaintiff's First Set of Special Interrogatories and certify, based on personal knowledge and information provided to me in my official capacity, that the above answers are true and correct to the best of my knowledge, information, and belief.

Ann Barrett

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Set of Special Interrogatories

18

1   Date: March 21, 2008                    Respectfully submitted as to the Objections,

2

3                                           JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General
4                                           Civil Division

5
                                            JOSEPH P. RUSSONIELLO
6                                           United States Attorney
                                            Northern District of California
7

8                                           VINCENT M. GARVEY
                                            Deputy Branch Director
9

10

11

12                                          JACQUELINE COLEMAN SNEAD
                                            (D.C. Bar No. 459548)
13                                          Trial Attorney
                                            Federal Programs Branch, Civil Division
14                                          U.S. Department of Justice
                                            20 Massachusetts Avenue, N.W. Rm. 7214
15                                          Washington, DC 20530
                                            Tel: (202) 514-3418
16
                                            **Attorneys for Defendants**
17

18

19

20

21

22

23

24

25

26   *Chattler v. United States of America*, Case No. 07-4040MMC

27   Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28                                          19

1

**CERTIFICATE OF SERVICE**

2          This is to certify that a true and correct copy of the foregoing Defendants' Responses to

3  Plaintiff's First Set of Special Interrogatories was served by overnight courier on March 21, 2008 on:

4          Robert B. Carey, Esq.
           HAGENS BERMAN SOBOL SHAPIRO LLP
5          2425 East Camelback Road, Suite 650
           Phoenix, AZ 85016
6          Telephone: (602) 840-5900
           Facsimile: (602) 840-3012

7

8          Reed R. Kathrein, Esq.
           Shana E. Scarlett, Esq.
9          HAGENS BERMAN SOBOL SHAPIRO LLP
           715 Hearst Avenue, Suite 202
10         Berkeley, CA 94710
           Telephone: (510) 725-3000
11         Facsimile: (510) 725-3001

12                                              Jacqueline Coleman Snead

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *Chattler v. United States of America*, Case No. 07-4040MMC

27  Defendants' Responses to Plaintiff's First Set of Special Interrogatories

28