# Exhibit D

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA CHATTLER, <br><br> PLAINTIFF <br><br> v. <br><br> UNITED STATES OF AMERICA, DEPARTMENT OF STATE, <br><br> DEFENDANTS. | Case No. 07-4040MMC <br><br> Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories |

    Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, Defendants, the United States of America and the Department of State, by and through undersigned counsel, hereby provide a supplemental response to Plaintiff's First Set of Special Interrogatories.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories

**GENERAL OBJECTIONS**

1. Defendants object to each and every Special Interrogatory because they concern claims over which the Court lacks subject-matter jurisdiction as explained in Defendants' pending Motion for Judgment on the Pleadings. As such, each and every Special Interrogatory is unduly burdensome, oppressive, expensive, harassing, and irrelevant.

2. Defendants object to each and every Special Interrogatory to the extent it seeks information protected by the attorney-client, attorney-work product, deliberative process, or other recognized privilege.

3. Defendants object to each and every Special Interrogatory to the extent it seeks information whose disclosure is prohibited by statute, regulation, or Executive Order.

4. Defendants object to each and every Special Interrogatory to the extent it seeks to impose burdens inconsistent with or in addition to those required under the Federal Rules of Civil Procedure.

5. Defendants reserve the right to amend, supplement, or alter their Objections and Responses at any time.

Without waiving any of these General Objections, which are incorporated into the Response below, Defendants respond as follows:

# INTERROGATORIES

**SPECIAL INTERROGATORY NO. 3:**

**Identify and describe YOUR methodology for calculating the three (3) business day period referenced in 22 C.F.R. 51.66(b).**

Subject to the General Objections and based on Defendants' understanding of this Special Interrogatory, Defendants respond as follows: During the period October 1, 1994 until August 15, 2007, 22 C.F.R. § 51.66(b) provided that

> Expedited passport processing shall mean completing processing within 3- business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expedited processing is approved. The processing will be considered completed when the passport is ready to be picked up by the applicant or is mailed to the applicant.

22 C.F.R. § 51.66(b). The Department initially counted three business days based on the precise time of day an application was stamped received. However, this practice proved to be unworkable and was quickly abandoned in favor of a normal three-day rule: the next business day after the application is received is day one, and so forth. This has been the practice since about 1995.

Refund officials use a calendar and manually count the number of business days (i.e., **not** weekends or federal holidays) the application remained in processing because the Travel Document Issuance System ("TDIS") does not perform that function automatically.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories

3

## CERTIFICATION

I, Florence Fultz, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury, that I am the Acting Managing Director for Passport Services of the Bureau of Consular Affairs at the Department of State and have reviewed the foregoing Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories and certify, based on personal knowledge and information provided to me in my official capacity, that the above answer is true and correct to the best of my knowledge, information, and belief.

_____
Florence Fultz

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories

4

| | |
|---|---|
| Date: April 18, 2008 | Respectfully submitted as to the Objections, |

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

/s/ Jacqueline Coleman Snead

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories

5

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories was served by overnight courier on April 18, 2008 on:

Reed R. Kathrein, Esq.
Shana E. Scarlett, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

_____
Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories