# Exhibit E

REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE CHATTLER, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | No. C 07-04040 MMC<br><br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS<br><br><br><br><br><br>ACTION FILED: August 7, 2007 |

001980-11 213225 V1

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF |
| RESPONDING PARTY: | DEFENDANTS |
| SET NUMBER: | ONE |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to respond within thirty (30) days after service is made upon you for the following requests for production of documents, in writing and under oath, and to provide for inspection and copying of these documents at the offices of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, California 94710. In answering these requests for production of documents you should identify all documents within the possession, custody, or control of you, your attorneys, your agents or your employees.

Defendants are required to produce all requested documents that are in the Defendants' actual or constructive possession, custody or control, or in the actual or constructive possession, custody or control of the Defendants' officers, employees, agents, contractors, representatives or attorneys. Defendants shall produce said documents as they are kept in the usual course of business and shall organize and label them to correspond with the categories in the request.

Plaintiff requests that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## I.   DEFINITIONS

1. "BARRETT DECLARATION" refers to the Declaration of Ann Barrett In Support of Defendants' Motion to Dismiss, filed with the Court in this litigation on October 9, 2007.

2. "COMMUNICATIONS" shall mean any communication or transmittal of information whatsoever, whether oral (in person or by telephone) or written or by e-mail, between or among any PERSONS (in the form of facts, ideas, inquiries, or otherwise), and the originals and all non-identical copies of all documents, including drafts, sent by YOU or received by YOU from any PERSON (including, without limitation, inter- and intra-office memoranda, and other communications).

3. "DOCUMENT" or "DOCUMENTS" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34

1  and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "DOCUMENTS" includes both hard copy DOCUMENTS as well as electronically stored data-files including e-mail, instant messaging, shared network files and databases. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

4. "YOU" and "YOUR" mean or refer to the responding party, and its predecessors in interest, subsidiaries, affiliates, parents, partners, holding companies, divisions, departments, operating units, contractors and/or other subdivisions; their present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all PERSONS either acting or purporting to act on behalf of the above or any of them.

5. "PERSON" or "PERSONS" shall mean any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission or political subdivision or department thereof) or any other form of business or legal entity, organization or arrangement, group or association.

6. "RELATING TO" or "RELATE TO" means, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove or explaining.

7. The following rules of construction shall apply to all discovery requests:

(a) The terms "all" and "each" shall be construed as all and each;

(b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c) "Concerning" means RELATING TO, referring to, describing, evidencing or constituting;

      (d)    "Including" shall be construed to mean "without limitation"; and

      (e)    The use of the singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

1. These requests call for the production of all responsive DOCUMENTS that are within the possession, custody or control of YOU.

2. If any DOCUMENT covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld DOCUMENT: date, author, recipients, general subject matter and legal basis upon which the DOCUMENT has been withheld.

3. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

4. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed. YOU are also requested to immediately meet and confer regarding the manner in which YOU shall produce DOCUMENTS stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

5. Please organize electronic DOCUMENTS produced for inspection in the same manner that YOU store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize DOCUMENTS for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.)

6. To the extent responsive DOCUMENTS reside on databases and other such systems and files, YOU are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

7. At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and

in an appropriate and usable manner (e.g., by copying such data onto a USB 2.0 external hard drive).

8. These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, binders and other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

9. DOCUMENTS stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

10. Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by YOUR response.

11. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

12. If YOU object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

13. If YOU are unable to answer any document request, the reasons for YOUR inability to answer shall be separately stated in detail for each document request.

14. Failure to provide information in response to these document requests will be deemed a waiver of YOUR right to produce such evidence at trial. Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to this Request.

15. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

PL.'S FIRST REQ. FOR PROD. OF DOCS. – NO. C 07-04040 MMC     - 4 -

001980-11 213225 V1

### III.   RELEVANT TIME PERIOD

Unless otherwise indicated, this discovery request seeks DOCUMENTS and information concerning the time period, January 1, 2001 to the present (the "Relevant Time Period") or that RELATE TO the Relevant Time Period, whenever prepared.

### IV.   REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS supporting the statement in paragraph 46 of the BARRETT DECLARATION that "The Department's refund procedure . . . reflects the Department's longstanding practices regarding refunds of the expedited service fee."

**REQUEST NO. 2:**

All DOCUMENTS supporting the statement in paragraph 7 of the BARRETT DECLARATION that personnel at passport acceptance facilities forward passport applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for processing."

**REQUEST NO. 3:**

All DOCUMENTS supporting the statement in paragraph 32 of the BARRETT DECLARATION that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

**REQUEST NO. 4:**

All public statements made by YOU regarding refunds of expedited processing fees, including but not limited to all statements made on the Internet, news articles, telephone scripts, form responses to inquiries from passport applicants, press releases or other public COMMUNICATIONS, DOCUMENTS provided to Congress, its members or their staff and Congressional testimony.

**REQUEST NO. 5:**

All public statements made by YOU regarding delays in processing passport applications, including both routine applications and expedited processing requests, including but not limited to

all statements made on the Internet, news articles, telephone scripts, form responses to inquiries from passport applicants, press releases or other public COMMUNICATIONS, DOCUMENTS provided to Congress, its members or their staff and Congressional testimony.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED TO YOUR refund procedures for expedited passport processing fees, including but not limited to training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO the policies, procedures and practices RELATED TO the "lockboxes" described in the BARRETT DECLARATION, including but not limited to training materials, procedures, manuals, memos, work-flow charts, notices, bulletins and contracts.

**REQUEST NO. 8:**

All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED TO YOUR handling of requests for expedited passport processing, including but not limited to training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

**REQUEST NO. 9:**

All versions of YOUR Web pages, current and historical, found at or in any level of the subdirectory of http://travel.state.gov/passport during the Relevant Time Period and all Web pages linked from this page up to three (3) levels deep that are also resident on YOUR web server.

**REQUEST NO. 10:**

All versions, current and historical, of the page http://travel.state.gov during the Relevant Time Period.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO any assessment(s) of passport processing time or expedited passport processing time, including any statistical or data analyses, performance or data

tracking, or other measures or metrics, conducted or tracked by YOU and all DOCUMENTS reflecting the results of the assessment(s).

**REQUEST NO. 12:**

All COMMUNICATIONS RELATING TO any assessment(s) of passport processing time or expedited passport processing time.

**REQUEST NO. 13:**

All DOCUMENTS relied upon or used by YOU in conducting any assessment(s) of passport processing time or expedited passport processing time.

**REQUEST NO. 14:**

All DOCUMENTS RELATING TO any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing, including but not limited to any statistical or data analyses, performance or data tracking, or other estimates or reviews and all DOCUMENTS reflecting the results of the assessment(s).

**REQUEST NO. 15:**

All COMMUNICATIONS concerning any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing.

**REQUEST NO. 16:**

All DOCUMENTS relied upon or used in conducting any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing.

**REQUEST NO. 17:**

All DOCUMENTS RELATING TO any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request and all DOCUMENTS reflecting the results of the assessment(s).

**REQUEST NO. 18:**

All COMMUNICATIONS concerning any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request.

PL.'S FIRST REQ. FOR PROD. OF DOCS. – NO. C 07-04040 MMC     - 7 -

001980-11 213225 V1

**REQUEST NO. 19:**

All DOCUMENTS relied upon or used in conducting any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request.

**REQUEST NO. 20:**

All DOCUMENTS RELATED TO the decision to alter or change YOUR policies and procedures RELATED TO handling requests for refunds of expedited passport processing fees.

**REQUEST NO. 21:**

All DOCUMENTS RELATED TO YOUR decision to alter 22 C.F.R. 51.66(b), including but not limited to all COMMUNICATIONS, meeting minutes, e-mails, reports or other material.

**REQUEST NO. 22:**

All DOCUMENTS RELATING TO YOUR statement in the Federal Register, 59 FR 48998, that "[t]here will be situations in which expedited passport processing cannot be completed within three days.... The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded."

**REQUEST NO. 23:**

All DOCUMENTS that were identified in answer to, or the identification of which were requested in, or assisted YOU with or were created during the process of responding to Plaintiff's First Set of Special Interrogatories, including printouts showing the result of the use or search of any and all databases, files, or other electronic or computer systems utilized in this process; and any and all programming, command language, codes, or other queries or searches formulated or used in this process.

DATED: January 30, 2008           HAGENS BERMAN SOBOL SHAPIRO, LLP

By ___S. Scarlett___
SHANA E. SCARLETT

Reed R. Kathrein (139304)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202

|     |                                                          |
| --- | -------------------------------------------------------- |
| 1   | Berkeley, CA  94710                                      |
|     | Telephone: (510) 725-3000                                |
| 2   | Facsimile: (510) 725-3001                                |
| 3   | Robert B. Carey (*Pro Hac Vice*)                         |
|     | Hagens Berman Sobol Shapiro LLP                          |
| 4   | 2425 East Camelback Road, Suite 650                      |
|     | Phoenix, AZ  85016                                       |
| 5   | Telephone: (602) 840-5900                                |
|     | Facsimile: (602) 840-3012                                |
| 6   |                                                          |
|     | Steve Berman (*Pro Hac Vice*)                            |
| 7   | Hagens Berman Sobol Shapiro LLP                          |
|     | 1301 Fifth Avenue, Suite 2900                            |
| 8   | Seattle, WA  98101                                       |
|     | Telephone: (206) 623-7292                                |
| 9   | Facsimile: (206) 623-0594                                |
| 10  | Megan E. Waples (*Pro Hac Vice*)                         |
|     | The Carey Law Firm                                       |
| 11  | 2301 East Pikes Peak Avenue                              |
|     | Colorado Springs, CO  80909                              |
| 12  | Telephone: (719) 635-0377                                |
|     | Facsimile: (719) 635-2920                                |
| 13  |                                                          |
|     | Attorneys for Plaintiff                                  |
| 14  |                                                          |

**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

2. That on January 30, 2008, declarant served by overnight delivery, via United Parcel Service, Inc., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to the parties listed on the attached Service List.

3. That on January 30, 2008, declarant served by e-mail, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January, 2008, at Berkeley, California.

_____
KIRSTEN ERICKSON

*Chattler v. The United States of America, et al.*
Case No. C 07-04040 JL

Service List
January 30, 2008

**Counsel for Defendants**

Jacqueline Coleman Snead
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
jacqueline.snead@usdoj.gov


**Counsel for Plaintiff**

Megan E. Waples
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920
mwaples@careylaw.com

001980-11 188732 V1