# Exhibit F

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

       Attorneys for the Defendants.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA CHATTLER,<br><br>PLAINTIFF<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF STATE,<br><br>DEFENDANTS. | Case No. 07-4040MMC<br><br>Defendants' Responses to Plaintiff's<br>First Request for Production of Documents |

       Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, Defendants, the United States of America and the Department of State, by and through undersigned counsel, hereby respond to Plaintiff's First Request for Production of Documents.

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Request for Production of Documents

## GENERAL OBJECTIONS

1. Defendants object to each and every Document Request because they concern claims over which the Court lacks subject-matter jurisdiction as explained in Defendants' pending Motion to Dismiss. As such, each and every Document Request is unduly burdensome, oppressive, expensive, harassing, and irrelevant.

2. Defendants object to each and every Document Request to the extent it seeks information protected by the attorney-client, attorney-work product, deliberative process, or other recognized privilege.

3. Defendants object to each and every Document Request to the extent it seeks information whose disclosure is prohibited by statute, regulation, or Executive Order.

4. Defendants object to each and every Document Request to the extent it seeks to impose burdens inconsistent with or in addition to those required under the Federal Rules of Civil Procedure.

5. Defendants reserve the right to amend, supplement, or alter their Objections and Responses at any time.

Without waiving any of these General Objections, which are incorporated into each Response below, Defendants respond as follows:

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

**All DOCUMENTS supporting the statement in paragraph 46 of the BARRETT DECLARATION that "The Department's refund procedure... reflects the Department's longstanding practices regarding refunds of the expedited service fee."**

Subject to the General Objections and based on Defendants' understanding of this Document Request, Defendants attach hereto at Bates Range DOS 000001 - DOS 000354, the non-privileged, responsive documents yielded by the Department's search to date for responsive information.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

2

**REQUEST NO. 2:**

All **DOCUMENTS** supporting the statement in paragraph 7 of the **BARRETT DECLARATION** that personnel at passport acceptance facilities forward passport applications to a lockbox, "where they are generally held for up to 24 hours prior to being sent to the Department for processing."

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO.3:**

All **DOCUMENTS** supporting the statement in paragraph 32 of the **BARRETT DECLARATION** that lockbox facilities were quickly overwhelmed and that "[t]his resulted in significant delays in the ability of the lockbox operator to forward the applications to the appropriate passport agencies."

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 4:**

**All public statements made by YOU regarding refunds of expedited processing fees, including but not limited to all statements made on the Internet, news articles, telephone scripts, form responses to inquiries from passport applicants, press releases or other public COMMUNICATIONS, DOCUMENTS provided to Congress, its members or their staff and Congressional testimony.**

Subject to the General Objections and based on Defendants' understanding of this Document Request, Defendants attach hereto at Bates Range DOS 000146 - DOS 000354, the non-privileged, responsive documents yielded by the Department's search to date for responsive information.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

**REQUEST NO. 5:**

All public statements made by YOU regarding delays in processing passport applications, including both routine applications and expedited processing requests, including but not limited to all statements made on the Internet, news articles, telephone scripts, form responses to inquiries from passport applicants, press releases or other public COMMUNICATIONS, DOCUMENTS provided to Congress, its members or their staff and Congressional testimony.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED TO YOUR refund procedures for expedited passport processing fees, including but not limited to training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

Subject to the General Objections and based on Defendants' understanding of this Document Request, Defendants attach hereto at Bates Range DOS 000001 - DOS 000145, the non-privileged, responsive documents yielded by the Department's search to date for responsive information.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

4

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO the policies, procedures and practices RELATED TO the "lockboxes" described in the BARRETT DECLARATION, including but not limited to training materials, procedures, manuals, memos, work-flow charts, notices, bulletins and contracts.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 8:**

All DOCUMENTS RELATING TO YOUR policies, procedures and practices RELATED TO YOUR handling of requests for expedited passport processing, including but not limited to training materials, memoranda, e-mails, bulletins, staff notices, employee manuals, and formal or informal procedures or statements of policy, work-flow charts, notices, bulletins and contracts.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 9:**

All versions of YOUR Web pages, current and historical, found at or in any level of the subdirectory http://travel.state.gov/passport during the Relevant Time Period and all Web pages linked from this page up to three (3) levels deep that are also resident on YOUR web server.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Request for Production of Documents

5

**REQUEST NO. 10:**

All versions, current and historical, of the page http://travel.state.gov during the Relevant Time Period.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO any assessment(s) of passport processing time or expedited passport processing time, including any statistical or data analyses, performance or data tracking, or other measures or metrics, conducted or tracked by YOU and all DOCUMENTS reflecting the results of the assessment(s).

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 12:**

All COMMUNICATIONS RELATING TO any assessment(s) of passport processing time or expedited passport processing time.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 13:**

**All DOCUMENTS relied upon or used by YOU in conducting any assessment(s) of passport processing time or expedited passport processing time.**

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 14:**

**All DOCUMENTS RELATING TO any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing, including but not limited to any statistical or data analyses, performance or data tracking, or other estimates or reviews and all DOCUMENTS reflecting the results of the assessment(s).**

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 15:**

**All COMMUNICATIONS concerning any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing.**

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Request for Production of Documents

7

**REQUEST NO. 16:**

All DOCUMENTS relied upon or used in conducting any assessment(s) of the number of people who paid for expedited passport processing and who did not receive expedited passport processing.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 17:**

All DOCUMENTS RELATING TO any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request and all DOCUMENTS reflecting the results of the assessment(s).

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 18:**

All COMMUNICATIONS concerning any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

**REQUEST NO. 19:**

All DOCUMENTS relied upon or used in conducting any assessment(s) of YOUR ability to pay refunds of expedited processing fees automatically, without requiring a passport applicant to initiate the request.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 20:**

All DOCUMENTS RELATED TO the decision to alter or change YOUR policies and procedures RELATED TO handling requests for refunds of expedited passport processing fees.

Subject to the General Objections and based on Defendants' understanding of this Document Request, Defendants attach hereto at Bates Range DOS 000355 - DOS 000378, the non-privileged, responsive documents yielded by the Department's search to date for responsive information.

**REQUEST NO. 21:**

All DOCUMENTS RELATED TO YOUR decision to alter 22 C.F.R. 51.66(b), including but not limited to all COMMUNICATIONS, meeting minutes, e-mails, reports or other material.

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

9

**REQUEST NO. 22:**

All DOCUMENTS RELATING TO YOUR statement in the Federal Register, 59 FR 48998, that "[t]here will be situations in which expedited passport processing cannot be completed within three days. . . The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded."

Defendants specifically object to this Document Request as outside the scope of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative exhaustion. Defendants accordingly are not required to provide any response to this Document Request.

**REQUEST NO. 23:**

All DOCUMENTS that were identified in answer to, or the identification of which were requested in, or assisted YOU with or were created during the process of responding to Plaintiff's First Set of Special Interrogatories, including printouts showing the result of the use or search of any and all databases, files, or other electronic or computer systems utilized in this process; and any and all programming, command language, codes, or other queries or searches formulated or used in this process.

Defendants specifically object to this Document Request to the extent it seeks information protected from disclosure by the Privacy Act. Subject to this specific objection and the General Objections and based on Defendants' understanding of this Document Request, Defendants did not identify in their search to date for responsive information any non-privileged documents solely responsive to this Document Request. All of the documents Defendants produced in response to other Document Requests are additionally responsive to this Document Request. *See* DOS 000001 - DOS 000378.

*Chattler v. United States of America*, Case No. 07-4040MMC
Defendants' Responses to Plaintiff's First Request for Production of Documents

Date: March 21, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

/s/ Jacqueline Coleman Snead

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for Defendants**

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Request for Production of Documents

11

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants' Responses to Plaintiff's First Request for Production of Documents was served by overnight courier on March 21, 2008 on:

Robert B. Carey, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Reed R. Kathrein, Esq.
Shana E. Scarlett, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

_____
Jacqueline Coleman Snead

*Chattler v. United States of America*, Case No. 07-4040MMC

Defendants' Responses to Plaintiff's First Request for Production of Documents