# Exhibit G



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue N.W. Rm 7214
Washington, DC 20530

---

Jacqueline Coleman Snead                    Tel: (202) 514-3418
Trial Attorney                              Fax: (202) 616-8470


April 23, 2008


VIA OVERNIGHT COURIER
Shana Scarlett, Esq.
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

      Re:    *Chattler v. United States*, Case No. 07-4040-MMC

Dear Shana:

      This letter follows up the parties' meet and confer on April 9, 2008 and your emailed letter of April 17, 2008 purporting to summarize that meet and confer. Although you requested that I notify you as soon as possible if your letter failed to reflect my understanding of our meet and confer, which I promptly did by return email on April 17, 2008, you nevertheless filed your letter as an attachment to Plaintiff's Motion to Exclude Improper Factual Assertions from the Motion for Judgment on the Pleadings (filed Apr. 18, 2008), without any inquiry into the validity of the discrepancies I identified. In your haste to file your motion on April 18, 2008, I am concerned your letter has created a mistaken impression for the Court about the discovery to date in this case and therefore want to correct any misimpression you may have following our meet and confer.

      As you know, pursuant to the Court's Order of February 20, 2008, Defendants initially responded on March 21, 2008 to Special Interrogatories Nos. 7, 8, 9, 12, and 13 and Document Requests 1, 4, 6, and 20 because those requests specifically referenced refunds of the expedite fee and therefore were within the scope of the Court's order permitting discovery "pertinent to exhaustion of administrative remedies." Order of February 20, 2008 [Dkt. No. 56]. In your letter of April 2, 2008, you contended that Interrogatory No. 3, which asked for a description of the Department's "methodology for calculating the three (3) business day period referenced in 22 C.F.R. 51.66(b)," and Document Request No. 22, which requested documents related to a statement you quoted from 59 Fed. Reg. 48998 (Sept. 26, 1994), also were within the scope of the Court's order. I did not take issue with

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue N.W. Rm 7214
Washington, DC 20530

---

Jacqueline Coleman Snead                                Tel: (202) 514-3418
Trial Attorney                                          Fax: (202) 616-8470

your contention and agreed during the meet and confer that Defendants would respond to both requests.[1]

We disagreed, however, on Plaintiff's position that the discovery requests related to the lockbox facilities were within the scope of the Court's Order. I explained that, as discussed in the Barrett Declaration filed in support of Defendants' Motion to Dismiss, the lockbox precedes the passport application's arrival at a passport agency, which is when the 3-day period for expedited passport processing commenced by regulation.[2] *See* Barrett Declaration ¶¶ 8-9 (filed Oct. 9, 2007). Therefore, it follows that since lockboxes have nothing whatsoever to do with expedited passport processing, they also have nothing to do with the Department's process for refunding the fee paid for that service. For that reason, Defendants dispute Plaintiff's contention that the discovery requests related to lockboxes are "pertinent to exhaustion of administrative remedies" and thus within the scope of the Court's Order. In the course of my providing that explanation, you correctly pointed out that Defendants had not separately answered Interrogatory No. 3, which requested the methodology for calculating the three business days. Even though we had provided that information elsewhere in our discovery responses, I agreed to respond to that Interrogatory and represented that the response would confirm that the time an application spends in the lockbox is not part of that calculation. I did not represent as your letter states that Defendants' "answer to Interrogatory Number 3 will be that the time an application spends in a lockbox is not included in the three business day calculation." That conclusion, however, necessarily follows from the response Defendants did provide. *See* Defendants' Supplemental Response to Plaintiff's First Set of Special Interrogatories (Apr. 18, 2008).

We also did not agree initially on whether Document Requests No. 9 and 10 were within the scope of the Court's Order.[3] Those requests sought historical versions of the Department's website www.state.gov. I explained that, to the extent those requests sought information related to the Department's administrative process for refunding the expedite fee, they were coextensive with

---

[1] Defendants' eventual response to Interrogatory No. 3 previously was provided within the responses produced on March 21, 2008 to Interrogatory Nos. 9 and 13.

[2] As you know, effective August 16, 2007, the definition of expedited passport processing was changed, and the 3-day period is no longer the standard.

[3] Otherwise, Plaintiff did not take issue with the remaining discovery requests that Defendants did not answer as outside the scope of the Court's Order.

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue N.W. Rm 7214
Washington, DC  20530

---

Jacqueline Coleman Snead                          Tel:  (202) 514-3418
Trial Attorney                                    Fax: (202) 616-8470

Document Request No. 4 to which Defendants previously had responded. You asked whether printouts from the website captured the date the information was posted on the Department's website. I explained that the printout on the refund process that was included in Defendants' production did not contain that information. I agreed to find out whether that information could be captured on printouts, and it cannot be captured on the printouts themselves.[4] The Department, however, can determine what information posted on any particular date because Rhythmyx, the content management software for travel.state.gov, automatically stores a copy of a page's final content following each revision. Thus, webpages can be compared to determine the differences in content before and after a revision date.[5] Using that methodology, the Department is able to identify the website page referenced in the Complaint. *See* Compl. ¶ 80.

Although your April 17, 2008 letter correctly described certain of my representations about the Department's search to date, other descriptions were inaccurate. I indicated that the Department had completed its search with the exception of the office of Resource Management and the files of one Department attorney. I did not represent, as your letter suggests, that I would be producing documents from those sources. Rather, I indicated that I expected to produce additional documents but had produced the lion's share already because I expected that any documents in the files of the attorney would be withheld and reflected on Defendants' privilege log. With this letter, I enclose that privilege log as well as documents yielded by the Department's outstanding searches. As the privilege log reflects, Defendants have asserted the deliberative process privilege over documents discussing or reflecting policy, regulatory, and similar decisions under consideration by the Department but predecisional to final agency action. Thus, documents such as the "July 13 Memorandum" and "drafts or versions of Appendix M," referenced in your letter, are not included in the document production. As of this transmission, Defendants have completed their response to those discovery requests within the scope of the Court's Order.

---

[4] Your April 17, 2008 letter incorrectly stated that I would "ensure that the printout captured this information."

[5] Plaintiff previously obtained similar information through a publicly available service provided by Internet Archive, http://archive.org, which allows users to see what posted on a particular website on a specific date. Indeed, Plaintiff relied on that source to support her Motion to Stay Ruling on Motion to Dismiss filed last December. *See* Declaration of Shana Scarlett in Support of Plaintiff's Motion to Stay Ruling on Motion to Dismiss (filed Dec. 18, 2007) [Dkt. 32].

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue N.W. Rm 7214
Washington, DC 20530

---

Jacqueline Coleman Snead                    Tel: (202) 514-3418
Trial Attorney                              Fax: (202) 616-8470

Defendants do not agree with your suggestion that the filing of their Rule 12(c) motion on April 14, 2008 expanded the scope of Defendants' discovery obligations. In the Court's Order limiting discovery to those issues pertinent to administrative exhaustion, the Court concluded that three of the four arguments raised in Defendants' then-pending Motion to Dismiss were "legal in nature, and the Court's resolution thereof does not require or entail resolution of any fact." Order of February 20, 2008 at 3. The Court, however, concluded that the fourth argument based on administrative exhaustion "has a factual basis" and accordingly the Court ordered that discovery pertinent to that issue should proceed because "the Court Cannot determine whether it will be necessary or advisable to reach the exhaustion issue." *Id.* Defendants' Motion for Judgment on the Pleadings raises the same threshold legal and exhaustion issues as the Motion to Dismiss, and thus there is no reason to believe that the Court will reach a different decision on the propriety of further discovery until those issues are resolved. Moreover, to the extent that any factually based arguments are raised in Defendants' Motion for Judgment on the Pleadings, they are the same arguments on which the Court already ordered discovery to proceed, specifically, the Department's "established process for refunding the expedite[] fee to applicants who failed to receive the required service." *Id.* As already discussed, Defendants have responded to Plaintiff's discovery requests pertinent to that issue. For these reasons, Defendants will not agree to respond to additional discovery requests in the absence of a new Court order.

Finally, in follow up to the concerns Defendants' raised about Plaintiff's responses to Defendants' discovery requests related to administrative exhaustion, I request clarification on your representation that Plaintiff considers the instant lawsuit an effort to request a refund of the expedite fee she allegedly paid.[6] If, by that representation, your client would like the Department to regard this lawsuit as a request for a refund through the Department's administrative process, please so advise so that the Department can proceed with processing her request. As we previously have represented, that process takes approximately six weeks from the time a request is submitted before a refund issues if the requester paid for but did not receive expedited service.

---

[6] Even though this lawsuit was not identified in Plaintiff's response to Interrogatory No. 2 which requested that she "describe all facts and identify all documents relating to any effort by you or any potential class member to obtain or request a refund of any fee paid for expedited processing of a passport application, including, but not limited to, any communications with the Department," you subsequently indicated that, in your view, such identification was not required since this lawsuit is a matter of public record. *See* Defendants' First Set of Interrogatories re Administrative Exhaustion (Feb. 25, 2008) (Interrogatory No. 2).

- 4 -

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue N.W. Rm 7214
Washington, DC 20530

---

Jacqueline Coleman Snead                    Tel:  (202) 514-3418
Trial Attorney                              Fax: (202) 616-8470


     If you have any questions about the enclosed materials or would like to discuss further any of the issues raised herein, please do not hesitate to contact me.  I look forward to receiving the requested clarification as soon as possible.



                    Sincerely,


             JACQUELINE COLEMAN SNEAD
                   Trial Attorney
             Federal Programs Branch
               Civil Division




Enclosures

- 5 -