1

2

3

4

5

6

7

8

9

10

11                              UNITED STATES DISTRICT COURT

12                            NORTHERN DISTRICT OF CALIFORNIA

13                               SAN FRANCISCO DIVISION

14   JULIE CHATTLER, On Behalf of Herself and   )   No. 07-cv-04040-MMC
     All Others Similarly Situated,             )
15                                              )   [PROPOSED] ORDER COMPELLING
                                     Plaintiff, )   DEFENDANTS' RESPONSES TO
16                                              )   PLAINTIFF'S FIRST SET OF REQUESTS
           v.                                   )   FOR PRODUCTION OF DOCUMENTS
17                                              )   AND SPECIAL INTERROGATORIES
     THE UNITED STATES OF AMERICA and           )
18   THE UNITED STATES DEPARTMENT OF            )
     STATE,                                     )
19                                              )
                                    Defendants. )
20   _____)

21

22

23

24

25

26

27

28

001980-11  238684 V1

1          This matter comes before the Court on Plaintiff's Motion to Compel Responses to Plaintiff's

2     First Set of Requests for Production of Documents and Special Interrogatories ("Motion").

3          Upon consideration of the foregoing Motion, the papers submitted in support and opposition

4     thereto, and good cause appearing, IT IS HEREBY ORDERED that:

5          Plaintiff's Motion is GRANTED.  In January 2008, Plaintiff Chattler served discovery on

6     Defendants.  Shortly thereafter, Defendants moved to stay discovery pending resolution of

7     Defendants' motion to dismiss, arguing that they were not required to respond to *any* of Plaintiff's

8     discovery requests.  On February 20, 2008, this Court granted in part and denied in part Defendants'

9     motion to stay discovery.  In its Order, this Court recognized that in its then-pending Second Motion

10    to Dismiss, the government had raised a number of facts relevant to the application of the exhaustion

11    requirement.  Therefore, the Court denied Defendants' motion to the extent Plaintiff sought

12    discovery pertinent to exhaustion of administrative remedies.  Defendants have refused to respond to

13    a number of Plaintiff's requests, including Special Interrogatories Nos. 3, 10, 11 and 16, and

14    Requests for Production of Document Nos. 2, 3 and 7, suggesting that they are not related to the

15    prudential exhaustion affirmative defense.

16         The disputed discovery requests relate to Defendants' methodology of calculating the three-

17    business day requirement of 22 C.F.R. § 51.66 (effective February 1, 2008, renumbered 22 C.F.R.

18    § 51.56) and Defendant's inclusion or exclusion of lockboxes from this calculation (Special

19    Interrogatory No. 3), Defendants' control over and policies regarding lockboxes (Document Request

20    No. 7 and Special Interrogatory No. 16) and Defendants' affirmative statements regarding lockboxes

21    (Document Requests Nos. 2 and 3, and Special Interrogatories Nos. 10 and 11).

22         The Supreme Court has held that where the government has implemented a "systemwide,

23    unrevealed policy that was inconsistent in critically important ways with established regulations,"

24    exhaustion of administrative remedies was futile and not required. *Bowen v. City of New York*, 476

25    U.S. 467, 485 (1986).  Plaintiff suggests that discovery may demonstrate that Defendants: (a) are

26    excluding time in lockboxes from the three-day calculation; and yet (b) retain control over the timing

27    and removal of applications from lockboxes.  If this is the case, then Defendants' policy – of

28    providing expedited service in three-business days plus time spent in the lockbox – may be critically

[PROPOSED] ORD. COMPELLING DEFS.' RESP. TO PL.'S
FIRST SET OF REQ. FOR PRODUC. OF DOCS. AND
SPECIAL INTERROGS. – No. 07-cv-04040-MMC

- 1 -

1    different from the regulatory requirement of three-day processing found in 22 C.F.R. § 51.66.

2    Plaintiff is entitled to discovery regarding Defendants' calculation of the three-day period of 22

3    C.F.R. § 51.66 and the circumstances surrounding the government's use of lockboxes.

4    In addition, "exhaustion is not required if administrative remedies are inadequate or not

5    efficacious." *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980).  In advocating

6    their affirmative defense of prudential exhaustion, Defendants have repeatedly stated that their

7    existing refund scheme is effective and efficient.  Plaintiff is entitled to test the adequacy of

8    Defendants' refund scheme and present evidence to this Court regarding its efficacy.  This includes

9    discovery regarding Defendants' calculation of the three-day period of 22 C.F.R. § 51.66 and the

10   circumstances surrounding the government's use of lockboxes.

11   The last category of discovery requests involves documents and information supporting

12   affirmative statements made by Defendants in the Declaration of Ann Barrett In Support of

13   Defendants' Motion to Dismiss, filed October 9, 2007, including that the lockboxes were the source

14   of "significant delays" in processing expedited passport applications and that applications are

15   "generally held for up to 24 hours" at lockbox facilities.  Plaintiffs are entitled to test the "accuracy

16   and completeness" of factual assertions made in an affidavit. *See Anderson v. Creighton,* 483 U.S.

17   635, 657 (1987).

18   Defendants have seven (7) calendar days from the date of entry of this order to respond in full

19   to Special Interrogatories Nos. 3, 10, 11 and 16, and Requests for Document Nos. 2, 3 and 7,

20   contained in Plaintiff's first set of discovery requests.

21

22   DATED: _____    _____

23   HONORABLE MAXINE M. CHESNEY
     UNITED STATES DISTRICT COURT JUDGE

24   Submitted by:

25   DATED: May 9, 2008

26   HAGENS BERMAN SOBOL SHAPIRO LLP

27

     _____/s/ Shana E. Scarlett_____
28   SHANA E. SCARLETT

     [PROPOSED] ORD. COMPELLING DEFS.' RESP. TO PL.'S
     FIRST SET OF REQ. FOR PRODUC. OF DOCS. AND          - 2 -
     SPECIAL INTERROGS. – No. 07-cv-04040-MMC

1   Reed R. Kathrein (139304)
    715 Hearst Avenue, Suite 202
2   Berkeley, CA  94710
    Telephone: (510) 725-3000
3   Facsimile: (510) 725-3001
    reed@hbsslaw.com
4   shanas@hbsslaw.com

5   Robert B. Carey (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
6   2425 East Camelback Road, Suite 650
    Phoenix, AZ  85016
7   Telephone: (602) 840-5900
    Facsimile: (602) 840-3012
8   rob.carey@att.net

9   Steve Berman (*Pro Hac Vice)*
    HAGENS BERMAN SOBOL SHAPIRO LLP
10  1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
11  Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
12  steve@hbsslaw.com

13  Megan E. Waples (*Pro Hac Vice*)
    THE CAREY LAW FIRM
14  2301 East Pikes Peak Avenue
    Colorado Springs, CO  80909
15  Telephone: (719) 635-0377
    Facsimile: (719) 635-2920
16  mwaples@careylaw.com

17  Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORD. COMPELLING DEFS.' RESP. TO PL.'S          - 3 -
FIRST SET OF REQ. FOR PRODUC. OF DOCS. AND
SPECIAL INTERROGS. – No. 07-cv-04040-MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                   /s/ Shana E. Scarlett
                                                   SHANA E. SCARLETT

[PROPOSED] ORD. COMPELLING DEFS.' RESP. TO PL.'S
FIRST SET OF REQ. FOR PRODUC. OF DOCS. AND
SPECIAL INTERROGS. – No. 07-cv-04040-MMC

- 4 -

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use
your mouse to select and copy this list into your word processing program in order to create notices or labels for
these recipients.

- (No manual recipients)