GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M. GARVEY
Deputy Branch Director

JACQUELINE COLEMAN SNEAD
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm 7214
Washington, DC 20530
Tel: (202) 514-3418

Attorneys for the Defendants.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA CHATTLER,** | Case No. 07-4040-MMC |
| **PLAINTIFF** | |
| **v.** | Defendants' Opposition to Plaintiff's Motion to Compel |
| **UNITED STATES OF AMERICA, DEPARTMENT OF STATE,** | Hon. Maxine M. Chesney Hearing Date: June 13, 2008, 9:00am |
| **DEFENDANTS.** | |

*Chattler v. United States of America,* Case No. 07-4040-MMC
Defendants' Opposition to Plaintiff's Motion to Compel

1

**TABLE OF CONTENTS**

2

PAGE(s)

3   INTRODUCTION. ................................................................................. 1

4   PROCEDURAL HISTORY ................................................................. 1

5   ARGUMENT. ....................................................................................... 3

6   I.   PLAINTIFF'S MOTION TO COMPEL IS UNTIMELY BECAUSE
        DEFENDANTS' ADMINISTRATIVE EXHAUSTION ARGUMENT
7       IS ALREADY UNDER SUBMISSION TO THE COURT. ....................... 4

8   II.  PLAINTIFF SEEKS TO COMPEL DISCOVERY OUTSIDE THE
9       SCOPE OF THE DISCOVERY AUTHORIZED BY THIS COURT'S
        ORDER OF FEBRUARY 20, 2008.. ........................................... 6
10

11      A.   Plaintiff's Own Rationale for Seeking the Information
             Belies the Contention That the Discovery Sought Is
12           Directly and Significantly Related to Administrative Exhaustion. .. 7

13      B.   The Court's Stay Precludes Plaintiff from Challenging
14           Defendants' Affirmative Statements Regarding Lockboxes in the
             Barrett Declaration. . ..................................................... 9
15

16  CONCLUSION. .................................................................................. 10

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(s)**

*Bowen v. United States,*

    476 U.S. 467 (1986)..................................................................................... 8, 9

*Cooney v. Consolidated Edison,*

    220 F. Supp. 2d 241 (S.D.N.Y. 2002)............................................... 5

*Gault v. Nabisco Biscuit Co.,*

    184 F.R.D. 620 (D. Nev. 1999)........................................................ 5

## STATUTES AND REGULATIONS

22 C.F.R. § 51.63................................................................................... 2, 7

22 C.F.R. 51.66(b). ......................................................................... 6, 7, 8

## RULES OF PROCEDURE

L. Civ. R. 7-3(d)................................................................................... 4

L. Civ. R. 37-1. ................................................................................... 5,6

## MISCELLANEOUS SOURCES

THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE  (2d Ed. 1987) ........................ 7

ii

**INTRODUCTION**

Even though Defendants' Motion for Judgment on the Pleadings is under submission following this morning's hearing, Plaintiff has moved to compel discovery that she contends is relevant to the administrative exhaustion argument in Defendants' Motion. At a minimum, her motion should be denied as untimely because there is no opportunity for the parties to supplement the briefing on that motion. On the merits, however, Plaintiff's motion is also unfounded. Her motion seeks to compel discovery related to lockboxes, which have nothing to do with the regulatory standard for expedited passport processing and therefore nothing to do with the fee refund available by regulation if the Department fails to provide that service. Defendants' administrative exhaustion argument is that Plaintiff should submit her refund claim through the Department of State's established refund process before litigating that claim. Thus, the discovery Plaintiff seeks to compel is also irrelevant to Defendants' administrative exhaustion argument. Since by Order of February 20, 2008, this Court stayed all discovery in this action except that "pertinent" to administrative exhaustion, Plaintiff's motion seeks to compel discovery well outside the scope of that order and therefore should be denied.

**PROCEDURAL HISTORY**

On January 30, 2008, Plaintiff served on Defendants Plaintiff's First Set of Special Interrogatories and Plaintiff's First Request for Production of Documents and noticed a Rule 30(b)(6) deposition on Defendants' recordkeeping. Defendants moved for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and a stay of all discovery pending the ruling on their then-pending Motion to Dismiss. *See* Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss ("Stay Mot.") (filed Feb. 4, 2008) [Dkt. No. 49]. In that motion, Defendants demonstrated that a stay was warranted because their then-pending Motion to Dismiss "challenge[d] the court's subject-matter jurisdiction and raise[d] no factual issues." Stay Mot. at 3. Specifically, the Court lacks jurisdiction under the Tucker Act over Plaintiff's contract claims because the required predicate contract is lacking and over her regulatory claims to the extent

*Chattler v. United States of America,* Case No. 07-4040-MMC
Defendants' Opposition to Plaintiff's Motion to Compel

1    she seeks special and consequential damages because 22 C.F.R. § 51.63 only authorizes a refund of

2    the $60.00 expedite fee.  To the extent Plaintiff's claims are not jurisdictionally deficient on those

3    grounds, her claims should be dismissed for failure to state a claim or alternatively to exhaust

4    administrative remedies.

5        With the exception of Defendants' administrative exhaustion argument, this Court agreed

6    that the issues raised in Defendants' Motion to Dismiss were "legal in nature, and the Court's

7    resolution thereof does not require or entail resolution of any fact."  Order of Feb. 20, 2008 at 3

8    (filed Feb. 20, 2008) [Dkt. No. 56].  The Court concluded that "Defendants' argument based on

9    exhaustion, however, has a factual basis."  *Id.*  Specifically, Defendants "rel[ied] on the Declaration

10   of Ann Barrett to support such factually-based argument as '[t]he Department [of State] has an

11   efficient and established process for refunding the expedite[d] fee to applicants who failed to receive

12   the required service,' 'every expedited fee refund is examined on a case-by-case basis,' and '[the

13   refund] process takes approximately six weeks from the time a request is received at the Service

14   Refund Center until a refund is issued by the Department of Treasury to the qualifying applicant.'"

15   *Id.* (internal citations omitted).  Since the Court could not determine in advance of its consideration

16   of Defendants' Motion to Dismiss, "whether it will be necessary or advisable to reach the exhaustion

17   issue," the Court held that discovery "pertinent to exhaustion of administrative remedies" could

18   proceed.  *Id.* at 4.  Accordingly, the Court granted Defendants' motion to stay all discovery in this

19   action except "[t]o the extent plaintiff seeks discovery pertinent to exhaustion of administrative

20   remedies."  *Id.*

21       By letter of February 25, 2008, Defendants served their own discovery requests upon Plaintiff

22   and notified Plaintiff of Defendants' intent to respond on or before March 21, 2008 to her previously

23   served discovery requests that were pertinent to administrative exhaustion.  Defendants initially

24   responded to Special Interrogatories Numbers 7, 8, 9, 12, and 13 and Document Requests 1, 4, 6, and

25   20.  *See* Plaintiff's Motion to Compel ("Mot. to Compel") Exs. B & F.  In addition to various general

26   objections applicable to all of Plaintiff's discovery requests, Defendants specifically objected to the

27   *Chattler v. United States of America,* Case No. 07-4040-MMC
     Defendants' Opposition to Plaintiff's Motion to Compel

28                                    2

1   unanswered discovery requests "as outside the scope of the Court's February 20, 2008 Order limiting

2   discovery to those issues pertinent to administrative exhaustion." *See, e.g.,* Mot. to Compel Ex. B at

3   3.

4          During the April 9, 2008 meet and confer of counsel to discuss each party's respective

5   discovery responses, Defendants agreed to respond to Special Interrogatory Number 3 and Document

6   Request Number 22.  On April 18 and 23, 2008, Defendants supplemented their document

7   production, responded to Special Interrogatory Number 3 and Document Request Number 22, and

8   produced a privilege log.  Defendants thereafter on May 2, May 9, and May 19, produced a few

9   additional, but substantively cumulative, documents to Plaintiff.

10         Plaintiff's counsel did not confer with defense counsel about Defendants' discovery

11  responses at any time after they were supplemented on April 18, 2008.  Plaintiff instead filed the

12  instant motion to compel on May 9, 2008.

13                                              **ARGUMENT**

14         Notwithstanding the Court's stay on discovery except that pertinent to administrative

15  exhaustion until resolution of the threshold jurisdictional and legal issues pending before the Court,

16  Plaintiff seeks to compel discovery clearly outside that limitation.  Specifically, she seeks discovery

17  related to lockboxes, which are irrelevant to the regulatory standard for expedited passport

18  processing or the refund available if the Department fails to provide that service.  Even more

19  inexplicable than Plaintiff's contention that lockboxes are pertinent to administrative exhaustion is

20  that she waited until now – when Defendants' exhaustion argument is already under submission to

21  the Court – to move to compel such discovery.  Plaintiff will have no opportunity to supplement the

22  briefing on that argument, and her motion therefore is a futile exercise.  The instant motion is

23  obviated however the Court rules on Defendants' exhaustion argument: either her refund claim will

24  be dismissed for failure to exhaust, or the Court will not need to reach that issue and dismiss on other

25  grounds, or the Court's stay on discovery will expire of its own terms.  Plaintiff's motion therefore

26  should be denied.

27  *Chattler v. United States of America,* Case No. 07-4040-MMC
    Defendants' Opposition to Plaintiff's Motion to Compel

28                                                  3

1   **I.   PLAINTIFF'S MOTION TO COMPEL IS UNTIMELY BECAUSE DEFENDANTS'
        ADMINISTRATIVE EXHAUSTION ARGUMENT IS ALREADY UNDER
2       SUBMISSION TO THE COURT.**

3          This Court should deny Plaintiff's motion to compel as untimely.  Although discovery in this

4   case has not closed in the usual sense, Plaintiff's motion to compel discovery purportedly related to

5   the administrative exhaustion argument in Defendants' Motion for Judgment on the Pleadings is

6   effectively a motion filed after the close of discovery and after the close of briefing on Defendants'

7   pending dispositive motion.  By Order of February 20, 2008, this Court stayed all discovery in this

8   action except that pertinent to the administrative exhaustion argument raised in Defendants' then-

9   pending Motion to Dismiss [1/] because unlike the other arguments raised therein, the exhaustion

10  argument "has a factual basis."  Order of Feb. 20, 2008 at 3.  The Court's resolution of that argument

11  therefore might "require or entail resolution of [] fact[s]."  *Id.*  Since "[i]n advance of its

12  consideration of the merits of the legal issues [raised in Defendants' pending Motion,] the Court

13  c[ould ]not determine whether it will be necessary or advisable to reach the exhaustion issue," the

14  Court stayed all discovery in this action except "to the extent . . . pertinent to exhaustion of

15  administrative remedies."  Order of Feb. 20, 2008 at 3, 4.  Implicit in that ruling is that resolution of

16  the administrative exhaustion argument would be aided by presentation to the Court of the fruits of

17  the discovery that proceeded.  Now that the argument is under submission to the Court, Plaintiff's

18  motion to compel discovery purportedly related to that argument comes too late.  *See* Local Civil

19  Rule 7-3(d) ("once a reply is filed, no additional memoranda, papers or letters may be filed without

20  prior Court approval").  If Defendants' Motion for Judgment on the Pleadings is granted, all further

21  discovery is obviated.  Otherwise, the Court's stay on discovery expires of its own terms.  *See* Order

22

23          [1/]  By Order of March 31, 2008, this Court directed Defendants by April 14, 2008, either to
    renotice their fully briefed initial Motion to Dismiss or to "file an answer and, if appropriate, file on that
24  date . . . a motion for judgment on the pleadings."  Order of March 31, 2008 (filed Mar. 31, 2008) [Dkt.
    No. 70].  Defendants filed a Motion for Judgment on the Pleadings that raises the same arguments as
25  the Motion to Dismiss that was pending when the Court stayed discovery.  *See* Defendants' Motion for
    Judgment on the Pleadings ("Def. Mot.") (filed Apr. 14, 2008) [Dkt. No. 75].  Therefore, the reasons
26  that warranted that stay apply with equal force to the dispositive motion now pending before the Court.
    *Chattler v. United States of America,* Case No. 07-4040-MMC
27  Defendants' Opposition to Plaintiff's Motion to Compel

28                                                        4

of February 20, 2008 at 4 (ordering that "discovery pertinent to issues other than exhaustion is

hereby STAYED, such stay to be automatically lifted upon the Court's resolution of defendants'

motion").  Under these circumstances, Plaintiff's motion to compel is untimely and should be

denied.  *Cf. Cooney v. Consolidated Edison*, 220 F. Supp. 2d 241, 247 (S.D.N.Y. 2002) (denying

motion to compel as untimely where motion was submitted "long after the close of discovery, and

after the plaintiff had filed his response to the defendants' motion for summary judgment"); *Gault v.

Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (noting that "[a] motion to compel may be

filed after the close of discovery," but "[a]bsent unusual circumstances, it should be filed before the

scheduled date for dispositive motions").

That result is further compelled because Plaintiff made the tactical decision to delay filing her

motion until May 9, 2008.  On March 21, 2008, Defendants served responses and objections to

Plaintiff's discovery requests.  *See* Pl. Mot. Ex. B & F.  In addition to various general objections,

Defendants specifically objected to the discovery requests at issue in Plaintiff's motion – Special

Interrogatory Nos. 3, 10, 11, and 16 and Document Request Nos. 2, 3, and 7 – "as outside the scope

of the Court's February 20, 2008 Order limiting discovery to those issues pertinent to administrative

exhaustion." [2/]  Pl. Mot. Ex. B. at 3.  On that basis, Defendants provided no response to those

requests.  During the April 9, 2008 meet and confer, Defendants agreed to provide a separate

response to Special Interrogatory No. 3. [3/]  As to the other discovery requests at issue here,

Defendants reaffirmed their specific objection that those requests were outside the scope of the

Court's discovery order.  Thus, as of April 9, 2008, Plaintiff could have moved to compel responses

to those discovery requests.  *See* Local Civil Rule 37-1 ("The Court will not entertain a request or a

_____

[2/]  Plaintiff erroneously contends that "Defendants have not objected that this discovery would cause undue burden or expense under Federal Rule of Civil Procedure 26(b)(2)(C)." Pl. Mot. at 13. Defendants did raise an undue-burden objection as well as other objections to the discovery Plaintiff seeks to compel. *See* Pl. Mot. Ex. B at 2.

[3/]  Defendants' eventual response to Interrogatory No. 3 previously was provided within the responses produced on March 21, 2008 to Interrogatory Nos. 9 and 13.

*Chattler v. United States of America,* Case No. 07-4040-MMC
Defendants' Opposition to Plaintiff's Motion to Compel

5

1   motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have

2   previously conferred for the purpose of attempting to resolve all disputed issues."). [4/] Indeed, had

3   she done so, Plaintiff might have obtained a ruling on her motion by now and if favorable, might

4   have obtained the discovery in time to present to the Court in the papers or hearing on Defendants'

5   Motion for Judgment on the Pleadings.  Instead, Plaintiff waited until a month later to file the instant

6   motion, and for the reasons already discussed, her motion is too late and should be denied.

7   **II.  PLAINTIFF SEEKS TO COMPEL DISCOVERY OUTSIDE THE SCOPE OF THE
         DISCOVERY AUTHORIZED BY THIS COURT'S ORDER OF FEBRUARY 20, 2008.**

8
9           None of the discovery Plaintiff seeks to compel is "pertinent" to administrative exhaustion

10   and thus it is subject to the Court's stay.  That discovery relates to lockboxes, which are a centralized

11   facility that sorts passport applications received from the 9,000 authorized passport acceptance

12   facilities throughout the United States and forwards the enclosed application fees to the Department

13   of the Treasury and the passport application to the appropriate passport agency.  *See* Declaration of

14   Ann Barrett in Support of Defendants' Motion to Dismiss ¶¶ 7-8 (filed Oct. 9, 2007) [Dkt. No. 10-

15   2].  As Plaintiff well knows, by regulation, expedited passport processing commences when the

16   application arrives at a passport agency.  *See* 22 C.F.R. 51.66 ("[e]xpedited passport processing shall

17   mean completing processing within 3-business days commencing when the application reaches a

18   Passport Agency or, if the application is already with a Passport Agency, commencing when the

19   request for expedited processing is approved.").  None of the time preceding that arrival is relevant

20   [4/]  Plaintiff's motion should be denied to the extent it seeks to "compel Defendants to respond
     in full to Special Interrogatory No. 3," (Pl. Mot. at 11), for failure to comply with Local Civil Rule 37-1.

21   That interrogatory requested a description of the Department's "methodology for calculating the three
     (3) business day period referenced in 22 C.F.R. 51.66(b)."  Defendants responded to Special

22   Interrogatory No. 3 on April 18, 2008.  *See* Pl. Mot. Ex. D.  Plaintiff's counsel did not contact
     undersigned counsel at any time thereafter to complain about the response Defendants provided.

23   Instead, in violation of Local Rule 37-1, she filed the instant motion.

24           Plaintiff's complaint, in any event, is that Department's response omitted specific reference to
     the fact that lockboxes are *not* included in the three-day calculation.  *See* Pl. Mot. at 10 ("Plaintiff

25   believed that the Defendants response would properly address the inclusion or exclusion of lockboxes
     from the three-day calculation.").  Defendants' response explained how the three (3) business day period

26   referenced in 22 C.F.R. 51.66(b) *is* calculated.  Thus, there is nothing further for the Court to compel.
     *Chattler v. United States of America,* Case No. 07-4040-MMC

27   Defendants' Opposition to Plaintiff's Motion to Compel

28                                                6

1  to that process or the determination of eligibility for a refund if that service is not provided. *See* 22

2  C.F.R. § 51.63 ("[t]he passport expedite fee will be refunded if the Passport Agency does not provide

3  the requested expedited processing as defined in §51.66"); *see also* Pl. Mot. Ex. D at 3 (Defendants'

4  Supplemental Response to Plaintiff's First Set of Special Interrogatories). Lockboxes therefore have

5  nothing whatsoever to do with Defendants' argument that Plaintiff should submit her refund claim

6  first to the Department because it has an established administrative process for refunding expedite

7  fees to applicants who paid for but did not receive expedited passport processing. *See* Pl. Mot. Ex. G

8  (Letter from Jacqueline Coleman Snead to Shana Scarlett (April 23, 2008)) (explaining that "it

9  follows that since lockboxes have nothing whatsoever to do with expedited passport processing, they

10  also have nothing to do with the Department's process for refunding the fee paid for that service.

11  For that reason, Defendants dispute Plaintiff's contention that the discovery requests related to

12  lockboxes are 'pertinent to exhaustion of administrative remedies' and thus within the scope of the

13  Court's Order"). Under no interpretation of this Court's discovery order is discovery related to

14  lockboxes "pertinent" to administrative exhaustion. *See* Order of February 20, 2008 at 4 (ordering

15  that "discovery pertinent to issues other than exhaustion is hereby STAYED"). That term clearly

16  implies that the discovery allowed be "*directly* and *significantly*" related to Defendants' exhaustion

17  argument. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1447 (2d Ed. 1987)

18  (emphasis added). The discovery at issue here is neither.

19         **A.**     **Plaintiff's Own Rationale for Seeking the Information Belies the Contention**
                 **That the Discovery Sought Is Directly and Significantly Related to**

20                   **Administrative Exhaustion.**

21         Plaintiff erroneously contends that "Defendants' own historically divergent interpretation of

22  the three-day requirement of 22 C.F.R. § 51.66 supports Plaintiff's request for discovery of

23  Defendants' policies and control over lockboxes." Pl. Mot. at 11-12. Defendants, however, have

24  never included the period before a passport arrives at a passport agency in the three-day calculation;

25  22 C.F.R. 51.66 (effective February 1, 2008, renumbered 22 C.F.R. § 51.56) historically and today

26  defines precisely when that three-day period commences. Plaintiff's mischaracterization of the

27  *Chattler v. United States of America,* Case No. 07-4040-MMC
Defendants' Opposition to Plaintiff's Motion to Compel

28                             7

1    record is an effort to bring this case within the rationale of *Bowen v. United States*, 476 U.S. 467

2    (1986).  In *Bowen*, a class of claimants for social security benefits claimed that an internal policy of

3    the Social Security Administration ("SSA") "had the effect of eliminating steps four and five from

4    the sequential evaluation process, and thus ignored the requirement for an individualized []

5    assessment to determine whether a claimant with a severe condition is nonetheless able to work." *Id.*

6    at 473.  That alleged "failure to make the policy known to claimants denied the individual plaintiffs

7    and class members due process of law." *Id.* at 474.  In excusing plaintiff's failure to

8    administratively exhaust in that case, the Court noted that (1) "the class could not attack a policy

9    they could not be aware existed," (2) "[t]he claims in this lawsuit are collateral to the claims for

10   benefits that class members had presented administratively," and (3) "the claimants in this case

11   would be irreparably injured were the exhaustion requirement now enforced against them." *Id.* at

12   482-83.  None of these same conditions is present in this case.

13        First, the Department's expedited processing regulation has always excluded the time

14   preceding an expedited passport application's arrival at a passport agency from the three-business

15   day calculation.  *See* 22 C.F.R. § 51.66.  That fact, moreover, is published directly on the passport

16   application.  *See* Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach

17   of the Implied Covenant of Good Faith and Fair Dealing Ex. A (Instruction Page 2 of 4) ("For faster

18   processing, you may request expedited service.  Expedited requests will be processed in three

19   workdays <u>from receipt at a passport agency</u>." (some emphasis omitted)).

20        Second, Plaintiff's claim for money damages is not collateral to her purported challenge to

21   the Department's policy.  The relief requested in the Complaint belies any suggestion to the contrary.

22   *See, e.g.,* Compl. ¶ 101 (requesting as relief an "[a]ward of compensatory damages, including all

23   consequential and special damages, in amounts to be determined at trial or, where applicable, to the

24   full extent allowed by law").  Thus, her claims are clearly akin to a "claim[] for benefits" and

25   accordingly appropriate for administrative exhaustion.

26

27   *Chattler v. United States of America,* Case No. 07-4040-MMC
     Defendants' Opposition to Plaintiff's Motion to Compel

28                                                      8

1       Finally, Plaintiff clearly will not be irreparably harmed if the Court requires her to exhaust

2    her administrative remedies.  *Cf. Bowen*, 476 U.S. at 483-84 (expressing concern that "[t]he ordeal

3    of having to go through the administrative appeal process may trigger a severe medical setback" as

4    "[m]any persons have been hospitalized due to the trauma of having disability benefits cut off").

5    Thus, Plaintiff's contrived claim that discovery related to lockboxes may demonstrate a policy

6    "inconsistent in critically important ways with established regulations" is insufficient to bring that

7    discovery within the scope of the Court's discovery order.  Indeed, the *Bowen* Court expressly

8    cautioned that its "holding today does not suggest that exhaustion is to be excused whenever a

9    claimant alleges an irregularity in the agency proceedings."  *Id.* at 485.  Therefore, even under

10   Plaintiff's theory, the discovery she seeks to compel is not directly and significantly related to

11   administrative exhaustion.  On that alternative ground, her motion should be denied.

        **B.**    **The Court's Stay Precludes Plaintiff from Challenging Defendants' Affirmative Statements Regarding Lockboxes in the Barrett Declaration.**

13       The Court should deny Plaintiff's motion to the extent she seeks "to test the 'accuracy and

14   completeness' of factual assertions made in [the Barrett Declaration]" alternatively and

15   independently because those assertions are not at issue in Defendants' Motion for Judgment on the

16   Pleadings.  Pl. Mot. at 12; *see, e.g.,* Document Request No. 7 (requesting "All DOCUMENTS

17   RELATING TO the policies, procedures and practice RELATED TO the 'lockboxes' described in

18   the BARRETT DECLARATION"); Special Interrogatory No. 16 (requesting the identification and

19   description of "the policies, procedures and practice related to the 'lockboxes' described in the

20   BARRETT DECLARATION").  The referenced Barrett Declaration was submitted in support of the

21   Motion to Dismiss filed by Defendants on October 9, 2007.  That Motion has been superceded by

22   Defendants' pending Motion for Judgment on the Pleadings.  The pending motion relies solely on

23   the regulatory language of the Department's regulations governing expedited passport processing and

24   the Complaint's selectively quoted language from the Department's website and passport application

25   to establish that Plaintiff's contract claims and regulatory claims as a matter of law should be

26

27   *Chattler v. United States of America,* Case No. 07-4040-MMC
     Defendants' Opposition to Plaintiff's Motion to Compel

28                                                      9

dismissed for lack of jurisdiction or failure to state a claim. *See* Def. Mot. at 9-10, 14-17, 19-20.
Although Defendants' prudential exhaustion argument – which this Court need not reach – relies on
affirmative averments in Defendants' Answer, none is the subject of the discovery requests at issue
in the instant motion. Indeed, "lockboxes" are nowhere mentioned in Defendants' Answer, Motion
for Judgment on the Pleadings, or Reply in Support of Motion for Judgment on the Pleadings. Thus,
Plaintiff cannot credibly claim that the discovery related to statements in the Barrett Declaration are
pertinent to the administrative exhaustion argument under submission to the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's
Motion to Compel.

Date: May 23, 2008                    Respectfully submitted,

                                      GREGORY G. KATSAS
                                      Acting Assistant Attorney General
                                      Civil Division


                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney
                                      Northern District of California


                                      VINCENT M. GARVEY
                                      Deputy Branch Director
                                      Federal Programs Branch


                                         /s /Jacqueline Coleman Snead

                                      JACQUELINE COLEMAN SNEAD
                                      (D.C. Bar No. 459548)
                                      Trial Attorney
                                      Federal Programs Branch, Civil Division
                                      U.S. Department of Justice
                                      20 Massachusetts Avenue, N.W. Rm. 7214
                                      Washington, DC 20530
                                      Tel: (202) 514-3418


                                      **Attorneys for Defendants**

*Chattler v. United States of America,* Case No. 07-4040-MMC
Defendants' Opposition to Plaintiff's Motion to Compel

10

1

**UNITED STATES DISTRICT COURT**

2

3

**NORTHERN DISTRICT OF CALIFORNIA**

4

5

6    **JULIA CHATTLER,**

7

8        **PLAINTIFF**

9        **V.**                                    **Case No. 07-4040-MMC**

10

11    **UNITED STATES OF AMERICA,**
      **DEPARTMENT OF STATE,**                       **Proposed Order**

12

13        **DEFENDANTS.**

14

15

16

17

18          Upon consideration of Plaintiff's Motion to Compel, the Opposition thereto, and

19    the complete record in this case, it is hereby

20          ORDERED that Plaintiff's Motion is DENIED.

21          SO ORDERED.

22    Dated: _____          _____

23                                                      UNITED STATES DISTRICT
                                                        COURT JUDGE

24

25

26

27    *Chattler v. United States of America,* Case No. 07-4040-MMC
      Defendants' Opposition to Plaintiff's Motion to Compel

28

1

**CERTIFICATE OF SERVICE**

2

This is to certify that a true and correct copy of the foregoing Defendants'

3

Opposition to Plaintiff's Motion to Compel was served electronically on May 23, 2008

4

through the Northern District of California Electronic Case File System (ECF) and that the

5

document is available for viewing and downloading on that system.

6

<u>          /s /Jacqueline Coleman Snead          </u>
Jacqueline Coleman Snead

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Chattler v. United States of America,* Case No. 07-4040-MMC

27

Defendants' Opposition to Plaintiff's Motion to Compel

28