United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CHATTLER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants | No. C-07-4040 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

    Before the Court is defendants United States of America and Department of State's "Motion for Judgment on the Pleadings," filed April 14, 2008.  The motion, having been fully briefed, came on regularly for hearing May 23, 2008.  Robert B. Carey of Hagens Berman Sobol Shapiro LLP appeared on behalf of plaintiff Julia Chattler.  Assistant United States Attorney Jacqueline Coleman Snead appeared on behalf of defendants.  Having read and considered the parties' submissions and arguments, the Court hereby rules as follows:

    1.  To the extent defendants' motion seeks judgment on the First Claim for Relief, by which plaintiff alleges she formed an implied contract under which defendants would process her passport application within three days if she paid a $60 application fee, the motion, for the reasons stated by defendants in their papers and at the hearing conducted May 23, 2008, is GRANTED.  See Last Chance Mining Co. v. United States, 12 Cl. Ct. 551, 556 (1987) ("It would do violence to traditional contract theory, not to mention the

operation of government, to hold that any statute requiring some action by a citizen to obtain a benefit or protect a right constituted an open offer to contract."), aff'd 846 F. 2d 77 (Fed. Cir.), cert. denied, 488 U.S. 823 (1988); see also El Dorado Springs v. United States, 28 Fed. Cl. 132, 136-37 (1993) (rejecting plaintiff's argument that payment of fee, submitted with application for mortgage insurance, created implied contract whereby federal agency was contractually obliged to "process application in good faith and in accordance with [agency] regulations"; finding no precedent existed to support plaintiff's theory).[1]

    2. To the extent defendants' motion seeks judgment on the Second Claim for Relief, by which plaintiff alleges a violation of 22 C.F.R. § 51.63, the motion, for the reasons stated by the Court at the May 23, 2008 hearing, is DENIED without prejudice. Specifically, the Court lacks a sufficient record upon which to (a) resolve the ambiguity in the regulation and (b) determine whether a sufficient administrative scheme exists for purposes of exhaustion.[2]

    3. Further, with respect to the Second Claim for Relief, to the extent defendants seek judgment on the issue of whether plaintiff may be awarded consequential damages as a remedy for a violation of § 51.63, the motion, for the reasons stated by defendants in their papers and at the May 23, 2008 hearing, is GRANTED. Specifically, § 51.63, which expressly provides for a refund of the application fee upon a failure by the agency to perform, cannot be "fairly interpreted" as additionally "mandating compensation" for

---

[1] At the hearing, plaintiff relied on Griffin v. United States, 215 Ct. Cl. 710 (1978). As the Supreme Court has explained, Griffin is one of several cases in which a contract was "inferred from regulations promising payment" by the United States for services rendered to the United States. See Army and Air Force Exchange Service v. Sheehan, 456 U.S. 728, 739 n. 11 (1982) (interpreting Griffin). The instant action involves a regulation requiring a fee for a service provided by, not to, the government. Plaintiff cites no case, and the Court has located none, in which a court has found an implied contract was formed when a citizen pays a required fee for a government service.

[2] In light of this finding, plaintiff's "Motion to Exclude Improper Factual Assertions from the Motion for Judgment on the Pleadings; Alternative Motion to Convert to Summary Judgment and Allow Discovery" is hereby DENIED as moot, as such motion is directed to defendants' arguments pertaining to the Second Claim for Relief.

1  damages caused by a failure to perform.  See United States v. Testan, 424 U.S. 392, 400
2  (1976) (holding "there cannot be a right to money damages [against the United States]
3  without a waiver of sovereign immunity," which occurs only where a "statute can be fairly
4  interpreted as mandating compensation by the Federal Government for the damage
5  sustained"; distinguishing between claim for "return of money paid by [the plaintiff] to the
6  Government" and claim for "money damages"); see, e.g., El Dorado Springs, 28 Fed. Cl. at
7  135-36 (holding, where plaintiff alleged it paid application fee and did not receive requisite
8  government service in return, court had jurisdiction over claim for refund of application fee,
9  but not over claim for damages, because applicable statutes and regulations did not
10 "waiv[e] the Government's sovereign immunity for damages resulting from the denial of
11 [the plaintiff's] application"); Ancman v. United States, 77 Fed. Cl. 368, 375 (2007) (holding
12 "[i]t is not sufficient for a statute to be money-mandating; rather, the relief sought by
13 plaintiffs must be the same kind of relief or remedy provided by the statute").[3]

14       4. To the extent defendants' motion seeks judgment on the Third Claim for Relief,
15 by which plaintiff alleges she formed an implied contract under which defendants would
16 return a completed passport to her within fourteen days if she paid the $60 application fee,
17 the motion, for the reasons stated by defendants in their papers and at the May 23, 2008
18 hearing, is GRANTED.  See, e.g., Last Chance Mining Co., 12 Cl. Ct. at 556.

19       5. To the extent defendants' motion seeks judgment on the Fourth Claim for Relief,
20 by which plaintiff alleges a breach of the implied covenant of good faith and fair dealing,
21 the motion is GRANTED, for the reason that plaintiff, as set forth above, has failed to
22 allege the existence of a contract.  See Tymshare, Inc. v. Covell, 727 F. 2d 1145, 1152
23 (D.C. Cir. 1984) (holding "doctrine of good faith performance is a means of finding within a

---

[3] At the hearing, plaintiff, for the first time, argued that the issue of whether a party is entitled to a particular form of relief is not appropriate for consideration on a motion for judgment on the pleadings. Although the propriety of a plaintiff's prayer for relief is traditionally considered in the context of a motion to strike, see, e.g., Westlands Water Dist. v. Amoco Chemical Co., 953 F. 2d 1109, 1110 (9th Cir. 1991), here, given that the matter was fully briefed by the parties and presents solely an issue of law, the Court finds there is no procedural impediment to considering the issue at the present time.

contract an implied obligation not to engage in the particular form of conduct which, in the case at hand, constitutes 'bad faith'").

**IT IS SO ORDERED.**

Dated: June 5, 2008

MAXINE M. CHESNEY
United States District Judge