

SHANA SCARLETT
DIRECT • (510) 725-3032
SHANAS@HBSSLAW.COM

June 18, 2008

**Via ECF**

Magistrate Judge Edward M. Chen
Courtroom C, 15th Floor
Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Chattler v. United States of America, et al.*, Case No. 07-cv-04040 MMC (EMC)
           Joint Submission Regarding Plaintiff's Motion to Compel

Dear Magistrate Judge Chen:

    This is the parties' joint submission regarding Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents and Special Interrogatories.

**A.**    **Plaintiff's Position**

    This Court has asked the parties to address whether Plaintiff's pending motion to compel need be heard by this Court or whether at least some part of it was mooted by Judge Chesney's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings ("June 5 Order").  Although the parties have agreed that Defendants will now respond to each of the requests in full, the parties cannot agree upon the date which Defendants' responses are due.  In addition, given the extraordinary delay that has taken place to date, Plaintiff also requests that this Court order that Defendants respond to ***all*** of the discovery requests which have been pending for nearly six months, by July 6, 2008 – 30 days from Judge Chesney's June 5 Order.

    This case was filed on August 7, 2007, nearly one year ago.  Defendants filed two motions to dismiss and one motion for judgment on the pleadings.  Each of these motions was largely duplicative and on June 5, 2008, Judge Chesney issued an order granting in part and denied in part this motion, allowing Plaintiff's claim for a violation of a money-mandating regulation to continue.

ATTORNEYS AT LAW   SEATTLE  LOS ANGELES  BOSTON  PHOENIX  CHICAGO  SAN FRANCISCO
T 510.725.3000   F 510.725.3001
715 HEARST AVENUE • SUITE 202 • BERKELEY, CALIFORNIA 94710
www.hbsslaw.com

001980-11  245352 V2

Magistrate Judge Edward Chen
June 18, 2008
Page 2

     Nearly six months ago, on January 30, 2008, Plaintiff served discovery on Defendants, including requests for production of documents, special interrogatories and a notice of deposition pursuant to Rule 30(b)(6). Rather than responding, on February 4, 2008, Defendants moved to stay all discovery. On February 20, 2008, Judge Chesney issued an order granting in part and denying in part Defendants' motion to stay, allowing Plaintiff to pursue discovery pertinent to the exhaustion of administrative remedies.

     Defendants did not provide responses to the discovery requests until a month later, on March 21, 2008. After the parties' Rule 37 conference, Defendants provided supplemental responses another month later, on April 18, 2008. After continued disagreement over which requests were pertinent to the exhaustion of administrative remedies, Plaintiff filed her motion to compel on May 9, 2008 – requesting responses to Special Interrogatories 3, 10, 11 and 16 and Requests for Documents Nos. 2, 3 and 7. Each of these requests generally related to Defendants' use of lockbox facilities to store expedited passport applications.

     On May 23, 2008, Judge Chesney held a hearing on Defendants' motion for judgment on the pleadings. At the hearing, it was clear that at least some portion of Plaintiff's case would proceed. On May 28, 2008, Plaintiff requested that Defendant respond to the discovery requests that are the subject of the pending motion to compel, to prevent unnecessary motion practice and to prevent wasted resources by the parties and the Court. Over the next two weeks, Plaintiff sent Defendants multiple e-mails requesting a response to her proposal. Defendants did not provide a substantive response until June 13, 2008, when Defendants agreed to respond to the discovery that was subject to the pending motion to compel.

     The parties could not agree, however, on the date which Defendants should provide their responses to these requests. Defendants believe they are entitled to yet another 30 days from the date of the parties' conversation on June 13, 2008. Plaintiff believes such delay is entirely unnecessary, however, as Defendants have been in possession of these requests since January 30, 2008. Although Plaintiff offered a compromise, that Defendants could take 30 days from June 5 Order, Defendants refused.

     Defendants themselves admit that "the discovery stay [issued by Judge Chesney] expired of its own terms following the Court's ruling on our dispositive motion" – that is, on June 5, 2008. *See* Defendants' Position, at 5 n.3, *supra*. Even if Defendants were entitled to another 30 days as they claim, their responses should be due at a minimum, on July 6, 2008.

001980-11 245352 V2

Magistrate Judge Edward Chen
June 18, 2008
Page 3

      Given the extraordinary amount of time that has passed since the service of these requests, Plaintiff has no choice but to request that the Court require Defendants to respond to the pending discovery requests on July 6, 2008.  Each of the requests is relevant and necessary not only to Defendants' affirmative defense of prudential exhaustion, but also to Plaintiff's motion for class certification, which is to be brought "at an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).

      In addition, given the delay that has thus far accompanied Defendants' responses to discovery, Plaintiff also requests that this Court order that Defendants respond to ***all*** outstanding discovery requests contained in the January 30, 2008 requests by July 6, 2008.  This would include: Document Requests Nos: 5, 8-19, 21; Special Interrogatories: 1-2, 4-6, 14-15, 17.  *See* Declaration of Shana E. Scarlett in Support of Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents and Special Interrogatories, Ex. B, D, F (Defendants' responses to Plaintiff's discovery requests) (filed May 9, 2008).

**B.**    **Defendants' Position**

    **1.**    **Plaintiff's Motion to Compel**

      Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents and Special Interrogatories (filed May 9, 2008) [Dkt. No. 84], which seeks to "compel responses from Defendants in accordance with the Court's February 20, 2008 Order," (Pl. Mot. at 3), has been largely obviated by two events: (1) the expiration of the discovery stay set forth in that Order;[1] and (2) Defendants' agreement to provide responses to the discovery at issue in Plaintiff's Motion to Compel, specifically Special Interrogatories 10, 11, and 16 and Document Requests 2, 3, and 7, on or before July 14, 2008.  The sole remaining unresolved issue is whether Defendants should be compelled to provide those responses on July 6, 2008.  For the following

---

[1] The Court's February 20, 2008 Order provided in relevant part that "discovery pertinent to issues other than exhaustion is hereby STAYED, such stay to be automatically lifted upon the Court's resolution of defendants' motion to dismiss."  Order of February 20, 2008 at 4.  On April 14, 2008, Defendants filed a Motion for Judgment on the Pleadings, which superseded their earlier-filed Motion to Dismiss.  By Order of June 5, 2008, Judge Chesney granted in part and denied in part Defendants' Motion for Judgment on the Pleading and effected a substantial narrowing of the issues in this case.  *See* Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings (June 5, 2008) (granting Defendants' Motion as to Plaintiff's First, Third, and Fourth Claims for Relief and striking prayer for consequential damages as to Plaintiff's Second Claim for Relief).

Magistrate Judge Edward Chen
June 18, 2008
Page 4

reasons, the Court should allow Defendants the full thirty days from the date of Defendants' agreement to provide responses or until July 14, 2008:

    1.  On June 5, 2008, the Court substantially narrowed the issues in this case by dismissing three of Plaintiff's four claims for relief and striking Plaintiff's prayer for consequential damages as to the fourth claim. The sole remaining claim in this action is a regulatory claim under the Little Tucker Act alleging a violation of 22 C.F.R. § 51.63 for which Plaintiff's possible recovery is limited by regulation to a refund of the $60.00 expedite fee she paid. In light of so substantial a narrowing of the issues in this action, Defendants reasonably expected that Plaintiff would indicate to them following the expiration of the Court's discovery stay whether any of the previously unanswered discovery requests served prior to the Court's June 5, 2008 ruling, including those at issue in the pending Motion to Compel, concerned what remained of her case. Plaintiff did so as to the requests at issue in her pending Motion to Compel on June 13, 2008.[2]

    2.  The Federal Rules of Civil Procedure provide that the responding party has thirty days to respond to discovery requests. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Here, where there was an intervening discovery stay imposed following service of the discovery requests *and* an intervening ruling that substantially narrowed the issues in this action, Defendants contend that the thirty days should run from the date that Plaintiff affirmed that she still seeks responses to the earlier-served discovery. As to the discovery requests at issue in Plaintiff's pending Motion to Compel, that date is June 13, 2008.[3]

---

[2] Prior to that date, the parties discussed resolving Plaintiff's Motion to Compel on May 28, 2008. During that discussion, defense counsel suggested that Plaintiff's Motion to Compel would become moot upon issuance of the Court's ruling on Defendants' Motion for Judgment on the Pleadings. Plaintiff nevertheless was unwilling to withdraw her Motion to Compel in the absence of Defendants' agreement to respond to the discovery at issue in that motion because the Court did not indicate at the May 23, 2008 hearing on Defendants' dispositive motion when the Court would issue a decision. By email of May 30, 2008, defense counsel informed Plaintiff's counsel that Defendants were considering Plaintiff's request. Defense counsel was on leave the following week. During that week, Plaintiff inquired by email whether Defendants had made a decision and received defense counsel's out-of-office notification indicating that she would not return to the office until June 9, 2008. At the end of that same week, the Court issued a ruling on Defendants' motion. The parties did not resume discussion of Plaintiff's Motion to Compel until after this Court contacted the parties on June 11, 2008 to request a joint submission.

[3] Following this Court's request for a joint submission, defense counsel contacted Plaintiff's counsel by email to inform her that Defendants were amenable to such a submission and to suggest that Plaintiff send a draft letter with a placeholder for Defendants' position. Plaintiff's counsel responded that Plaintiff would not agree to simply submit a joint letter with such a placeholder and that without either an agreement to respond to the discovery at issue in Plaintiff's motion or a statement from Defendants regarding their current position on discovery,

Magistrate Judge Edward Chen
June 18, 2008
Page 5

      3.  Plaintiff has not demonstrated a compelling need for requiring that Defendants respond to the discovery requests by July 6, 2008.[4]  Rather, Plaintiff's insistence on that date is based merely on the fact that Defendants have been in possession of Plaintiff's discovery requests since before the Court issued its discovery stay and ruled on Defendants' dispositive motion.  However, since the Court's Order of February 20, 2008 relieved Defendants of the obligation to respond to those requests except to the extent pertinent to administrative exhaustion, the length of Defendants' possession is inconsequential.

      **2.**      **Plaintiff's Other Discovery Requests**

      Plaintiff improperly seeks to circumvent Local Civil Rule 37-2 (Motions to Compel) by using this joint submission in effect to move to compel discovery requests that are not at issue in the pending Motion to Compel.  Specifically, Plaintiff requests that the Court order Defendants to respond by July 6, 2008 to Document Request Nos. 5, 8-19, and 21 and Special Interrogatories 1-2, 4-6, 14-15, and 17.  Plaintiff, however, only requested that Defendants respond to those requests by letter dated June 16, 2008.[5]  Letter from Shana Scarlett to Jacqueline Coleman Snead at 2 (June 16, 2008) ("Plaintiff requests that Defendants respond to all of the remaining requests originally served on January 30, 2008.").  Plaintiff's request for an order as to her other discovery requests therefore is not properly before this Court.  But even if it were, that request should be denied for the reasons already explained.  Defendants should be allowed a full thirty days from Plaintiff's June 16, 2008 request to respond to those additional discovery requests.

---

Plaintiff would press forward with her motion to compel. Defendants provided the requested statement of their position by email on June 12, 2008:

> As our Opposition to your Motion to Compel made clear, the discovery stay expired of its own terms following the Court's ruling on our dispositive motion. Both parties now can proceed with discovery on the one remaining claim in this action. Since your earlier discovery requests were served when all four of Plaintiff's claims remained in this action and the Court's ruling substantially narrowed your case, Plaintiff must determine whether any of the requests subject to the previous discovery stay concern that claim.

That email prompted the parties to schedule a conference call on June 13, 2008, during which Defendants agreed to respond to the discovery at issue in Plaintiff's Motion to Compel.

    [4] The only upcoming deadline in this action is July 18, 2008, when the parties must submit a Joint Case Management Statement.

    [5] By letter dated June 17, 2008, defense counsel requested that Plaintiff inform Defendants by June 20, 2008 whether she would reconsider this request since some of her discovery requests clearly concern claims that were dismissed from this action. Letter from Jacqueline Coleman Snead to Shana Scarlett at 5 (June 17, 2008).

Magistrate Judge Edward Chen
June 18, 2008
Page 6

\* \* \* \*

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for an order to produce discovery on July 6, 2008.

        Very truly yours,

        HAGENS BERMAN SOBOL SHAPIRO LLP

        /s/ Shana E. Scarlett

        Shana E. Scarlett
        Attorneys for Plaintiff


        U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION

        /s/ Jacqueline Coleman Snead

        Jacqueline Coleman Snead
        (D.C. Bar No. 459548)
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue N.W., Room 7214
        Washington, D.C.  20530
        Tel:  (202) 514-3418
        Fax: (202) 616-8470
        Email: jacqueline.snead@usdoj.gov

        **Attorneys for Defendants**

I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this Joint Submission Regarding Plaintiff's Motion to Compel.  In compliance with General Order 45, X.B., I hereby attest that Jacqueline Coleman Snead has concurred in this filing.

001980-11 245352 V2

Magistrate Judge Edward Chen
June 18, 2008
Page 7

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.



/s/ Shana E. Scarlett
SHANA E. SCARLETT

# Mailing Information for a Case 3:07-cv-04040-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Robert B. Carey**
  rob.carey@att.net

- **Jacqueline E. Coleman Snead**
  Jacqueline.Snead@usdoj.gov

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com

- **Megan Waples**
  mwaples@careylaw.com,agostnell@careylaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)