REED R. KATHREIN (139304)
SHANA E. SCARLETT (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
shanas@hbsslaw.com

ROBERT B. CAREY (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob.carey@att.net

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA CHATTLER, On Behalf of Herself and All Others Similarly Situated, | No. 07-cv-04040 MMC |
| Plaintiff, | SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT |
| v. | DATE: July 25, 2008 |
| THE UNITED STATES OF AMERICA and THE UNITED STATES DEPARTMENT OF STATE, | TIME: 10:30 a.m. DEPT: Courtroom 7, 19th Floor |
| Defendants. | ACTION FILED: August 7, 2007 |

# I.    JURISDICTION AND SERVICE

**Plaintiff's Position:**

This case is located in the proper venue and this Court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2).  Defendants have not objected to venue.  The Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint") names the United States of America and the United States Department of State as Defendants.  The Complaint does not contain any Doe defendant allegations.   Plaintiff seeks all damages permissible under the law and pursuant to the Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings, entered on June 5, 2008 ("Order").

**Defendant's Position:**

The Department of State is entitled to judgment as a matter of law on the sole remaining claim in this action because the Department's interpretation of 22 C.F.R. § 51.63 is entitled to deference.  This Court already has concluded that 22 C.F.R. § 51.63 is ambiguous.  *See* Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings (June 5, 2008).  Under well-established principles of regulatory construction, an agency's interpretation of an ambiguous regulation is entitled to deference.  The Department implements 22 C.F.R. § 51.63 by requiring applicants who seek refunds of the expedited processing fee to submit a written refund request.  The Department's interpretation of its own regulation as authorizing such implementation is reasonable and entitled to deference.

This Court alternatively should enter judgment in favor of the Department on grounds that, as a prudential matter, Plaintiff should be required to submit her claim for a refund first to the Department.  The Department has an existing administrative process for refunding expedite fees to applicants who paid for but did not receive expedited processing of their passport applications.

1

## II.     FACTS

2

**Plaintiff's Position**:

3

Plaintiff Chattler brings this action against the United States of America and the United

4

States Department of State ("Department") as a class action on behalf of herself and all others

5

similarly situated, who paid an extra fee to secure expedited processing of their passports and

6

whose passport were not processed within the required three-day period.  ¶ 1.[1]  Plaintiff brought

7

claims for relief of breach of contract, damages under the money-mandating scheme of 22 C.F.R.

8

§§ 51.66, 51.63 and breach of the implied covenant of good faith and fair dealing.  ¶¶ 62-98.

9

Pursuant to regulation, the Department of State is permitted to offer expedited service for

10

the processing of passport applications.  ¶ 2; 22 C.F.R. §§ 51.66, 22.1.  Expedited service means

11

three business days, "commencing when the application reaches a Passport Agency."  ¶ 3; 22

12

C.F.R. § 51.66. Department of State regulations require that "[t]he expedite fee will be refunded if

13

the Passport Agency does not provide the requested expedited processing as defined in § 51.66."

14

¶ 6; 22 C.F.R. § 51.63. [2]

15

In January 2007, due to the Department of State's failure to take sufficient measures to

16

prepare for the increase in passport applications following implementation of the Western

17

Hemisphere Travel Initiative, massive delays in passport processing plagued travelers, delayed

18

travel, and eventually resulted in the temporary suspension of the passport requirements for

19

international travelers.  ¶ 10; 71 F.R. 68412.  In spite of these wide-spread failures, the government

20

has not refunded the improperly collected expedited processing fee to the thousands of citizens

21

who did not receive their passports within the promised timeframe, as required by regulation.  ¶ 10.

22

23

24

---

25

[1]     All "¶__" references are to the Class Action Complaint for Breach of Contract, Regulatory Violation, and Breach of the Implied Covenant of Good Faith and Fair Dealing, filed August 7, 2007, unless otherwise indicated.

26

27

[2]     This promise was contained the Code of Federal Regulations, at 22 C.F.R. § 51.56 (formerly 22 C.F.R. § 51.66).  Regulation requires that these expedited processing fees "will be" refunded, where Defendants fail to provide the expedited service.  22 C.F.R. § 51.53 (formerly 22 C.F.R. § 51.63).

28

1    The Department was criticized repeatedly for its failure to provide refunds to those who

2    paid for but did not receive expedited processing in the aftermath of these delays.  ¶ 11.  In June

3    2007, the Department of State announced to certain members of Congress that it would refund the

4    fees for expedited services for individuals who paid for expedited service but did not receive it.

5    ¶ 39.  The meager refund procedures in place do not properly address Plaintiff or class members'

6    claims for relief.  Prior to June 2007, many applicants who paid for expedited service but did not

7    receive it were informed by the National Passport Information Center that they were not entitled to

8    a refund.  ¶ 38.  Moreover, the Department of State has not agreed to refund fees for expedited

9    processing for those passports taking longer than three days to process, as the regulation dictates,

10   but only to those applicants who paid for expedited processing, did not receive their passports

11   within 14 days (start to finish time, not processing time), and who request a refund in writing.

12   ¶ 12.  In fact, the government has consistently failed to accurately inform the public of the

13   standards it applies in determining who is entitled to a refund or of the fact that anyone who did not

14   receive three-day processing is entitled to one by regulation.  In its statements on its website and to

15   members of Congress, the Department has implied that it provided "expedited processing" by

16   merely processing those applications first or faster, thereby obscuring the truth of its obligation to

17   provide three-day processing or refund the fee.  These statements mislead the public about their

18   entitlement to refunds and can only deter individuals from applying.

19   In addition, rather than returning the expedited fees, as mandated by the regulation, the

20   Department requires each individual to mail in a written application for the refund.  ¶ 14.  In

21   assessing requests for refunds, Defendants rely on applicants to request a refund and require

22   applicants to submit a written request with their name, date and place of birth, the date on which

23   they applied for and received their passports, their contact information, and their passport number.

24   This improperly places the burden on the applicant to request and provide information – all of

25   which is unrelated to the refund obligation – despite a regulatory mandate otherwise, and despite

26   all relevant information already being in Defendants' possession, including the critical fact of the

27   time Defendants themselves took to process a passport application.  Furthermore, because the

28   Department has failed to inform the public about its refund procedures and the standards by which

is determines whether a refund is due and owing, there is no way for any individual to assess the validity of the Department's decision or to determine whether the Department is in fact following the regulation even for those who take on the burden of applying.

**Defendant's Position**:

By regulation, applicants who paid for but did not receive expedited processing of their passport applications (as defined in 22 C.F.R. § 51.66) during the unprecedented demand surge following implementation of the Western Hemisphere Travel Initiative in January 2007 are entitled to a refund of the expedite fee. *See* 22 C.F.R. § 51.63. The Department's longstanding practice for refunding expedite fees has been to issue refunds upon request to individuals who did not receive expedited processing as defined in 22 C.F.R § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.56). The Department relies on the request as a means of triggering an inquiry into the processing history of a given individual application. Answer ¶ 17. There is currently no automated mechanism for identifying everyone who did not receive three-day processing, verifying that each person who requested expedited processing paid the fee, and generating a refund. *See* Answer ¶ 17. The refund process is published on the Department's website. *See* Answer ¶ 45; *see also* http://travel.state.gov/passport/get/fees/fees_3259.html. An applicant may submit a request for a refund by mail or directly from that website. The request need only include the applicant's passport number, name, date and place of birth, current mailing address and telephone number, and the approximate date the passport application was submitted. If the Department determines that the applicant paid for and did not receive expedited service, an order for a refund check of $60 to be issued to the applicant is forwarded to the Department of the Treasury. Answer ¶ 16. At present, this process takes approximately six weeks from the time a request is received at the Service Refund Center until a refund is issued by the Department of Treasury to the qualifying applicant. Answer ¶ 58. Plaintiff has not availed herself of this process. Instead she filed the instant action.

# III.    LEGAL ISSUES

**<u>Plaintiff's Position</u>**:

Pursuant to the Order, Plaintiff respectfully suggests that legal issues include, but are not limited to:

1.    Whether a class of individuals who paid the extra $60 fee for expedited service and for whom the passport was not mailed out or available for pick-up within three business days within three business days commencing when the application reached the Passport Agency, or, if the application was already with a Passport Agency, commencing when the request for expedited processing was approved, should be certified and whether Plaintiff adequately represents that class;

2.    Whether individuals who paid for expedited service but did not receive three-day processing of their passports as required by regulation are entitled to damages including a refund under the governing money-mandating regulations;

3.    Whether the Department of State's proposed refund program and its failure to automatically process refunds based on its own records to those individuals whose passports were not processed within three business days is inconsistent with its regulatory obligations.

Plaintiff's class definition and statement of legal issues are based on her initial case investigation and the current status of the case under the Court's rulings are subject to modification based on such evidence and discovery as is produced in this case.

**<u>Defendant's Position</u>:**

The sole remaining dispositive legal issue in this action is whether under well-established principles of regulatory construction the Court should defer to the Department's interpretation of its own regulation, 22 C.F.R. § 51.63, as authorizing the Department to require written refund requests from applicants before issuing refunds to those applicants who paid for but did not receive the service set forth in 22 C.F.R. § 51.66?

If the Court resolves that question against the Department, then the Court should determine whether as a prudential matter, Plaintiff should be required to present her claim for a refund first to the Department because it has a long-standing, established, and efficient administrative process for refunding that fee.

Whether this action properly may be maintained as a class action is an additional legal issue raised herein that this Court need not reach to resolve this action.

The legal issues identified by the Department are based on its present information. The Department reserves the right to raise additional legal issues as appropriate.

## IV.    MOTIONS

**Plaintiff's Position:**

On June 5, 2008, this Court granted in part and denied in part Defendants' motion for judgment on the pleadings. The Court denied the motion as the Plaintiff's Second Claim for Relief.

Plaintiff currently anticipates moving for class certification once discovery is complete, and in accordance with the attached proposed schedule.

**Defendant's Position:**

On April 14, 2008, Defendants moved for judgment on the pleadings on several alternative and independent grounds including (1) that the Court lacked jurisdiction under the Tucker Act over Plaintiff's contract claims in their entirety and over her claim of a regulatory violation to the extent she sought more than a refund of the expedite fee; (2) that Plaintiff had failed to state a claim of a violation of 22 C.F.R. § 51.63 because the Department complies with that regulation by issuing refunds upon written request to applicants who paid for but did not receive the service set forth in 22 C.F.R. § 51.66; and (3) that the Court should dismiss Plaintiff's refund claim as a prudential matter because she failed to exhaust her administrative remedies. *See* Defendants' Motion for Judgment on the Pleadings (filed Apr. 14, 2008) [Dkt. No. 75]. This Court granted in large part and denied in part Defendants' motion and effected a substantial narrowing of the issues in this action. The only claim remaining in this action is Plaintiff's Second Claim for Relief which alleges that the Department violated 22 C.F.R. § 51.63, a regulation that this Court determined was ambiguous.

The Department anticipates moving for summary judgment on the question of whether the Department's interpretation of 22 C.F.R. § 51.63 is entitled to deference under well-established principles of regulatory interpretation. In the alternative, the Department may move the Court to require Plaintiff to present her refund claim first to the Department.

## V.     AMENDMENT OF PLEADINGS

**Plaintiff's Position:**

Amendment of the pleadings is not necessary at this time.

**Defendant's Position:**

In light of the nature of the legal deficiencies with Plaintiff's dismissed claims (*see* Order of June 5, 2008), any amendment of the Complaint would be futile.

## VI.     EVIDENCE PRESERVATION

**Plaintiff's Position:**

Plaintiff Chattler has been instructed to maintain all documents, currently in her possession, that are relevant to this litigation.

**Defendant's Position:**

The Department timely instructed all relevant personnel to maintain documents currently in their possession or subsequently created that are relevant to Plaintiff's claims in this action.

## VII.     DISCLOSURES

Both parties made their initial disclosures on November 30, 2007, in accordance with Federal Rule of Civil Procedure 26(a)(1).

## VIII.   DISCOVERY PLAN

**Plaintiff's Position:**

On January 30, 2008, Plaintiff served discovery, including special interrogatories, requests for production of documents and a deposition notice regarding Defendants' evidence preservation measures. On February 4, 2008, Defendants moved for a protective order and to stay discovery pending resolution of Defendant's motion(s) to dismiss. On February 20, 2008 the Court issued an order granting in part and denying in part Defendants' motion to stay discovery and allowed

1    Plaintiff to seek discovery pertinent to exhaustion of administrative remedies.  Thirty days after the

2    Court's order, on March 21, 2008, Defendants partially responded to Plaintiff's discovery.

3           On May 9, 2008, Plaintiff filed a motion to compel discovery responses from Defendants.

4    This Court referred the motion to Magistrate Judge Chen for resolution.  The parties reached and

5    agreement regarding this motion after this Court's June 5, 200 ruling on the motion for judgment

6    on the pleadings and on June 20, 2008, Plaintiff withdrew her motion to compel.  Defendants

7    provided responses on July 10, 2008.  Plaintiff is reviewing the sufficiency of those responses.

8           The Court has already determined that further discovery is necessary in this case in order to

9    determine whether an exhaustion requirement could be validly imposed as a prudential matter.

10   Because this is a Tucker Act claim for damages under a money-mandating regulation where there

11   is no statutory requirement for administrative exhaustion and no administrative record, discovery is

12   a necessary to resolve the legal and factual questions at issue.

13          In addition, Plaintiff's position is that the parties should not be limited to the number of

14   depositions specified in Federal Rule of Civil Procedure 30(a)(2)(A).  Plaintiff requests that the

15   Court extend the limit to 25 fact witnesses and 5 Rule 30(b)(6) depositions.

16   **Defendant's Position**:

17          This Court's February 20, 2008 Order staying discovery except to the extent pertinent to

18   administrative exhaustion expired of its own terms on June 5, 2008.  The Department served

19   discovery requests related to Plaintiff's class allegations on June 13, 2008.  Plaintiff responded to

20   those requests two days ago.  The Department intends in the near future to raise with her counsel

21   its concerns about the sufficiency of Plaintiff's responses.

22          On June 13, 2008, Plaintiff confirmed that she still sought responses to the discovery

23   requests at issue in her then-pending Motion to Compel Responses to Plaintiff's First Set of

24   Requests for Production of Documents and Special Interrogatories (filed May 9, 2008) [Dkt. No.

25   84].  By letter dated June 16, 2008, Plaintiff requested that the Department respond to all remaining

26   discovery requests that previously were subject to this Court's discovery stay.  By agreement of the

27   parties on June 20, 2008, the Department agreed to respond to the remaining interrogatories in

28   Plaintiff's First Set of Special Interrogatories on July 10, 2008 and to produce any non-privileged,

responsive documents identified by that date. Plaintiff in turn agreed to withdraw her then-pending Motion to Compel. On July 10, 2008, the Department served objections, interrogatory responses, and additional documents on Plaintiff's counsel. The Department is continuing its search for records responsive to two Document Requests, and therefore indicated to Plaintiff that it may produce additional non-privileged, responsive documents in the future.

Since February 20, 2008, the parties have been engaged in discovery pertinent to administrative exhaustion, and since June 5, 2008, the parties have been free to engage in discovery as to all other issues still present in this action. Because the only remaining claim in this action is an alleged regulatory violation and such violations traditionally are decided based on the Administrative Record and without discovery, the Department is opposed to a protracted discovery period. If necessary to avoid unduly burdensome and irrelevant discovery, the Department may seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## IX.    CLASS ACTION - L.R. 16-9(B) REQUIREMENTS

**Plaintiff's Position:**

1.    Plaintiff brings this action as a class action under Rules 23(a), 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure for relief from breach of contract, damages under the money-mandating scheme of 22 C.F.R. §§ 51.66 and 51.63 and breach of the implied covenant of good faith and fair dealing.

2.    The class consists of: individuals who paid the extra $60 fee for expedited service and for whom either the passport was not mailed out or available for pick-up within 3 business days commencing when the application reached the Passport Agency, or, if the application was already with a Passport Agency, commencing when the request for expedited processing was approved.

3.    Defendants' actions have harmed and continue to harm the interests of the vast majority of thousands of citizens throughout the United States. The members of the class are so numerous that joinder of all members is impracticable. Defendants' relationships with the members of the class have been substantially uniform. Questions of law and fact will predominately be common to the class. Plaintiff has no conflicts of interest with other members of

1   the class and has retained counsel competent and experienced in complex class action litigation.

2   Plaintiff and her counsel will fairly and adequately represent the interests of the class.  This action

3   is superior to any other method for the fair and efficient adjudication of this legal dispute, as

4   joinder of all members of the class is not only impracticable, but impossible.  The damages

5   suffered by certain members of the class are small in relation to the expense and burden of

6   individual litigation and therefore it is highly impractical for such class members to attempt redress

7   individually.  In addition, Defendants' purported administrative "remedy" is wholly inadequate and

8   is designed to allow the Defendant to avoid fulfilling its obligation to refund the expedite fees to

9   the vast majority of those entitled to a refund.  Because Defendants have consistently refused to

10  fulfill their contractual and regulatory obligations to provide a refund, have created a process which

11  is obscure and burdensome to class members, and have actively informed the public that they are

12  not entitled to their full damages, a class action is not only superior but necessary to ensure that all

13  class members receive the damages to which they are entitled by law.  There will be no

14  extraordinary difficulty in the management of this class action.  Common questions of law and fact

15  exist with respect to all class members and predominate over any questions solely affecting

16  individual members.

17        4.    Plaintiff proposes to file her motion for class certification by January 30, 2009.

18        **Defendant's Position**:

19        The Department opposes certification of the proposed class in this action.  The defined

20  class is overbroad and may include individuals who are not entitled to a refund of the expedite fee

21  under Department regulations.  Each class member's entitlement to a refund, moreover, will turn

22  on the particular facts of that individual's application.  Thus, under Rule 23 of the Federal Rules of

23  Civil Procedure, this action, at a minimum, is not appropriate for class treatment because

24  "questions affecting only individual members" predominate over fact questions common to the

25  class.

26        In addition, a class action is an inferior vehicle for resolving putative class members' refund

27  claims because the Department already has an existing and efficient process for adjudicating such

28  claims.  *See* Defendant's Position in Section XX, *infra*.  The establishment of a new and alternative

1   court process for that same purpose not only would require the expenditure of substantial time and

2   resources by this Court, would impose undue burden on the Department's existing process and the

3   resources devoted it, but likely would result in public confusion, possible double refunds, and

4   delayed recovery.

5         If and when Plaintiff moves for class certification, the Department may identify additional

6   grounds for denying such certification.

7   **X.     RELATED CASES**

8         **Plaintiff's Position:**

9         There are no related cases or formal administrative proceedings of which Plaintiff is aware.

10  Defendant's purported refund process is not a formal administrative proceeding, is not required by

11  statute or regulation, and is inconsistent with governing regulations in critically important ways.

12        **Defendant's Position:**

13        The Department is not aware of any other related pending court litigation.  However, the

14  Department has processed and continues to process administratively refund requests from

15  individuals who believe they did not receive expedited processing of their passport applications.

16  **XI.     RELIEF**

17        **Plaintiff's Position:**

18        Plaintiff seeks all compensatory damages allowable under the Court's ruling of June 5,

19  2008, pre-judgment interest, reasonable attorneys' fees, expert witness fees and other costs, and

20  any other further relief as the Court deems just and proper.

21        Plaintiff's calculation of damages is in part dependent on information to be obtained from

22  discovery during the course of this action.  Therefore, Plaintiff has not yet computed damages

23  claimed in this action.

24        **Defendant's Position:**

25        Any recovery by Plaintiff is expressly limited by 22 C.F.R. § 51.63 (effective Feb. 1, 2008,

26  renumbered 22 C.F.R. § 51.53), which only provides for a refund of the expedite fee paid if the

27  Department fails to provide expedited processing as defined in 22 C.F.R. § 51.66 (effective Feb. 1,

28

1  2008, renumbered 22 C.F.R. § 51.56). Thus, by Order of June 5, 2008, this Court struck Plaintiff's

2  prayer for damages on her Second Claim for Relief. *See* Order of June 5, 2008 at 2-3.

3      Plaintiff should be required to seek a refund of the expedite fee through the Department's

4  established refund process.

## XII.    SETTLEMENT AND ADR

6  **Plaintiff's Position:**

7      An ADR Phone Conference was held on June 30, 2008. Defendants stated that they would

8  not participate in the process until all of their legal positions were exhausted. Plaintiff was and is

9  ready to discuss settlement based on the current status of the case.

10  **Defendant's Position:**

11  The Department does not believe that there is realistic possibility of settling this action.

## XIII.   MAGISTRATE JUDGE

13  The parties are not willing to submit this matter to a magistrate judge for all purposes.

## XIV.   OTHER REFERENCES

15  The parties do not believe at this time that this case is suitable for reference to binding

16  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

18  **Plaintiff's Position:**

19      Following the Court's Order of June 5, 2008, Plaintiff believes further narrowing of the

20  issues is unlikely and unnecessary.

21  **Defendant's Position:**

22  This Court's Order of June 5, 2008 substantially narrowed the issues in this action, and the

23  Department considers it unlikely that the parties will agree on any further narrowing.

## XVI.   EXPEDITED SCHEDULE

25  **Plaintiff's Position:**

26      Plaintiff does not believe this is the type of case that can be handled on an expedited basis

27  with streamlined procedures.

28

SUPPLEMENTAL JOINT CASE MANAGEMENT          - 12 -
STATEMENT – NO. 07-cv-04040 MMC

1
**Defendant's Position:**

2
The Department does not consider it necessary for this action to proceed on an expedited

3
schedule. However, in light of the narrow issues remaining in this action, the Department

4
anticipates that this action can be resolved on dispositive motion, and therefore, following a

5
reasonable period for completion of the outstanding discovery, the Department intends to move for

6
summary judgment.

7

**XVII.  SCHEDULING**

8
**Plaintiff's Position:**

9
Plaintiff's proposed schedule is attached as Exhibit B.

10
**Defendant's Position:**

11
The Department's proposed schedule is set forth in Attachment A.

12

**XVIII. TRIAL**

13
**Plaintiff's Position:**

14
Plaintiff anticipates that the trial of this action will take 30 court days.

15
**Defendant's Position:**

16
The Department anticipates that this action will be resolved on dispositive motion and that

17
the need for trial will be obviated. Until the Court rules on such a motion, it would be premature to

18
estimate the length of any trial.

19

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

20
Other than the named parties, there is no other interest to report at this time.

21
22

**XX.     SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND
INEXPENSIVE DISPOSITION OF THIS MATTER.**

23
**Plaintiff's Position:**

24
As argued in Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings,

25
Defendants' current refund scheme is inadequate to address Plaintiff and the class members'

26
claims. Whereas Defendants' refund scheme was only announced in June 2007, Plaintiff seeks

27
relief for a class dating back six years from the filing of the Complaint. ¶ 49. Defendants have

28
only agreed to refund the expedited processing fees to those applicants who did not receive their

1    "expedited" passports within 14 days, and not those applicants whose passports took longer than

2    three days to process.  ¶ 12.  Defendants' refund scheme also places the burden on the applicant to

3    seek a refund, despite all the relevant information regarding the applicant's entitlement to a refund

4    being within Defendants' possession.  ¶¶ 16-17.  Furthermore, Defendants have failed to accurately

5    inform the public of the criteria for determining who is entitled to a refund, Answer at  ¶ 43, and

6    have issued contradictory and misleading statements about the nature of expedited passport

7    processing and the requirement that the applications be processed in three days.  Therefore, not

8    only are applicants required to take on the burden of seeking the refund, they are not even

9    accurately informed of the circumstances under which they would be entitled to receive the refund.

10          Under the language of the regulation, all individuals who paid the expedited fee but did not

11    receive three-day processing of their application are entitled to a refund.  22 C.F.R. § 51.63

12    ("[t]here will be situations in which expedited passport processing cannot be completed within

13    three days. . . . In such circumstances, ***the applicant will be notified and the fee will be refunded***."

14    (emphasis added)); *see also* Fee for Expedited Passport Processing, 59 Fed. Reg. 48998 (Sept. 26,

15    1994) ("[t]here will be situations in which expedited passport processing cannot be completed

16    within three days. . . . In such circumstances, ***the applicant will be notified and the fee will be***

17    ***refunded***." (emphasis added)).  Defendants' scheme and its burden on individuals is thus

18    inconsistent with its regulatory obligation.  Even with regard to this "process," the Department has

19    consistently misled the public about the nature of expedited processing and the requirement that the

20    refund be given anytime the three-day processing obligation was not met, thereby deterring

21    individuals who are entitled to one from applying.   Because Defendants' refund scheme is wholly

22    inadequate, this Court should not require exhaustion of administrative remedies given the existing

23    administrative process.

24          **Defendant's Position**:

25          The Department has a long-standing, established process for refunding the expedite fee

26    upon request to individuals who paid for expedited processing of their passport applications but did

27    not receive the service defined in 22 C.F.R. § 51.66 (effective Feb. 1, 2008, renumbered 22 C.F.R.

28    § 51.56).  Since June 2007, the Department has improved that process to make it easier and more

efficient. That process requires that an individual submit to the agency a written or electronic request containing basic information such as present contact information, passport number, and approximate date the passport application was submitted. Using the information furnished in the request, the Department can initiate a search of its records to determine whether the individual is entitled to a refund. If the Department determines that the applicant did not receive expedited processing as set forth in its regulations, the Department will refund the $60 expedite fee. The Department does not have an automated process for identifying individuals entitled to a refund and issuing refund checks to those individuals.

The existing process has issued and continues to issue refunds in accordance with 22 C.F.R. § 51.63 (effective Feb. 1, 2008, renumbered 22 C.F.R. § 51.53). Thus, the existing administrative process is far more efficient and far less expensive than litigating Plaintiff's entitlement to a refund of the $60.00 expedite fee, which Plaintiff does not anticipate going to trial until January 2010. Plaintiff therefore should be required to submit her claim for a refund to the agency before litigating that claim in this Court.

DATED: July 18, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                        _____s/Shana E. Scarlett_____
                                        SHANA E. SCARLETT
                                        Reed R. Kathrein (139304)
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile: (510) 725-3001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert B. Carey (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ  85016
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Steve Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Megan E. Waples (*Pro Hac Vice*)
THE CAREY LAW FIRM
2301 East Pikes Peak Avenue
Colorado Springs, CO  80909
Telephone: (719) 635-0377
Facsimile: (719) 635-2920

Attorneys for Plaintiff

DATED:  July 18, 2008

GREGORY K. KATSAS
Assistant Attorney General
Civil Division

JOSEPH P. RUSSONIELLO
United States Attorney
Northern District of California

VINCENT M.GARVEY
Deputy Branch Director
Federal Programs Branch


_____s/Jacqueline Coleman Snead_____
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W. Rm. 7214
Washington, DC 20530
Tel: (202) 514-3418

**Attorneys for the United States Department of State**

**SCHEDULE A**
**DEFENDANT'S PROPOSED SCHEDULE**

| Event | Date(s) |
|---|---|
| Rule 26(a) Initial Disclosures | Completed |
| Hearing on Plaintiff's Motion to Strike | Completed |
| Answer Complaint | Completed |
| Hearing on Rule 12(c) motion | Completed |
| Discovery Commences | June 5, 2008 |
| ADR Telephone Conference | June 30, 2008 |
| Joint Case Management Statement | July 18, 2008 |
| Case Management Conference | July 25, 2008 |
| Discovery closes | October 3, 2008 |
| Last day to file motions for summary judgment | October 31, 2008 |
| Oppositions to motions for summary judgment | November 14, 2008 |
| Reply briefs in support of motions for summary judgment | November 21, 2008 |
| Hearing on motions for summary judgment | December 5, 2008 |
| Last day for motion for class certification | TBD |
| Opposition to motion for class certification due | TBD |
| Reply in support of motion for class certification due | TBD |
| Hearing on motion for class certification | TBD |
| Last day for expert reports on merits | N/A |
| Last day for depositions of experts | N/A |
| Last day for responsive expert reports | N/A |
| Close of expert discovery | N/A |
| Required meeting prior to pretrial conference | N/A |
| Pretrial conference statement | N/A |
| Pre-trial conference | N/A |
| Trial | N/A |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## PLAINTIFF'S PROPOSED SCHEDULE

| Event | Plaintiff's Proposed Dates |
|---|---|
| Last day for motion for class certification | January 30, 2009 |
| Opposition to motion for class certification due | February 27, 2009 |
| Reply in support of motion for class certification due | March 13, 2009 |
| Hearing on motion for class certification | March 27, 2009 |
| Fact discovery closes | May 1, 2009 |
| Last day for expert reports on merits | June 1, 2009 |
| Last day for depositions of experts | July 1, 2009 |
| Last day for responsive expert reports | August 3, 2009 |
| Close of expert discovery | August 17, 2009 |
| Last day to file motions for summary judgment | September 14, 2009 |
| Oppositions to motions for summary judgment | October 14, 2009 |
| Reply briefs in support of motions for summary judgment | November 2, 2009 |
| Hearing on motions for summary judgment | November 20, 2009 |
| Required meeting prior to pretrial conference | November 25, 2009 [20 days prior to pre-trial conference] |
| Pretrial conference statement | December 1, 2009 [10 court days before pre-trial conference] |
| Pre-trial conference | December 15, 2009 |
| Trial | January 15, 2010 |

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on July 18, 2008, I electronically filed the foregoing Supplemental

3   Joint Case Management Statement through the Northern District of California CM/ECF system and

4   that the document is available for downloading from that system..

5

6                              s/Jacqueline Coleman Snead
                            JACQUELINE COLEMAN SNEAD
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28