UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CHATTLER, | No. C-07-4040 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF MAY 14, 2009** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | **(Docket No. 160)** |
| _____/ | |

On May 14, 2009, the parties submitted a joint letter submitting their remaining disputes with respect to Defendants' privilege log. The Court appreciates the final meet and confer efforts conducted by the parties and hereby rules as follows. (Some of these rulings were made orally during the telephonic conference call held on May 15, 2009.)

(1) The Court agrees with Plaintiff that Defendants has not made adequate showing that No. 173 is protected by the attorney-client privilege. It is not clear how a refund meeting agenda relates to attorney requests for information for the purpose of providing legal advice. However, the deliberative process privilege does appear to be applicable to the document. Although this latter privilege is applicable, the document may still be subject to production to the extent described below.

(2) The Court rejects Plaintiff's arguments that the documents listed in the joint letter are not predecisional; thus, the deliberative process privilege is applicable. The only remaining question, therefore, is whether the privilege should be overcome. Defendant's position in this

litigation is that there is an exhaustion requirement -- *i.e.*, that Plaintiff and other class members must have submitted a claim for a refund before being entitled to any relief. Because Defendant has made this an issue in the litigation and because the evidence is not available from any other source, *see FTC v. Warner Comms., Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (noting that, in deciding whether the qualified deliberative process privilege should be overcome, a court may consider several factors, including the relevance of the evidence and the availability of other evidence), Plaintiff should be entitled to any document listed in the joint letter that refers, describes, analyzes or makes any recommendation regarding the exhaustion requirement or the dispensing with that requirement (*i.e.*, providing for an automatic refund instead). This narrow production will not substantially impinge upon frank and independent discussion protected by the privilege. *See id.* (stating that another factor to consider is the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions).

      Defendant shall produce any documents for which the deliberative process privilege has been overcome by May 29, 2009.

      This order disposes of Docket No. 160.

      IT IS SO ORDERED.

Dated: May 18, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2