IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE CHATTLER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF STATE,

    Defendants

No. C-07-4040 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTIONS TO STRIKE**

    Before the Court is defendants United States of America and United States Department of State's Motion for Summary Judgment, filed January 30, 2009, to the extent the motion addresses issues other than the issue of prudential exhaustion;[1] plaintiff Julie Chattler has filed opposition, to which defendants have replied. Also before the Court is plaintiff's Motion for Partial Summary Judgment, filed January 30, 2009; defendants have filed opposition, to which plaintiff has replied. Having read and considered the above-

//

---

[1] By order filed May 20, 2009, the Court took defendants' motion under submission, except to the extent the motion relied on the defense of prudential exhaustion. The July 31, 2009 hearing on the issue of prudential exhaustion is, in light of the findings made herein, hereby VACATED.

referenced filings,[2] the Court rules as follows.

## BACKGROUND

In her complaint, plaintiff alleges she applied for a passport on June 11, 2007, and that, in addition to paying "processing, execution and security fees," she paid a $60 fee for "expedited service." (See Compl. ¶¶ 26-27.) When plaintiff had not received her passport by August 1, 2007, plaintiff reapplied for a passport in person at the San Francisco Passport Agency, and received her passport on August 2, 2009. (See Carey Decl. Ex. 40.)

At the time plaintiff paid the $60 expedited service fee, a regulation promulgated by the Department of State ("Department") defined "expedited passport processing" as "completing processing within 3-business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expedited processing is approved." See 22 C.F.R. § 51.66(b).[3] Plaintiff alleges she did not receive expedited passport processing as defined by former § 51.66(b). (See Compl. ¶¶ 29, 33.) Plaintiff further alleges the Department is obligated, by regulation, to refund an expedited service fee where the Department fails to provide expedited service (see Compl. ¶ 74), and that plaintiff has incurred "losses" because the Department, instead of "automatically" providing a refund, has "implemented a process" requiring claimants to submit a "written application" for a refund (see Compl. ¶¶ 17, 76-77).

---

[2] On February 27, 2009, defendants filed a "Motion to Strike Plaintiff's Improper Separate Statement of Genuine Issues." To the extent plaintiff's Separate Statement includes legal argument in addition to that made in her 25-page opposition to defendants' motion for summary judgment, plaintiff's Separate Statement violates the 25-page limit set forth in the Local Rules of this District. See Civil L.R. 7-3(a). Nonetheless, the Court will exercise its discretion to consider plaintiff's Separate Statement, and will deny the motion to strike. Also on February 27, 2009, defendants filed a "Motion to Strike Paragraphs 3-17 of the Declaration of Robert B. Carey in Opposition to Defendants' Motion for Summary Judgment." Because consideration of the challenged paragraphs would not affect the outcome, the motion to strike will be denied.

[3] The definition of "expedited passport processing" was subsequently amended to read: "completing processing within the number of business days published on the Department's website, consistent with the purposes of expedited processing, commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency commencing when the request for expedited service is approved." See 22 C.F.R. § 51.56(b).

## DISCUSSION

In her Second Claim for Relief, the remaining claim in plaintiff's complaint, plaintiff alleges a violation of 22 C.F.R. § 51.63(c).[4] Section 51.63(c), which was in effect at the time plaintiff paid for expedited service, provides as follows: "The passport expedite fee will be refunded if the Passport Agency does not provide expedited processing as defined in § 51.66."[5] See 22 C.F.R. § 51.63(c).

The central issue presented, both in defendants' motion for summary judgment and plaintiff's motion for partial summary judgment, is one of regulatory interpretation. As plaintiff interprets § 51.63(c), the Department is obligated to determine if each passport applicant who paid for expedited processing received such service and to automatically send a refund of the fee to any applicant who did not receive expedited service. Based on such interpretation, and given it is undisputed that the Department did not automatically send plaintiff a refund of the expedited service fee, plaintiff seeks summary judgment on the issue of defendants' liability on the Second Claim for Relief. Defendants, on the other hand, interpret § 51.63(c) as providing that the Department must issue a refund when an applicant requests it, if the Department determines the applicant did not receive expedited service. Based on such interpretation, and given that it is undisputed plaintiff has not requested a refund from the Department,[6] defendants seek summary judgment on the Second Claim for Relief.

---

[4] By order filed June 5, 2008, the Court granted in part defendants' motion for judgment on the pleadings. Specifically, the Court granted judgment on each of plaintiff's claims with the exception of her claim that defendants violated § 51.63(c) by not automatically refunding to plaintiff the $60 fee for expedited service.

[5] The regulation pertinent to refunds is now codified as § 51.53(c), which provides as follows: "The Department will refund an expedited passport processing fee if the Department fails to provide expedited passport processing as provided in 22 C.F.R. § 51.56." See 22 C.F.R. § 51.53(b).

[6] In accordance with a response to an interrogatory propounded by defendants, plaintiff has taken the position that the instant lawsuit is not a request to the Department for a refund. See Defs.' Ex. C at 4:15-16 ("Plaintiff's attempts to recover both her damages and those of absent class members are not efforts to seek 'refunds' through [the Department's] administrative refund process.")

3

Where an ambiguity exists in the language of a regulation, it is the Court's obligation to resolve it. For purposes of such resolution, however, the "agency's interpretation of its own regulation is entitled to deference," see Christensen v. Harris County, 529 U.S. 576, 588 (2000), and is "controlling" unless such interpretation is "plainly erroneous or inconsistent with the regulation," see Auer v. Robbins, 519 U.S. 452, 461 (1997). A regulation is ambiguous when its meaning "is not entirely free from doubt." See Bassiri v. Xerox Corp., 463 F.3d 927, 931 (9th Cir. 2006).

Here, plaintiff argues, § 51.63(c) is unambiguous and, consequently, no deference is due the Department's interpretation. Specifically, plaintiff argues that because § 51.63(c) employs the mandatory word "will," the regulation can only be read as requiring the Department to automatically issue refunds. The Court is not persuaded that the Department's use of the word "will" necessarily connotes anything more than futurity. Section 51.63(c) does not address, in any respect, the manner in which a refund will be issued, and, in particular, does not address whether a refund must be issued automatically or upon request. As defendants point out, the lack of clarity in § 51.63(c) is highlighted by the existence of other regulations that explicitly state whether a mandatory refund of a fee must be issued by the agency automatically or only upon request. See 22 C.F.R. § 22.6(b) ("An automatic refund on overpayments due to misinformation or mistakes on the part of the Department of State will be made."); 43 C.F.R. § 2933.24 ("If we close the fee site for administrative or emergency reasons, we will refund the unused portion of your permit fee upon request.").

Given the absence of any such specificity in § 51.63(c) and the lack of any other point of reference for purposes of clarification, the Court finds the meaning of § 51.63(c) "is not entirely free from doubt," see Bassiri, 463 F.3d at 931, and, accordingly, next turns to the issue of whether the interpretation of § 51.63(c) advanced by the Department is "plainly erroneous or inconsistent with the regulation," see Auer, 519 U.S. at 461.

Plaintiff argues that deferring to the Department's interpretation of § 51.63(c) would

4

result in the Court's adding the phrase "upon request" to the text of the regulation, and that the Court should not add language the agency did not adopt at the time of the regulation's promulgation. This argument is, essentially, a restatement of plaintiff's argument that § 51.63(c) is unambiguous. As discussed above, however, the regulation is silent as to whether a refund would be issued automatically or upon request. Consequently, the Department's interpretation is not "inconsistent" with the text of § 51.63(c). See Auer, 519 U.S. at 461.

Plaintiff also argues that the Department, by not interpreting § 51.63(c) to require the Department to issue refunds automatically, has allowed the expedited fee to become an "unearned tax," in that there are applicants who pay for expedited service, who did not receive expedited service, and who do not request a refund. Plaintiff asserts such outcome runs counter to congressional intent, set forth in 31 U.S.C. § 9701, "that each service or thing of value provided by an agency . . . to a person . . . is to be self-sustaining to the extent possible." See 31 U.S.C. § 9701(a). Consistent therewith, federal agencies may "prescribe regulations establishing the charge for a service or thing of value," provided the charge is "fair" and is based on "the costs to the Government," as well as the "value of the service or thing to the recipient," the "public policy or interest served," and "other relevant facts." See 31 U.S.C. § 9701(b). Section 9701 does not address, however, the manner in which a fee paid for a service not provided should be refunded.[7] Moreover Congress, in 2007, at the time it was conducting hearings with respect to delays in the processing of passports, was advised of the Department's interpretation of § 51.63(c) as providing for the issuance of refunds only upon request (see Carey Decl. Ex. 17 at DOS 000249-250, Ex. 18 at DOS 000287, Ex. 21, Ex. 23), and has not, in response thereto, passed any legislation to require such refunds be issued automatically. "[C]ongressional failure to revise or repeal [an] agency's interpretation is persuasive evidence that the

---

[7] Plaintiff does not allege herein that the Department's determination to impose a $60 fee for expedited processing is itself contrary to § 9701 or any other law.

5

interpretation is the one intended by Congress." See National Labor Relations Board v. Bell Aerospace Co., 416 U.S. 267, 275 (1974). Under such circumstances, the Court cannot say the Department's interpretation is "plainly erroneous." See Auer, 519 U.S. at 461.

Lastly, plaintiff relies on language included in the preamble to the "interim final rule" set forth in the Federal Register on September 26, 1994, which language, plaintiff argues, reflects the Department's true intent. The language on which plaintiff relies reads as follows:

> There will be situations in which expedited passport processing cannot be completed within three days. Such circumstances could include cases in which the applicant does not submit adequate documentation; the applicant is the subject of an unresolved civil or criminal law enforcement matter; or, passport equipment breaks down. The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded.

See 59 F.R. 48998. Plaintiff contends the last line in the above-quoted paragraph establishes that the Department, at the time it published the interim final rule, intended to notify all applicants who did not receive expedited passport processing and to automatically refund the fee. As defendants point out, however, on October 1, 1994, the date on which § 51.63(c) became effective,[8] the Department issued an "Instruction" to its "Passport Services Staff Members," setting forth the interpretation advanced in the instant case:

> If the EF [expedited fee] has been collected and we are unable to process a passport within the required three day period FOR ANY REASON, a refund should be issued. If the applicant believes a refund is due, a letter should be written stating the particulars or, if the applicant is in the agency, [a specified form] may be used.

(See Fultz Ex. 5 at DOS 000050, attached to Defs.' Ex. 1.) Thereafter, in 1996, the Department, in addition to accepting written requests, began to accept requests made "by

---

[8]Initially, on October 1, 1994, the regulation at issue herein was codified as § 51.64(f). (See Fultz Ex. 2, attached to Defs.' Ex. 1.) In 1998, the regulation was recodified as § 51.63(f) (see Fultz Ex. 3, attached to Defs.' Ex. 1), and, in 2000, as § 51.63(c), see 65 FR 14212.

6

phone, in person at a passport agency, [and] by inquiry through the National Passport Information Center." (See Defs.' Ex. 1 at ¶ 20.) More recently, in June 2007, the Department issued a written "Policy on Refunds for Expedited Passport Applications," in which it stated that applicants "should submit a written request" for a refund. (See Fultz Ex. 11, attached to Defs.' Ex. 1.)

Consequently, even if the language in the preamble to the interim final rule suggests the Department had initially interpreted § 51.63(c) differently, the Department, less than a week thereafter and in connection with the effective date of the regulation, announced the interpretation it advances herein. "The fact that an agency's interpretation has fluctuated over time . . . does not make it unworthy of deference." Siskiyou Regional Educ. Project v. United States Forest Service, 565 F.3d 545, 555 (9th Cir. 2009).[9] Indeed, in this case, there was no "fluctuation." Rather, beginning on the date on which § 51.63(c) became effective, and continuing to the present, the Department has consistently interpreted § 51.63(c) as requiring the Department to pay refunds upon request.

Accordingly, for all the reasons discussed above, the Court finds it proper to defer to the Department's interpretation of § 51.63(c), and, consequently, finds defendants are entitled to summary judgment.[10]

//
//
//

---

[9] The Court acknowledges that deference to an agency's interpretation of an ambiguous regulation may well be improper where the interpretation constitutes a "post hoc rationalization." See Auer, 519 U.S. at 462 (identifying circumstances under which deference to agency's interpretation of ambiguous regulation may be unwarranted). As discussed, however, the interpretation advanced herein was not formulated in reaction to the instant dispute, but has existed since the effective date of the regulation.

[10] In light of this finding, the Court does not consider defendants' alternative arguments, including whether the Court should impose an exhaustion requirement for prudential reasons. Accordingly, the Court hereby DENIES as moot plaintiff's administrative motion, filed June 22, 2009, seeking leave to file supplemental opposition to address the issue of prudential exhaustion.

## CONCLUSION

For the reasons stated:

1. Defendants' motion for summary judgment is hereby GRANTED.

2. Plaintiff's motion for partial summary judgment is hereby DENIED.

3. Defendants' motions to strike are hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 10, 2009

MAXINE M. CHESNEY
United States District Judge