United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JULIE CHATTLER,                                No. C-07-4040 MMC

12            Plaintiff,                            **ORDER DENYING PLAINTIFF'S MOTION
        v.                                          TO AMEND ORDER GRANTING
13                                                  DEFENDANTS' MOTION FOR
     UNITED STATES OF AMERICA,                      SUMMARY JUDGMENT**
14   DEPARTMENT OF STATE,

15            Defendants
                                                 /
16

17        Before the Court is plaintiff Julie Chattler's motion, filed July 28, 2009, to vacate the

18   judgment entered July 14, 2009 and to alter or amend the Court's July 10, 2009 order

19   granting defendants' motion for summary judgment.  Defendants United States of America

20   and United States Department of State have filed opposition, to which plaintiff has replied.

21   Having read and considered the papers filed in support of and in opposition to the motion,

22   the Court rules as follows.[1]

23        Plaintiff's Second Claim for Relief alleges a violation of 22 C.F.R. § 51.63(c),[2] which

24   at all relevant times provided as follows:  "The passport expedite fee will be refunded if the

25

26        [1]By order filed September 1, 2009, the Court deemed the matter suitable for
     decision on the parties' respective filings, and vacated the hearing scheduled for
27   September 4, 2009.

28        [2]As of July 10, 2009, the Second Claim for Relief constituted plaintiff's sole
     remaining claim.

1    Passport Agency does not provide expedited processing as defined in § 51.66." See 22

2    C.F.R. § 51.63(c).  In their respective dispositive motions, the parties disagreed as to the

3    proper interpretation of § 51.63(c).  Plaintiff argued the Court should interpret § 51.63(c) to

4    require the Department of State ("Department") to determine whether each passport

5    applicant who paid for expedited processing received such service and to automatically

6    send a refund of the expedite fee to any applicant who did not receive expedited service.

7    Defendants, on the other hand, argued the Court should defer to the Department's

8    interpretation that § 51.63(c) requires the Department to issue a refund when an applicant

9    requests it, if the Department determines the applicant did not receive expedited service.

10        A court must defer to an agency's interpretation of an ambiguous regulation unless

11   the agency's interpretation is  "plainly erroneous or inconsistent with the regulation."  See

12   Auer v. Robbins, 519 U.S. 452, 461 (1997).  In accordance with Auer, the Court, in its July

13   10, 2009 order, first found § 51.63(c) was ambiguous as to whether a refund must be

14   issued automatically or upon request, and then found deference to defendants'

15   interpretation of § 51.63(c) was proper because defendants' interpretation was not plainly

16   erroneous or inconsistent with the regulation.

17        By the instant motion, plaintiff seeks, pursuant to Rule 59(e) of the Federal Rules of

18   Civil Procedure, an order altering or amending the Court's July 10, 2009 order, to "reflect

19   the consideration of documents" filed by plaintiff that, according to plaintiff, show the

20   Department has not consistently interpreted § 51.63(c) to require an applicant to request a

21   refund, and thereafter to find deference to defendants' interpretation is not warranted.

22   (See Pl.'s Mot., filed July 28, 2009, at 6:20 - 7:2.)  Specifically, plaintiff argues, the Court

23   erred when it "relied on [d]efendants' statements that their policy requiring applicants to

24   submit a request for a refund was long-standing and consistently applied."  (See id. at 1:13-

25   15.)

26        Under Rule 59(e), a party may seek reconsideration of a judgment entered on a

27   motion granting summary judgment.  See, e.g., School Dist. No. 1J v. ACandS, Inc., 5 F.3d

28   1255, 1262-63 (9th Cir. 1993).  Such reconsideration is appropriate where the plaintiff

2

1   demonstrates the district court "committed clear error" or that the challenged decision is

2   "manifestly unjust." See id. at 1263.[3]

3          Here, to support the instant motion, plaintiff focuses exclusively on one part of the

4   Court's July 10, 2009 order, in which the Court noted an absence of fluctuation in the

5   Department's interpretation of § 51.63(c).  The Court's July 10, 2009 order is based,

6   however, on the following additional findings, none of which is addressed by plaintiff in the

7   instant motion:  (1) because § 51.63(c) is "silent as to whether a refund would be issued

8   automatically or upon request . . . .  the Department's interpretation is not 'inconsistent' with

9   the text of § 51.63(c)," (see Order, filed July 10, 2009, at 5:4-6); (2) the Department's

10  interpretation does not run counter to congressional intent as set forth in 31 U.S.C. § 9701,

11  the statute on which plaintiff relied, (see id. at 5:8-19); and (3) after Congress was

12  expressly advised by the Department of its interpretation of § 51.63(c), Congress declined

13  thereafter to take any action to revise or repeal any relevant statute or regulation, thereby

14  evidencing a congressional intent consistent with the Department's interpretation (see id. at

15  5:19 - 6:4).  By omitting any reference to the above-enumerated findings, plaintiff appears

16  to argue such findings cannot support a court's determination to afford deference to an

17  agency's interpretation of an ambiguous regulation, where the agency's interpretation has

18  fluctuated over time.  Any such argument, however, is foreclosed by the Ninth Circuit's

19  holding that "[t]he fact that an agency's interpretation has fluctuated over time . . . does not

20  make it unworthy of deference."  See Siskiyou Regional Educ. Project v. United States

21  Forest Service, 565 F.3d 545, 555 (9th Cir. 2009).

22         Indeed, in its July 10, 2009 order, the Court cited the holding in Siskiyou Regional

23  Educ. Project when it rejected plaintiff's argument that any variance that may have existed

24  in the Department's interpretation of § 51.63(c) in 1994, the year in which the regulation

25  was proposed and enacted, required the Court to find the Department's current

26

27         [3]Reconsideration is also proper where the plaintiff offers "newly discovered
28  evidence" or shows "an intervening change in controlling law."  See id.  Such additional
    grounds are not implicated by the instant motion.

3

1   interpretation was entitled to no deference.[4]  Plaintiff, in support of the instant motion, fails

2   to address in any manner the holding in <u>Siskiyou Regional Educ. Project</u>, and,

3   consequently, fails to demonstrate the materiality of any evidence of fluctuation with

4   respect to the issue of whether the Court should afford deference to the Department's

5   interpretation of the regulation under consideration herein.

6        Finally, even if fluctuation were a material factor, the documents on which plaintiff

7   relies do not support her position that the Department, during the fifteen years since the

8   subject regulation was enacted, has in fact fluctuated between an interpretation requiring

9   refunds to be requested and an interpretation requiring refunds to be automatically issued.

10  In particular, although some of the evidence on which plaintiff relies could support a finding

11  that certain Department employees either were not informed of or misunderstood the

12  Department's interpretation,[5] such evidence is insufficient to support a finding that the

13  Department has fluctuated in its official position as to the subject of refunds.

14       Further, as defendants point out, the remainder of the documents on which plaintiff

15  relies fall into the following categories, none of which supports plaintiff's position:[6]

16  _____

17  [4]In her reply, plaintiff asserts that certain testimony by Florence Fultz ("Fultz"), offered by defendants to support their argument that no variance in departmental interpretation existed in 1994, was inadmissible.  (<u>See</u> Pl.'s Reply, filed August 21, 2009, at 3:22 - 4:5 (objecting to testimony set forth in ¶ 8 of Fultz Declaration).)  The Court,

18  however, found it unnecessary to consider this objection when ruling on defendants' motion

19  for summary judgment because the Court did not cite to or rely on such testimony.

20  [5]The single such example cited by plaintiff is that of one Department employee, Vershell Hayes ("Hayes"), sending to Larry H. Mallare, apparently a co-worker of Hayes, an

21  email in which Hayes stated, "If an applicant pays the EF [expedite fee] and the book is not issued in 3-5 days, they can be refunded without the applicant requesting it."  (<u>See</u> Carey

22  Decl., filed February 22, 2009, Ex. 35.)  There is no evidence that Hayes, who works for the Department as an "accounting clerk" (<u>see</u> <u>id.</u> Ex. 8 at 163), has the responsibility or ability

23  to set or change Department policy, or that Hayes or any of her co-workers actually issued refunds without the applicant's having requested a refund.

24

25  [6]Indeed, the evidence on which plaintiff relies was initially offered to support her argument that the Court should not impose, as a prudential matter, a requirement that

26  plaintiff exhaust her administrative remedies before filing suit.  In particular, plaintiff took the position that the Department's administrative system for processing requests for refunds

27  was "inadequate" (<u>see</u> Pl.'s Opp., filed February 20, 2009, at 15:14-17) for the asserted reason that, <u>inter alia</u>, Department staff are not properly trained and have denied

28  meritorious requests.  As stated in the Court's July 10, 2009 order, however, the Court, in light of its finding that deference is due the Department's interpretation of § 51.63(c), has

4

1  (a) internal memoranda and correspondence exchanged between Department staff, as well

2  as oral statements given by Department representatives at congressional hearings, in each

3  instance expressly confirming that a refund must be requested (see Carey Decl., filed

4  February 22, 2009, Ex. 17 at DOS 000249, Ex. 18 at DOS 000287, Ex. 24 ¶ 5, Ex. 26 at

5  DOS 000333-34, Ex. 34, Ex. 37 at DOS 000015; Carey Decl., filed June 22, 2009, Ex. 24,

6  Ex. 25, Ex. 26, Ex. 29, Ex. 31); (b) documents consisting of written statements by

7  Department staff or officers in which the writer does not address the subject of how refunds

8  are initiated (see Carey Decl., filed February 22, 2009, Exs. 11, 33, 36; Carey Decl., filed

9  June 22, 2009, Ex. 23 at DOS 003497, Ex. 27, Ex. 28); and (c) two declarations, each

10  signed by an applicant who requested a refund and was dissatisfied with the Department's

11  resolution of her respective request (see Carey Decl., filed February 22, 2009, Exs. 24, 25).

12                                **CONCLUSION**

13       Accordingly, tor the reasons stated above, plaintiff's motion is hereby DENIED.

14       **IT IS SO ORDERED.**

15

16  Dated:  September 3, 2009

                                  MAXINE M. CHESNEY
17                                United States District Judge

18

19

20

21

22

23

24

25

26

27 ─────────────────────

28  not considered the Department's alternative argument that exhaustion should be required
    as a prudential matter.

                                     5